**FORTIS LLP**
Sang Dang, Esq. (SBN 214558)
Salvatore Picariello, Esq. (SBN 190442)
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
Telephone: 714-839-3800
Facsimile: 714-795-2994
Email: sdang@fortislaw.com
        spicariello@fortislaw.com

Attorneys for Plaintiffs
NEUROCENTRIA, INC. and THREOTECH LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC., a California corporation, and THREOTECH LLC, a Nevada limited liability company,<br><br>                    Plaintiffs,<br><br>          v.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPY NUTRITION, a Texas limited liability company,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs Neurocentria, Inc. and ThreoTech LLC (collectively "ThreoTech") demand a jury trial and allege as follows:

### PARTIES

1.     Neurocentria, Inc. is a corporation organized and existing under the laws of the State of California and doing business in the State of California. ThreoTech LLC is a limited liability company organized and existing under the laws of the State of Nevada. ThreoTech holds by assignment all rights, title, and interest in the below-described patents. ThreoTech's principal place of business is located at 19535 East Walnut Drive South, City of Industry, California 91748.

2.     ThreoTech alleges on information and belief that Defendant Mando International, LLC d/b/a Kappa Nutrition ("Kappa Nutrition" or "Defendant") is a limited liability company organized under the laws of the State of Texas and doing business in the State of Texas. ThreoTech alleges on information and belief that Kappa Nutrition's corporate headquarters, as maintained by the Texas Secretary of State, is at 78 Cheswood Manor Drive, The Woodlands, Texas 77382.

### NATURE OF THE ACTION

3.     This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.*, based on Defendant's willful infringement of the below-described patents, and inducement and contribution thereto, by the unauthorized manufacture, use, offer for sale, and/or importation of Defendant's infringing products accused herein.

### JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Kappa Nutrition because Kappa Nutrition is regularly conducting business in the State of California and in this District and, upon information and belief, deriving substantial revenue from business transacted

- 1 -

within the State of California and this District by advertising, distributing, offering for sale, and/or selling of the Accused Products in California and this District. Further, Kappa Nutrition, directly (such as through its web site at www.kappanutrition.com) or through subsidiaries and intermediaries (such as on Amazon under ASINs B0CM2NMVJG, B08MTNZH1L, and B09TGTBQQ6), has purposefully and voluntarily placed the Accused Products into the stream of commerce with the intention and expectation that they will be purchased and used by consumers, including in the Central District of California. Specifically, as recently as May 2025, ThreoTech, through its agent, employee, and/or counsel located in the State of California and this District, had purchased and acquired sample infringing products through Amazon and through Kappa Nutrition's web site (www.kappanutrition.com). By selling the infringing products into the State of California, Kappa Nutrition has purposefully availed itself of the benefits, privileges, and protections of the State of California.

6.     Accordingly, this Court has specific jurisdiction over Kappa Nutrition in connection with this action and its contacts with California are continuous and systematic to such an extent that Kappa Nutrition is subject to the general jurisdiction of the State of California and this Court. Therefore, the exercise of jurisdiction over Kappa Nutrition is appropriate under the applicable jurisdictional statutes and would not offend traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. §§ 1391(b) & (c) and/or 1400(b) because Kappa Nutrition is subject to personal jurisdiction in this District, and it has committed acts of infringement in this District. Further, Kappa Nutrition actively markets, advertises, distributes, offers for sale, and/or sells the Accused Products to customers across the United States, including in this District.

## BACKGROUND ALLEGATIONS

8.     ThreoTech is a leading licensor, developer, marketer, and distributor of functional ingredients with a focus on extensively researched products for wellness and healthy aging. ThreoTech markets and distributes a branded magnesium ingredient for

numerous health conditions, including cognitive health.

9.    ThreoTech's most successful product is the Magtein® ("Magtein") ingredient, which is comprised of Magnesium L-Threonate. Magnesium L-Threonate is one of the only forms of magnesium that can cross the blood brain barrier to increase brain synaptic density by rejuvenating neural cells. Studies show that Magnesium L-Threonate and other threonate-containing compounds have a demonstrated effect on cognitive functions such as short and long-term memory improvement, increased learning and recognition ability, and decreased anxiety.

10.    Neurocentria, Inc. is the owner of numerous patents issued by the United States Patent and Trademark Office (the "USPTO"), which cover various uses of Magnesium L-Threonate and/or threonate-containing compounds, including, but not limited to U.S. Patent No. 8,637,061 (the "'061 Patent" – attached as **Exhibit "A"**), U.S. Patent No. 8,142,803 (the "'803 Patent" – attached as **Exhibit "B"**), U.S. Patent No. 8,178,132 (the "'132 Patent" – attached as **Exhibit "C"**); U.S. Patent No. 8,178,118 (the "'118 Patent" – attached as **Exhibit "D"**), and U.S. Patent No. 8,163,301 (the "'301 Patent" – attached as **Exhibit "E"**),) (collectively, the "Asserted Patents" or the "Magtein Patents").

11.    ThreoTech is also the owner of several registered trademarks that it uses in connection with its marketing, selling, and distribution of Magtein, including the following (the "Magtein Marks"):

| U.S. Registration No. 6,255,878 | U.S. Registration No. 4,618,052 |
|---|---|
| Registration Date: January 26, 2021 | Registration Date: October 7, 2014 |
|  |  |

- 3 -

12.     On August 29, 2022, Kappa Nutrition entered into a Trademark License Agreement (the "Agreement"), which gave Kappa Nutrition the right to use the Magtein Marks in connection with Kappa Nutrition's sale of products containing Magtein purchased from ThreoTech.

13.     Due to Kappa Nutrition's failure to adhere to and abide by certain terms of the Agreement, ThreoTech provided Kappa Nutrition with notice, pursuant to the terms of the Agreement, on July 15, 2024, that ThreoTech was terminating the Agreement.

14.     Pursuant to the terms of the Agreement, Kappa Nutrition was provided with six months with which to sell down its remaining product. That period expired on January 15, 2025, at which time Kappa Nutrition was required to cease all sales of products that contain Magtein, Magnesium L-Threonate, and/or that would otherwise infringe on the Magtein Patents.

15.     ThreoTech provided Kappa Nutrition with written notice of its obligations under the Agreement on November 4, 2024, as well as on January 10, 2025. Kappa Nutrition did not respond to ThreoTech's written notices.

16.     On November 4, 2024, rather than take steps to comply with its obligations under the Agreement, Kappa Nutrition decided to file four applications with the USPTO for Magnesium L-Threonate related trademarks (collectively, the "Magbrain Marks").

17.     Kappa Nutrition's decision to seek protection for its Magbrain Marks to use with products containing Magnesium L-Threonate in the days, if not hours, after receiving communications from ThreoTech demanding that Kappa Nutrition cease such activity demonstrates Kappa Nutrition's willful decision to infringe upon ThreoTech's intellectual property rights, including, but not limited to, its rights in the Magtein Patents.

## DEFENDANT'S PATENT INFRINGEMENT

18.     Kappa Nutrition touts itself on its website, www.kappanutrition.com, as a "health company, based on the vision of our people that are passionate about natural health and wellbeing. We develop high quality products and services that deliver a more natural approach to health, based on our expertise in vitamins, minerals, herbs and

- 4 -

nutrients."

19.    Despite ThreoTech's demand that Kappa Nutrition cease all sales of products containing Magnesium L-Threonate, Kappa Nutrition has continued in selling products it knows, based on its prior business relationship with ThreoTech, infringe the Magtein Patents.

20.    In particular, Kappa Nutrition has continued to sell the same Magnesium L-Threonate 3 in 1 Advanced Complex that is sold under license from ThreoTech. Both the ThreoTech licensed product and the non-licensed product provide 280mg of elemental magnesium (2 capsules 1,502mg) and 420mg elemental magnesium (3 capsules 2,253mg).



21.    Based on these dosages, Kappa Nutrition represented that both its ThreoTech licensed product and its non-licensed product support brain health, help muscle cramps, help the nervous system, support energy creation, and support bone formation. Moreover, Kappa Nutrition represents to its customers that its Magnesium L-Threonate product "supports over 300 biochemical reactions, promoting muscle and nerve function, calmness, better sleep, exercise recovery, energy, bone and joint strength, cognitive function, heart health, and relaxation. Despite its importance, many people don't get enough of this essential mineral for optimal health."

22.    Kappa Nutrition's Magnesium L-Threonate comes in capsule form with a recommended dosage of 2 capsules per day for women, which equates to 280mg of

elemental magnesium, and 3 capsules per day for men, which equates to 420mg of elemental magnesium.

## **FIRST COUNT**

### **(For Direct Infringement of the '061 Patent [35 U.S.C. § 271(c)])**

23.    ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 22 as though fully set forth in this count.

24.    In acting or failing to act as described above, Kappa Nutrition has in the past and continues to directly infringe one or more claims of the '061 Patent by importing, manufacturing, offering to sell, and/or selling within the United States or importing into the United States its Magnesium L-Threonate 3 in 1 Advanced Complex product (the "Infringing Product").

25.    Kappa Nutrition had actual notice, as early as November 4, 2024, of the '061 Patent and the combinations and compositions of Magnesium L-Threonate over which the '061 Patent claimed protection.

26.    Kappa Nutrition had actual notice, as early as November 4, 2024, that its importation, manufacturing, offering to sell, and sale of the Infringing Product constitutes direct infringement of the '061 Patent.

27.    On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement of the '061 Patent.

28.    Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '061 Patent, constitutes willful and intentional infringement of the '061 Patent.

29.    Kappa Nutrition's acts of infringement of the '061 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

30.    Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-

described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

31.    ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '061 Patent.

32.    ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

33.    Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## SECOND COUNT

### (For Contributory Infringement of the '061 Patent [35 U.S.C. § 271(c)])

34.    ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 33 as though fully set forth in this count.

35.    In acting or failing to act as described above, Kappa Nutrition has in the past and continues to contributorily infringing one or more claims of the '061 Patent by directly and/or indirectly offering to sell or selling within the United States or importing into the United States the Infringing Product, and/or by encouraging and recommending consumption of the Infringing Product.

36.    Kappa Nutrition had actual notice, as early as November 4, 2024, and no later than the filing of this complaint, that its importation, manufacturing, offering to sell, and sale of the Infringing Product would lead to the infringement of the '061 Patent if Kappa Nutrition's customers consume the Infringing Product as recommended by

Kappa Nutrition.

37.    On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement of the '061 Patent by its customers.

38.    Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '061 Patent, constitutes willful and intentional infringement of the '061 Patent.

39.    Kappa Nutrition's acts of infringement of the '061 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

40.    Upon information and belief, Kappa Nutrition actively and knowingly intended to aid, abet, direct, encourage, or otherwise induce its customers' direct infringement of the Magtein Patents.

41.    Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

42.    ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '061 Patent.

43.    ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

44.    Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## THIRD COUNT

### (For Direct Infringement of the '803 Patent [35 U.S.C. § 271(c)])

45.    ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 44 as though fully set forth in this count.

46.    In acting or failing to act as described above, Kappa Nutrition has in the past and continues to directly infringe one or more claims of the '803 Patent by importing, manufacturing, offering to sell, and/or selling within the United States or importing into the Infringing Product.

47.    Kappa Nutrition had actual notice, as early as November 4, 2024, of the '803 Patent and the combinations and compositions of Magnesium L-Threonate over which the '803 Patent claimed protection.

48.    Kappa Nutrition had actual notice, as early as November 4, 2024, that its importation, manufacturing, offering to sell, and sale of the Infringing Product constitutes direct infringement of the '803 Patent.

49.    On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement of the '803 Patent.

50.    Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '803 Patent, constitutes willful and intentional infringement of the '803 Patent.

51.    Kappa Nutrition's acts of infringement of the '803 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

52.    Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

- 9 -

53. ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '803 Patent.

54. ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

55. Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## FOURTH COUNT

### (For Contributory Infringement of the '803 Patent [35 U.S.C. § 271(c)])

56. ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 55 as though fully set forth in this count.

57. In acting or failing to act as described above, Kappa Nutrition has in the past and continues to contributorily infringing one or more claims of the '803 Patent by directly and/or indirectly offering to sell or selling within the United States or importing into the United States the Infringing Product, and/or by encouraging and recommending consumption of the Infringing Product.

58. Kappa Nutrition had actual notice, as early as November 4, 2024, and no later than the filing of this complaint, that its importation, manufacturing, offering to sell, and sale of the Infringing Product would lead to the infringement of the '803 Patent if Kappa Nutrition's customers consume the Infringing Product as recommended by Kappa Nutrition.

59. On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement

- 10 -

of the '803 Patent by its customers.

60.    Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '803 Patent, constitutes willful and intentional infringement of the '803 Patent.

61.    Kappa Nutrition's acts of infringement of the '803 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

62.    Upon information and belief, Kappa Nutrition actively and knowingly intended to aid, abet, direct, encourage, or otherwise induce its customers' direct infringement of the Magtein Patents.

63.    Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

64.    ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '803 Patent.

65.    ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

66.    Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

///

///

///

- 11 -

# **FIFTH COUNT**

## **(For Direct Infringement of the '132 Patent [35 U.S.C. § 271(c)])**

67.    ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 66 as though fully set forth in this count.

68.    In acting or failing to act as described above, Kappa Nutrition has in the past and continues to directly infringe one or more claims of the '132 Patent by importing, manufacturing, offering to sell, and/or selling within the United States or importing into the United States its Magnesium L-Threonate 3 in 1 Advanced Complex product (the "Infringing Product").

69.    Kappa Nutrition had actual notice, as early as November 4, 2024, of the '132 Patent and the combinations and compositions of Magnesium L-Threonate over which the '132 Patent claimed protection.

70.    Kappa Nutrition had actual notice, as early as November 4, 2024, that its importation, manufacturing, offering to sell, and sale of the Infringing Product constitutes direct infringement of the '132 Patent.

71.    On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement of the '132 Patent.

72.    Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '132 Patent, constitutes willful and intentional infringement of the '132 Patent.

73.    Kappa Nutrition's acts of infringement of the '132 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

74.    Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is

entitled to monetary relief in an amount to be determined at trial.

75.    ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '132 Patent.

76.    ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

77.    Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## SIXTH COUNT

### (For Contributory Infringement of the '132 Patent [35 U.S.C. § 271(c)])

78.    ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 77 as though fully set forth in this count.

79.    In acting or failing to act as described above, Kappa Nutrition has in the past and continues to contributorily infringing one or more claims of the '132 Patent by directly and/or indirectly offering to sell or selling within the United States or importing into the United States the Infringing Product, and/or by encouraging and recommending consumption of the Infringing Product.

80.    Kappa Nutrition had actual notice, as early as November 4, 2024, and no later than the filing of this complaint, that its importation, manufacturing, offering to sell, and sale of the Infringing Product would lead to the infringement of the '132 Patent if Kappa Nutrition's customers consume the Infringing Product as recommended by Kappa Nutrition.

///

81.     On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement of the '132 Patent by its customers.

82.     Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '132 Patent, constitutes willful and intentional infringement of the '132 Patent.

83.     Kappa Nutrition's acts of infringement of the '132 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

84.     Upon information and belief, Kappa Nutrition actively and knowingly intended to aid, abet, direct, encourage, or otherwise induce its customers' direct infringement of the Magtein Patents.

85.     Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

86.     ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '132 Patent.

87.     ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

88.     Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

///

- 14 -

## **SEVENTH COUNT**

### **(For Direct Infringement of the '118 Patent [35 U.S.C. § 271(c)])**

89.    ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 88 as though fully set forth in this count.

90.    In acting or failing to act as described above, Kappa Nutrition has in the past and continues to directly infringe one or more claims of the '118 Patent by importing, manufacturing, offering to sell, and/or selling within the United States or importing into the United States its Magnesium L-Threonate 3 in 1 Advanced Complex product (the "Infringing Product").

91.    Kappa Nutrition had actual notice, as early as November 4, 2024, of the '118 Patent and the combinations and compositions of Magnesium L-Threonate over which the '118 Patent claimed protection.

92.    Kappa Nutrition had actual notice, as early as November 4, 2024, that its importation, manufacturing, offering to sell, and sale of the Infringing Product constitutes direct infringement of the '118 Patent.

93.    On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement of the '118 Patent.

94.    Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '118 Patent, constitutes willful and intentional infringement of the '118 Patent.

95.    Kappa Nutrition's acts of infringement of the '118 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

96.    Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is

- 15 -

entitled to monetary relief in an amount to be determined at trial.

97.    ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '118 Patent.

98.    ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

99.    Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

## EIGHTH COUNT

### (For Contributory Infringement of the '118 Patent [35 U.S.C. § 271(c)])

100.   ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 99 as though fully set forth in this count.

101.   In acting or failing to act as described above, Kappa Nutrition has in the past and continues to contributorily infringing one or more claims of the '118 Patent by directly and/or indirectly offering to sell or selling within the United States or importing into the United States the Infringing Product, and/or by encouraging and recommending consumption of the Infringing Product.

102.   Kappa Nutrition had actual notice, as early as November 4, 2024, and no later than the filing of this complaint, that its importation, manufacturing, offering to sell, and sale of the Infringing Product would lead to the infringement of the '118 Patent if Kappa Nutrition's customers consume the Infringing Product as recommended by Kappa Nutrition.

///

103.   On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement of the '118 Patent by its customers.

104.   Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '118 Patent, constitutes willful and intentional infringement of the '118 Patent.

105.   Kappa Nutrition's acts of infringement of the '118 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

106.   Upon information and belief, Kappa Nutrition actively and knowingly intended to aid, abet, direct, encourage, or otherwise induce its customers' direct infringement of the Magtein Patents.

107.   Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

108.   ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '118 Patent.

109.   ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

110.   Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

///

- 17 -

## NINTH COUNT

### (For Direct Infringement of the '301 Patent [35 U.S.C. § 271(c)])

111.   ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 110 as though fully set forth in this count.

112.   In acting or failing to act as described above, Kappa Nutrition has in the past and continues to directly infringe one or more claims of the '301 Patent by importing, manufacturing, offering to sell, and/or selling within the United States or importing into the United States its Magnesium L-Threonate 3 in 1 Advanced Complex product (the "Infringing Product").

113.   Kappa Nutrition had actual notice, as early as November 4, 2024, of the '301 Patent and the combinations and compositions of Magnesium L-Threonate over which the '301 Patent claimed protection.

114.   Kappa Nutrition had actual notice, as early as November 4, 2024, that its importation, manufacturing, offering to sell, and sale of the Infringing Product constitutes direct infringement of the '301 Patent.

115.   On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement of the '301 Patent.

116.   Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '301 Patent, constitutes willful and intentional infringement of the '301 Patent.

117.   Kappa Nutrition's acts of infringement of the '301 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

118.   Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is

- 18 -

entitled to monetary relief in an amount to be determined at trial.

119.    ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '301 Patent.

120.    ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

121.    Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

### TENTH COUNT

### (For Contributory Infringement of the '301 Patent [35 U.S.C. § 271(c)])

122.    ThreoTech repeats and incorporates by reference into this count the allegations set forth above in Paragraphs 1 through 121 as though fully set forth in this count.

123.    In acting or failing to act as described above, Kappa Nutrition has in the past and continues to contributorily infringing one or more claims of the '301 Patent by directly and/or indirectly offering to sell or selling within the United States or importing into the United States the Infringing Product, and/or by encouraging and recommending consumption of the Infringing Product.

124.    Kappa Nutrition had actual notice, as early as November 4, 2024, and no later than the filing of this complaint, that its importation, manufacturing, offering to sell, and sale of the Infringing Product would lead to the infringement of the '301 Patent if Kappa Nutrition's customers consume the Infringing Product as recommended by Kappa Nutrition.

///

COMPLAINT FOR PATENT INFRINGEMENT

125.   On information and belief, Kappa Nutrition's importation, manufacturing, offering to sell, and sale of the Infringing Product has resulted in the direct infringement of the '301 Patent by its customers.

126.   Kappa Nutrition's continued importation, manufacturing, offering to sell, and sale of the Infringing Product, despite actual notice of the fact that the same infringes upon the '301 Patent, constitutes willful and intentional infringement of the '301 Patent.

127.   Kappa Nutrition's acts of infringement of the '301 Patent were undertaken and continue to be undertaken without permission or license from ThreoTech.

128.   Upon information and belief, Kappa Nutrition actively and knowingly intended to aid, abet, direct, encourage, or otherwise induce its customers' direct infringement of the Magtein Patents.

129.   Upon information and belief, Kappa Nutrition derived and received, and will continue to derive and receive, gains, profits, and advantages from the above-described acts of infringement in an amount not presently known to ThreoTech. ThreoTech has been damaged as a result of Kappa Nutrition's infringing conduct and is entitled to monetary relief in an amount to be determined at trial.

130.   ThreoTech will also continue to suffer severe and irreparable harm for which ThreoTech has no adequate remedy at law. Kappa Nutrition's continued infringement will only encourage others to infringe on the Magtein Patents thereby diluting the reputation of and consumer trust in the Magtein brand. As a result, ThreoTech seeks a permanent injunction from this Court prohibiting Kappa Nutrition from infringing on the '301 Patent.

131.   ThreoTech is also entitled to its attorneys' fees and costs upon prevailing in this action due to the exceptional nature of this dispute under 35 U.S.C. § 285.

132.   Further, ThreoTech is entitled to treble damages and/or exemplary damages because of Kappa Nutrition's knowing, intentional, and/or willful conduct under 35 U.S.C. § 284.

///

- 20 -

## **PRAYER FOR RELIEF**

WHEREFORE, ThreoTech respectfully prays that this Court enter judgment against Kappa Nutrition, as follows:

1.      For an Order adjudging Kappa Nutrition to have willfully infringed the Asserted Patents;

2.      For an Order enjoining Kappa Nutrition from directly or indirectly infringing on the Asserted Patents;

3.      For an Order requiring Kappa Nutrition to deliver up and/or destroy any and all products infringing, directly or indirectly, on the Asserted Patents in its possession;

4.      For an accounting of all of Kappa Nutrition's gains, profits, and advantages derived by Kappa Nutrition's infringement on the Asserted Patents, and for an award of monetary damages adequate to compensate ThreoTech for ThreoTech's lost profits as a result of the past infringement and any continuing or future infringement up until judgment is entered, but in no event less than reasonable royalty, costs, expenses, and pre-judgment and post-judgment interest for Kappa Nutrition's infringement on the Asserted Patents;

5.      For an award of treble damages and/or exemplary damages because of Kappa Nutrition's willful misconduct under 35 U.S.C. §§ 284 and/or 285;

6.      For an Order that this is an exceptional case and for an award of attorneys' fees and costs under 35 U.S.C. § 285;

7.      For an award of pre-judgment interest at the maximum legal rate in an amount to be proven at time of trial; and

8.      For any other relief as the Court deems just and proper.

Dated: June 27, 2025                    FORTIS LLP

                                        By:  /s/ *Sang Dang*
                                        Attorneys for Plaintiffs
                                        NEUROCENTRIA, INC. and THREOTECH LLC

- 21 -

1

## **DEMAND FOR JURY TRIAL**

2        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ThreoTech

3   demands a trial by jury on all issues triable to a jury.

4

5   Dated: June 27, 2025                    FORTIS LLP

6

7                                          By:  /s/ *Sang Dang*

8                                          Attorneys for Plaintiffs
                                           NEUROCENTRIA, INC. and THREOTECH LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT