Raj V. Abhyanker, California SBN 233284
raj@legalforcelaw.com
LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone: (650) 965-8731
Facsimile: (650) 989-2131

Attorneys for Defendant,
Mando International, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEUROCENTRIA, INC., a California corporation, and THREOTECH LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION LABS, a Texas limited liability company<br><br>Defendant. | Case No. 2:25-cv-05871-FLA-JPR<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**<br><br>Complaint Filed: Friday, June 27, 2025<br>Hearing Date: Friday, March 6, 2026<br>Time: 1:30 p.m.<br>Loc: Ctrm 6B, 6th Floor |

1. TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2. PLEASE TAKE NOTICE that on a date and time indicted on the cover page, or to be determined by the Court, Defendant Mando International LLC ("Defendant"), by and through its undersigned counsel, will and hereby does move this Court for sanctions pursuant to Federal Rule of Civil Procedure 11.

3. This motion is based on Plaintiffs' continued assertion of patent claims that lack evidentiary support and are not warranted by existing law, despite formal Rule 11 notice and an opportunity to withdraw or correct those claims within the required safe-harbor period.

4. This Motion is based upon this Notice, the Memorandum of Points and Authorities set forth below, the Declaration of Raj Abhyanker and the exhibits attached thereto, all pleadings and papers on file in this action, and such further argument as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

5. Rule 11 exists to prevent parties from continuing to litigate claims that lack a good-faith factual or legal basis after they have been placed on notice of those deficiencies. That is precisely what has occurred here.

6. On December 22, 2025, Defendant served Plaintiffs and their counsel with a detailed Rule 11 notice letter identifying multiple, independent reasons why the patents asserted in this action were invalid, unenforceable, and unsupported by the facts, and demanding withdrawal within the Rule 11 safe-harbor period. A true and correct copy of that letter is attached as **Exhibit A** to the Declaration of Raj

Abhyanker.

7. Although Plaintiffs subsequently withdrew four of the five asserted patents, they have continued to assert U.S. Patent No. 8,637,061 without correction, explanation, or evidentiary support. The remaining patent is asserted on the same factual and legal premises identified in the Rule 11 notice letter as defective. Because Plaintiffs persisted after notice, sanctions are warranted.

8. Defendant does not ask the Court to adjudicate patent validity on the merits at this stage, but only to address Plaintiffs' continued assertion of factual contentions that lack evidentiary support after notice.

## II. RULE 11 NOTICE AND SAFE-HARBOR COMPLIANCE

9. Federal Rule of Civil Procedure 11(c)(2) requires that a motion for sanctions be preceded by service of notice and a 21-day safe-harbor period during which the challenged conduct may be withdrawn or corrected. That requirement has been satisfied.

10. As set forth in the Declaration of Raj Abhyanker, on December 22, 2025, Defendant served Plaintiffs and their counsel with a formal Rule 11 notice letter. **Exhibit A**. The letter: expressly invoked Rule 11; identified each asserted patent by number; detailed why the claims lacked factual and legal support under 35 U.S.C. §§ 101, 102, 103, and 112; cited Plaintiffs' own admissions; and demanded withdrawal within the safe-harbor period.

11. The safe-harbor period expired on January 12, 2026. Plaintiffs exchanged communication with defense counsel but no substantive resolutions were reached (**Exhibit D**). Plaintiffs did not withdraw all challenged claims. Instead, Plaintiffs

withdrew only four patents and continued to litigate the remaining patent. Rule 11's procedural prerequisites have therefore been met.

## III. PLAINTIFFS' CONTINUED ASSERTION OF THE '061 PATENT LACKS EVIDENTIARY SUPPORT

12. Rule 11(b)(3) requires that factual contentions have evidentiary support or, if specifically identified, be likely to have evidentiary support after a reasonable opportunity for discovery.

13. As explained in the Rule 11 notice letter (**Exhibit A**), Plaintiffs' remaining patent is premised on the factual assertion that magnesium L-threonate does not occur naturally and that only Plaintiffs' proprietary formulation can produce the claimed biological effects. Defendant placed Plaintiffs on notice that this factual premise is incorrect and unsupported.

14. Following service of the Rule 11 notice, Defendant obtained independent expert declarations confirming that magnesium L-threonate occurs naturally through ordinary biological and metabolic processes and that magnesium ions and threonate combine in vivo regardless of whether they are pre-bonded prior to ingestion. These expert declarations are attached as **Exhibit B** (Declaration of Naveed Ziari) and **Exhibit C** (Declaration of Sara Adams) to the Declaration of Raj Abhyanker.

15. These declarations are submitted solely to demonstrate the absence of evidentiary support for Plaintiffs' continued factual contentions after notice, not to litigate the merits of patent validity at this stage. Plaintiffs have offered no contrary evidence and no explanation for continuing to assert the remaining patent.

## IV. COUNSEL KNEW OR SHOULD HAVE KNOWN OF THE DEFICIENCIES AFTER NOTICE

16. Plaintiffs' continued assertion of the remaining patent is particularly unreasonable given the background, education, and training of Plaintiffs' current counsel. As noted explicitly in the December 22, 2025 Rule 11 notice letter (**Exhibit A**), Plaintiffs' counsel possess substantial experience in life sciences, pharmaceutical, chemical, and biotechnology patent litigation.

17. Given that experience, Plaintiffs' counsel knew, or at a minimum should have known upon reasonable inquiry, that the factual premise underlying the remaining patent claims lacks evidentiary support and is inconsistent with established scientific understanding. After being placed on clear notice of these deficiencies and afforded the full Rule 11 safe-harbor period, Plaintiffs nonetheless chose to continue litigating the remaining patent without correction. That persistence violates Rule 11(b)(3).

## V. PARTIAL WITHDRAWAL DOES NOT CURE RULE 11 VIOLATIONS

18. Plaintiffs' withdrawal of four patents does not cure the Rule 11 violations identified in the notice letter where the remaining patent is asserted on the same defective factual premises. Rule 11 requires withdrawal or correction of the offending position. Plaintiffs did neither with respect to the '061 patent.

## VI. SANCTIONS REQUESTED

19. Defendant respectfully requests that the Court impose appropriate sanctions, including appropriate sanctions, including an order striking the remaining patent

claim or, in the alternative, fee-shifting relief limited to post-notice conduct; an award of Defendant's attorneys' fees and costs incurred after December 22, 2025; and such other relief as the Court deems appropriate to deter repetition of this conduct.

## VII. CONCLUSION

20.Plaintiffs were given clear notice, a meaningful opportunity to withdraw, and the full benefit of Rule 11's safe-harbor period. They partially retreated but chose to continue litigating a claim that lacks any good-faith factual basis. Rule 11 exists to prevent exactly this conduct. The Court should grant this motion.

Dated: January 20, 2026

Respectfully submitted,
LEGALFORCE RAPC WORLDWIDE P.C.

/s/ Raj V. Abhyanker____________
Raj V. Abhyanker
Attorney for Defendant:
Mando International, LLC