**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

NEUROCENTRIA, INC. and
THREOTECH LLC,

    Plaintiffs,

      v.

MANDO INTERNATIONAL, LLC d/b/a
KAPPA NUTRITION,

    Defendant/Counterclaimant

      v.

NEUROCENTRIA, INC., THREOTECH
LLC, AIDP, INC., GUOSONG LIU AND
FEI MAU

    Counter-Defendants.

Case No. 2:25-cv-05871-FLA-JPR

**STIPULATED PROTECTIVE ORDER**

## 1. INTRODUCTION

1.1    <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, highly confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order ("<u>Stipulated Protective Order</u>"). The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.2    <u>Good Cause Statement</u>. This action is likely to involve trade secrets, formulas, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential scientific, business, and financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such

material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3 <u>Proceedings and Information Governed</u>. This Stipulated Protective Order is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, transcripts, and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action (collectively, "<u>Discovery or Disclosure Material</u>") that are designated by a party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Stipulated Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

1.4 <u>Designation and Maintenance of Information</u>. For purposes of this Stipulated Protective Order, (a) the "Confidential Information" designation means that the document (or other material) is comprised of commercial or proprietary information that is not publicly known or readily ascertainable, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, and which is in fact confidential; and (b) the "Highly Confidential" designation means that the document (or other material) is comprised of or contains information that the producing party deems in good faith to be especially sensitive, which may include, but is not limited to, information that the producing party alleges constitutes trade secrets,

2

---

PLAINTIFFS' NOTICE OF MOTION AND PARTIAL MOT. TO DISMISS AMENDED COUNTERCLAIM

along with confidential research and development, financial, technical, marketing, or other sensitive business information, information that is of technical or commercial advantage to its possessor, an individual's family, financial, medical, personnel records, or other highly-sensitive or personally identifying information, or information capable of being utilized for improper purpose by the non-producing party, and which is in fact confidential.

Confidential Information and Highly Confidential Information does not include, and this Stipulated Protective Order does not apply to: (a) information that already is legitimately known or legitimately in the possession of the party to whom disclosure is made, unless that party already is bound by agreement not to disclose such information; or (b) information that has been disclosed to the public or third persons in a manner making such information no longer confidential, unless such information was disclosed in violation of an agreement not to disclose such information. The parties shall use reasonable efforts to determine whether a particular document qualifies for a particular confidentiality designation.

Except for documents made available for inspection at the parties' respective facilities (to the extent permitted), confidentiality designations shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are made available for inspection at the parties' respective facilities, such documents may be made available for inspection before being assigned a confidentiality designation. Once specific documents have been designated for copying, any documents containing Confidential Information or Highly Confidential Information will then be marked accordingly after copying but before production to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked Confidential Information or Highly Confidential Information pursuant to this procedure.

3

PLAINTIFFS' NOTICE OF MOTION AND PARTIAL MOT. TO DISMISS AMENDED COUNTERCLAIM

Documents and things produced during the course of this litigation within the scope of this section may be designated by the producing party as containing Confidential Information or Highly Confidential Information, as the case may be, by placing on each page and each thing, in a manner which will not interfere with its legibility, a legend substantially as follows:

**CONFIDENTIAL**

or

**HIGHLY CONFIDENTIAL**

A party may designate information disclosed at a deposition as Confidential Information or Highly Confidential Information by requesting the reporter so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have seven (7) calendar days after receipt of the deposition transcript to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Highly Confidential Information. If no such designation is made at the deposition or within this seven-day period (during which period, the transcript must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition transcript will be considered devoid of Confidential Information or Highly Confidential Information, except for any exhibits to such transcript that previously were designated as Confidential Information or Highly Confidential Information.

Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Stipulated Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as

4

PLAINTIFFS' NOTICE OF MOTION AND PARTIAL MOT. TO DISMISS AMENDED COUNTERCLAIM

to allow access to such information only to such persons and under such terms as are permitted and required under this Stipulated Protective Order.

For information produced in a form other than a document and for any other tangible items, that the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

1.5     Restraint and Care in Designating Protected Material. Each party to this Action or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

1.6     Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5

## 2. DEFINITIONS

A.  <u>Action</u>: This lawsuit (*Neurocentria, Inc., et al. v. Mando International, LLC d/b/a Kappa Nutrition*, Case No. 2:25-cv-05871-FLA-JPR).

B.  <u>Challenging Party</u>: A party to this Action or a non-party that challenges the designation of information or items under this Order.

C.  <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).  House Counsel cannot view "HIGHLY CONFIDENTIAL" materials.

D.  <u>Designating Party</u>: A party to this Action or non-party that designates Discovery or Disclosure Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

E.  <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party to the Action or its counsel to serve as an expert witness or as a consultant in this Action.

F.  <u>House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

G.  <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a party to this Action.

H.  <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

I.  <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

J.  <u>Producing Party</u>: A party to this Action or non-party that produces Disclosure or Discovery Material in this Action.

6

K. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

L. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

M. <u>Receiving Party</u>: A party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

## 4. DISCLOSURE AND USE OF PROTECTED MATERIAL

Information designated as Confidential Information or Highly Confidential Information may only be used for purposes of the litigation, trial, and appeal of this action.

4.1 <u>General Rules of Disclosure</u>: Confidential Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of and agree to be bound by the terms of this Stipulated Protective Order: (a) Parties who are individuals or employees, officers, and/or directors of a Party that is a business entity, but only those employees, officers, and/or directors required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed (and in no event more than ten (10) such employees, officers, and/or directors); (b) counsel of record for the Receiving Party and employees of such counsel who have direct functional responsibility for the preparation and trial of the lawsuit; any such

7

PLAINTIFFS' NOTICE OF MOTION AND PARTIAL MOT. TO DISMISS AMENDED COUNTERCLAIM

employee to whom specially retained counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence; (c) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies, images, or litigation-review databases of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Stipulated Protective Order; and (d) Experts or other consultants or investigators employed by the Parties or counsel of record for the Parties, to assist in the preparation and trial of the lawsuit. Prior to disclosure those individuals identified in subparagraph (c) and (d) must be informed of and agree *in writing* (by signing the Confidentiality Agreement in the form attached hereto as Exhibit A) to be subject to the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence.

Subject to the restrictions set forth in the following paragraph prohibiting the disclosure of Highly Confidential Information to certain individuals, Highly Confidential Information may be disclosed to the persons described in paragraphs (b) through (d) in the paragraph immediately preceding this one. Documents containing Highly Confidential Information produced under this Stipulated Protective Order shall not be produced or disclosed to any other person without the express written permission of the Producing Party.

The Parties are prohibited from allowing access to or sharing the Highly Confidential Information with any of the Parties' consultants who have been retained by the Parties for business purposes, or with any individual who has in the past or may in the future perform work related to the Parties' product development or marketing.

The Parties are entitled to allow access to the Highly Confidential Information or share the Highly Confidential Information with Experts or consultants who are retained

8

PLAINTIFFS' NOTICE OF MOTION AND PARTIAL MOT. TO DISMISS AMENDED COUNTERCLAIM

for the purpose of assisting with this litigation and who have executed the Confidentiality Agreement for Expert or Consultant of Any Party. Counsel who retains such Expert or consultant shall inform each such Expert or consultant, in writing, of the prohibition set forth in the immediately preceding paragraph and provide such Expert or consultant a copy of this Stipulated Protective Order.

Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Stipulated Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

Nothing in this Stipulated Protective Order shall be construed to prohibit or restrict any Party from disclosing any document, information, testimony, or other material (including Protected Material) in response to a duly issued subpoena or court order.  To the extent permitted by law, the disclosing Party shall use reasonable efforts to notify the Designating Party in writing prior to such disclosure, and shall use reasonable efforts to request or confirm that the receiving party maintains the confidentiality of the Protected Material consistent with applicable law and agency procedures.

4.2    <u>Use of Protected Material at Depositions</u>. Protected Material may be disclosed during a deposition to a person who is not already allowed access to such information under this Stipulated Protective Order only if:

(a)    the information was previously authored or legitimately received by the person or was authored or legitimately received by a director, officer, employee or agent of the company for whom the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6), as demonstrated by the information itself or foundation testimony during a deposition;

(b)    the Designating Party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

9

PLAINTIFFS' NOTICE OF MOTION AND PARTIAL MOT. TO DISMISS AMENDED COUNTERCLAIM

(c)  counsel for the Designating Party agrees that the material may be disclosed to the person; and

(d)    the person is not prohibited from accessing this information pursuant to Section 4.1.

In the event of disclosure pursuant to this Section 4.2, only the reporter, the person, his or her counsel, and persons to whom disclosure may be made and who are bound by this Stipulated Protective Order, may be present during the disclosure or discussion of Confidential Information or Highly Confidential Information. In addition, unless the individual to whom disclosure is made under this paragraph otherwise is permitted to receive the information under this Stipulated Protective Order, such person shall not be permitted to retain a copy of the document. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

## 5. DURATION

Once a case proceeds to trial, information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will presumptively be available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

## 6. INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS

Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-

product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The parties intend that this Stipulated Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option. If the underlying claim of Privilege or Protection is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

PLAINTIFFS' NOTICE OF MOTION AND PARTIAL MOT. TO DISMISS AMENDED COUNTERCLAIM

For purposes of this section, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

For purposes of this section, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

## 7. FAILURE TO DESIGNATE

The inadvertent failure to designate any information as Confidential or Highly Confidential will not be deemed to waive a person's right to later designate or to prevent a party from later designating such material as Confidential or Highly Confidential. The information must be treated by the receiving party as Confidential or Highly Confidential from the time the Receiving Party is notified in writing of the change in the designation. If the material that was inadvertently not designated already has been, by the time of the later designation, filed with the Court and has not been sealed, the party or person that failed to make the designation may move for appropriate relief.  No other party has any obligation to move for such relief under these circumstances.

## 8. CHALLENGE TO DESIGNATIONS

8.1    Timing of Challenges. Any party to this Action or non-party may challenge a designation of confidentiality within two months of disclosure or use of the challenged material.

8.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

12

8.3     Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 9.  NON-PARTY INFORMATION

The existence of this Stipulated Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Stipulated Protective Order.

## 10. NO PREJUDICE

Signing or agreeing to the entry of, producing or receiving confidential information, or otherwise complying with the terms of this Stipulated Protective Order, will not (a) operate as an admission by any Party that any particular Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Stipulated Protective Order with respect to any particular information or material; (f) constitute or be construed as: an agreement by any person to produce any documents or to supply any information, a waiver or forfeiture of any trade secret, intellectual-property

13

or proprietary right to, in, or with respect to any Protected Material, or a modification, discharge, or abandonment of any pre-existing legal obligation that any Designating Party may have to keep any discovery material confidential or secret.

## 11. CONCLUSION OF LITIGATION

Within sixty (60) calendar days after final judgment in this Action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Stipulated Protective Order shall destroy or return to the Producing Party all materials and documents containing Confidential Information or Highly Confidential Information, and to certify to the Producing Party that this destruction or return has been done.  However, outside counsel for any Party is entitled to retain all court papers, discovery responses, deposition and trial transcripts, deposition and trial exhibits, and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Stipulated Protective Order.  The Clerk can return to counsel or destroy any sealed material at the end of the litigation.

## 12. OTHER PROCEEDINGS

If another court or an administrative agency subpoenas or orders production of Protected Material from a non-designating Party, such person shall transmit a copy of such subpoena or order to the Designating Party as soon as reasonably possible after receiving it but in no event later than five (5) business days before the date of production set forth in the subpoena or order. The Designating Party shall then have two (2) business days to notify the person receiving the subpoena or order of the Designating Party's intent to intervene to resist the subpoena. Should the Designating Party give notice of such an intent, the Party receiving the subpoena shall cooperate with the Designating Party and take reasonable measures to protect the interests of the Designating Party, including objecting to the subpoena on the basis of this Stipulated Protective Order and

14

taking steps necessary to withhold production while the intervening Party's motion is pending.

## 13. REMEDIES

It is Ordered that this Stipulated Protective Order may be enforced by such sanctions as are available to the presiding judge, including the power to hold Parties or other violators of this Stipulated Protective Order in contempt. All other remedies available to any person injured by a violation of this Stipulated Protective Order are fully reserved.

Any Party may petition the presiding judge for good cause shown if the Party desires relief from a term or condition of this Stipulated Protective Order.

## 14. FILING PROTECTED MATERIAL

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

February 3, 2026                    **HUGHES HUBBARD & REED LLP**

*/s/ Jeffrey Gavenman*
Attorneys    for    Plaintiffs/Counter-Defendants
Neurocentria, Inc. and ThreoTech LLC
Authorized to File on February 3, 2026

February 3, 2026                    **LEGALFORCE RAPC WORLDWIDE, P.C.**

*/s/ Raj V. Abhyanker*
Attorneys for Defendant/CounterclaimantMando
International, LLC d/b/a Kappa Nutrition

15

PLAINTIFFS' NOTICE OF MOTION AND PARTIAL MOT. TO DISMISS AMENDED COUNTERCLAIM

# CERTIFICATE OF SERVICE

I, Salvatore Picariello, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626.  On February 3, 2026, I served the following document(s):

**STIPULATED PROTECTIVE ORDER**

on the parties stated on attached service list

| | |
|---|---|
| Defendant Mando International, LLC d/b/a Kappa Nutritional Labs<br><br>Raj V. Abhyanker<br>raj@legalforcelaw.com | |

☐ **BY COURT'S CM/ECF SYSTEM.**  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed on the Service List.

☒ **BY E-MAIL.**  By sending via e-mail, to the parties for service of the foregoing documents to the persons listed on this Service List.

☐ **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)**  I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2026, at Costa Mesa, California.

/S/ SALVATORE PICARIELLO
Salvatore Picariello