Raj V. Abhyanker, California SBN 233284
raj@legalforcelaw.com
LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:        (650) 965-8731
Facsimile:        (650) 989-2131


Attorney for Defendant,
Mando International, LLC


# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA


| NEUROCENTRIA, INC., a California corporation, and THREOTECH LLC, a Nevada limited liability company, | Case No. 2:25-cv-05871-FLA-JPR |
|---|---|
| Plaintiffs, | **DEFENDANT MANDO INTERNATIONAL, LLC'S RESPONSE TO ORDER TO SHOW CAUSE** |
| v. | |
| MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION LABS, a Texas limited liability company | |
| Defendant. | |

1. Defendant Mando International, LLC ("Mando") respectfully submits this response to the Court's February 24, 2026 Order to Show Cause. Mando takes the Court's concerns very seriously and recognizes the importance of maintaining clarity, efficiency, and candor in these proceedings. Mando respects the Court's guidance and has taken corrective action promptly.

2. In direct response to the Court's February 24, 2026 Order, Defendant voluntarily dismissed the Northern District of California action in its entirety the same day. A true and correct copy of the Notice of Dismissal is attached as **Ex. A.** Mando and its counsel did not intend to burden the Court, multiply proceedings, or engage in improper conduct. To the extent any actions taken by Mando may have contributed to confusion, inefficiency, or unnecessary motion practice, Mando sincerely regrets that result. Defendant understands the Court's concern and appreciates the opportunity to clarify the record.

**I. The Northern District Action**

3. Mando filed a separate action in the Northern District of California based on counsel's assessment, at the time, that separating patent claims from trademark and contract-related issues might promote clarity and efficient case management. That judgment was made as a litigation strategy decision, rather than with the intent to create duplication or inefficiency. While the Court has now determined that such bifurcation was unnecessary and inefficient, the decision was grounded in a procedural assessment, not an intent to multiply proceedings or circumvent this Court's authority.

4. Upon further reflection and in light of the Court's expressed concerns

DEFENDANT MANDO INTERNATIONAL, LLC'S RESPONSE
TO ORDER TO SHOW CAUSE
Case No. 2:25-cv-05871-FLA-JPR

regarding efficiency and duplication, Defendant elected to dismiss the Northern District action immediately. Defendant will not reassert those claims in another forum while this matter remains pending before this Court.

## II. Corporate Structure Clarification

5. Defendant acknowledges that Plaintiffs' proposed FAC did not name AIDP, Inc. or Magceutics, Inc. as defendants. Any suggestion otherwise in prior briefing was incorrect. Counsel accepts responsibility for that error. Counsel has implemented a verification process to ensure future factual representations regarding pleadings are cross-checked directly against the operative draft.

6. At no time did Defendant or its counsel intend to mislead the Court or to assert facts known to be untrue. Any inaccurate characterization regarding the scope of the proposed FAC was the result of misunderstanding and imprecise drafting in the context of rapidly evolving pleadings, not an attempt to make a knowingly false representation.

7. The confusion regarding AIDP and Magceutics arose from overlapping references in prior pleadings, counterclaims, and related litigation filings, including the fact that those entities had been named in Defendant's counterclaims and were subjects of related disputes. In opposing amendment, Defendant's briefing conflated issues concerning necessary parties and related corporate entities with the narrower question of which parties were formally named in the proposed FAC. That conflation was erroneous, and Defendant acknowledges that the proposed FAC did not, in fact, add those entities as defendants.

8. Confusion in prior briefing also arose because product labeling from 2025

DEFENDANT MANDO INTERNATIONAL, LLC'S RESPONSE
TO ORDER TO SHOW CAUSE
Case No. 2:25-cv-05871-FLA-JPR

that Defendant procured identifies AIDP, Inc. as the exclusive distributor, and lists a Walnut Creek, California address which is not associated with AIDP, Inc. (**Ex. B** at 255, 261–262).  That initial confusion is supported by subsequent deposition testimony of Neurocentria's Chief Executive Officer, Dr. Guosong Liu, who testified in his individual capacity, clarified that Magceutics, Inc. was formally renamed to Neurocentria, Inc. (Ex. B at 225). When asked how a reasonable purchaser would interpret labeling that states a product is "manufactured for Magceutics," Dr. Liu testified that he did not know. (**Ex. B** at 255). He further acknowledged that there could be some issue about the confusion in the name. (**Ex. B** at 262).

9.  The testimony further reflects that although Magceutics Inc. was the former corporate name of Neurocentria, Inc., the Magceutics.com website and certain supplement-related operations were transferred to and are managed by ThreoTech. (**Ex. B** at 244–245). Dr. Liu testified that since 2019, ThreoTech has operated and managed the Magceutics.com website and related supplement business activities. (Id.).

10. Defendant's prior references to related entities were made against that ambiguity of overlapping naming conventions, licensing arrangements, and public-facing labeling. Defendant did not intend to assert claims on behalf of non-parties or to mischaracterize corporate identities.  Defendant does not contend that it has standing to assert motions on behalf of any crossclaim defendant or non-party. To the extent prior briefing suggested otherwise, that was not Defendant's intent, and Defendant clarifies that it seeks relief only on its own behalf.  To the extent any language created confusion, Defendant regrets that lack

DEFENDANT MANDO INTERNATIONAL, LLC'S RESPONSE
TO ORDER TO SHOW CAUSE
Case No. 2:25-cv-05871-FLA-JPR

of clarity and accepts responsibility for the imprecision.

## III. Opposition to Amendment and Prior Motions

11. Defendant acknowledges that the procedural history of this case has involved amendments and withdrawals of certain filings. Mando opposed Plaintiffs' motion for leave to amend based on its understanding of Rule 15 standards and the procedural posture at the time. Defendant believed that allowing amendment while related claims were pending elsewhere could result in inefficiency and prejudice. Those actions reflected evolving legal strategy and responses to developing pleadings, not a pattern of harassment or intent to impose unnecessary expense. The Court has now ruled otherwise. Defendant has not acted in defiance of court orders, ignored deadlines, or persisted in conduct after judicial warning. To the contrary, Defendant has complied with the Court's directives and seeks to resolve all remaining issues in this forum.

12. Mando opposed Plaintiffs' motion for leave to amend based on its understanding, at the time, of the governing procedural standards and the posture of the case. In hindsight, certain arguments could have been framed more clearly. Defendant acknowledges that the sequencing of certain filings may have created the appearance of procedural maneuvering; however, each decision was made based on contemporaneous litigation judgment rather than intent to impose cost or delay. Defendant recognizes that such sequencing may have contributed to inefficiency and will endeavor to avoid similar circumstances going forward.

13. With respect to the specific dockets referenced in the Court's Order (Dkts. 54, 70, and 104), Defendant respectfully clarifies the context. Dkt. 54 withdrew

Defendant's jurisdictional and transfer motions after Plaintiffs withdrew and reshaped their pleadings (Dkt. 53), and Defendant elected to proceed in this District in the interest of judicial economy rather than further fragment the litigation. Dkt. 70 streamlined Defendant's counterclaims to focus on patent declaratory issues after reassessment of the procedural posture and Plaintiffs' evolving claims. Dkt. 104 withdrew Defendant's motion for sanctions prior to hearing and without adjudication in order to narrow issues and conserve judicial resources. In each instance, the withdrawal or amendment occurred before adjudication on the merits and was undertaken to streamline, not multiply, proceedings.

14. Rule 11 sanctions require a showing that a filing was presented for an improper purpose, or that counsel's legal contentions were objectively unreasonable under the circumstances. Likewise, sanctions under the Court's inherent authority require a finding of bad faith or conduct tantamount to bad faith. Defendant respectfully submits that neither standard is satisfied here. The filings at issue were made based on counsel's contemporaneous assessment of the procedural posture of the case and were not presented to harass, delay, or needlessly increase the cost of litigation. To the extent certain arguments were later determined to be incorrect or imprecise, they were the product of litigation judgment and evolving factual clarification - not intentional misrepresentation or bad faith conduct. At the time the filings were made, Defendant had a reasonable factual and legal basis to advance those positions, even if the Court ultimately disagreed.

DEFENDANT MANDO INTERNATIONAL, LLC'S RESPONSE
TO ORDER TO SHOW CAUSE
Case No. 2:25-cv-05871-FLA-JPR

## IV. Conclusion

15. At all times, Defendant and its counsel acted in the good-faith belief that their filings were legally supported and procedurally appropriate. Defendant respectfully submits that any errors were matters of judgment or clarity, not bad faith or improper purpose. In hindsight, certain procedural choices could have been more streamlined, and Mando is committed to ensuring that all remaining matters proceed efficiently before this Court. Defendant respectfully requests that the Order to Show Cause be discharged and that the matter proceed on the merits.

Dated: February 25, 2026                     Respectfully submitted,
                                             LEGALFORCE RAPC WORLDWIDE P.C.


                                             /s/ Raj V. Abhyanker
                                             Raj V. Abhyanker
                                             Attorney for Defendant:
                                             Mando International, LLC

DEFENDANT MANDO INTERNATIONAL, LLC'S RESPONSE
TO ORDER TO SHOW CAUSE
Case No. 2:25-cv-05871-FLA-JPR

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Mando International, LLC, certifies that this brief contains 1316 words, which complies with the word limit of L.R. 11-6.1.


Dated: February 25, 2026          Respectfully submitted,
                                  LEGALFORCE RAPC WORLDWIDE P.C.


                                  /s/ Raj V. Abhyanker_____
                                  Raj V. Abhyanker
                                  Attorney for Defendant:
                                  Mando International, LLC

DEFENDANT MANDO INTERNATIONAL, LLC'S RESPONSE
TO ORDER TO SHOW CAUSE
Case No. 2:25-cv-05871-FLA-JPR