# Exhibit B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

--o0o--

NEUROCENTRIA, INC., a
California corporation, and
THREOTECH, LLC, a Nevada
limited liability company,

                    Plaintiffs,

          Vs.        Case No. CV-25-cv-05871-FLA-JPR

MANDO INTERNATIONAL, LLC d/b/a
KAPPY NUTRITION, a Texas limited
liability company,

                    Defendant.

_____/


--o0o--

WEDNESDAY, MARCH 18, 2026

--o0o--


VIDEOTAPED DEPOSITION

OF

SARRITA ADAMS, Ph.D.


--o0o--


Reported By:  CAROL S. NYGARD
              California CSR No. 4018
              Nevada CCR 915


Page 1

```
                    APPEARANCES:
          For the Plaintiffs:
          BARNES & THORNBURG, LLP
          BY:  JOHN W. COX, Ph.D.
          3340 Peachtree Road N.D.
          Suite 2900
          Atlanta, Georgia  30326
          404.846.1693
          john.cox@bbtlaw.com
          SCHULMAN BHATTACHARYA, LLC
          (Via Video Conference)
          BY:  JEFFREY S. GAVENMAN, ESQ.
          6116 Executive Boulevard
          Suite 425
          North Bethesda, Maryland  20852
          240.356.8550
          egavenman@schulmanbh.com

          For the Defendant MANDO INTERNATIONAL, LLC:
          LEGALFORCE RAPC WORLDWIDE, P.C.
          BY:  RAJ V. ABHYANKER, ESQ.
          1580 W. El Camino Real
          Suite 10
          Mountain View California  94040
          650.965.8731
          raj@legalforcelaw.com

          Videogapher:

          CAMERON TUTTLE

          Also Present Via Video Conference:
          ARMANDO ALFARO
          JASON WEINGER
```

Page  2

```
                          INDEX

              EXAMINATION BY COUNSEL

                                        PAGE NO.

        Examination by Mr. Abhyanker           8

        Examination by Mr. Cox                 79

        Further Examination by mr. Abhyanker   172
```

Page 3

Veritext Legal Solutions
866-299-5127          calendar-ca@veritext.com          www.veritext.com

                            EXHIBITS

Exhibit No.                 Description                 Page No.

Exhibit Number 7    Declaration of Sara Adams,
                    Ph.D.                               25

Exhibit Number 8    Plaintiffs' Amended Notice
                    of Deposition of Sara
                    Adams, Ph.D.                        79

Exhibit Number 9    Declaration of Sara Adams,
                    Ph.D.                               102

Exhibit Number 10   Independent Scientific
                    Expert Engagement Agreement    115

Exhibit Number 11   Declaration of [EXPERT NAME]   126

Exhibit Number 12   Joint Claim Construction
                    Statement Pursuant to
                    Section 3(c) of the Court's
                    Patent Standing Order
                    (DKT.33)                            131

Exhibit Number 13   Plaintiffs' Opening Claim
                    Construction Brief              142

Veritext Legal Solutions
866-299-5127          calendar-ca@veritext.com          www.veritext.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

--o0o--

NEUROCENTRIA, INC., a

California corporation, and

THREOTECH, LLC, a Nevada

limited liability company,

Plaintiffs,

Vs.          Case No. CV-25-cv-05871-FLA-JPR

MANDO INTERNATIONAL, LLC d/b/a

KAPPY NUTRITION, a Texas limited

liability company,

Defendant.

_____/

--o0o--

BE IT REMEMBERED, that on Wednesday, March 18, 2026, at the hour of 9:31 a.m. thereof at PatentVC Trademarkia, 3000 Sand Hill Road, Suite 245, Menlo Park, California before me, Carol S. Nygard, a Certified Shorthand Reporter of the State of California, there personally appeared,

SARRITA ADAMS, Ph.D.,

called as a witness by the Plaintiffs and Defendants, who, being by me duly sworn, was thereupon examined and interrogated as hereinafter set forth:          09:31

VIDEOGRAPHER:  Good morning.          09:31

We are going on the record.          09:31

Page 5

Q.   Yeah, 40, toward the back.                        12:33

A.   Sorry.  It's my fault.                            12:33

Q.   Sure.                                             12:33

You see there's a section that has examples?          12:33

A.   Ahh, okay.  Yes, yes, yes.  Okay.                 12:33

Q.   Did you review those?                             12:33

A.   Yes, I did.                                       12:33

Q.   Is there any part of the patent, whether it's     12:33
sections you reviewed like the examples or the detailed 12:33
description, that limit the term "magnesium threonate"  12:33
to anything in particular?                              12:33

A.   Can you explain what that means?                  12:33

I don't -- I don't quite understand what               12:33
you're trying to --                                     12:33

Q.   Yeah.                                              12:33

Is the definition or the understanding of the          12:33
term "magnesium threonate" limited by anything in the   12:33
patent?                                                 12:34

MR. ABHYANKER:  Objection.  That's -- that             12:34
calls for a legal conclusion.                           12:34

She's not a lawyer about how -- what's limited          12:34
where and how.                                          12:34

THE WITNESS:  I --                                      12:34

Honestly, it's a bit of a struggle.                    12:34

I can't --                                              12:34

Page 94

exhibit. 12:53

Are we at double digits, Carol? 12:53

THE REPORTER: 10. 12:54

MR. COX: 10. Thank you. 12:54

(Exhibit Number 10 was marked for 12:54

Identification.) 12:54

MR. COX: And feel free to look through this. 12:54

I can point you to the last 1, 2, 3, 4 pages. 12:54

It has similar signature certificates as your 12:54

-- 93-2 Declaration. 12:54

THE WITNESS: To the last pages. 12:54

BY MR. COX: 12:54

Q. And then I'll also point you to -- 12:54

A. Okay, yeah. 12:54

Q. -- page 6 of 31. 12:54

The numbers are at the bottom. 12:54

A. Yes. 12:55

Q. Do you see your signature there? 12:55

A. Uh-huh. 12:55

Q. And it's dated January 10? 12:55

A. Yes. 12:55

Q. Can you describe for me what this document is? 12:55

A. Yes. 12:55

This is the initial document that I received 12:55

to ask if I would agree to give an independent 12:55

Page 115

866-299-5127          calendar-ca@veritext.com          www.veritext.com

scientific opinion on the matters of -- being -- that          12:55

we're discussing right now.          12:55

Q.    Okay.  And on page 1 I want to point you to          12:55

the second paragraph.          12:55

Oh, sorry.  On page 2.          12:55

So second page, second paragraph.  It's above          12:55

the 4 bullet points.          12:55

It says "You will provide an informed,          12:55

objective opinion on topics including but not limited          12:55

to:"  and then there's four bullet points; is that --          12:55

A.    Yes.          12:55

Q.    -- correct?          12:55

A.    Yes, yeah.          12:55

Q.    Okay.  On page 3 --          12:55

A.    Uh-huh.          12:55

Q.    -- in the middle of the page above that single          12:55

-- or excuse me -- under that single bullet point --          12:55

A.    Uh-huh.          12:55

Q.    -- it says, quote, "Your work will focus on          12:55

scientific and technical opinions relevant to validity          12:56

or invalidity --"          12:56

A.    Uh-huh.          12:56

Q.    "-- including," open parens, "as applicable          12:56

and supported by the record," closed parens, "lack of          12:56

written description, lack of enablement, prior art,"          12:56

Page 116

open parens, "including publications more than 20 years old," closed parens, "and issues relating to naturally occurring biochemical pathways, and then naturally occurring nature of magnesium L-threonate," closed quote.

Do you see where I read that from?

A. Yes, uh-huh.

Q. Okay. So is this asking you to opine on validity and invalidity --

MR. ABHYANKER: Objection.

BY MR. COX:

Q. -- of the 016 patent?

MR. ABHYANKER: Objection. This is hearsay about what --

It's asking us to -- the client who wrote this to opine on it. It just says it's relevant to it. It doesn't say she's asking to be doing anything here.

THE WITNESS: Oh. I'm an independent person, so, you know, to me language like "your work will focus on," I mean, that doesn't mean a huge amount to me.

I was going to look at it, and I look at everything as a scientist, which means that you're supposed to be objective.

So we're in the past, and certainly in this case, too, the client makes a request for something and

Page 117

A.    Uh-huh.                                    01:02

Q.    -- opinion 5, "Structure function claims are    01:02
not proprietary."                                01:02

Is that --                                       01:02

Is it fair to say that your answer for opinion   01:02
4, the commercial claims would apply equally to opinion    01:02
5, the structure functions?                      01:02

A.    Absolutely.  Those are basically the       01:02
commercial claims --                             01:02

Q.    Okay.                                       01:02

A.    -- that I'm referring to.                   01:02

Q.    Let's go back to the letter with the Kappa  01:02
logo at the top.                                 01:02

Do you know if there's anything in this letter   01:02
about the construction of terms from the numbered    01:02
paragraph claims in the 061 Patent?              01:03

A.    Okay.  So you mean the end -- the end --    01:03

Q.    Yeah, the last paragraphs in the patent.    01:03

If you remember, they were numbered.  We         01:03
looked at Claim 1.                               01:03

Is there anything in this letter about           01:03
construing the terms of those claims?            01:03

A.    Not directly construing them, not -- not me   01:03
personally.                                      01:03

Q.    Okay.                                       01:03

Page 123

and the deposition resumed at 2:23 p.m.)          02:23

VIDEOGRAPHER:  We're back on the record.          02:23

The time is 2:23 p.m.                             02:23

FURTHER EXAMINATION                  02:23

BY MR. ABHYANKER:                                      02:23

Q.    Okay.  Dr. Adams, you're not offering any    02:23
legal opinions about anything in this right now; right?   02:23

A.    No, absolutely not.                          02:23

Q.    You're not a lawyer; --                      02:23

A.    No.                                          02:23

Q.    -- right?                                    02:23

And your role here is to explain scientific    02:23
principles; correct?                                  02:23

MR. COX:  Objection to form.                02:23

BY MR. ABHYANKER:                                      02:23

Q.    As opposed to interpret patent claims?       02:23

MR. COX:  Objection to form.                02:23

THE WITNESS:  Yes, that would be the case.  02:23

BY MR. ABHYANKER:                                      02:23

Q.    And the scientific conclusions in your       02:23
Declaration reflect your own independent opinions;    02:23
correct?                                              02:23

MR. COX:  Objection to form, leading.       02:23

THE WITNESS:  Yes.                          02:24

They --                                     02:24

Veritext Legal Solutions
866-299-5127          calendar-ca@veritext.com          www.veritext.com

I, CAROL S. NYGARD, a Certified Shorthand Reporter of the State of California, duly authorized to administer oaths, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were duly sworn; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings review of the transcript [ ] was [X] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any witness or party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name:

Dated:

*Carol S Nygard*

CAROL S. NYGARD CSR #4018

Page 181