Sang Dang, Esq. (SBN 214558)
  sdang@fortislaw.com
Salvatore Picariello, Esq. (SBN 190442)
  spicariello@fortislaw.com
FORTIS LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
Telephone: 714-839-3800
Facsimile: 714-795-2994

John Cox
(Admitted *Pro Hac Vice)*
  John.Cox@btlaw.com
Lauren U. Baker
(Admitted *Pro Hac Vice*)
  lauren.baker@btlaw.com
BARNES & THORNBURG LLP
3340 Peachtree Rd NE, Suite 2900
Atlanta, GA 30326
Telephone: 404-264-4036
Facsimile:  404-264-4033

Jeffrey Gavenman
(Admitted *Pro Hac Vice*)
jeffrey.gavenman@hugheshubbard.com
Jeremy Schulman
(Admitted *Pro Hac Vice*)
jeremy.schulman@hugheshubbard.com
James Schaller
(Admitted *Pro Hac Vice*)
jake.schaller@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, DC 20006
Telephone: 202-721-4600
Facsimile: 202-721-4646

Attorneys for Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. and THREOTECH LLC and Third-Party Defendant, AIDP, Inc.[1]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC. and THREOTECH LLC,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION,<br><br>Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>AIDP, INC.,<br><br>Third-Party Defendant. | Case No. 2:25-cv-05871-FLA-MAR<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS**<br><br>Hearing:    April 17, 2026<br>Time:    1:30 p.m.<br>Courtroom: 6B, 6th Floor<br>Judge:    Hon. Fernando L. Aenlle-Rocha |

---

[1] Counsel appear on behalf of AIDP, Inc. on a limited basis solely to contest this Court's jurisdiction over AIDP, Inc.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ................................................................................................................. 1

    A.    Kappa's Opposition is Untimely; the Court Should not Consider it ......... 1

    B.    Kappa has not Served AIDP ...................................................................... 2

    C.    Two-Dismissal Rule .................................................................................. 4

        1.    Kappa's Amendment of its Counterclaims Was the First Dismissal for Purposes of the Two-Dismissal Rule ...................... 4

        2.    Kappa's Other Arguments Fail .......................................................... 6

    D.    The Court Should Dismiss Count VI as to the '061 Patent for Failure to State a Claim ............................................................................ 7

    E.    The Court Lacks Jurisdiction Over the Withdrawn Patents ..................... 7

    F.    Kappa Has Not Plausibly Stated a Claim for Non-Infringement .............. 9

    G.    GRAS-Based Claims ............................................................................... 10

    H.    Kappa's UCL Claim Fails ....................................................................... 10

    I.    Tariff Fraud Claim Fails .......................................................................... 11

    J.    The Court Should Strike Paragraphs 33-61 in the SACC ....................... 12

CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arris Grp., Inc. v. British Telecomms. PLC*,
639 F.3d 1368 (Fed. Cir. 2011) ...................................................................8

*ASX Inv. Corp. v. Newton*,
183 F.3d 1265 (11th Cir. 1999) ...............................................................4, 5

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
508 U.S. 83 (1993)......................................................................................9

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)....................................................................................9

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
840 F.2d 685 (9th Cir. 1988) ......................................................................4

*Eagle Eyes Traffic Indus. USA Holding v. AJP Distribs. Inc.*,
No. 2:18-cv-01583 SJO (AS), 2018 WL 4859260 (C.D. Cal. June 22,
2018) .......................................................................................................7, 10

*Focally LLC v. Win Elements, LLC*,
No. EDCV 21-2105 (JGB), 2022 WL 17078660 (C.D. Cal. Oct. 13,
2022) ............................................................................................................8

*Gioia v. Blue Cross Hosp. Serv., Inc. of Missouri*,
641 F.2d 540 (8th Cir.1981) .......................................................................5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ....................................................................11

*Lopez v. Wells Fargo Bank, N.A.*,
No. SACV 16-1409 AG (KESx), 2016 WL 6088257 (C.D. Cal. Oct.
17, 2016) ......................................................................................................2

*McCoy v. McCormick & Co., Inc.*,
No. 1:25-CV-00231-JLT-SAB, 2025 WL 1918546, at *11 (E.D. Cal.
July 11, 2025), *report and recommendation adopted*, No. 1:25-CV-
00231 JLT SAB, 2025 WL 2315457 (E.D. Cal. Aug. 12, 2025).....................11

ii

*Medtronic, Inc. v. Cardiac Pacemakers, Inc.*,
  721 F.2d 1563 (Fed. Cir. 1983) ...................................................................9

*Melamed v. Blue Cross of California*,
  No. CV 11-4540 PSG FFMx, 2012 WL 122828, at *3 (C.D. Cal. Jan.
  13, 2012), *aff'd*, 557 F. App'x 659 (9th Cir. 2014)...............................4

*Moore v. LaHabra Relocations, Inc.*,
  501 F. Supp. 2d 1278 (C.D. Cal. 2007).......................................................2

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) ...................................................................8

*RDF Media Ltd. v. Fox Broadcasting Co.*,
  372 F. Supp. 2d 556 (C.D. Cal. 2005)........................................................13

*Rose Ct., LLC v. Select Portfolio Servicing, Inc.*,
  119 F.4th 679 (9th Cir. 2024) .....................................................................6

*SanDisk Corp. v. STMicroelectronics, Inc.*,
  480 F.3d 1372 (Fed. Cir. 2007) ...................................................................8

*SST Sterling Swiss Trust 1987 AG v. New Line Cinema, Corp.*,
  No. CV 05-2835 DSF, 2005 WL 6141290 (C.D. Cal. Oct. 31, 2005)...............12

*Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*,
  826 F.2d 637 (7th Cir. 1987) .......................................................................5

**Statutes and Rules**

C.D. Cal. L.R. 7-12...........................................................................................2

C.D. Cal. L.R. 7-13...........................................................................................2

C.D. Cal. L.R. 7-9.............................................................................................2

C.D. Cal. L.R. 83-7 .......................................................................................1, 2

Cal. Bus. & Prof. Code § 17533.7 ..........................................................10, 11

Cal. Civ. Proc. Code § 415.20(a).....................................................................3

Fed. R. Civ. P. 4(h)(1)(A).................................................................................3

Fed. R. Civ. P. 9(b) .........................................................................................12

REPLY I/S/O MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS

Fed. R. Civ. P. 41 ........................................................................................................4

Fed. R. Civ. P. 41(a) ...................................................................................................5

Fed. R. Civ. P. 41(a)(1)...........................................................................................4, 5

L.R. 6-1 .......................................................................................................................1

REPLY I/S/O MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. and THREOTECH, LLC ("Plaintiffs") and Third-Party Defendant AIDP, Inc. ("AIDP" and, collectively with Plaintiffs, "Magtein Parties") respectfully submit this reply brief ("Reply") in support of their Motion to Dismiss Second Amended Counterclaims ("MtD") (ECF 133).

## PRELIMINARY STATEMENT

Defendant/Counterclaim Plaintiff MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION LABS ("Kappa") has missed several deadlines (*see* ECF 116 at pp. 5-8) and engaged in a wide array of baseless, vexatious litigation tactics (*see* ECF 107). So it should come as no surprise that Kappa missed the deadline to oppose the Magtein Parties' MtD. The Court should decline to consider Kappa's Opposition (ECF 155) and deem the late-filed paper as consent to granting the Magtein Parties' MtD. But if the Court considers Kappa's late-filed Opposition, the end result, for the reasons explained *infra*, should be no different – dismissal of Kappa's Second Amended Counterclaims ("SACC"). The Court also should sanction Kappa pursuant to L.R. 83-7 for failing to follow the Local Rules.

## ARGUMENT

### A.     Kappa's Opposition is Untimely; the Court Should not Consider it

Pursuant to Local Rule ("L.R.") 7-9, Kappa's Opposition was due "not later than twenty-one (21) days before the date designated for the hearing of the motion." The Magtein Parties timely filed their MtD on March 17, 2026, setting the hearing date for the motion as April 17, 2026. *See* L.R. 6-1. Kappa's opposition, therefore, was due no later than 21 days before April 17, 2026, which was March 27, 2026.

Kappa, however, did not file its Opposition until March 31, 2026. Kappa made the late filing with neither leave of Court nor, seemingly, any inkling it had blown a deadline. Instead, counsel for Kappa, Mr. Raj Abhyanker, exposed that he does not have

a grasp of the Central District's Local Rules in an email to counsel for the Magtein Parties on April 1, 2026. Abhyanker accused *the Magtein Parties* of filing their oppositions to Kappa's two motions to dismiss "one day after the applicable deadline" (which was incorrect). *See* April 1, 2026 email, attached to the Declaration of Jeffrey Gavenman ("Gavenman Decl.") as Exhibit 1. Abhyanker either misread, misunderstood, or ignored L.R. 7-9, but "[l]ack of familiarity with the Court's rules is not an acceptable excuse for untimely filing." *Moore v. LaHabra Relocations, Inc.*, 501 F. Supp. 2d 1278, 1279 (C.D. Cal. 2007).

The late filing gave the Magtein Parties just three days to prepare this Reply – rather than the seven they would have had if Kappa's Opposition was timely – and effectively reduced the space the Magtein Parties could devote to substantive issues (because they had to address the late filing). "Noncompliance with the Local Rules … prejudices the opposing party by limiting preparation time for opposing papers." *Id.* Given Kappa's delinquency prejudiced the Magtein Parties – and that this is not Kappa's first procedural transgression[2] – the Court should: (1) exercise its discretion under L.R. 7-12 and decline to consider the Opposition and deem the late-filed paper consent to the granting of the Magtein Parties' MtD; and (2) sanction Kappa per L.R. 7-13 (which invokes L.R. 83-7).

### B.   Kappa has not Served AIDP

None of Kappa's attempts at service has been effective. On March 10, 2026, Kappa attempted to serve AIDP with the SACC and original summons dated November 13, 2025 – but the Original Summons had expired, rendering service defective. When the Magtein Parties noted this in their MtD, Kappa requested the Clerk issue a new summons. ECF 134. The clerk rejected that request (ECF 135), but after a follow-up

---

[2] *See Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409 AG (KESx), 2016 WL 6088257, at *4 (C.D. Cal. Oct. 17, 2016) (denying a motion to remand and granting a motion to dismiss because while "one or two of Lopez's procedural problems might be excusable … Lopez's lawsuit has suffered a death by a thousand self-inflicted cuts").

REPLY I/S/O MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS

request (ECF 136), the clerk issued a 21-day summons for AIDP on March 19, 2026. ECF 137. On March 21, 2026, Kappa filed a Proof of Service in which its process server declared – under penalty of perjury – that on March 20, 2026, he served "EDWARD LEE, AGENT FOR SERVICE OF PROCESS." *See* ECF 140. But Mr. Lee had passed away weeks earlier. *See* Gavenman Decl., ¶7. The process server also declared he "served the party … by substituted service … by leaving the copies with or in the presence of: LEFT AT DOOR IN THE PRESENCE OF JANE DOE, PERSON IN CHARGE. Hispanic, Female … ." ECF 140. Thus, the affidavit was false on its face.

After Plaintiffs' counsel raised this false affidavit with Kappa's counsel, Kappa filed ***another*** purported Proof of Service on March 23, 2026. *See* ECF 141. This one changed the "Person Served" from the deceased Mr. Lee to Jennifer Gu, but it contained the same attestation from the process server that he served a Hispanic female (and Dr. Gu is not Hispanic). *Id.* So, this affidavit too is false on its face. Later that day, Kappa filed an "Affidavit of Due Diligence," in which the process server detailed three unsuccessful attempts to serve AIDP. ECF 142. However, those attempts (all in January of 2026, *see id.*) predated the filing of the SACC (ECF 112, March 3, 2026) and the issuance of the summons.

Kappa claims this "service," followed by mailing documents, "complies with Federal Rule of Civil Procedure 4(h)(1)(A), which incorporates California law, including California Code of Civil Procedure §415.20(a)." Opposition, p. 3. That section requires a party leave copies of the summons and complaint "in the person's office" (which Kappa's process server did not do), or leave it at a mailing address "with the person who is apparently in charge thereof … who shall be informed of the contents thereof." Cal. Civ. Proc. Code §415.20(a). Kappa's process server "LEFT [the documents] AT THE DOOR IN THE PRESENCE OF" the unnamed Hispanic woman. ECF 141. The affidavit is false and defective, and it presents no reason to believe the unidentified Hispanic woman was "in charge" of the premises or that the process server

informed her of the contents of what he left. And there has been no explanation for Kappa's process server initially attesting that he served the deceased Mr. Lee.

Therefore, this service is defective, and this Court does not have jurisdiction over AIDP. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

### C. Two-Dismissal Rule

#### 1. Kappa's Amendment of its Counterclaims Was the First Dismissal for Purposes of the Two-Dismissal Rule

Kappa's attempt to evade the two-dismissal rule fails. First, Kappa's reliance on the Court's Order is misplaced. The Order set forth the outer bounds of what claims Kappa ***could*** bring in its amended counter- and cross-claims. The Order neither directed Kappa to bring any specific claim,[3] nor immunized any of Kappa's claims from otherwise applicable defenses.

And here, the two-dismissal rule applies to Counts VII-X. As a preliminary matter, nothing in Rule 41's text requires that the first dismissal be "effected by notice" (Opposition, ¶14). In fact, "[t]he two dismissal rule does not state the specific means by which the first dismissal must have been obtained to implicate the rule." *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267 (11th Cir. 1999).

Notably, Kappa cites no authority holding that withdrawal of claims through amendment just to re-assert those same claims as a separate action does not qualify as a dismissal under Rule 41(a)(1). Nor can it, as this case presents a unique procedural posture due to Kappa's gamesmanship. In these circumstances, the Court may properly conclude Kappa's removal of certain counterclaims by amendment constituted a

---

[3] The Order did not compel Kappa to take any action with respect to the case it filed in the Northern District of California ("ND Action"). Kappa's election to dismiss that case was entirely voluntary. *See e.g. Melamed v. Blue Cross of California,* No. CV 11-4540 PSG FFMx, 2012 WL 122828, at *3 (C.D. Cal. Jan. 13, 2012), *aff'd*, 557 F. App'x 659 (9th Cir. 2014) (noting "voluntary," for Rule 41, means "without being compelled by another party or the court.") (internal citations omitted).

REPLY I/S/O MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS

voluntary dismissal for purposes of Rule 41(a)[4] and the first dismissal for purposes of the two-dismissal rule. Such conclusion is consistent with the rule's purpose of "prevent[ing] an unreasonable use of the plaintiff's **unilateral** right to dismiss an action prior to the filing of the defendant's responsive pleading." *ASX*, 183 F.3d at 1268 (emphasis added; internal citations omitted).

Also, Kappa's argument for a rigid, automatic application of the two-dismissal rule is incorrect, as the authority Kappa cites shows. In *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.* (*see* Opposition, ¶22), the Court recognized "there are circumstances when due regard for the underlying policy concerns of the Rule may require that the court depart from the precise language of the Rule." 826 F.2d 637, 640 (7th Cir. 1987) (citing *Gioia v. Blue Cross Hosp. Serv., Inc. of Missouri*, 641 F.2d 540 (8th Cir.1981)). In *Gioia,* the Court found that, although a dismissal was granted by a court order, totality of circumstances established that dismissal was pursuant to Rule 41(a)(1) rather than 41(a)(2).

To hold that Kappa's withdrawal of its counterclaims from this case was not a voluntary dismissal would permit parties to sidestep the two-dismissal rule through pleading mechanics, elevating form over substance, and, here, would rubber-stamp Kappa's vexatious pattern of abandoning and reasserting claims at will. Kappa voluntarily dismissed Counts VII-X twice before, and they must be dismissed.[5]

---

[4] Indeed, the Court has already found that Kappa **dismissed** those counterclaims from this action before filing them in the ND Action. *See, e.g.* ECF 107 at 2, n.3; 4.

[5] Kappa claims the Court has discretion in cases involving the two-dismissal rule. Opposition, ¶19. But the authority Kappa cites addresses whether a court, on a plaintiff's motion pursuant to Rule 41(a)(2), should permit dismissal of claims and on what terms. That line of cases is irrelevant here. The two-dismissal rule of 41(a)(1)(B) does not involve judicial discretion.

REPLY I/S/O MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS

### 2.    Kappa's Other Arguments Fail

All of Kappa's other arguments regarding the two-dismissal rule fail. First, Kappa cannot seriously argue that Counts VII-X are different from the claims it has twice dismissed. Kappa *itself* cites the governing standard – "the key question in determining whether the claims are the same 'is []whether the two suits arise out of the same transactional nucleus of facts.'" Opposition, ¶21 (citing *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 686 (9th Cir. 2024)).[6] Kappa offers no coherent argument as to how Counts VII-X differ from the claims asserted in the ND Action other than a reference to some new "factual allegations" (*Id.*, ¶20). But these new "factual allegations" (whatever their relevance) all go towards the same alleged misrepresentations regarding country of origin and GRAS compliance that formed the basis of all prior claims – Kappa's underlying theory has not changed. Kappa's arguments are also inherently contradictory. *Compare id.*, ¶¶20-21 (arguing that these claims are not the same as previous claims), *with id.*, ¶9 ("Every claim in the SACC was previously asserted in at least one of these three sources. The SACC … restores claims the Court explicitly permitted Defendant to reassert").

And Kappa cannot equate Plaintiffs' reluctant indication that they were willing to consent to **<u>Kappa's</u>** demand to litigate patent claims in Texas[7] with Kappa's unilateral, unjustified, and bizarre mid-stream removal of claims from an active litigation in California only to bring them in another California district, without any procedural, contractual, or substantive justification. The two situations are not comparable. Plaintiffs indicated a willingness to agree to Kappa's demand in order to advance efficient resolution of this dispute; when Kappa withdrew the objection and

---

[6] Thus, the claims do not need to be *literally* the same as Kappa argues later (*see* Opposition, ¶23). Although, most of the claims that have now been re-asserted here are the same exact claims asserted in the Original Counterclaims.

[7] Even though the breach of contract claims had to be brought in California, pursuant to the forum-selection clause of the contract at issue. ECF 110-1, ¶15.

consented to the jurisdiction of this Court, Plaintiffs happily continued litigating all claims in this case. Kappa's conduct, on the other hand, was pure gamesmanship. Kappa dismissed its non-patent counterclaims from this case for the sole purpose of attempting to defeat Plaintiffs' motion to amend their complaint. *See, e.g.* ECF 77; Gavenman Decl. ¶¶3-5. Kappa's attempt to equate these fundamentally different circumstances only underscores the lack of any principled basis for Kappa's positions.

### D.    The Court Should Dismiss Count VI as to the '061 Patent for Failure to State a Claim

As explained in the MtD (pp. 11, 20-22), the Court should dismiss Count VI because Kappa fails to plead sufficient facts. Kappa's Opposition does not change that, nor could it. Instead, Kappa argues that invalidity under §101 is a permissible outcome at this stage of a case. *Id.*, ¶¶4, 40. But the conclusory allegations in the SACC cannot support reaching that outcome here. *See* MtD, 22. Kappa's statement that the SACC "contains numerous pages of detailed factual allegations" (Opposition, ¶43) leaves Plaintiffs to parse conclusory allegations and attempt to connect them to Kappa's recitation of disconnected legal standards.

Kappa cannot change that the SACC fails to (a) plead sufficient facts to support a finding of invalidity under §101, (b) identify which patent claims are anticipated (§102) and/or obvious (§103) by which purported prior art and why, or (c) connect random allegations under §112 to any language in the Asserted Claims (*see* ECF 133, 22 (citing ECF 112, ¶60)). Kappa merely provides random purported facts and parrots legal doctrines. ECF 133, 22. Such conclusory pleadings are fatally inadequate and the Court should dismiss them. *See Eagle Eyes Traffic Indus. USA Holding v. AJP Distribs. Inc.*, No. 2:18-cv-01583 SJO (AS), 2018 WL 4859260, at *3 (C.D. Cal. June 22, 2018).

### E.    The Court Lacks Jurisdiction Over the Withdrawn Patents

Kappa suggests the Court has jurisdiction over Counts II-IV and VI relating to the Withdrawn Patents because, *inter alia*, "[a]s long as the patents remain in force and

REPLY I/S/O MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS

were previously asserted against Defendant . . . a live controversy exists regarding their validity." Opposition, ¶34; *see also id.*, ¶25.

Kappa is wrong on the law and the facts. It is well recognized that "[t]he **mere existence** of a potentially adverse patent does not cause an injury nor create an imminent risk of an injury." *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008) (holding that "the existence of a patent is not sufficient to establish declaratory judgment jurisdiction") (emphasis added). Critically, Kappa has not alleged any **affirmative act** taken by Plaintiffs since the Stipulation of Dismissal (ECF 87) was entered on January 8, 2026 to show there is a real risk Plaintiffs will enforce the Withdrawn Patents against Kappa; nor can it. *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007) (noting that "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee"). Kappa's subjective belief that Plaintiffs *could* assert the Withdrawn Patents is insufficient to establish jurisdiction.[8] *See Focally LLC v. Win Elements, LLC*, No. EDCV 21-2105 (JGB) (KKx), 2022 WL 17078660, at *6 (C.D. Cal. Oct. 13, 2022) (finding lack of jurisdiction over patent invalidity claim based solely on the plaintiff's "subjective apprehension" that the patent posed a risk of infringement). That Plaintiffs have not offered a covenant not to sue on Withdrawn Patents is of no moment. *See Prasco*, 537 F.3d at 1341 (noting the absence of a covenant not to sue "is not sufficient to create an actual controversy – some affirmative actions . . . will also generally be necessary").

There also is no support for Kappa's claim that the Court authorized it to seek declaratory judgment as to the Withdrawn Patents. *See* Opposition, ¶24. In its February

---

[8] Kappa's cited case, *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368 (Fed. Cir. 2011), is inapposite. In *Arris*, there was an allegation of infringement of patents over which the plaintiff sought jurisdiction. *Id.* at 1371-72. Here, there are **no allegations** that Kappa (or any other party) has infringed the Withdrawn Patents.

REPLY I/S/O MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS

24, 2026 Order, the Court limited Kappa's counterclaims to "the same issues raised in the First Amended Complaint." ECF 107 at 3. And while the Court stated Defendants should not include claims "that expand the action beyond what is or was pleaded in Plaintiffs' First Amended Complaint, the action it filed in the Northern District of California, and Defendant's initial Answer and Counterclaims" (*Id.*), such direction merely created a ceiling for Kappa – it did not give Kappa *carte blanche* authority to resurrect claims the parties had dismissed (and are moot). Accordingly, Counts II-IV and VI (to the extent it is premised on the Withdrawn Patents) must be dismissed.

### F.     Kappa Has Not Plausibly Stated a Claim for Non-Infringement

As to Counts I-IV, Kappa fails to allege any facts that would give rise to a claim for non-infringement. Kappa acknowledges that it pleads non-infringement solely by alleging that the '061 Patent and the Withdrawn Patents are invalid. *See* Opposition, 21 ("The SACC Asserts Non-Infringement Through Product-of-Nature and Invalidity Theories"); *see also id.*, 22 ("Declaratory Judgment Claims May Combine Non-Infringement and Invalidity"). Courts have rejected this approach, holding that "[w]hen infringement is the issue, the validity of the patent is not the question to be confronted."[9] *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 643 (2015); *see also Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983) ("Though an invalid claim cannot give rise to liability for infringement, whether it is infringed is an **entirely separate question** capable of determination without regard to its validity.") (emphasis added). Adopting Kappa's argument – that a party could plead non-infringement by alleging that the asserted patent is invalid – would create a new defense improperly conflating the two. *See Commil*, 575 U.S. at 643-44.

Putting this glaring issue aside, Kappa's only defense is its conclusory statement that "an actual and immediate controversy exists between the parties regarding whether

---

[9] Kappa's own cited case, *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993), acknowledges that invalidity and infringement are independent claims. *See* Opposition, ¶36.

Kappa's products infringe any of the five originally asserted patents." Opposition, ¶37 (citing ECF 112, ¶7). This argument fails for all the reasons outlined in Plaintiffs' motion. *See* MtD at 11-12, n.9 (citing *Eagle*, 2018 WL 4859260, at *3). Accordingly, the Court must dismiss Counts I-IV.

### G.    GRAS-Based Claims

Kappa alleges Plaintiffs have "represented that Magtein® products are … GRAS-certified, or otherwise compliant with GRAS Notice No. 499," despite selling products that "differed in certain respects from the formulation and sourcing described in the GRAS submission, including differences in composition, concentration, and manufacturing origin." *See*, *e.g.*, SACC, p. 45, ¶78. But, as Plaintiffs pointed out in their MtD, Kappa does not (and cannot) allege how any of Plaintiffs' alleged representations differed from anything set forth in the GRAS notice or where such alleged misrepresentations were made – especially when its screenshot of the bottle did not contain any GRAS representations. Kappa's allegations that Plaintiffs' unspecified representations made on unspecified products (or elsewhere) failed to comply with unspecified GRAS specifications fail the pleading requirement set by *Twombly/Iqbal*. Kappa's admission that it has not identified any concrete standard against which to measure the yet-to-be identified GRAS misrepresentations and is waiting for discovery underscores such failure. *See, e.g.* Opp., ¶47 ("The ***existence*** and scope of the GRAS notice's specifications is a factual question for discovery. . .") (emphasis added). Kappa's allegations are threadbare and insufficient.

### H.    Kappa's UCL Claim Fails

In its Opposition, Kappa attempts to write around its deficient pleading. In response to the Magtein Parties' argument that Kappa has not alleged that any of the Magtein Parties' products exceed the threshold for ingredients sourced from outside the U.S.A. set by Cal. Bus. and Prof. Code §17533.7, Kappa references why its allegations ***infer*** that the Magtein Parties' products satisfy a ***separate*** statute. This is insufficient.

REPLY I/S/O MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS

*See McCoy v. McCormick & Co., Inc.*, No. 1:25-CV-00231-JLT-SAB, 2025 WL 1918546, at *10-11 (E.D. Cal. July 11, 2025), report and recommendation adopted, No. 1:25-CV-00231 JLT SAB, 2025 WL 2315457 (E.D. Cal. Aug. 12, 2025) (finding plaintiff's complaint failed to plausibly allege that Section 17533.7's safe harbor thresholds did not apply and rejecting plaintiff's claim that such allegations "can be implied from the ingredient lists" in the complaint). When a plaintiff does not allege that "either [of the two] percentage-based safe harbor thresholds of Section 17533.7 was exceeded," its claims fail. *Id.* at *10.

Kappa seems to concede its UCL claim is inadequate as to the Magtein Parties' "Made in the USA" representations, noting it "also encompasses false GRAS-compliance representations and other deceptive practices." Opposition, p. 20. Yet Kappa still attempts to (improperly) bring in evidence from outside the pleadings with reference to a change in the product label for a Magtein product. *See id.* at pp. 20-21, n.1. The information in the footnote, which references Abhyanker's Declaration, is irrelevant to whether Kappa has stated a proper UCL claim. Regardless, attempts to bring in evidence from outside the pleadings is improper for a motion to dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) And no exceptions make consideration of such documents appropriate here.[10]

## I.    Tariff Fraud Claim Fails

In response to the Magtein Parties' claim that Kappa lumped multiple defendants together in impermissible group pleading, Kappa confirms this deficiency, stating the purported misrepresentations were made by "Counterclaim-Defendants ThroeTech [sic] LLC and AIDP, Inc., acting through their officers, principals, and agents, including specifically Dr. Guosong Liu and Edward Lee." Opposition, p. 21. Such underscores

---

[10] Furthermore, attached as Exhibit A to the Abhyanker Declaration is a Litigation Hold Letter Kappa sent to counsel for Plaintiffs on March 31, 2026 that, *inter alia*, demands information from those entities. Kappa and Abhyanker appear not to realize such requests must be made in ***discovery.***

11

that "[i]t is entirely unclear which Defendant made which alleged misrepresentation in which document." MtD, p. 17. And Kappa fails to address the Magtein Parties' assertion that Kappa did not plead with particularity who made the statements to Kappa upon which Kappa purportedly relied.

As Kappa notes in its Opposition: "Although Rule 9(b) may be applied somewhat less stringently in cases involving corporate fraud or matters peculiarly within the defendants' knowledge, the complaint must still satisfy the rule's particularity requirement." Opposition, ¶54. Such observation is particularly poignant here, where Kappa is uniquely positioned to know *who* made the purported misrepresentations on which it claims to have relied in entering into the TMLA to its alleged detriment.

**J.     The Court Should Strike Paragraphs 33-61 in the SACC**

Kappa claims paragraphs 33-61 of the SACC provide "factual context" for the invalidity claims in Count VI. Opposition, ¶56. Not so.

First, Kappa does not dispute it does not have any allegations of inequitable conduct or correction of inventorship. *See id.* Kappa has not explained how allegations that certain prior art was not disclosed to the USPTO during prosecution or that an alleged co-inventor was omitted are relevant to anticipation or obviousness. Kappa's conclusory statement – that "the failure to disclose these references during prosecution explains why the examiner did not reject the claims over what Kappa contends is invalidating prior art" (*id.*) – does nothing to change this; Kappa does not identify what "claims" the examiner purportedly allowed over what pieces of prior art, let alone tie those statements to the factual allegations in the SACC.

Second, it would be highly prejudicial to permit Kappa to draw negative inferences about the lack of disclosure and materiality of certain prior art references or omission of an inventor, absent an allegation of inequitable conduct. Including these (false) allegations in the SACC gives the impression that they are relevant to the parties' dispute, which they are not. *See SST Sterling Swiss Trust 1987 AG v. New Line Cinema,*

*Corp.*, No. CV 05-2835 DSF (VBKx), 2005 WL 6141290, at *5 (C.D. Cal. Oct. 31, 2005) (striking allegations "[b]ecause none of the claims Plaintiffs bring against Defendants rely on or are supported by [the allegations] in the SAC" and, thus, they had "no essential or important relationship to the claim for relief"); *see also RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 567 (C.D. Cal. 2005) (striking allegations that were "legally irrelevant" and whose inclusion would "give[] the appearance that such opinions are legally relevant to the dispute"). Striking the allegations will avoid prejudicing Plaintiffs and prevent the parties from having to investigate issues that (i) Kappa has not actually pled, (ii) have no bearing on the ultimate questions of infringement and invalidity, and (iii) Kappa knows have no merit.

## CONCLUSION

For the foregoing reasons and those in Plaintiffs' MtD, the Court should grant Plaintiffs' MtD.

Dated: April 3, 2026

**HUGHES HUBBARD & REED LLP**

By: /s/ Jeffrey S. Gavenman
    Jeffrey S. Gavenman (admitted *pro hac vice*)

*Counsel for Plaintiffs/Counterclaim Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 4,175 words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order (ECF No. 16).

Dated: April 3, 2026                          **HUGHES HUBBARD & REED LLP**

By: /s/ Jeffrey S. Gavenman
    Jeffrey S. Gavenman (admitted *pro hac vice*)

*Counsel for Plaintiffs/Counterclaim Defendants*

REPLY I/S/O MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS

**CERTIFICATE OF SERVICE**

I, Salvatore Picariello, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626. On April 3, 2026, I served the following document(s):

**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS**

on the parties stated on attached service list

| Defendant Mando International, LLC d/b/a Kappa Nutritional Labs<br><br>Raj V. Abhyanker<br>raj@legalforcelaw.com | |
|---|---|

☒   **BY COURT'S CM/ECF SYSTEM.** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed on the Service List.

**BY E-MAIL.** By sending via e-mail, to the parties for service of the foregoing documents to the persons listed on this Service List.

    **(STATE)**     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   **(FEDERAL)**  I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2026, at Costa Mesa, California.

/s/ SALVATORE PICARIELLO
Salvatore Picariello
