Sang Dang, Esq. (SBN 214558)
  sdang@fortislaw.com
Salvatore Picariello, Esq. (SBN 190442)
  spicariello@fortislaw.com
FORTIS LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
Telephone: 714-839-3800
Facsimile: 714-795-2994

John W. Cox
  (Admitted *Pro Hac Vice*)
  John.Cox@btlaw.com
Lauren U. Baker
  (Admitted *Pro Hac Vice*)
  Lauren.Baker@btlaw.com
BARNES & THORNBURG LLP
3340 Peachtree Road NE, Suite 2900
Atlanta, GA 30326
Telephone: 404-264-4036
Facsimile: 404-264-4033

Jeffrey Gavenman
  (Admitted *Pro Hac Vice*)
  jeffrey.gavenman@hugheshubbard.com
Jeremy Schulman
  (Admitted *Pro Hac Vice*)
  jeremy.schulman@hugheshubbard.com
James Schaller
  (Admitted *Pro Hac Vice*)
  jake.schaller@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I STREET, N.W., 6th Floor
Washington, D.C. 20006
Telephone: 202-721-4600
Facsimile: 202-721-4646

Attorneys for Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. and THREOTECH LLC and Third-Party Defendant AIDP, Inc.[1]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC. and THREOTECH LLC, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION, <br><br> Defendant/Counterclaim Plaintiff, <br><br> v. <br><br> AIDP, INC., <br><br> Third-Party Defendant. | Case No. 2:25-cv-05871-FLA-MAR <br><br> **DECLARATION OF JOHN W. COX IN SUPPORT OF MOTION FOR SANCTIONS** <br><br> Hearing: May 15, 2026 <br> Time: 1:30 pm <br> Courtroom: 6B, 6th Floor <br> Judge: Hon. Fernando L. Aenlle-Rocha |

[1] Counsel appear on behalf of AIDP, Inc. on a limited basis solely to contest this Court's jurisdiction over AIDP, Inc.

DECLARATION OF JOHN W. COX IN SUPPORT OF MOTION FOR SANCTIONS

**<u>DECLARATION OF JOHN W. COX</u>**

I, John W. Cox, declare as follows:

1.     I am an attorney appearing *pro hac vice* in this case with Sang Dang as local counsel. *See* ECF 74. I am a Partner in the law firm of Barnes & Thornburg LLP, and counsel of record for Plaintiffs Neurocentria, Inc. and ThreoTech LLC (collectively, "Plaintiffs") in the above-referenced matter.

2.     I make this Declaration in support of Plaintiffs' Motion for Sanctions ("Motion") against Defendant Mando International, LLC d/b/a Kappa Nutrition ("Kappa") and its counsel of record, Raj Abhyanker ("Abhyanker," collectively, "Respondents"). I have personal knowledge of the facts stated herein and if called as a witness, will be able to testify competently to such facts.

3.     On April 3, 2026, the parties held a meet and confer to discuss the subject of this Motion. In advance of the meet and confer, I sent Abhyanker a detailed outline of Respondents' conduct during claim construction that Plaintiffs believed was sanctionable. During the meet and confer, I further explained to Abhyanker that Plaintiffs believed Respondents' conduct during the claim construction proceedings was sanctionable. Abhyanker disagreed with Plaintiffs' position and invited Plaintiffs to submit the instant Motion.

4.     Counsel for Plaintiffs met and conferred with Kappa's counsel, Mr. Jacob Speert, twice during the claim construction proceedings: on January 16 and January 22. Mr. Speert was not counsel of record for Kappa during either of the meet and confers; Mr. Speert was not counsel of record for Kappa until January 27 (ECF 98) and withdrew from the case on February 17 (ECF 105). Plaintiffs intended to meet and confer with counsel of record for Kappa, specifically Abhyanker, but he did not attend either of the meet and confers, instead referring the matter to Mr. Speert. During the two claim construction meet and confers, Mr. Speert acknowledged that he had not reviewed the Court's Patent Standing Order or the Schedule in this case. From my conversations with

- 1 -

Mr. Speert, he also did not appear to understand that Kappa had previously identified a single term, magnesium threonate, from the '061 Patent for construction in its December 19 disclosure and proposed that it be given its plain and ordinary meaning; in fact, he did not appear to have reviewed Kappa's December 19 disclosure prior to attending the meet and confers at all.

5. Attached as **Exhibit A** to Plaintiffs' Motion is a true and correct copy of a January 16, 2026 letter from Mr. Speert to counsel for Plaintiffs purporting to summarize a meet and confer between the parties to discuss the exchange of preliminary claim constructions on January 19. During the meet and confer, Mr. Speert explained, for the first time, that Kappa believed multiple claim terms from the '061 Patent (in addition to magnesium threonate) required construction. Counsel for Plaintiffs objected to Mr. Speert's disclosure as untimely, including in violation of the Court's Patent Standing Order and the Schedule, and requested that Mr. Speert/Kappa revert to its December 19 claim construction position. Mr. Speert/Kappa declined.

6. Attached as **Exhibit B** to Plaintiffs' Motion is a true and correct copy of a January 19, 2026 email from Abhyanker to counsel for Plaintiffs (I received the email on January 20 at 1:58 am ET) serving Kappa's Preliminary Claim Construction identifying ten terms from the '061 Patent as requiring construction and proposing a new (as compared to its December 19 disclosure) construction for magnesium threonate. Abhyanker's email further disclosed two individuals, Naveed Ziari and Sara Adams ("Kappa's Witnesses") as experts supporting its proposed constructions. Abhyanker served Kappa's disclosure as a Google Drive link. Abhyanker did not provide counsel for Plaintiffs access to the Google Drive link until the following day, thus Plaintiffs did not have the opportunity to review Kappa's Preliminary Claim Construction or its supporting expert declarations until January 20.

7. On January 22, 2026, counsel for Plaintiffs met with Mr. Speert to discuss the submission of the Joint Claim Construction Statement ("JCCS") on January 23,

- 2 -

---

DECLARATION OF JOHN W. COX IN SUPPORT OF MOTION FOR SANCTIONS

2026, in particular to attempt to narrow the issues in dispute in the JCCS. During the meet and confer, counsel for Plaintiffs requested that Kappa narrow the terms in dispute to only magnesium threonate as Kappa had proposed on December 19 and as Plaintiffs had proposed in their January 19 Preliminary Claim Construction disclosure. Mr. Speert refused and confirmed Kappa's position that ten terms, including magnesium threonate, from the '061 Patent required construction. The parties submitted separate position statements in the JCCS filed the following day (January 23).

8.      Attached as **Exhibit C** to Plaintiffs' Motion is a true and correct copy of a February 13, 2026 to February 18, 2026 email chain between counsel for Plaintiffs and Abhyanker regarding the depositions of Kappa's Witnesses.

9.      Between February 23 and 26, Abhyanker sent counsel for Plaintiffs approximately 30 emails related to claim construction and Kappa's Witnesses. In some cases, Abhyanker would remove certain portions and change the re: line of the email chain before responding. For purposes of this Motion and where possible, counsel for Plaintiffs have attempted to streamline the correspondence for clarity and ease of review.

10.     Attached as **Exhibit D** to Plaintiffs' Motion is a true and correct copy of a February 13, 2026 to February 24, 2026 email chain between counsel for Plaintiffs and Abhyanker regarding Kappa's Witness, Ms. Adams.

11.     Attached as **Exhibit E** to Plaintiffs' Motion is a true and correct copy of a February 23, 2026 to February 24, 2026 email chain between Abhyanker and Ms. Adams which was sent to counsel for Plaintiffs on February 24, 2026.

12.     Attached as **Exhibit F** to Plaintiffs' Motion is a true and correct copy of a February 24, 2026 email from Abhyanker to the University of Cambridge Academic Registry which was sent to counsel for Plaintiffs on February 24, 2026.

13.     Attached as **Exhibit G** to Plaintiffs' Motion is a true and correct copy of a February 23, 2026 to February 24, 2026 email chain between counsel for Plaintiffs and Abhyanker regarding Ms. Adams.

- 3 -

DECLARATION OF JOHN W. COX IN SUPPORT OF MOTION FOR SANCTIONS

14.    Attached as **<u>Exhibit H</u>** to Plaintiffs' Motion is a true and correct copy of a February 24, 2026 email chain between counsel for Plaintiffs and Abhyanker regarding Ms. Adams.

15.    During Ms. Adams' deposition on March 18, Abhyanker told me that the University of Cambridge had responded to his earlier inquiry in writing and provided confirmation that Ms. Adams had finished her Ph.D. While Plaintiffs were aware that Abhyanker had written the University of Cambridge regarding Ms. Adams (*see* Ex. F), Abhyanker had not informed counsel for Plaintiffs that he had received a response until Ms. Adams' deposition. I requested a copy of the correspondence from the University of Cambridge during Ms. Adams' deposition and stated that I would follow my oral request with a request in writing.

16.    Between March 18 (the date of Ms. Adams' deposition) and March 30, counsel for Plaintiffs requested that Abhyanker provide his correspondence with the University of Cambridge four times in writing on March 20, March 24, March 26, and March 27. Abhyanker did not provide the correspondence until March 30.

17.    Attached as **<u>Exhibit I</u>** to Plaintiffs' Motion is a true and correct copy of an email chain between counsel for Plaintiffs and Abhyanker requesting Abhyanker's correspondence with the University of Cambridge. Abhyanker's March 30, 2026 response includes his March 3, 2026 correspondence with Jesmin Haq of the University of Cambridge regarding Ms. Adams as an attachment.

18.    Attached as **<u>Exhibit J</u>** to Plaintiffs' Motion is a true and correct copy of a March 20, 2026 to March 30, 2026 email chain between counsel for Plaintiffs and Abhyanker requesting Abhyanker's correspondence with the University of Cambridge regarding Ms. Adams.

19.    Attached as **<u>Exhibit K</u>** to Plaintiffs' Motion is a true and correct copy of a February 24, 2026 email chain between counsel for Plaintiffs and Abhyanker regarding a stipulation to narrow the claims terms in dispute. Abhyanker's proposal for a

- 4 -

DECLARATION OF JOHN W. COX IN SUPPORT OF MOTION FOR SANCTIONS

"stipulation to narrow the dispute to just magnesium threonate" was made only after counsel for Plaintiffs suggested that Respondents' conduct during claim construction warranted sanctions and Plaintiffs identified issues with the credibility of Respondents' witness, Ms. Adams.

20.    Attached as **Exhibit L** to Plaintiffs' Motion is a true and correct copy of a February 24, 2026 to February 25, 2026 email chain between counsel for Plaintiffs and Abhyanker regarding the depositions of Kappa's Witnesses.

21.    On March 7, 2026—two days before Plaintiffs' opening claim construction brief was due—Abhyanker sent counsel for Plaintiffs a "Supplemental Identification of Intrinsic Evidence pursuant to Patent Rule 3(b) of the Court's Patent Standing Order." In it, Kappa identified for the first time intrinsic evidence from the '061 Patent that it contended supported its proposed construction of magnesium threonate, including the prosecution history of related patents, among other things. The deadline for the disclosure of evidence pursuant to Section 3(b) of the Court's Patent Standing Order was January 19, 2026. ECF 86.

22.    Beginning on March 14 and continuing until the days of the depositions of Kappa's Witnesses (March 17 and 18), Abhyanker uploaded additional "expert files" for both experts to Google Drive links.

23.    Attached as **Exhibit M** to Plaintiffs' Motion is a true and correct copy of a Draft Declaration available via a link in documents uploaded by Abhyanker to the Google Drive files for Kappa's Witnesses on March 17.

24.    Attached as **Exhibit N** to Plaintiffs' Motion is a true and correct copy of a February 13, 2026 to March 12, 2026 email chain between counsel for Plaintiffs and Abhyanker regarding the depositions of Kappa's Witnesses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on April 13, 2026 in Atlanta, Georgia.

- 5 -

DECLARATION OF JOHN W. COX IN SUPPORT OF MOTION FOR SANCTIONS

Dated: April 13, 2026                    By:    */s/ John W. Cox*
                                                John W. Cox

DECLARATION OF JOHN W. COX IN SUPPORT OF MOTION FOR SANCTIONS

## CERTIFICATE OF SERVICE

I, Salvatore Picariello, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626. On April 13, 2026, I served the following document(s):

**DECLARATION OF JOHN W. COX IN SUPPORT OF MOTION FOR SANCTIONS**

on the parties stated on attached service list

| | |
|---|---|
| Defendant Mando International, LLC d/b/a Kappa Nutritional Labs<br><br>Raj V. Abhyanker<br>raj@legalforcelaw.com | |

☒    **BY COURT'S CM/ECF SYSTEM.**  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed on the Service List.
**BY E-MAIL.**  By sending via e-mail, to the parties for service of the foregoing documents to the persons listed on this Service List.

☐    **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2026, at Costa Mesa, California.

/S/ SALVATORE PICARIELLO
Salvatore Picariello