# Exhibit A



January 16, 2026

Jeffrey Gavenman
Hughes Hubbard & Reed LLP
1775 I Street, N.W., 6th Floor
Washington, DC 20006-2401

Phone: 1-240-962-4618
Email: jeffrey.gavenman@hugheshubbard.com

> **Re:**    ***Meeting Scheduled by Plaintiffs on January 16, 2026***

Dear Mr. Gavenman:

## I.    <u>Overview</u>

At Plaintiff's request, the parties conducted a meet and confer regarding issues Plaintiff raised during the call. Although Plaintiff's counsel initially stated uncertainty as to the purpose of the meeting, the discussion ultimately reflected Plaintiff's effort to elicit agreement on narrow issue framing and claim construction positions. Defense counsel participated in good faith, did not agree with Plaintiff's characterizations or proposals, and expressly preserved all positions.

## II.    <u>Details</u>

Plaintiff's counsel requested and scheduled the meet and confer. At the outset of the call, however, Plaintiff's counsel stated that they were unsure as to the purpose of the meeting or what issues they intended to address. Defense counsel similarly noted the lack of clarity regarding the scope or objectives of the discussion.

Despite having convened the meeting, Plaintiff's counsel did not identify a clearly defined dispute requiring resolution from the meeting, nor did Plaintiff's counsel propose any concrete path toward agreement. Instead, Plaintiff's counsel generally asserted that only a single claim term required judicial interpretation. Defense counsel disagreed and explained that multiple claim terms from the asserted patent require construction.



1580 W. El Camino Real, Ste 13    T: 650.965.8731    questions@legalforcelaw.com
Mountain View, CA 94040    F: 650.989.2131    legalforcelaw.com



Plaintiff's counsel asked whether Defense counsel was referring to additional patents. Defense counsel clarified that there is only one patent at issue in the case, as previously agreed by the parties, but that multiple claim terms within that patent warrant interpretation. When asked to identify specific terms, Defense counsel identified multiple claim terms and noted that additional terms may also require construction. Defense counsel did not concede the scope of claim construction issues and made no agreements regarding the number or identity of claim terms.

The parties also briefly discussed Plaintiff's pending motion for leave to amend its First Amended Complaint in the Central District. Defense counsel noted that their motion to dismiss remains pending before the Court in the Northern District and that amendment would be improper absent a ruling on that motion.

No substantive issues were resolved during the meet and confer. Plaintiff did not articulate a specific dispute or proposal, and the parties' respective positions remain unchanged. Nothing discussed during the meet and confer reflects agreement, stipulation, or acquiescence by Defense counsel on any issue.

Respectfully,
/s/ Jakob Speert



1580 W. El Camino Real, Ste 13    T: 650.965.8731    questions@legalforcelaw.com
Mountain View, CA 94040          F: 650.989.2131    legalforcelaw.com