# Exhibit H

| | |
|---|---|
| **From:** | Raj Abhyanker |
| **To:** | Cox, John W. |
| **Cc:** | Gavenman, Jeff; Sal Picariello (Fortis LLP); Schaller, Jake; Jeremy Schulman; Kornilova, Anna; Baker, Lauren; Sang Dang (Fortis LLP); Legal Admin (Fortis LLP); Litigation Support |
| **Subject:** | [EXTERNAL] Re: Request for Clarification Regarding Claim Construction Assertions |
| **Date:** | Tuesday, February 24, 2026 6:46:10 PM |
| **Attachments:** | Image.png |



Ps, please notice both depositions, and we will not use Ms. Adams as an expert if you demonstrate she does not hold a degree from Cambridge or this is admitted to, contrary to her statements to us and what we have found in the public record; as well as notify the court.  We don't represent Ms. Adams in her capacity as an expert and will not rely on her, but will attend the deposition as Representatives for the defendant, and will let our space be used.

On Wed, Feb 25, 2026 at 11:41 AM Raj Abhyanker <raj@legalforcelaw.com> wrote:
> John,
>
> I have no facts from you to support that anything is wrong with Ms. Adams declaration. Can you please point me to the specific case you are referring to?  We will not use Ms. Adams as an expert in this case if you are able to support your allegation that she did not obtain a degree from Cambridge.
>
> With respect to claim construction, I am fine to narrow the December 19 position, please send a stipulation draft.
>
> Raj
>
> On Wed, Feb 25, 2026 at 11:37 AM Cox, John W. <John.Cox@btlaw.com> wrote:
>> Raj,
>>
>> We accept the dates of March 17 for Dr. Ziari and March 18 for Ms. Adams.  We appreciate your offer to host them in Menlo Park but suggest they be held in San Francisco – **please confirm** that works for you and we will provide the specific address.  Dr. Beran is available on March 20 [we expect that works for you based on the offered availability of your witnesses] at our office in Los Angeles (2029 Century Park E, #300, 90067).
>>
>> Please do not provide us with communications with your experts – that is inappropriate.
>>
>> As stated, we have reason to believe that Ms. Adams does not have a PhD and has been the subject to court opinions ruling her incompetent.  You are capable of investigating her qualifications (submission of a dissertation does not mean a degree was awarded) and finding those court opinions; it is all public information, though if you had done a proper search you would have found that your letter to Cambridge

failed to follow the necessary procedure to request information, which requires Ms. Adam's involvement.  Regardless, we are not required to do such an investigation for you; in fact, we reject this as your most recent attempt to burden Plaintiffs and us (as Plaintiffs' counsel) to do your work for you – that is also inappropriate.

Your later accusation of gamesmanship is beyond the pale and, unfortunately, a pervasive pattern – it must stop.  We raised our concerns re Ms. Adams in part to avoid subjecting her to unnecessary scrutiny and potential consequences.  Unfortunately, you confirmed that you failed to vet your own expert and still have not properly investigated.  Unless you inform us that you are reverting to Defendant's claim construction positions from December 19 and withdrawing her declaration, we intend to proceed with her deposition on March 18 so **please confirm** that you will accept service of her Notice of Deposition.  Otherwise, extending this string serves no purpose.

Regards,

John


**John W. Cox**
Partner
Direct: (404) 264-4092  | Mobile: (404) 680-4949
Atlanta, GA



---

**From:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Sent:** Tuesday, February 24, 2026 7:33:48 PM
**To:** raj@legalforcelaw.com <raj@legalforcelaw.com>
**Cc:** Cox, John W. <John.Cox@btlaw.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP) <legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>
**Subject:** [EXTERNAL] RE: Request for Clarification Regarding Claim Construction Assertions

Raj,

We have already detailed these positions for you in several meet and confers, in my February 17 emails, and in the Joint Claim Construction Statement, which I kindly provided to you with my previous email. You have already created an extraordinary amount of additional work for us (and caused our clients to incur significant additional attorneys' fees) through your various misdeeds – which include the claim construction issues detailed below – and now seek to burden us even more by asking us to repeat what has already been clearly laid out for you. We will not do so, and suggest that you review the Court's deadlines and your own filings if you have any remaining confusion.

Regards,

Jeff

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**
1775 I Street, N.W., 6th floor | Washington | DC 20006-2401
Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Tuesday, February 24, 2026 9:28 AM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Cc:** Cox, John W. <John.Cox@btlaw.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP) <legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>
**Subject:** Re: Request for Clarification Regarding Claim Construction Assertions

**CAUTION: This email was sent by someone outside of the Firm.**

Ps,  If you are invoking Rule 11 or any other authority, please explain the factual and legal grounds supporting that position.

I am requesting a clear and detailed explanation so we can evaluate your assertions appropriately.

Raj

On Wed, Feb 25, 2026 at 1:24 AM Raj Abhyanker <raj@legalforcelaw.com> wrote:

> Jeff,
>
> Your email and personal attacks are not helpful.  What exactly do you believe is sanctionable and precisely why?   Explain exactly what prejudice you believe your client suffered by anything that was late by a couple of weeks, and explain on what basis you are threatening sanctions specifically?
>
> Raj
>
> On Wed, Feb 25, 2026 at 1:21 AM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:
>
>> Raj,
>>
>> Your characterizations that these assertions are "recent" and that you are willing to address these issues in good faith are remarkable.  This exact topic was the subject of several meet and confers in December and January, and was explicitly discussed in the Joint Claim Construction Statement a month ago, yet you have steadfastly refused to address these issues and denied their existence.  If you need to re-familiarize yourself with our positions on the questions you ask below, please review the Joint Claim Construction Statement, which lays them out in detail; I am reattaching that document here, for your convenience.
>>
>> Regards,
>>
>> Jeff

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**
1775 I Street, N.W., 6th floor |  Washington | DC 20006-2401
Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Tuesday, February 24, 2026 8:37 AM
**To:** Cox, John W. <John.Cox@btlaw.com>
**Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP) <legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>
**Subject:** Request for Clarification Regarding Claim Construction Assertions

> **CAUTION: This email was sent by someone outside of the Firm.**

John,

I write to clarify your recent assertions regarding alleged changes to Defendant's claim construction positions and the suggestion of potential sanctions.

For the avoidance of doubt, Defendant has not changed its constructions following the joint claim construction chart, nor has it relied improperly on extrinsic evidence. To the extent you contend otherwise, please identify with specificity:

1. The particular claim term(s) you believe were untimely disclosed;
2. The date you contend disclosure was required versus when you believe it occurred;
3. The specific construction(s) you contend were changed;
4. The portion of the Court's scheduling order you believe was violated; and
5. The legal basis upon which you believe sanctions would be appropriate.

If there is a concrete issue to address, I am willing to discuss it promptly and in good faith. However, generalized assertions of prejudice or bad faith are not constructive.

Please provide the requested clarification so we may evaluate your position.

Regards,

Raj

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.