# Exhibit L

| | |
|---|---|
| **From:** | Raj Abhyanker |
| **To:** | Cox, John W. |
| **Cc:** | Gavenman, Jeff; Sal Picariello (Fortis LLP); Schaller, Jake; Jeremy Schulman; Kornilova, Anna; Baker, Lauren; Sang Dang (Fortis LLP); Legal Admin (Fortis LLP); Litigation Support |
| **Subject:** | [EXTERNAL] Dr. Liu's Admission Regarding Naturally Occurring Magnesium Threonate |
| **Date:** | Wednesday, February 25, 2026 5:04:47 PM |



John,

One more thing..

It is Plaintiffs' decision whether to proceed with the currently noticed depositions in light of the parties' narrowing discussions. If Plaintiffs believe that narrowing the dispute to "magnesium threonate" renders those depositions unnecessary, Plaintiffs are free to withdraw them.

However, narrowing the number of disputed terms does not necessarily eliminate the need for testimony from persons of ordinary skill in the art where the intrinsic record may admit of more than one reasonable understanding.

As reflected in Dr. Liu's testimony, he acknowledged that magnesium threonate occurs naturally in the human body, even if in extremely small concentrations, and that he "cannot say zero." In view of that testimony, are Plaintiffs willing to agree to a complete stipulation resolving that issue consistent with Dr. Liu's testimony?

Absent such a stipulation, Defendant believes the record should be fully developed. If Plaintiffs elect not to proceed with the currently noticed depositions, please let us know promptly. In that event, Defendant reserves the right to notice depositions as appropriate to ensure a complete record.

Raj

On Thu, Feb 26, 2026 at 9:45 AM Raj Abhyanker <raj@legalforcelaw.com> wrote:
> See below.
> On Thu, Feb 26, 2026 at 8:46 AM Cox, John W. <John.Cox@btlaw.com> wrote:
>> Raj,
>>
>> Notwithstanding your recent flurry of emails in response and
>> reply to emails including my 737pm email of yesterday (Feb
>> 24) below, as I indicated in that email, there is public
>> information related to Ms. Adams' qualifications and
>> competency; it is wholly improper for you to continue to
>> refuse to properly investigate and ask us to do it for you.
>>
>> Raj:   If you are referring to the random Reddit posts, we have reviewed those.  The court

records we also reviewed, at least the ones we could see and which were not sealed.  We reviewed these things initially, and when you again brought it up.  We have not found red flags.  We asked Ms. Adams' about  credentials prior to her declaration, reviewed the publicly available information, asked her about what we found online, and received both an explanation and public links confirming her credentials before and after your concerns.  Based on that, we have accepted her explanation. We have conducted a reasonable investigation and have no basis at this time to question her competency. If you have specific evidence to the contrary, please provide it. If we later determine that reliance on her credentials was misplaced, we will withdraw her declaration.

> In view of your various emails, we intend to notice the depositions of Dr. Ziari (March 17) and Ms. Adams (March 18) at the 3000 Sand Hill Road address in Menlo Park.

Raj: ok

> We request that you notice Dr. Beran for the 20[th] at the Barnes and Thornburg LA office; I confirm that we will accept that service.

Raj: ok

> Before we do so, however, we raise whether those depositions are necessary (see *infra*).

> In various emails in the past 24 hours, you raised the issue of narrowing the parties' claim construction disputes to a single term, namely magnesium threonate, such that Defendant would withdraw its requests for construction of any other terms.

Raj: yes correct.   We appreciate the parties' efforts to streamline the issues for the Court. However, our agreement to narrow the issues should not be construed as a waiver of Defendant's right to present extrinsic evidence, including expert testimony, regarding how a person of ordinary skill in the art would understand the term in light of the intrinsic record.

> As an initial matter, we appreciate the opportunity to revisit this issue and we agree with that proposal in principle, particularly Defendant's withdrawal of any terms other than magnesium threonate.

> Accordingly, we ask that you **send us a proposed stipulation for filing**—not text in an email—to that effect.

Raj: See attached draft joint notice.  I have attached an pdf and word doc. You will need to adjust formatting if you choose to sign the word doc.  Or you can sign this google doc: https://docs.google.com/document/d/14hwIeqwkTsUOStatVbFGMFQM_2UxRRQG/edit?usp=drivesdk&ouid=109066415482412685074&rtpof=true&sd=true
We do not believe additional stipulation language is necessary.

> We also note that Defendant appears to also agree with Plaintiffs' construction of magnesium threonate, namely that it should be given its plain and ordinary meaning (*compare, e.g.,* (A)(1) Defendant's positions in the Parties Joint Claim Construction Statement [DI 96-1] in which Defendant states, *inter alia*, that "Defendants agree that many claim terms may ultimately be applied according to their plain and ordinary meaning as understood by a person of ordinary skill in the art in view of the intrinsic record" (see, e.g., "Defendant's Statement Regarding Claim Term Significance") and (A)(2) Defendant's December 19 Proposed Terms for Construction *with* (B) Plaintiffs' consistent position in (1) our December 8 Proposed Terms for Construction, January 19 Preliminary Claim Constructions and (2) DI 96-1.  If the parties agree on the construction of magnesium threonate, specifically the plain and ordinary meaning in view of the intrinsic evidence, query whether the stipulation could dispose of the claim construction dispute in its entirety (which should also moot the need for the depositions of Dr. Ziari, Ms. Adams, and Dr. Beran at this stage, as well as briefing pursuant to DI 32, 33).

Raj:   We believe these individuals are persons with ordinary skill in the art and can aid the court with claim construction meaning given the ambiguity in the intrinsic record. Specifically, while the term may ultimately be given its plain and ordinary meaning, the parties may disagree as to what that meaning is in light of the intrinsic record. We believe the intrinsic record contains ambiguity that may benefit from testimony from persons of ordinary skill in the art. Accordingly, absent a formal stipulation fully resolving that issue, we believe the currently noticed depositions remain appropriate to ensure a complete record for the Court.

We are prepared to stipulate that the term "magnesium threonate" resolves the claim construction dispute if Plaintiffs expressly admits that magnesium threonate occurs naturally in the human body, even if in extremely small quantities. As reflected in Dr. Liu's testimony, he acknowledged that the concentration in the body is approximately 1 pM and "cannot say zero."  That is a direct admission that it exists in the body in measurable quantity, even if extremely small.  Absent a stipulation resolving that issue, the noticed

depositions remain appropriate to ensure a complete record.

> Please **let us know** if Defendant agrees and, if so, please
> incorporate that agreement into the proposed stipulation.

Raj: The additional language you propose is unnecessary.

> Last, we ask that you do not "make objections on behalf of
> the plaintiff as appropriate", as you represent the Defendant.

Raj:  Of course. We represent the Defendant and Counter-Plaintiff. Any objections we assert are made solely in that capacity.

> Regards,
>
> John

---

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Wednesday, February 25, 2026 12:32 AM
**To:** Cox, John W. <John.Cox@btlaw.com>
**Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP) <legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>
**Subject:** [EXTERNAL] Address for depositions

John,

We did vet our experts.  We identified corroborating evidence
including the links we provided, and from her directly.

Send the notices on the 17th and 18th.  Address:

PatentVC | Trademarkia

3000 Sand Hill Road, Ste 245
Menlo Park, California 94025


With respect to the 20th, that works.  Service acceptance is limited to procedural acceptance only. We do not represent either expert; as they are independent.   But we will make objections on behalf of the plaintiff as appropriate.


Raj


On Wed, Feb 25, 2026 at 7:37 PM Cox, John W. <John.Cox@btlaw.com> wrote:

> Raj,
>
> We accept the dates of March 17 for Dr. Ziari and March 18 for Ms. Adams.  We appreciate your offer to host them in Menlo Park but suggest they be held in San Francisco – **please confirm** that works for you and we will provide the specific address.  Dr. Beran is available on March 20 [we expect that works for you based on the offered availability of your witnesses] at our office in Los Angeles (2029 Century Park E, #300, 90067).
>
> Please do not provide us with communications with your experts – that is inappropriate.
>
> As stated, we have reason to believe that Ms. Adams does not have a PhD and has been the subject to court opinions ruling her incompetent.  You are capable of investigating her qualifications (submission of a dissertation does not mean a degree was awarded) and finding those court opinions; it is all public information, though if you had done a proper search you would have found that your letter to Cambridge failed to follow the necessary procedure to request information, which requires Ms. Adam's involvement.  Regardless, we are not required to do such an investigation for you; in fact, we reject this as your most recent attempt to burden Plaintiffs and us (as Plaintiffs' counsel) to do your work for you – that is also inappropriate.
>
> Your later accusation of gamesmanship is beyond the pale and, unfortunately, a pervasive pattern – it must stop.  We raised our concerns re Ms. Adams in part to avoid subjecting

her to unnecessary scrutiny and potential consequences. Unfortunately, you confirmed that you failed to vet your own expert and still have not properly investigated.  Unless you inform us that you are reverting to Defendant's claim construction positions from December 19 and withdrawing her declaration, we intend to proceed with her deposition on March 18 so **please confirm** that you will accept service of her Notice of Deposition.  Otherwise, extending this string serves no purpose.

Regards,

John

**John W. Cox**
Partner
Direct: (404) 264-4092  | Mobile: (404) 680-4949
Atlanta, GA



---

**From:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Sent:** Tuesday, February 24, 2026 7:33:48 PM
**To:** raj@legalforcelaw.com <raj@legalforcelaw.com>
**Cc:** Cox, John W. <John.Cox@btlaw.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP) <legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>
**Subject:** [EXTERNAL] RE: Request for Clarification Regarding Claim Construction Assertions

Raj,

We have already detailed these positions for you in several meet and confers, in my February 17 emails, and in the Joint Claim Construction Statement, which I kindly provided to you with my previous email. You have already created an extraordinary amount of additional work for us (and caused our clients to incur significant additional attorneys' fees) through your various misdeeds – which include the claim construction issues detailed below – and now seek to burden us even more by asking us to repeat what has already been clearly laid out for you. We will not do so, and suggest that you review the Court's deadlines and your own filings if you have any remaining confusion.

Regards,

Jeff

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**
1775 I Street, N.W., 6th floor | Washington | DC 20006-2401

Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Tuesday, February 24, 2026 9:28 AM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Cc:** Cox, John W. <John.Cox@btlaw.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP)

<legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>

**Subject:** Re: Request for Clarification Regarding Claim Construction Assertions

---

**CAUTION: This email was sent by someone outside of the Firm.**

---

Ps,  If you are invoking Rule 11 or any other authority, please explain the factual and legal grounds supporting that position.

I am requesting a clear and detailed explanation so we can evaluate your assertions appropriately.

Raj

On Wed, Feb 25, 2026 at 1:24 AM Raj Abhyanker <raj@legalforcelaw.com> wrote:

> Jeff,
>
> Your email and personal attacks are not helpful.  What exactly do you believe is sanctionable and precisely why?   Explain exactly what prejudice you believe your client suffered by anything that was late by a couple of weeks, and explain on what basis you are threatening sanctions specifically?
>
> Raj
>
> On Wed, Feb 25, 2026 at 1:21 AM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote: