# Exhibit N

| | |
|---|---|
| **From:** | Cox, John W. |
| **To:** | raj@legalforcelaw.com; Gavenman, Jeff |
| **Cc:** | Sal Picariello (Fortis LLP); Baker, Lauren; Schaller, Jake; Kornilova, Anna; Sang Dang (Fortis LLP) |
| **Subject:** | RE: [EXTERNAL] Meet and confer today, cannot wait till the last day before the depositions. |
| **Date:** | Thursday, March 12, 2026 7:09:25 PM |
| **Attachments:** | image002.png |

Raj,

We disagree with your misunderstanding of litigation under the Federal Rules.  You have misconstrued Jeff's emails and your arguments are disingenuous at best.  We see no need to burden the Court with your procedural maneuvering at this point, so will proceed with the depositions on Tuesday and Wednesday and seek appropriate relief from the Court as needed.

Regards,

John

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Thursday, March 12, 2026 5:49 PM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Cc:** Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Cox, John W. <John.Cox@btlaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>
**Subject:** [EXTERNAL] Meet and confer today, cannot wait till the last day before the depositions.

Jeff,

You did not provide a notice of deposition on February 13 on an available day.  Therefore we noticed the depositions first, and are entitled to take their testimony first.

Also, your assertion that it is "wholly inappropriate" for a party to notice and question its own witness is not supported by the Federal Rules. Nothing in FRCP 30 prohibits a party from noticing the deposition of its own witness. Rule 30(b)(1) simply provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice." The rule does not limit which party may notice the deposition. In practice, parties routinely depose their own experts, favorable third-party witnesses, and fact witnesses they expect to call. Accordingly, there is nothing improper about noticing the deposition of one's own witness.

Your reliance on FRCP 32(a)(4) is also misplaced. That rule addresses the limited circumstances in which deposition testimony may be used at trial in lieu of live testimony - such as when the witness is deceased, more than 100 miles away, ill, unavailable, or otherwise unable to attend. It governs admissibility of deposition testimony at trial, not whether a deposition may be taken in the first place. A witness may be deposed even if the witness ultimately testifies live at trial.

More broadly, depositions are not limited to preserving testimony for trial. They are a discovery tool used to explore the basis for testimony, clarify opinions, understand technical issues, and test the statements made in declarations or reports. Particularly with expert witnesses, it is entirely routine for counsel to question their own witness during deposition to clarify declarations or technical matters before opposing counsel conducts their examination.

Your statement that depositions must proceed with "cross examination and redirect" also reflects trial practice, not deposition procedure. Depositions typically proceed with the attorney who noticed the deposition conducting the examination first, followed by questioning from other counsel and any appropriate follow-ups. While it is common for an opposing party to notice an expert deposition and therefore examine first, that is a matter of custom rather than a rule of procedure. When a party notices the deposition, that party generally begins the questioning.

If you disagree with this interpretation, the appropriate course would be to follow the Court's discovery dispute procedures today and submit a short joint letter or brief to the magistrate judge today so the issue can be resolved promptly. I attempted to reach you earlier today to meet and confer on this point and left you a detailed voicemail, but I have not yet heard back.

We should address this issue today rather than waiting until the day before the depositions. Waiting until the day before would require cancelling and rescheduling the depositions, which neither side should want. Please return my call so we can meet and confer and determine whether court guidance is necessary.

With respect to Dr. Beran, based on your representation that Defendants do not intend to rely on him for claim construction, we have cancelled his deposition for now. If Defendants later decide to rely on Dr. Beran in any capacity, including rebuttal, we will expect his deposition to be promptly rescheduled and completed before any Markman briefing.

Raj

On Thu, Mar 12, 2026 at 2:32 PM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:

> Raj,
>
> Nonsense.  Per the attached, we noticed these depositions on February 13.  Sal simply sent you amended notices with the revised date-the date you previously requested and agreed upon-nothing more.
>
> See you on March 17.
>
> Regards,
> Jeff
>
> **Jeff Gavenman** | Partner
>
> **Hughes Hubbard & Reed LLP**
> 1775 I Street, N.W., 6th floor |  Washington | DC  20006-2401
> Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
> jeffrey.gavenman@hugheshubbard.com
>
> This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information

could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

---

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Thursday, March 12, 2026 4:06 PM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Cc:** Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Cox, John W. <John.Cox@btlaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>
**Subject:** Re: Plaintiffs' Amended Deposition Notices for Adams and Ziari

> **CAUTION: This email was sent by someone outside of the Firm.**

Jeff,

If you insist that I not take the depositions of my own witnesses first, then your Notices of Deposition are untimely. The Federal Rules require reasonable written notice of a deposition, which courts routinely interpret to mean at least 10 days' notice absent agreement of the parties. See FRCP 30(b)(1).

Your notices did not provide the required notice period. Accordingly, if you intend to proceed with the depositions under the procedure you describe, you will need to re-notice the depositions for a later date that complies with the required notice period.

The timing issue arises from your late notices, not from anything on our side. You had ample time to notice these depositions earlier but chose not to do so.

Please confirm whether you intend to withdraw the current notices and re-notice the depositions.

Raj

On Thu, Mar 12, 2026 at 12:21 PM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:

> Raj,
>
> We will arrange to have a videographer at the depositions of both Dr. Ziari and Ms. Adams. Moreover, while we appreciate you indicating that you expect to question your witnesses for "no more than 2 hours or so each, possibly 3", our examination of each of them will not be limited except by the 7-hour limit under the Federal Rules (*e.g.*, FRCP 30(d)). That said, we also do not expect to take more than a few hours questioning either witness.
>
> We must note that it is wholly inappropriate for you to have noticed your own witnesses—unless you expect them to be unavailable for either the *Markman* hearing or trial (*see, e.g.,* FRCP 32(a)

(4))—and question them first, particularly for as much as 2-3 hours.  Their sworn declarations serve as their direct testimony.  As you should know, depositions proceed with cross examination and, optionally, redirect limited to the scope of the cross examination.  Should you insist on beginning either deposition by soliciting direct testimony from your own witness first, we will object.  We will also object to any effort by you to elicit any testimony not found explicitly in the witness's declaration, and we reserve the right to seek relief from the Court during the deposition, through motion practice, or both, should you insist on doing so.  We are available to include this order of questioning issue during our meet and confer on Monday unless you confirm you will, at most, conduct an appropriate re-direct when we have finished our questions.

As you know, we have not relied on Dr. Beran and, while we must reserve the right to call him in rebuttal in view of your intent to question your own witnesses, we currently do not intend to rely on him for claim construction.  Therefore, his deposition will not proceed next week.

Regards,
Jeff

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**
1775 I Street, N.W., 6th floor |  Washington | DC  20006-2401
Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Wednesday, March 11, 2026 8:24 PM
**To:** Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>
**Cc:** Baker, Lauren <Lauren.Baker@btlaw.com>; Cox, John W. <John.Cox@btlaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>
**Subject:** Re: Plaintiffs' Amended Deposition Notices for Adams and Ziari

**CAUTION: This email was sent by someone outside of the Firm.**

ps. I will be taking their depositions first, you can take their depositions after I am done.  I expect my deposition time to be no more than 2 hours or so each, possibly 3.

On Wed, Mar 11, 2026 at 6:23 PM Raj Abhyanker <raj@legalforcelaw.com> wrote:

> We are not video recording the depositions, if you want to do that, you need to separately arrange.  Raj

On Wed, Mar 11, 2026 at 6:19 PM Sal Picariello (Fortis LLP) <spicariello@fortislaw.com> wrote:

> Raj,
>
> Attached please find copies of plaintiffs' amended notices of depositions for Naveed Ziari, Ph.D., and Sara Adams, Ph.D.
>
> Can you please let us know if you have secured a videographer for the depositions?
>
> Thank you.
>
> Regards,
>
> Salvatore Picariello
> Partner
> Fortis LLP
> 650 Town Center Drive Suite 600  |  Costa Mesa, CA  92626
> Direct: 714.418.5837  |  Main: 714.839.3800  |  Fax: 714.795.2995
>
>
>
> **DISCLAIMER:**  This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you MAY NOT review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.
>
> **IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) IS NOT intended or written to be used, and CANNOT be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction for any matter addressed herein.

---------- Forwarded message ----------

From: "Sal Picariello (Fortis LLP)" <spicariello@fortislaw.com>

To: "raj@legalforcelaw.com" <raj@legalforcelaw.com>

Cc: "Gavenman, Jeff" <jeffrey.gavenman@hugheshubbard.com>, "Schaller, Jake" <jake.schaller@hugheshubbard.com>, Jeremy Schulman <jschulman@schulmanbh.com>, "Kornilova, Anna" <anna.kornilova@hugheshubbard.com>, "Baker, Lauren" <lauren.baker@btlaw.com>, "Cox, John W." <john.cox@btlaw.com>, "Sang Dang (Fortis LLP)" <sdang@fortislaw.com>, "Legal Admin (Fortis LLP)" <legaladmin@fortislaw.com>

Bcc:

Date: Sat, 14 Feb 2026 00:52:01 +0000

Subject: Notice of Depositions - Dr. Ziari and Dr. Adams - Neurocentria v. Mando, Case No. 2:25-cv-05871-FLA-JPR

> **CAUTION: This email was sent by someone outside of the Firm.**

Raj,

Attached are the Notices of Deposition for Dr. Sara Adams and Dr. Naveed Ziari.

We are amenable to rescheduling the depositions for a date and location that is mutually convenient for the parties and the witnesses.


Regards,

Salvatore Picariello
Partner
Fortis LLP
650 Town Center Drive Suite 600  |  Costa Mesa, CA  92626
Direct: 714.418.5837  |  Main: 714.839.3800  |  Fax: 714.795.2995






**DISCLAIMER:**  This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you MAY NOT review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) IS NOT intended or written to be used, and CANNOT be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction for any matter addressed herein.