# Exhibit A

 **LegalForce**

---

## RE: [EXTERNAL] Re: Neurocentria – Clarifying Declaration of Dr. Adams

---

**Cox, John W.** <John.Cox@btlaw.com>                                            Thu, Apr 2, 2026 at 2:28 PM
To: Raj Abhyanker <raj@legalforcelaw.com>
Cc: "Gavenman, Jeff" <jeffrey.gavenman@hugheshubbard.com>, "Schaller, Jake" <jake.schaller@hugheshubbard.com>, "Kornilova, Anna" <anna.kornilova@hugheshubbard.com>, "Baker, Lauren" <Lauren.Baker@btlaw.com>

Raj,


Per your request that we provide the specific issues that remain unresolved, we note the following bases (in addition to those in my 333 pm 03/31/26 email, below) for seeking sanctions against Defendant and you, personally, related to claim construction:

    (A) Your various filings on Tuesday this week were untimely and wholly improper.  And, until Monday, the case had been proceeding through claim construction.  We had deposed Defendant's witnesses in view of Defendant's reliance on them in connection with claim construction.  (*See, e.g.,* Dkt. 95, including Dkt. 95-2.)  But your recent declaration (Dkt. 152) re-confirms that Ms. Adams was not engaged for purposes related to claim construction (*see* Exh. 10 to Adams Deposition).

    (B) Moreover, your sworn statement that Plaintiffs "first identified" what we contended was false in Ms. Adams's declaration (Dkt. 152 at ¶ 5) on March 30 is **false**.  (*See, e.g.,* email from J. Cox to R. Abhyanker at 119pm on 02/23/26.)  And you have established, indisputably, that our concern was well-founded because what we identified was, in fact, **false**.  (*See infra.*) Nonetheless, you failed to follow your own instruction that "we will not use Ms. Adams as an expert if you demonstrate **she does not hold a degree from Cambridge** or this is admitted to . . . as well as notify the court."  (Email from R. Abhanker to J. Cox at 746pm on 02/24/26 (emphasis added); *see also* Dkt. 151-1 at 3.)  Plaintiffs raised this issue on February 23 but you have continued—even after claim construction briefing ended on Monday—to advance meritless positions and harass Plaintiffs through misguided correspondence and improper filings.

Your misconduct requires us to accept your invitations to seek remedies "through motion practice in the ordinary course" (*see, e.g.,* email from R. Abhanker to J. Cox at 643pm on 02/23/26).


We also note that Plaintiffs **separately** intend to move under LR 83-8 based on your misconduct, including, but not limited to:

  (i) the issues identified above and in my 333pm 03/31/26 email below;

  (ii) the topics raised in our 02/17/26 email (see J. Gavenman to R. Abhyanker email dated 02/17/26) and discussed during the meet and confer that evening; and

  (iii) additional actions by Defendant and/or you since 02/24/26 (*see* Dkt. 107), including but not limited to:

    (a) sending us and filing your 03/31/26 "preservation letter" (Dkt. 156-1);

    (b) the filing of Kappa's motions to dismiss in violation of LR 7-3, compounded by your false assertion that you had tried to meet and confer with Jeff about those motions on 03/06/26, when your contemporaneous emails and voicemail evidence otherwise;

    (c) failure to file Kappa's Opposition to Plaintiffs' Motion to Dismiss Kappa's Second Amended CounterClaims by the deadline for such filing, compounded by your baseless accusation that Plaintiffs missed the deadline to oppose Kappa's Motion to Dismiss;

    (d) your threat to depose Dr. Gu if we did not agree to your motion to stay;

    (e) the submission of the false declaration that Defendant's process server served Edward Lee; and

    (f) Defendant's untenable positions taken with respect to discovery, including purportedly "withdrawing" requests that Plaintiffs' had already answered.

Tomorrow's meet and confer will provide an opportunity to discuss these issues further, as needed.


Regards,


John

---

**From:** Cox, John W.
**Sent:** Tuesday, March 31, 2026 3:33 PM
**To:** raj@legalforcelaw.com
**Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
**Subject:** RE: [EXTERNAL] Re: Neurocentria – Clarifying Declaration of Dr. Adams

Raj,

We have reset the call for Friday at 10 am per your request.

We intend to move for sanctions pursuant to, *inter alia*, 28 U.S.C. § 1927 and FRCP 37, as well as the Court's Patent Standing Order (Dkt. 33 at 15) and inherent discretion, for your abuse of the claim construction process, and we have already provided our positions. *See* Dkt. 150; *see also, e.g.,* Dkt. 95 at 2-6; Dkt. 103 at 12-14; Dkt. 114; Dkt. 116 (*passim*); Dkt. 139 at, e.g., 1-2, 6.  Specific to Ms. Adams, her declaration contains false statements as detailed below.  Your belated attempt to "clarify" her testimony—which in essence is just another attempt to alter the facts to match your purposeful misunderstandings—does not negate those indisputable facts or the fact that you have maintained reliance on her declaration in court filings.  Instead, it merely compounds your continued insistence on improperly burdening Plaintiffs with having to respond to baseless and frivolous filings and correspondence.

Regards,

John

---

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Tuesday, March 31, 2026 10:41 AM
**To:** Cox, John W. <John.Cox@btlaw.com>
**Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
**Subject:** Re: [EXTERNAL] Re: Neurocentria – Clarifying Declaration of Dr. Adams

John,

How is 10:00 a.m. on Friday, April 3 ?

Thursday does not work for me because I have multiple deadlines that day.

As you have now received Dr. Adams's clarifying declaration together with the supporting exhibits, please let us know before the call what specific issues you contend remain unresolved and what relief you believe is warranted, so that we can be prepared to address them and make the call as productive as possible.

Regards,

Ra

4/15/26, 2:17 AM Legal Force RAPC Worldwide Mail - RE: [EXTERNAL] Re: Neurocentria – Clarifying Declaration of Dr. Adams

Case 2:25-cv-05871-FLA-MAR    Document 166-2    Filed 04/16/26    Page 4 of 13    Page ID #:6595

On Tue, Mar 31, 2026 at 7:22 AM Cox, John W. <John.Cox@btlaw.com> wrote:

Raj,

If 10am on Thursday does not work for you, let me know if 1030am or 11am on Thursday (April 2) works.  We will use the same TEAMS audio dial in information.

Regards,

John

_____

## Microsoft Teams meeting

## Join: https://teams.microsoft.com/meet/29059501656132?p=E9BC6RtXjFgNvsQhp7

Meeting ID: 290 595 016 561 32

Passcode: md2r3Rq2

_____

Need help? | System reference

**Dial in by phone**

+1 463-900-4210,,108283994# United States, Indianapolis

Find a local number

Phone conference ID: 108 283 994#

_____

_____
**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Monday, March 30, 2026 9:23 PM
**To:** Cox, John W. <John.Cox@btlaw.com>
**Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
**Subject:** [EXTERNAL] Re: Neurocentria – Clarifying Declaration of Dr. Adams

John,

Attached is a signed clarifying declaration from Dr. Adams, along with Exhibit A referenced therein.

The record does not support your characterization of false testimony. As the deposition transcript reflects, Dr. Adams testified at length and accurately about the Cambridge Ph.D. process. She explained that there are three possible outcomes from a viva - pass,

Case 2:25-cv-05871-FLA-MAR   Document 166-2   Filed 04/16/26   Page 5 of 13   Page ID #:6596

pass with corrections, or fail, with no path back from failure - and that she met all criteria within the scope of corrections required of her. She further testified that her corrections were approved by examiners at the time of submission in 2017 (Depo. Tr. 10:10-15), and that the University of Cambridge formally acknowledged and finalized that approval through the Degree Committee in April 2025 (Depo. Tr. 11:9-15). She identified the "Degree Committee, which is the granting authority within the university of Cambridge" (Depo. Tr. 12:16-17). She testified that what remained was a formal degree ceremony, describing that step as administrative and ceremonial only - a characterization she offered under oath, in direct response to questioning, without objection to its substance.

The declaration addresses the distinction your correspondence raises: the difference between academic approval of the degree and formal administrative conferral. Cambridge's own correspondence in **Exhibit A** confirms that approval for the degree was granted April 25, 2025. Cambridge's use of the phrase "does not hold the degree" refers to the absence of formal conferral - a procedural step that requires personal attendance at a degree ceremony, which Dr. Adams has been unable to arrange due to immigration-related travel constraints described in the declaration - not to the absence of academic approval, which Cambridge itself confirms was granted. Dr. Adams's prior declarations accurately reflected her academic standing. The April 2025 acknowledgment from the Degree Committee confirms, rather than contradicts, that position.

Regarding Dr. Adams's answer during your examination that the April 2025 acknowledgment meant she had "now completed" her Ph.D. (Depo. Tr. 163:17-20), the declaration provides context: that answer referred to the Degree Committee's administrative process being finalized, not to the underlying academic merit, which the record shows was established years earlier. That distinction was also clearly articulated on the record earlier the same day.

We do not agree that any statement in Dr. Adams's declarations was false or misleading, and we do not agree that I had any basis to withdraw or disavow those statements. The materials you reference do not establish otherwise.

We are willing to meet and confer after you have reviewed the declaration. Please propose a time on April 1 or 2 if you wish to proceed.

Regards,
Raj

On Mon, Mar 30, 2026 at 3:48 PM Cox, John W. <John.Cox@btlaw.com> wrote:

> Raj,
>
> You continue to insist that Plaintiffs do your job for you, which is entirely improper.  All you have to do is compare Ms. Adams's declaration (*see, e.g.,* Dkt. 95-2 at ¶ 4) and the letter you provided yesterday.  And while we appreciate you parroting our statement that this is a serious issue, we interpret your response and conditional engagement to be another turn in your endless refusal to participate in this action in good faith and, therefore, a rejection of our requests.  We will proceed accordingly.
>
> Regards,
>
> John
>
> ---
>
> **From:** Raj Abhyanker <raj@legalforcelaw.com>
> **Sent:** Monday, March 30, 2026 6:37 PM
> **To:** Cox, John W. <John.Cox@btlaw.com>
> **Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
> **Subject:** Re: [EXTERNAL] Re: Neurocentria - witness disclosure
>
> John,
>
> I disagree with your characterization.
>
> If Plaintiffs contend that any statement by Dr. Adams was false under oath, please identify with specificity: (1) the exact statement you contend was false, including the citation to the declaration or transcript; (2) the precise language in the Cambridge correspondence that you contend contradicts it; and (3) the basis for your assertion that I was aware of any purported falsity.

Case 2:25-cv-05871-FLA-MAR    Document 166-2    Filed 04/16/26    Page 6 of 13    Page ID #:6597

Your email makes serious allegations against both Dr. Adams and me. If Plaintiffs intend to pursue those allegations, please set out the factual and legal basis for them in writing. We can meet and confer after you identify your contentions with specificity.

I do not agree that the materials you reference establish any false statement under oath or any knowing misconduct by me.

Raj

On Mon, Mar 30, 2026 at 2:39 PM Cox, John W. <John.Cox@btlaw.com> wrote:

> Raj,
>
> The attachment you provided makes clear that Ms. Adams provided false statements under oath and you were aware of it. This is a serious issue, particularly with respect to your actions after the date of this letter, including your:
>
>> (i) failure to withdraw her declaration (*i.e.,* Dkt. 95-2) on or after 03/03/26;
>>
>> (ii) decision to solicit testimony on 03/18/26; and
>>
>> (iii) decision to cite her declaration in your filing on 03/23/26 (Dkt. 143 at n. 2, *citing* Dkt. 95-2).
>
> To the extent you believe that any "acknowledgement" from Cambridge in April 2025 contradicts or provides further context for the clear statements in Ms. Haq's correspondence, we ask one last time that you **provide that to us** by COB tomorrow March 31. Moreover, to the extent you believe any facts mitigate the fact that you knew, on March 3, that her "[d]egree has not yet been conferred and until such time does not hold the degree", we suggest that you **provide any such facts** by COB tomorrow as well. Regardless of your compliance with those requests, we also request that you **provide your availability** for a meet and confer on April 1 or 2 to discuss Plaintiffs seeking appropriate remedies against Defendant and you, personally.
>
> Regards,
>
> John
>
> **From:** Raj Abhyanker <raj@legalforcelaw.com>
> **Sent:** Monday, March 30, 2026 3:05 AM
> **To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
> **Cc:** Cox, John W. <John.Cox@btlaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
> **Subject:** [EXTERNAL] Re: Neurocentria - witness disclosure
>
> Jeff,
>
> Attached is the Cambridge correspondence referenced in your emails.
>
> I do not believe these materials are relevant to any claim or defense or subject to any production obligation. However, in the interest of avoiding unnecessary motion practice, we are providing the document.
>
> If you believe any specific discovery request encompasses this material, please identify it by number and text.
>
> Raj
>
> On Sun, Mar 29, 2026 at 5:42 PM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:
>
>> False????? False???? Go ahead, be specific with your lies; state specifically which thing I said below is false. And be forewarned, this email is going to be presented to the Court with our motion to compel, so whatever lie you state next is going to be a misrepresentation made to the Court.

You do not get to dictate staffing decisions by your opposing counsel, just as you cannot bring anti-SLAPP motions on behalf of opposing parties.  You have no right to refuse to have a meet and confer with anyone but me.  This is the last request: schedule a time tomorrow, or Tuesday if you need, to meet and confer with John – the person who was in the deposition and made the request at issue.  If you refuse, we will have no choice but to bring this issue, and your unwillingness to meet and confer, to the Court.

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**

1775 I Street, N.W., 6th floor |  Washington | DC 20006-2401

Office +1 (202) 721-4686 | Cell +1 (240) 962-4618

jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Sunday, March 29, 2026 8:10 PM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Cc:** Cox, John W. <John.Cox@btlaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
**Subject:** Re: Neurocentria - witness disclosure

> **CAUTION: This email was sent by someone outside of the Firm.**

Jeff,

I disagree with your inflammatory and false characterizations.  I am willing to meet and confer with you when required as you have designated yourself lead counsel.

There is no outstanding discovery request identified in your emails that seeks these materials, so there is no present obligation to meet and confer on any motion to compel concerning them. Your recent emails are, at most, informal demands, and I do not agree that they create any duty to produce.

If Plaintiffs contend otherwise, please identify the specific discovery request by number and text, and I will evaluate it. Until then, I do not agree that any further meet-and-confer is required on this issue.

Raj

On Sun, Mar 29, 2026 at 3:33 PM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:

Raj,

While I have tried to be courteous, and meet your request to be the main point of communication, this game stops now. You have no entitlement whatsoever to demand that I am the only lawyer you will communicate with or speak to, and I categorically reject your request to do so. You forced me to meet and confer with Jacob numerous times, despite my objections to you that Jacob had no knowledge of this case or capability to meaning confer. You cursed at me during the meet and confer where I was trying to get you to back away from your mistaken position that my clients sued AIDP and Magceutics – telling me to "bring whatever the f*** motion you want to bring." You spam me with emails constantly, and delete portions of email threads and other counsel from email chains, forcing me to do extra work to keep my co-counsel in the loop. Now you are overwhelmed by the notion of speaking to John instead of me, when he was the one that took Ms. Adams' deposition and made the request at issue? Give me a break, and stop trying to make the number of counsel on our side your excuse for your numerous baseless, sanctionable actions. If you continue to choose to not respond or interact with my co-counsel, you do so at your own, and your client's, peril.

We have asked for you to have a meet and confer with John on this issue tomorrow. Your email rejects that request to meet and confer entirely. I highly suggest you rethink that decision and provide a time to meet and confer. If you do not, we will promptly bring this matter to the Court's attention.

Regards,

Jeff

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**

1775 I Street, N.W., 6th floor | Washington | DC 20006-2401

Office +1 (202) 721-4686 | Cell +1 (240) 962-4618

jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Sunday, March 29, 2026 5:55 PM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Cc:** Cox, John W. <John.Cox@btlaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
**Subject:** Re: Neurocentria - witness disclosure

**CAUTION: This email was sent by someone outside of the Firm.**

Jeff,

I will only communicate and meet and confer with the lead counsel, as I cannot meaningfully defend this case interacting with all ten counsel for the plaintiffs  There is no outstanding discovery request on this issue.  Even if there was, it would be wholly irrelevant to a claim or defense in this case.  The Plaintiffs had equal opportunity to take the deposition of Dr. Adams, and had an opportunity to ask anything that they believe calls into question the veracity of her testimony under oath.   There simply was nothing.   And, Mr. Cox failed to request her consent to voluntarily have Cambridge's response shared.  Please stop this incessant dialogue on something you are not entitled to.

Raj

On Sun, Mar 29, 2026 at 5:05 AM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:

Raj,

The timing of Ms. Adams's deposition is irrelevant to whether you are required to produce the two documents identified —including one by you—while John was in Menlo Park.  The consent he noted was for Ms. Adams to provide consent to accompany your request to Cambridge for proof that she was awarded a degree; it has nothing to do with you disclosing any such response in this litigation.  Regardless, any concern you may have was both waived by you representing that Cambridge had, in fact, responded to you and your ability to disclose the document pursuant to the Protective Order.  Regarding the document she referenced, you have no basis to withhold that document based on some purported consent requirement or otherwise.

Let us know a time on Monday for a meet and confer, which John will handle.  Should you still refuse to produce both documents by COB Tuesday, March 31, we will move to compel.  Any further delay by you will be noted in that motion.

Regards,

Jeff

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**

1775 I Street, N.W., 6th floor | Washington | DC 20006-2401

Office +1 (202) 721-4686 | Cell +1 (240) 962-4618

jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Saturday, March 28, 2026 12:42 AM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Cc:** Cox, John W. <John.Cox@btlaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
**Subject:** Re: Neurocentria - witness disclosure

---

> CAUTION: This email was sent by someone outside of the Firm.

---

Jeff,

With respect to your other question, Dr. Adams has already testified in this matter, and as Mr. Cox acknowledged earlier in his email of Wed, Feb 25, 2026 at 7:37 PM, any such request for person information requires consent.   You have not sought or received consent from Dr. Adams, and should you get that consent, you should follow that procedure.

Raj

On Fri, Mar 27, 2026 at 9:37 PM Raj Abhyanker <raj@legalforcelaw.com> wrote:

> Jeff,
>
> I apologize for the late email, but I just realized this.   We intend to file a short ex parte application seeking leave to file Defendant's Supplemental Brief – Clarification of Patent Family Lineage nunc pro tunc, in light of the Court's Standing Order.
>
> The supplemental brief was submitted solely to clarify the patent family structure and does not alter Defendant's substantive arguments.
>
> Please let us know if you oppose. If we do not hear back in the next 30 minutes, we will indicate that in the filing.
>
> Best regards,
> Raj
>
> On Fri, Mar 27, 2026 at 2:42 PM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:
>
>> Raj,
>>
>> Please produce these two documents by the end of the day.  If you will not, or cannot, please explain why, and tell us when you will produce them.
>>
>> Regards,
>>
>> Jeff
>>
>> **Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**

1775 I Street, N.W., 6th floor | Washington | DC 20006-2401

Office +1 (202) 721-4686 | Cell +1 (240) 962-4618

jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Cox, John W. <John.Cox@btlaw.com>
**Sent:** Thursday, March 26, 2026 12:44 PM
**To:** raj@legalforcelaw.com
**Cc:** Schaller, Jake <jake.schaller@hugheshubbard.com>; Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
**Subject:** RE: Neurocentria - witness disclosure

**CAUTION: This email was sent by someone outside of the Firm.**

Raj,

This is now my third written request after my request for these documents in person a week ago, yesterday. Please respond and confirm that you will produce both documents no later than COB tomorrow.

Regards,

John

**From:** Cox, John W. <John.Cox@btlaw.com>
**Sent:** Tuesday, March 24, 2026 7:26 PM
**To:** raj@legalforcelaw.com
**Cc:** Schaller, Jake <jake.schaller@hugheshubbard.com>; Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
**Subject:** Re: Neurocentria - witness disclosure

Raj,

When can we expect these two documents?

Regards,

John

**Confidential and Attorney-Client Privileged Communication**

# Barnes & Thornburg

**John** W. **Cox**, Partner

**Direct:**     | **Email:**
(404) 264-   John.Cox@btlaw.com
4092

3340 Peachtree Rd NE Suite
2900, Atlanta, GA 30326-1092

Atlanta | Baltimore | Boston | Chicago | Dallas | Delaware | Denver | Florida | Indiana | Los Angeles | Michigan | Minneapolis
Nashville | New Jersey | New York | Ohio | Philadelphia | Phoenix | Raleigh | Salt Lake City | San Diego | Washington, D.C.

---

**From:** Cox, John W.
**Sent:** Friday, March 20, 2026 11:30:05 AM
**To:** raj@legalforcelaw.com <raj@legalforcelaw.com>
**Cc:** Schaller, Jake <jake.schaller@hugheshubbard.com>; Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>
**Subject:** Neurocentria - witness disclosure

Raj,

Further to my requests during the deposition on Wednesday, please provide:

   (1) the response from Cambridge that you received to your February 24, 2026, letter; and

   (2) the "acknowledgement" from Cambridge in April 2025 that Ms. Adams first referenced during the deposition.

Regards,

John

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.