# Exhibit D

 **LegalForce**

Raj Abhyanker <raj@legalforcelaw.com>

---

## RE: Request for Clarification Regarding Claim Construction Assertions

---

**Gavenman, Jeff** <jeffrey.gavenman@hugheshubbard.com>                    Fri, Feb 27, 2026 at 2:04 PM
To: "raj@legalforcelaw.com" <raj@legalforcelaw.com>
Cc: "Cox, John W." <john.cox@btlaw.com>, "Baker, Lauren" <lauren.baker@btlaw.com>, "Schaller, Jake"
<jake.schaller@hugheshubbard.com>, "Kornilova, Anna" <anna.kornilova@hugheshubbard.com>, "Sal Picariello (Fortis LLP)"
<spicariello@fortislaw.com>, "Sang Dang (Fortis LLP)" <sdang@fortislaw.com>

Okay, then I give you permission to add the dates to the attached copy and file it. I do not give permission for you to file the version you sent or any other version.

Separately, you're still in Australia? What happened to your February 26 flight to Mumbai?

Regards,

jeff

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**
1775 I Street, N.W., 6th floor | Washington | DC 20006-2401
Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

---

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Friday, February 27, 2026 4:52 PM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Cc:** Cox, John W. <john.cox@btlaw.com>; Baker, Lauren <lauren.baker@btlaw.com>; Schaller, Jake
<jake.schaller@hugheshubbard.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Sal Picariello (Fortis LLP)
<spicariello@fortislaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>
**Subject:** Re: Request for Clarification Regarding Claim Construction Assertions

> **CAUTION: This email was sent by someone outside of the Firm.**

I prepared it and I want to file it. I am in Australia right now, will get to this later today

On Sat, Feb 28, 2026 at 8:38 AM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:

> It's a security protocol from Hughes Hubbard, nothing I can do about it. The substance is fine, as it matches the one we sent to you, but there are two issues:

- Extra "Plaintiffs" in line 1:

1. Plaintiffs Plaintiffs and Defendants,

- And it is titled a joint notice, with a signature block from me, but then you added the "filed with consent" line:

Dated: February 28, 2026   Respectfully submitted,

          HUGHES HUBBARD & REED LLP

          /s/
          Attorney for Plaintiffs:
          Neurocentria, Inc
          Therotech, Inc.

**Filed with the consent of Plaintiffs' lead counsel, Jeffrey Gavenman.**

Dated: February 28, 2026

Respectfully submitted,

/s/ Raj Abhyanker

LEGALFORCE RAPC WORLDWIDE P.C.

Attorney for Defendant

2

That's not proper. The correct way is with the two signature blocks, like what we sent earlier today, which is reattached. Can we just add the dates and file the attached? Or you can do that, if you want to have the honor of filing this.

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**

1775 I Street, N.W., 6th floor | Washington | DC 20006-2401

Office +1 (202) 721-4686 | Cell +1 (240) 962-4618

jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Friday, February 27, 2026 4:18 PM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Subject:** Re: Request for Clarification Regarding Claim Construction Assertions

> **CAUTION: This email was sent by someone outside of the Firm.**

Here is the PDF.  Is not saving correctly from my iphone from the Drive link I sent that you cannot open.  Not sure why you cant just verify the Google docs link. Confirm this version works.  This is a PDF of the Google docs  version.

On Fri, Feb 27, 2026 at 1:05 PM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:

> You sent a Word doc, and it's totally messed up for some reason; it came across as a 10-page document with several empty pages.  If you didn't make changes, can we just add the date and file the one I sent you earlier today?
>
>
> **Jeff Gavenman** | Partner
>
> **Hughes Hubbard & Reed LLP**
>
> 1775 I Street, N.W., 6th floor | Washington | DC 20006-2401
>
> Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
>
> jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your

system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

---

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Friday, February 27, 2026 3:58 PM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Subject:** Re: Request for Clarification Regarding Claim Construction Assertions

> **CAUTION: This email was sent by someone outside of the Firm.**

Here is a pdf. I just added the confirmation and your approval block, and it didn't seem your cocounsel had changed anything else. Verify. Attached.

On Sat, Feb 28, 2026 at 7:55 AM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:

> I can't access that. Please resend it as a PDF attachment. Did you make any changes to the version we sent to you?
>
> **Jeff Gavenman** | Partner
>
> **Hughes Hubbard & Reed LLP**
>
> 1775 I Street, N.W., 6th floor | Washington | DC 20006-2401
>
> Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
>
> jeffrey.gavenman@hugheshubbard.com
>
> This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

---

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Friday, February 27, 2026 3:50 PM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Subject:** Re: Request for Clarification Regarding Claim Construction Assertions

> **CAUTION: This email was sent by someone outside of the Firm.**

Jeff,

I'm only going to communicate with you, which will lower costs for us and your client.  Your co-counsel can direct things through you, and you can fill them in as needed. It's taxing to have to email ask hear from 7 different people at random times.  Here is the joint stipulation:

https://docs.google.com/document/d/14hwIeqwkTsUOStatVbFGMFQM_2UxRRQG/edit?usp=drivesdk&ouid=109066415482412685074&rtpof=true&sd=true

If acceptable, I will file today.

Raj

On Sat, Feb 28, 2026 at 3:56 AM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:

Raj,

Per your request, I am taking over direct correspondence with you in an attempt for us to resolve the terms for claim construction and get an appropriate stipulation on file.  I expect you, like Plaintiffs, would like to get this before the Court as soon as possible.

Our edits to your proposed stipulation were few and, other than adding the patent number and updating the footer and signature block, were limited to clarifying paragraph B.  As we understood the draft you provided, there was no mention of Dr. Liu's testimony and our edits followed suit.  Indeed, the substance of the proposed stipulation you provided (with and without our edits) is very plain and straight-forward and, we believe, ready to finalize with our edits so the parties can move forward and file it.  In view of your email below, we are unclear as to whether you have any objection to our edits or the current draft, which we have re-attached for your review.

As for the depositions and pleadings, we will address those in other responses and can work to resolve those issues separately; we find the parties are not in a dispute as to the substance of the stipulation and, instead, agree that the issues should be narrowed such that claim construction proceed only with respect to one term, magnesium threonate.  We look forward to either your (a) confirmation that we may finalize, sign, and file, or (b) edits to the attached clean proposed filing.

Regards,

Jeff

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**

1775 I Street, N.W., 6th floor | Washington | DC 20006-2401

Office +1 (202) 721-4686 | Cell +1 (240) 962-4618

jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Thursday, February 26, 2026 4:32 PM
**To:** Cox, John W. <John.Cox@btlaw.com>
**Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP) <legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>
**Subject:** Re: Request for Clarification Regarding Claim Construction Assertions

**CAUTION: This email was sent by someone outside of the Firm.**

John,

Your characterization is unwarranted.

The drafts I sent were provided as a professional courtesy to move the process forward efficiently. The formatting issues you reference are minor and do not justify the suggestion that they created any meaningful burden. There was no intent to cause additional work.

If you had opened the Google document version that was circulated, you would have seen that the updated version had already addressed several of the points you raise. Doing so likely would have avoided the additional time spent reformatting.

We disagree with your characterization of Dr. Liu's testimony. The transcript speaks for itself. To the extent there is ambiguity or clarification needed regarding naturally occurring formation or the meaning of magnesium threonate, that is precisely why further expert examination is appropriate. We are entitled to develop the record.

We are disappointed that you are unprepared to finalize the stipulation. If you contend that our proposed language is inconsistent with Dr. Liu's deposition testimony, will you agree to provide specific alternative language that you believe accurately reflects the transcript to minimize the court's and the parties' burden?

With respect to the depositions, it is reasonable to examine disclosed experts on matters within their expertise that are relevant to claims and counterclaims currently pending in the case. The First Amended Complaint you just filed minutes ago raise additional issues and new facts that were not in the original complaint. Our second amended Counterclaims will bring in all facts in the NDCA case per the February 24 order, including labeling, pharmaceutical advertising, GRAS status, and country of origin/manufacturer representations. To the extent these issues implicate technical, scientific, or regulatory matters within the witnesses' expertise, they are proper subjects for deposition questioning.

The original complaint was narrowed to patent infringement of the '061 patent and contributory infringement. The First Amended Complaint filed earlier today raises new causes of action and new facts not found in the original complaint. Our forthcoming second amended Counterclaims will introduce additional claims and allegations, including issues relating to labeling, pharmaceutical advertising, GRAS status, and country-of-origin/manufacturer representations.

Moreover, the Defendants will seek declaratory judgment to invalidate or show non-infringement of all 5 patents given they were originally asserted by the Plaintiff and our client has been accused under all five in the original Complaint, and we are concerned that given the Plaintiffs' aggressive pattern of filing 5 separate TTAB cancellations, those patents will be asserted against our client in the future.

All these newly pleaded issues implicate scientific, technical, and regulatory matters that fall within the expertise of the disclosed experts. To the extent their training and opinions bear on those topics, examination is appropriate. Discovery cannot be artificially confined to the scope of the original complaint when the operative pleading has materially expanded the issues in dispute.

Defendant is entitled to examine the experts on matters fairly within the scope of their declarations and the issues placed in dispute. We do not agree with your attempt to unilaterally narrow the scope in advance. If you believe particular questions exceed permissible bounds, you may state your objections on the record in the ordinary course.

As to Dr. Beran, he has been disclosed as a testifying rebuttal expert and is subject to deposition under Rule 26(b)(4)(A). I will amend the notice accordingly to avoid unnecessary dispute. While he is only designated as a rebuttal, the First Amended Complaint places scientific representations concerning magnesium threonate and related terminology at issue. To the extent those representations depend on the same scientific and technical principles addressed in his rebuttal opinions, examination is appropriate. We do not intend to elicit legal conclusions regarding Lanham Act liability, but we are entitled to explore the scientific bases relevant to the issues now pending. If you contend otherwise, please identify the specific legal authority supporting your position.

If you contend that certain areas of inquiry are improper, please identify specifically, in writing, the objections you intend to assert and the legal basis for each. That will allow us to narrow any dispute in advance, avoid unnecessary disruption during the depositions, and, if necessary, present a focused issue to the assigned magistrate judge.

We would prefer to resolve any scope issues before the deposition rather than litigate them in the middle of the examination.

Please let us know your position.

Raj

On Fri, Feb 27, 2026 at 6:59 AM Cox, John W. <John.Cox@btlaw.com> wrote:

> Raj,
>
> We have attempted to parse through your responses, including follow ups to your own emails and ps messages, and 3 PDF versions and 1 WORD version of the proposed stipulation (which are not identical and include wrong digits in the placeholder for the full patent number, multiple line numbers, inclusion of "Defendant's counsel firm" under the signature line for Plaintiffs' counsel, and the footer "DECLARATION OF RAJ ABHYANKER"). To make this process feasible, we created (from one of your PDFs) the attached version of the stipulation (attached in redlined WORD and clean PDF forms), though note that your continued disregard for basic standards causes more work for us and unnecessary cost to our client.
>
> **If the clean version is acceptable to Defendant, please confirm**; Sal or Sang will then sign for Plaintiffs and file it. Otherwise, we ask that you accept the changes to the word document and then apply your redlines for our consideration.
>
> We also received your notices for the depositions and related series of emails. While we reserve the right to respond fully to the notices, we object to your attempt to elicit testimony from Dr. Ziari and Ms. Adams for purposes unrelated to claim construction [specifically, limited to **the construction** of magnesium threonate] and/or beyond their declarations during the depositions on March 17 and 18.
>
> To be clear, we decline your request for "a complete stipulation" regarding the meaning of magnesium threonate. Dr. Liu's testimony was by no means the admission you claim—your lack of understanding of the technical issues in this case and the asserted claims, mischaracterization of Dr. Liu's testimony, and misplaced reliance on Dr. Ziari and Ms. Adams require us to proceed with these depositions. That said, we appreciate Defendant's position with respect to developing the record, so agree to proceed with the depositions of all three witnesses. Therefore, and notwithstanding your notices for your witnesses, we will serve the notices for Dr. Ziari and Ms. Adams on you next week for the dates and locations in the string below. With respect to Dr. Beran, we received your purported notice for his deposition and note that he is not a 30(b)(6) witness for any party, so reserve the right to reject the notice in its current form but will review it further and provide a fulsome response in due course.
>
> Last, we have reverted the subject line of this email to the earliest text below (despite you truncating this string, which itself is problematic and something we have asked to you stop doing in previous correspondence). Your self-serving tactics are improper and only serve to make everyone's involvement more difficult at further and unnecessary cost to our client.
>
> Regards,

John

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Wednesday, February 25, 2026 6:04 PM
**To:** Cox, John W. <John.Cox@btlaw.com>
**Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP) <legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>
**Subject:** [EXTERNAL] Dr. Liu's Admission Regarding Naturally Occurring Magnesium Threonate

John,

One more thing..

It is Plaintiffs' decision whether to proceed with the currently noticed depositions in light of the parties' narrowing discussions. If Plaintiffs believe that narrowing the dispute to "magnesium threonate" renders those depositions unnecessary, Plaintiffs are free to withdraw them.

However, narrowing the number of disputed terms does not necessarily eliminate the need for testimony from persons of ordinary skill in the art where the intrinsic record may admit of more than one reasonable understanding.

As reflected in Dr. Liu's testimony, he acknowledged that magnesium threonate occurs naturally in the human body, even if in extremely small concentrations, and that he "cannot say zero." In view of that testimony, are Plaintiffs willing to agree to a complete stipulation resolving that issue consistent with Dr. Liu's testimony?

Absent such a stipulation, Defendant believes the record should be fully developed. If Plaintiffs elect not to proceed with the currently noticed depositions, please let us know promptly. In that event, Defendant reserves the right to notice depositions as appropriate to ensure a complete record.

Raj

On Thu, Feb 26, 2026 at 9:45 AM Raj Abhyanker <raj@legalforcelaw.com> wrote:

> See below.
>
> On Thu, Feb 26, 2026 at 8:46 AM Cox, John W. <John.Cox@btlaw.com> wrote:
>
>> Raj,
>>
>> Notwithstanding your recent flurry of emails in response and reply to emails including my 737pm email of yesterday (Feb 24) below, as I indicated in that email, there is public information related to Ms. Adams' qualifications and competency; it is wholly improper for you to continue to refuse to properly investigate and ask us to do it for you.
>>
>>
>> Raj:   If you are referring to the random Reddit posts, we have reviewed those.  The court records we also reviewed, at least the ones we could see and which were not sealed.  We reviewed these things initially, and when you again brought it up.  We have not found red flags.  We asked Ms. Adams' about  credentials prior to her declaration, reviewed the publicly available information, asked her about what we found online, and received both an explanation and public links confirming her credentials before and after your concerns. Based on that, we have accepted her explanation. We have conducted a reasonable investigation and have no basis at this time to question her competency. If you have specific evidence to the contrary, please provide it. If we later determine that reliance on her credentials was misplaced, we will withdraw her declaration.

In view of your various emails, we intend to notice the depositions of Dr. Ziari (March 17) and Ms. Adams (March 18) at the 3000 Sand Hill Road address in Menlo Park.

Raj: ok

We request that you notice Dr. Beran for the 20th at the Barnes and Thornburg LA office; I confirm that we will accept that service.

Raj: ok

Before we do so, however, we raise whether those depositions are necessary (see *infra*).

In various emails in the past 24 hours, you raised the issue of narrowing the parties' claim construction disputes to a single term, namely magnesium threonate, such that Defendant would withdraw its requests for construction of any other terms.

Raj: yes correct.   We appreciate the parties' efforts to streamline the issues for the Court. However, our agreement to narrow the issues should not be construed as a waiver of Defendant's right to present extrinsic evidence, including expert testimony, regarding how a person of ordinary skill in the art would understand the term in light of the intrinsic record.

As an initial matter, we appreciate the opportunity to revisit this issue and we agree with that proposal in principle, particularly Defendant's withdrawal of any terms other than magnesium threonate.

Accordingly, we ask that you **send us a proposed stipulation for filing**—not text in an email—to that effect.

Raj: See attached draft joint notice.  I have attached an pdf and word doc. You will need to adjust formatting if you choose to sign the word doc.  Or you can sign this google doc:

https://docs.google.com/document/d/14hwIeqwkTsUOStatVbFGMFQM_2UxRRQG/edit?usp=drivesdk&ouid=109066415482412685074&rtpof=true&sd=true

We do not believe additional stipulation language is necessary.

We also note that Defendant appears to also agree with Plaintiffs' construction of magnesium threonate, namely that it should be given its plain and ordinary meaning (*compare, e.g.,* (A)(1) Defendant's positions in the Parties Joint Claim Construction Statement [DI 96-1] in which Defendant states, *inter alia*, that "Defendants agree that many claim terms may ultimately be applied according to their plain and ordinary meaning as understood by a person of ordinary skill in the art in view of the intrinsic record" (see, e.g., "Defendant's Statement Regarding Claim Term Significance") and (A)(2) Defendant's December 19 Proposed Terms for Construction *with* (B) Plaintiffs' consistent position in (1) our December 8 Proposed Terms for Construction, January 19 Preliminary Claim Constructions and (2) DI 96-1.  If the parties agree on the construction of magnesium threonate, specifically the plain and ordinary meaning in view of the intrinsic evidence, query whether the stipulation could dispose of the claim construction dispute in its entirety (which should also moot the need for the depositions of Dr. Ziari, Ms. Adams, and Dr. Beran at this stage, as well as briefing pursuant to DI 32, 33).

Raj:   We believe these individuals are persons with ordinary skill in the art and can aid the court with claim construction meaning given the ambiguity in the intrinsic record.   Specifically, while the term may ultimately be given its plain and ordinary meaning, the parties may disagree as to what that meaning is in light of the intrinsic record. We believe the intrinsic record contains ambiguity that may benefit from testimony from persons of ordinary skill in the art. Accordingly, absent a formal stipulation fully resolving that issue, we believe the currently noticed depositions remain appropriate to ensure a complete record for the Court.

We are prepared to stipulate that the term "magnesium threonate" resolves the claim construction dispute if Plaintiffs expressly admits that magnesium threonate occurs naturally in the human body, even if in extremely small quantities. As reflected in Dr. Liu's testimony, he acknowledged that the concentration in the body is approximately 1 pM and "cannot say zero." That is a direct admission that it exists in the body in measurable quantity, even if extremely small. Absent a stipulation resolving that issue, the noticed depositions remain appropriate to ensure a complete record.

Please **let us know** if Defendant agrees and, if so, please incorporate that agreement into the proposed stipulation.

Raj: The additional language you propose is unnecessary.

Last, we ask that you do not "make objections on behalf of the plaintiff as appropriate", as you represent the Defendant.

Raj: Of course. We represent the Defendant and Counter-Plaintiff. Any objections we assert are made solely in that capacity.

Regards,

John

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Wednesday, February 25, 2026 12:32 AM
**To:** Cox, John W. <John.Cox@btlaw.com>
**Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP) <legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>
**Subject:** [EXTERNAL] Address for depositions

John,

We did vet our experts. We identified corroborating evidence including the links we provided, and from her directly.

Send the notices on the 17th and 18th. Address:

PatentVC | Trademarkia
3000 Sand Hill Road, Ste 245
Menlo Park, California 94025

With respect to the 20th, that works. Service acceptance is limited to procedural acceptance only. We do not represent either expert; as they are independent. But we will make objections on behalf of the plaintiff as appropriate.

Raj

On Wed, Feb 25, 2026 at 7:37 PM Cox, John W. <John.Cox@btlaw.com> wrote:

Raj,

We accept the dates of March 17 for Dr. Ziari and March 18 for Ms. Adams. We appreciate your offer to host them in Menlo Park but suggest they be held in San Francisco – **please confirm** that works for you and we will provide the specific address. Dr. Beran is available on March 20 [we expect that works for you based on the offered availability of your witnesses] at our office in Los Angeles (2029 Century Park E, #300, 90067).

Please do not provide us with communications with your experts – that is inappropriate.

As stated, we have reason to believe that Ms. Adams does not have a PhD and has been the subject to court opinions ruling her incompetent.  You are capable of investigating her qualifications (submission of a dissertation does not mean a degree was awarded) and finding those court opinions; it is all public information, though if you had done a proper search you would have found that your letter to Cambridge failed to follow the necessary procedure to request information, which requires Ms. Adam's involvement.  Regardless, we are not required to do such an investigation for you; in fact, we reject this as your most recent attempt to burden Plaintiffs and us (as Plaintiffs' counsel) to do your work for you – that is also inappropriate.

Your later accusation of gamesmanship is beyond the pale and, unfortunately, a pervasive pattern – it must stop.  We raised our concerns re Ms. Adams in part to avoid subjecting her to unnecessary scrutiny and potential consequences.  Unfortunately, you confirmed that you failed to vet your own expert and still have not properly investigated.  Unless you inform us that you are reverting to Defendant's claim construction positions from December 19 and withdrawing her declaration, we intend to proceed with her deposition on March 18 so **please confirm** that you will accept service of her Notice of Deposition.  Otherwise, extending this string serves no purpose.

Regards,

John

**John W. Cox**
Partner
Direct: (404) 264-4092 | Mobile: (404) 680-4949
Atlanta, GA

---

**Neurocentria v Mando - JOINT NOTICE OF NARROWED ISSUES FOR CLAIM CONSTRUCTION (50988472.1 [Plaintiffs 022626 CLEAN]).pdf**
110K