Sang Dang, Esq. (SBN 214558)
  sdang@fortislaw.com
Salvatore Picariello, Esq. (SBN 190442)
  spicariello@fortislaw.com
FORTIS LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
Telephone: 714-839-3800
Facsimile: 714-795-2994

John W. Cox
  (Admitted *Pro Hac Vice*)
  John.Cox@btlaw.com
Lauren U. Baker
  (Admitted *Pro Hac Vice*)
  Lauren.Baker@btlaw.com
BARNES & THORNBURG LLP
3340 Peachtree Road NE, Suite 2900
Atlanta, GA 30326
Telephone: 404-264-4036
Facsimile: 404-264-4033

Jeffrey Gavenman
  (Admitted *Pro Hac Vice*)
  jeffrey.gavenman@hugheshubbard.com
Jeremy Schulman
  (Admitted *Pro Hac Vice*)
  jeremy.schulman@hugheshubbard.com
James Schaller
  (Admitted *Pro Hac Vice*)
  jake.schaller@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I STREET, N.W., 6th Floor
Washington, D.C. 20006
Telephone: 202-721-4600
Facsimile: 202-721-4646

Attorneys for Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. and THREOTECH LLC and Third-Party Defendant, AIDP, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC. and THREOTECH LLC,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION,<br><br>    Defendant/Counterclaim Plaintiff,<br><br>    v.<br><br>AIDP, INC.<br><br>    Third-Party Defendant. | Case No. 2:25-cv-05871-FLA-MAR<br><br>**DECLARATION OF JOHN W. COX IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO LOCAL RULES 83-7 AND 83-8, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER**<br><br><br>Hearing:    June 5, 2026<br>Time:        1:30 p.m.<br>Courtroom: 6B, 6th Floor<br>Judge:      Hon. Fernando L. Aenlle-Rocha |

DECLARATION OF JOHN W. COX IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS

## <u>DECLARATION OF JOHN W. COX</u>

I, John W. Cox, declare as follows:

1.      I am an attorney appearing pro hac vice in this case with Sang Dang as local counsel. See ECF 74. I am a Partner in the law firm of Barnes & Thornburg LLP, and counsel of record for Plaintiffs Neurocentria, Inc. and ThreoTech LLC (collectively, "Plaintiffs") and Third-Party Defendant, AIDP, Inc. ("AIDP" and, collectively with Plaintiffs, the "Magtein Parties") in the above-referenced matter.

2.      I make this Declaration in support of Plaintiffs' Motion for Sanctions Pursuant to Local Rules 83-7 and 83-8, 28 U.S.C. § 1927, and the Court's Inherent Power (the "Motion"). I have personal knowledge of the facts stated herein and if called as a witness, will be able to testify competently to such facts.

3.      On February 17, 2026, co-counsel of mine in this matter and also counsel of record for the Magtein Parties, Mr. Jeff Gavenman, sent Mr. Raj Abhyanker, counsel for Defendant Mando International, LLC d/b/a Kappa Nutrition ("Kappa"), an email requesting a meet and confer regarding the proposed Motion. A true and correct copy of the February 17, 2026 email is attached hereto as Exhibit 24 to the Declaration of Jeffrey Gavenman ("Gavenman Decl."), which is also being submitted in support of the Motion.

4.      On the same day, on February 17, 2026, the parties met and conferred regarding the proposed Motion (the "February 17 Meet and Confer") after the deposition of Dr. Guosong Liu. Mr. Abhyanker began the February 17 Meet and Confer by sitting down, placing his cell phone on the table, and announcing he was going to record the discussion. Mr. Gavenman and I each made clear that we did not provide consent to be recorded and that recording of meet and confer discussions between counsel was unacceptable. Mr. Abhyanker insisted until Mr. Gavenman indicated that we would not proceed unless and until the recording was stopped. Mr. Abhyanker appeared to turn off the recording but, from that point forward, approached the meet and confer in an obstructionist manner. As a result, and despite Mr. Gavenman's attempt to address each

- 1 -

DECLARATION OF JOHN W. COX IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS

of the nine numbered items in the February 17 email, including repeated attempts to ask Mr. Abhyanker for Respondents' position, Mr. Gavenman was only able to address the first six and last entries in that email and Mr. Abhyanker provided no reason for Plaintiffs to not pursue any of those topics as a basis for sanctions in the present Motion.

5. On February 24, 2026, the Court, *sua sponte*, entered an Order to Show Cause" ("OSC"). *See* ECF 107 at 3-4. In the reply to Respondents' OSC submission, Plaintiffs addressed many of the discrete instances of malfeasance that had been noted in the February 17, 2026 email and discussed at the February 17 Meet and Confer. *See* ECF 139 ("OSC Reply").  But given the scope and number of instances of bad faith conduct by Kappa and Mr. Abhyanker (collectively, for consistency with ECF 139 and ECF 161, "Respondents"), it was not feasible to address each and every instance of Respondents' pervasive, vexatious behavior.

6. Even after the Court's *sua sponte* issuance of the OSC, and under the threat of sanctions, Respondents' behavior has continued unabated, requiring further attention from Plaintiffs—including Mr. Gavenman and myself—to address Respondents' malfeasance and to seek the Court's intervention.

7. On April 2, 2026, I sent an email to Mr. Abhyanker identifying misconduct beyond that addressed in Plaintiffs' OSC Reply (*i.e.*, ECF 139) and on top of the misconduct identified in Mr. Gavenman's February 17, 2026 email. A true and correct copy of my April 2, 2026 email is attached hereto as **Exhibit A**.

8. On April 3, 2026, I held a meet and confer with Mr. Abhyanker (the "April 3 Meet and Confer") about several matters including proposed motions for sanctions directed to the misconduct in my April 2, 2026 email (*i.e.*, a motion under, *inter alia*, Local Rule 83-7) specific to claim construction (later filed as ECF 161) and Mr. Gavenman's February 17, 2026 email (*i.e.*, the present Motion under, *inter alia*, Local Rule 83-8).

DECLARATION OF JOHN W. COX IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS

9.      At the April 3 Meet and Confer, we discussed the letter Respondents sent Plaintiffs on March 31, 2026 ("Demand Letter"). A true and correct copy of the Demand Letter is attached as Exhibit 3 to the Gavenman Decl. I explained to Mr. Abhyanker that the Demand Letter was an improper attempt at discovery, and that it was wholly inappropriate to send such a letter to opposing counsel and file it with the Court (the Demand Letter was submitted by Respondents as an exhibit to one of Mr. Abhyanker's many declarations (ECF 156-1)). Mr. Abhyanker asked me why the Demand Letter was an improper attempt at discovery and demanded that I point him to a relevant rule. Mr. Abhyanker also characterized the Demand Letter as "not discovery" despite the fact that it explicitly recites specific requests for discovery, including production of documents and "demands for information" that resemble interrogatories. Finally, regarding the declaration filed with the Court which attached the Demand Letter, Mr. Abhyanker stated that he is permitted to file declarations with the Court as to anything that he has personal knowledge of, full stop. I stated my disagreement to each of these positions.

10.      Next, we discussed Respondents' failure to comply with Local Rule 7-3 by failing to meet and confer at least 7 days prior to filing his two motions to dismiss directed at the same operative First Amended Complaint. Mr. Abhyanker disagreed that he failed to comply.

11.      I then raised the fact that Respondents' opposition to Plaintiffs' Motion to Dismiss the Second Amended Counterclaims was filed late – Respondents had missed the deadline by four days. Mr. Abhyanker at first denied that Respondents missed a deadline, so I suggested that he read Local Rule 7-9, which he began to do. After Mr. Abhyanker asked whether Plaintiffs agreed that Respondents' opposition was not "a new trial motion", I instructed him to keep reading, which he did. Upon reading the relevant provision, which is that an opposition must be filed no later than 21 days before the date of the hearing, Mr. Abhyanker acknowledged that Kappa's submission was four days late and proposed that, if Plaintiffs claimed prejudice from Respondents missing a

- 3 -

DECLARATION OF JOHN W. COX IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS

deadline, the parties should stipulate that the opposition was timely filed. Mr. Abhyanker then asked whether I was "looking to punish me" instead of being "good to your client" and resolving this issue. During this exchange, I asked why Plaintiffs would agree to such a stipulation. He then repeated his request that the parties stipulate to an extension to retroactively permit Respondents to have filed their opposition a couple of days late. I declined.

12.    We then discussed the issues with his affidavits of service regarding service on AIDP, namely that the affidavit of service filed on March 21, 2026 (ECF 140) stated that the process server had served "EDWARD LEE, AGENT FOR SERVICE OF PROCESS." *See* ECF 140. But Mr. Lee had passed away weeks earlier. The process server also declared that he "served the party … by substituted service … by leaving the copies with or in the presence of: LEFT AT DOOR IN THE PRESENCE OF JANE DOE, PERSON IN CHARGE. Hispanic, Female … ." ECF 140.

13.    Mr. Abhyanker acknowledged that the wrong corporate officer was stated but appeared to excuse the concerns raised with the supposed service on AIDP via ECF 140 by stating that the service was made by substitute service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 28, 2026 in Fulton County, Georgia.

Dated: April 28, 2026.                          By:    */s/ John W. Cox*
                                                              John W. Cox

- 4 -

DECLARATION OF JOHN W. COX IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS

# CERTIFICATE OF SERVICE

I, Salvatore Picariello, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626.  On April 28, 2026, I served the following document(s):

**DECLARATION OF JOHN W. COX IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO LOCAL RULES 83-7 AND 83-8, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER**

on the parties stated on attached service list

| | |
|---|---|
| Defendant Mando International, LLC d/b/a Kappa Nutritional Labs<br><br>Raj V. Abhyanker<br>raj@legalforcelaw.com | |

☒ **BY COURT'S CM/ECF SYSTEM.**  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed on the Service List.

**BY E-MAIL.**  By sending via e-mail, to the parties for service of the foregoing documents to the persons listed on this Service List.

**(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2026, at Costa Mesa, California.

/s/ SALVATORE PICARIELLO
Salvatore Picariello

- 1 -