# Exhibit B

| | |
|---|---|
| **From:** | Raj Abhyanker <raj@legalforcelaw.com> |
| **Sent:** | Monday, December 22, 2025 3:31 PM |
| **To:** | Cox, John W. |
| **Cc:** | Baker, Lauren; Jeffrey Gavenman; : Jeremy Schulman; Jake Schaller; Anna Kornilova; Sang Dang (Fortis LLP) |
| **Subject:** | [EXTERNAL] CV-25-cv-05871 – December 22, 2025 Meet and Confer re Claim Construction Deadline Extension and Patent Dismissal Stipulation |
| **Attachments:** | STIPULATION AND [PROPOSED] ORDER DISMISSING CERTAIN CAUSES OF ACTION FROM INITIAL COMPLAINT - December 22, 2025 - Google Docs.pdf |

**Caution: This email originated from outside the Firm.**

 **This message needs your attention**

• Some Recipients have never replied to this person.

Barnes & Thornburg LLP

Dear Lauren, John, and Jeff,

This email confirms and memorializes our meet-and-confer discussion held earlier today, December 22, 2025.

## 1. Claim Construction Deadlines

During the call, the parties discussed the upcoming December 29, 2025 deadline for the exchange of proposed claim constructions and supporting intrinsic/extrinsic evidence under the Local Patent Rules.

You indicated that Plaintiffs recently retained Barnes & Thornburg as new patent litigation counsel and requested a short extension of this deadline. As discussed, Defendant is amenable to a brief, stipulated extension of ten (10) days, based on the holidays and counsel transitions, without prejudice to any party's substantive positions and without admission by either side.

Consistent with the call:

- Defendant does **not oppose** a neutral, short extension of the December 29 deadline to **January 8, 2026**, provided the stipulation is concise and non-argumentative.
- Defendant does **not agree** that the extension should be predicated on the pendency of Plaintiffs' motion for leave to amend, or on any assumption that certain asserted patents are no longer at issue absent formal dismissal or stipulation.  Moreover, Defendant does not agree that Plaintiff has suffered any prejudice necessitating the extension in view of the fact that Barnes & Thornberg are the ONLY patent attorneys on this case for the Plaintiff, and just made a request appearance, pro hac vice, December 16, 2025.

1

If you circulate a narrowly tailored stipulation extending the December 29 deadline by ten days, we will review it promptly.  Alternatively, if includes too much, I agree that the administrative motion to extend will be the course.

## 2. Asserted Patents and Pending Motion to Amend

We also discussed Plaintiffs' pending motion for leave to amend the complaint to narrow the asserted patents. As stated on the call, Defendant's position remains that until claims are formally dismissed or withdrawn through an operative pleading, stipulation, or notice, they remain part of the case for purposes of the Local Patent Rules.

Nothing in today's discussion should be construed as a waiver of Defendant's rights or positions regarding:

- The propriety of Plaintiffs' procedural approach;
- The continued assertion of patents currently pled;
- Any defenses, counterclaims, or fee-shifting remedies available under applicable law.

## 3. Draft Stipulation

As discussed, Plaintiffs' explained they only seek to assert U.S. Patent No. 8,637,061 and would like to remove from this case claims relating to U.S. Patent Nos. 8,142,803; 8,178,132; 8,178,118; or 8,163,301. In light of that position, Defendant believes the most straightforward and judicially efficient approach is for the parties to **formally dismiss those four patents now by stipulation, r**ather than continuing to carry them procedurally while a motion is pending.

To that end, Defendant has prepared and attached a stipulation providing for:

- Plaintiffs' voluntary dismissal **without prejudice** of all causes of action in the Initial Complaint relating to the four non-asserted patents; and
- Defendant's reciprocal dismissal **without prejudice** of its counterclaims to the extent they relate solely to those same patents.

This approach ensures that:

- No party suffers any prejudice;
- The pleadings are immediately aligned with Plaintiffs' stated intent;
- There is no need for further motion practice on this issue; and
- The case proceeds cleanly and efficiently on the remaining patent and claims.

We are prepared to sign and file the attached stipulation **today**. If Plaintiffs are agreeable, please let us know and we will promptly finalize execution and submission to the Court.

We believe this resolves the issue in the simplest and most practical manner and avoids unnecessary expenditure of party or judicial resources.

Regards,

\--

**Raj Abhyanker**
Partner



call:       1-650-390-6461
email:     raj@legalforcelaw.com
Linkedin: https://www.linkedin.com/in/thepatentattorney/

Connect: https://meetings.hubspot.com/raj-abhyanker



LegalForce RAPC Worldwide
Professional Law Corporation
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040 United States

www.legalforcelaw.com

About **LegalForce RAPC Worldwide** - LegalForce RAPC Worldwide is a leading general practice law firm special
the diverse needs of individuals, businesses, and institutions worldwide.   The firm created the Trademarkia.com

This electronic transmission contains information which is confidential and/or privileged. The information is intended for use only by th
entity named above. If you are not the intended recipient (or the employee or agent responsible for delivering this information to the int
you are hereby notified that any use, dissemination, distribution, or copying of this communication is prohibited. If you have received th
error, please notify me by electronic mail and delete all copies of the transmission. Thank you.

RAJ V. ABHYANKER,
California SBN 233,284
Email: raj@legalforcelaw.com

**LEGALFORCE RAPC
WORLDWIDE, P.C.**
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone: (650) 965-8731

Attorney for Defendant
MANDO INTERNATIONAL LLC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC., a California corporation, and THREOTECH LLC, a Nevada limited liability company, | Case No. CV-25-cv-05871-FLA-JPR |
| Plaintiffs, | Hon. Judge Fernando L. Aenlle-Rocha |
| V. | **STIPULATION AND [PROPOSED] ORDER** |
| MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION, a Texas limited liability company, | DISMISSING CERTAIN CAUSES OF ACTION FROM INITIAL COMPLAINT |
| Defendant. | |

1
Stipulation and [Proposed] Order

**RECITALS**

1. **WHEREAS**, on June 27, 2025, Plaintiffs Neurocentria, Inc. and ThreoTech LLC ("Plaintiffs") filed the Complaint for Patent Infringement (ECF No. 1) (the "Initial Complaint");

2. **WHEREAS**, the Initial Complaint asserted ten (10) causes of action for patent infringement, including claims for direct and contributory infringement of U.S. Patent Nos. **8,142,803; 8,178,132; 8,178,118; and 8,163,301**;

3. **WHEREAS**, on November 21, 2025, Plaintiffs filed their proposed First Amended Complaint (ECF No. 64-1) (the "Proposed FAC");

4. **WHEREAS**, the Proposed FAC asserts patent infringement claims only as to **U.S. Patent No. 8,637,061**, and does not reassert any claims for infringement of U.S. Patent Nos. **8,142,803; 8,178,132; 8,178,118; or 8,163,301**; and

5. **WHEREAS**, the parties desire to streamline the pleadings and clarify the operative claims in this action.

**STIPULATION**

6. **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs Neurocentria, Inc. and ThreoTech LLC and Defendant Mando International, LLC d/b/a Kappa Nutrition ("Defendant"), through their respective counsel of record, as follows:

7. Plaintiffs hereby voluntarily dismiss **Counts Three through Ten** of the Initial Complaint, which asserted claims for direct and contributory infringement of **U.S. Patent Nos. 8,142,803; 8,178,132; 8,178,118; and 8,163,301**, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

8. The dismissal of Counts Three through Ten of the Initial Complaint is

WITHOUT PREJUDICE.

9. This stipulation does not affect Plaintiffs' remaining claims asserted in the Proposed First Amended Complaint, including claims relating to **U.S. Patent No. 8,637,061**, trademark infringement, false advertising, unfair competition, or breach of contract.

10. In view of the forgoing and in consideration thereto, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Defendant/Counterclaimant Mando International, LLC d/b/a Kappa Nutrition Labs ("Kappa") hereby stipulates to voluntarily dismiss WITHOUT PREJUDICE **Count II (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,142,803)** against Neurocentria, Inc., ThreoTech LLC, and AIDP, Inc.; **Count III (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,178,132)** against Neurocentria, Inc. and ThreoTech LLC; **Count IV (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,178,118)** against Neurocentria, Inc., ThreoTech LLC, and AIDP, Inc.; **Count V (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,163,301), Count VI (Declaratory Judgment of Patent Invalidity) and Count VII (Inequitable Conduct / Fraud on the USPTO)** to the extent those counterclaims are based on or relate to **U.S. Patent Nos. 8,142,803; 8,178,132; 8,178,118; and 8,163,301,** against Neurocentria, Inc. and ThreoTech LLC, each as asserted in Kappa's Answer, Affirmative Defenses, and Counterclaims.

11. These dismissals are intended solely to eliminate counterclaims relating to patents no longer asserted by Plaintiffs and do not affect, waive, or limit Kappa's counterclaims in Counts VI and VII insofar as they relate to **U.S. Patent No.**

Stipulation and [Proposed] Order

**8,637,061**, which remains at issue in this action.

12. Each party shall bear its own attorneys' fees and costs associated with the dismissed causes of action.

Dated: December 22, 2025            LEGALFORCE RAPC WORLDWIDE P.C.


_____/s/ Raj Abhyanker_____
Raj Abhyanker
Attorney for Plaintiff:
Mando International, LLC


Dated: December 22, 2025            LEGALFORCE RAPC WORLDWIDE P.C.


_____/s/_____
Jeffrey S. Gavenman
Attorney for Plaintiff:
Mando International, LLC

Stipulation and [Proposed] Order

**SERVICE LIST**

*Attorneys for*
*Comercializadora VNA, S.A.*
*De C.V*

Jeffrey S. Gavenman
Schulman Bhattacharya, LLC
6116 Executive Blvd., Suite 425
North Bethesda, MD 20852
240-356-8550
Fax: 240-356-8558
Email: jgavenman@schulmanbh.com
LEAD ATTORNEY
PRO HAC VICE

James J. Schaller
Schulman Bhattacharya, LLC
6116 Executive Blvd., Suite 425
North Bethesda, MD 20852
240-356-8550
Fax: 240-356-8558
Email: jschaller@schulmanbh.com
LEAD ATTORNEY
PRO HAC VICE

Sang N Dang
Fortis LLP
650 Town Center Drive, Suite 1530
Costa Mesa, CA 92626
714-839-3800
Fax: 714-795-2995
Email: sdang@fortislaw.com

Jeremy Schulman
Schulman Bhattacharya, LLC
6116 Executive Blvd., Suite 425
North Bethesda, MD 20852
240-356-8550
Fax: 240-356-8558
Email: jschulman@schulmanbh.com
PRO HAC VICE

5

Stipulation and [Proposed] Order

ATTORNEY TO BE NOTICED

Salvatore Picariello
Fortis LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
714-418-5837
Email: spicariello@fortislaw.com

John W. Cox
Barnes & Thornburg LLP
3340 Peachtree Rd NE, Suite 2900
Atlanta, GA 30326
Email: john.cox@btlaw.com

Lauren U. Baker
Barnes & Thornburg LLP
3340 Peachtree Rd NE, Suite 2900
Atlanta, GA 30326
Email: lauren.baker@btlaw.com

6
Stipulation and [Proposed] Order