# Exhibit C

| | |
|---|---|
| **From:** | Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> |
| **Sent:** | Monday, March 2, 2026 12:32 PM |
| **To:** | Raj Abhyanker |
| **Cc:** | Schulman, Jeremy; Schaller, Jake; Kornilova, Anna; Cox, John W.; Baker, Lauren; Sal Picariello (Fortis LLP); Sang Dang (Fortis LLP) |
| **Subject:** | [EXTERNAL] RE: Dr. Beran Rebuttal Report and Deposition Timing |

Raj,

Do not remove the other lawyers from these email chains. All you are doing is creating extra work for me (because I have to forward your emails) and for you (who has to take the time to delete the other email addresses). I will also say, you appear to be trying to excuse your past misdeeds by suggesting they are the result of corresponding with multiple lawyers on our side. Such a position is extraordinarily baseless. First, even if all the emails came from me, you would receive the same number of emails, and have the same burden of response; whether those email come from me, John, Sal, or others, makes no difference to your workload or otherwise. Second, your frivolous, vexatious, and baseless positions (as already determined by the Court), your failure to meet deadlines, and other problematic behavior have, quite literally, nothing to do with receiving emails from more than one person. Any attempt to argue otherwise with the Court will be met with strong opposition, and we will explain to the Court why such a position is – as with many of your previous positions – frivolous and baseless.

Regarding claim construction, you again have a fundamental misunderstanding of how patent litigation proceeds and/or are deliberately trying to unnecessarily burden our client and the Court in violation of the Federal Rules, Local Rules, and Scheduling Order, including by relying on expert testimony on matters unrelated to claim construction in your claim construction briefing. As the Scheduling Order states, fact discovery is open and the parties are proceeding through claim construction. Reliance on experts (*i.e.*, opinion) outside of claim construction at this stage is premature and improper. We will move to strike any such efforts and include them in our pursuit of sanctions against you.

Moreover, you have now confirmed that Defendant is advancing a construction of magnesium threonate found nowhere in Defendant's untimely December 19 exchange. Accordingly, we reserve the right to move to preclude Defendant's current construction and to include your change in position and untimely filings required by the Scheduling Order in, *inter alia*, our March 20 filing.

To be clear, Plaintiffs do not agree to that construction—our position is clearly provided in the claim construction exchanges and joint statement, as well as in response to your purported reliance on inventor testimony. Unlike Defendant, our position has remained the same as required by the Scheduling Order and consistent with acceptable practice in patent cases. Your continued insistence on asking for additional explanation on what has been already clearly laid out for you has been a troubling pattern throughout this litigation, and unnecessarily, inappropriately, increases our burden and our clients' legal fees.

We have also been clear with respect to Dr. Beran, despite you ignoring our response (or simply failing to understand it) and expressly rejecting our attempt to keep this case moving pursuant to the Court's

Orders, Federal Rules, and Local Rules, which is particularly surprising in view of the Court's Order to Show Cause (Dkt. 107).  Accordingly, your continued correspondence with respect to claim construction has become wholly unproductive—you are harassing us and it must stop.

Absent Defendant reverting to its constructions provided on December 19 and withdrawal of reliance on purported experts in support of Defendant's claim construction position, we consider any further correspondence related to claim construction to be unproductive and will seek appropriate relief from the Court.

Regarding your early motion for summary judgment and your Second Amended Counterclaims, you are once again continuing down the path of vexatious, frivolous, baseless claims. Again, it is clear that, despite the Court's finding that most of your actions and arguments to date are frivolous, without merit, and vexatious, that you intend to continue such behavior unabated.  I, once again, ask, and suggest, that you rethink that intention, and note that we will not hesitate to bring your continuing vexatious, bad faith actions to the Court's attention.

Regards,
Jeff


**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**
1775 I Street, N.W., 6th floor | Washington | DC 20006-2401
Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Saturday, February 28, 2026 1:57 PM
**To:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>
**Subject:** Re: Dr. Beran Rebuttal Report and Deposition Timing


**CAUTION: This email was sent by someone outside of the Firm.**


Jeff,

Per Dkt 32, discovery is open now and is open through September 18, 2026.

The definition we have proposed in the joint statement is "
A magnesium salt of threonic acid, including L-threonic acid magnesium that occurs naturally in the human body"

We asked your co-counsel to stipulate to that definition because it tracks Dr. Liu's deposition testimony. He declined. We also asked for any alternative definition consistent with Dr. Liu's testimony. None was provided.

If Plaintiffs now agree to the definition above, please confirm. If not, please identify the language you contend accurately reflects Dr. Liu's testimony so we can address it directly.

Absent agreement, depositions on this claim construction issue are necessary.

Separately, we do not understand discovery at this stage to be limited solely to claim construction. The Scheduling Order does not impose such a limitation. If that is Plaintiffs' position, please identify the authority supporting it.

With respect to expert discovery, Defendant disclosed reliance on expert testimony from:

## VI. EXTRINSIC EVIDENCE AND EXPERT TESTIMONY
Defendant relies on expert testimony from:

- 
- 
- Dr.
- Sara Adams, Ph.D. (pharmacology / formulation science)
- 
- 
- 
- 
- 
- Dr.
- Naveen Ziari, Ph.D. (chemistry / biochemical compounds)
- 

This extends beyond claim construction.  Though they are our witnesses, we have a right to do that, and ask them questions that relate to the facts and issues in this case.

3

You have indicated that Dr. Beran is a rebuttal witness to Dr. Adams and Dr. Ziari. Will you be providing his rebuttal report ahead of the depositions? When can we expect that?

The First Amended Notice of Deposition limits examination to rebuttal topics consistent with that designation, including the scientific meaning of "magnesium threonate," in vivo formation, dissociation, coordination chemistry, prior art context, and the bases for his rebuttal opinions:

## **TOPICS OF DEPOSITION**

Topics asked in this deposition will include, but shall not be limited to:

1.

2.

3. Your

4. education, training, research focus, publications, and professional experience in relation to solid-state chemistry, coordination chemistry, and in vivo or biological systems, to the extent relevant to your opinions in this case.

5.

6.

7.

8. The

9. opinions expressed in your rebuttal report concerning the construction and scientific meaning of "magnesium threonate," including the bases for those opinions.

10.

11.

12.

13. Whether

14. "magnesium threonate," as used in the patent and in scientific literature, encompasses naturally occurring magnesium–threonate complexes, isolated crystalline salts, or both.

15.

16.

17.

18. The

19. scientific principles underlying in vivo formation, dissociation, re-formation, or equilibrium binding of magnesium and L-threonate to the extent relevant to the meaning of the claim term.

20.

21.

22.

23. The

24. scientific distinction, if any, between manufactured magnesium L-threonate salts and magnesium–threonate complexes formed in vivo.

The relevance of the 1998 prior art and the 2003 provisional application to your understanding of the scientific meaning and scope of "magnesium threonate."

The materials you reviewed, assumptions you made, and methodologies applied in forming your rebuttal opinions.

Any opinions you hold concerning whether the scientific terminology used in the patent is consistent with how a person of ordinary skill in the art would understand "magnesium threonate."

Whether your construction of "magnesium threonate" depends on solid-state properties, crystallinity, or isolation of a particular salt form, and whether such characteristics are required by the patent claims.

Whether the term "magnesium threonate" has a single, well-established meaning in chemistry, or whether it may encompass multiple coordination states, stoichiometries, or equilibrium species.

Whether your interpretation excludes any species or complexes that would be understood by a person of ordinary skill in the art to fall within the term "magnesium threonate."

Whether

59. your opinions assume that magnesium and L-threonate must be pre-bonded prior to ingestion, and the scientific basis for any such assumption.

60.

61.

62.

63. Any

64. limitations in your expertise or experience relating to in vivo biological chemistry, mineral metabolism, or aqueous coordination chemistry, to the extent relevant to your construction opinions.

65.

66.

If Plaintiffs believe any aspect of the notice exceeds the permissible scope of rebuttal, please identify the specific topic at issue so that we can address it promptly.

Finally, Defendant anticipates filing an early motion for summary judgment addressing invalidity of all five patents originally asserted, along with related issues. Consistent with the Court's February 24 order, Defendant intends to seek declaratory judgment relief in its forthcoming Second Amended Counterclaims.

Defendant intends to rely on the sworn declarations and deposition testimony of its experts in support of its anticipated motion for summary judgment. Formal expert reports will be served in accordance with the Court's scheduling order.

We would like to meet and confer regarding the anticipated motion during the fourth week of March. Please let us know your availability.

Raj

On Sun, Mar 1, 2026 at 3:11 AM Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com> wrote:

Raj,

Regarding your request below related to Dr. Beran, expert reports are not due until September and October; to the extent we use Dr. Beran as an expert on issues beyond claim construction (*e.g.,* infringement, validity), you can expect his report(s) then.  (*See* DI 32.)

To be clear, the case is currently proceeding through claim construction.  Defendant has submitted declarations from two purported experts in connection with its claim construction positions.  We have

6

disclosed Dr. Beran as a possible rebuttal expert (*i.e.,* to rebut purported evidence offered by Dr. Ziari and Ms. Adams).  Accordingly, to the extent we intend to rely on Dr. Beran to support Plaintiffs' claim construction positions (*e.g.,* rebut either Defendant's claim construction positions or purported evidence in support of Defendant's claim construction positions), we will submit a declaration with our claim construction briefing.

Our question now is what construction is Defendant proposing for magnesium threonate?  Specifically, does Defendant believe the term should be given its plain and ordinary meaning or is Defendant actually advancing a construction of the term (and, if so, what is that construction)?  We ask, notwithstanding the parties' current interest to limit the dispute to the single term of magnesium threonate, because Defendant's position has shifted over time (*e.g.*, on December 19, Defendant proposed giving the term "magnesium threonate" its plain and ordinary meaning before proposing a different construction on January 19).

Depending on your response to the questions above, we may be able to resolve the claim construction dispute and negate the need for the March depositions.  If not, however, and further to John's separate email on Thursday (02/26/26), we object to your attempts to seek discovery during the March depositions outside the scope of their declarations or otherwise not specifically limited to the construction of magnesium threonate.  Absent confirmation that Defendant will so limit its discovery efforts, we reserve the right to move for the appropriate remedies, including protective orders.  To be clear, the case is proceeding through claim construction and fact discovery, so attempts at expert discovery not limited to claim construction is premature and improper; as noted above, expert discovery (*e.g.*, opening and rebuttal reports directed to infringement and validity and the accompanying depositions) does not begin for several months.  (*See* DI 32.)

Regards,

Jeff

**Jeff Gavenman** | Partner

**Hughes Hubbard & Reed LLP**
1775 I Street, N.W., 6th floor |  Washington | DC 20006-2401
Office +1 (202) 721-4686 | Cell +1 (240) 962-4618
jeffrey.gavenman@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Raj Abhyanker <raj@legalforcelaw.com>
**Sent:** Thursday, February 26, 2026 5:27 PM
**To:** Cox, John W. <John.Cox@btlaw.com>
**Cc:** Gavenman, Jeff <jeffrey.gavenman@hugheshubbard.com>; Sal Picariello (Fortis LLP) <spicariello@fortislaw.com>; Schaller, Jake <jake.schaller@hugheshubbard.com>; Jeremy Schulman <jschulman@schulmanbh.com>; Kornilova, Anna <anna.kornilova@hugheshubbard.com>; Baker, Lauren <Lauren.Baker@btlaw.com>; Sang Dang (Fortis LLP) <sdang@fortislaw.com>; Legal Admin (Fortis LLP) <legaladmin@fortislaw.com>; Litigation Support <litigation@trademarkia.com>
**Subject:** Dr. Beran Rebuttal Report and Deposition Timing

**CAUTION: This email was sent by someone outside of the Firm.**

John,

We have not yet received Dr. Beran's written rebuttal report. Please confirm when we can expect service of his Rule 26(a)(2)(B) report.

Given that his deposition will necessarily be based on the opinions and bases disclosed in that report, please also confirm that his deposition will occur after the report has been served in compliance with Rule 26.

If not, we need to reschedule.

Raj

On Fri, Feb 27, 2026 at 9:20 AM Raj Abhyanker <raj@legalforcelaw.com> wrote:

Opposing counsel and Veritext,

Attached is a first amended notice of deposition, to narrow issues and topics. The date and time doesn't change.  Please find attached herewith :

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE FIRST AMENDED NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b) and 26(b)(4)(A), Defendant Mando International LLC will take the oral deposition of Dr. Gregory Beran (the "Deponent," "You," or "Your") in the above-entitled action. The deposition will be taken before a court reporter authorized to administer oaths under the laws of the United States.

Date: Friday, March 20, 2026

Time: 10:30 AM, Pacific Standard Time

Location: 2029 Century Park E, #300, 90067 Los Angeles

The deposition will not exceed four (4) hours of total testimony on the record and will be limited to matters within the scope of your designation as a testifying rebuttal expert in this action.

YOU ARE FURTHER NOTIFIED that the deposition testimony will be stenographically recorded and may also be audio- and video-recorded by a certified court reporter and/or videographer or by counsel. The deposition may be used for any purpose permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: February 27, 2026             LEGALFORCE RAPC WORLDWIDE P.C.


_____/s/ Raj Abhyanker_____
Raj Abhyanker
Attorney for Plaintiff:
Mando International LLC

Veritext, we would like this stenographically (not video) recorded.  Schedule and confirm.  It shouldn't take long, perhaps 3 or 4 hours, not seven.


Raj

9