Raj V. Abhyanker, California SBN 233284
raj@legalforcelaw.com
LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:      (650) 965-8731
Facsimile:      (650) 989-2131

Attorneys for Defendant,
Mando International, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC., a California corporation, THREOTECH LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> V. <br><br> MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION LABS, a Texas limited liability company <br><br> Defendant and Counterclaimant <br><br> NEUROCENTRIA, INC., a California corporation, THREOTECH LLC, a Nevada limited liability company, and AIDP, INC., a California corporation. <br><br> Counter-Defendants. | Case No. CV-25-cv-05871-FLA-MAR <br><br> Hon. Judge Fernando L. Aenlle-Rocha <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST TO CONTINUE MAY 15, 2026 HEARING ON MOTION FOR SANCTIONS (DKT. 178)** |

1
DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST TO
CONTINUE MAY 15, 2026 HEARING (DKT. 178)
CASE NO.: CV-25-cv-05871-FLA-MAR

1. Defendant Mando International, LLC ("Defendant") opposes Plaintiffs' Request to Continue the May 15, 2026 hearing on Plaintiffs' April 13 Motion for Sanctions (Dkt. 178) on three grounds.

**I. The Request Is a Motion Disguised as a Notice**

2. Plaintiffs style their filing as a "Request" rather than a motion. But it seeks affirmative relief from the Court--a continuance of a scheduled hearing date--which is by definition a motion. L.R. 7-2 provides that "[t]he provisions of this rule shall apply to motions, applications, petitions, orders to show cause, and all other proceedings except a trial on the merits (all such being included within the term 'motion' as used herein)." A request to continue a hearing is a motion regardless of what label a party attaches to it. Styling it as a "Request" does not exempt it from the procedural requirements that govern motions in this District.

3. This Court's Standing Order addresses continuances at Section V.H: "The court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored." (Dkt. 16 at 17.) The Standing Order requires that "a request to continue or extend the date of any matter before this court must be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support and a showing of due diligence, requests continuing dates will not be approved." (Id.) Continuance requests must "include[] a detailed declaration of the grounds for the requested

DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST TO CONTINUE MAY 15, 2026 HEARING (DKT. 178) CASE NO.: CV-25-cv-05871-FLA-MAR

continuance." (*Id.*)

## II. Plaintiffs Did Not Comply with L.R. 7-3

4. Because the Request is functionally a motion, it is subject to L.R. 7-3. That rule requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." L.R. 7-3.

5. No telephonic or in-person conference occurred before Plaintiffs filed this Request. The Magistrate Judge's Standing Order on Discovery Disputes is explicit: "Emails and written correspondence may supplement, but shall not replace, required telephonic and/or in-person conferences of counsel." To the extent Plaintiffs rely on email correspondence as evidence of conferral, email exchanges do not satisfy L.R. 7-3. "Pro forma or perfunctory email exchanges shall not be considered adequate pre-filing conferences of counsel." (Id.)

6. This Court's Standing Order warns: "The court may strike or deny a motion if counsel fail to meet and confer in good faith." (Dkt. 16 at 6.) Plaintiffs' failure to conduct a telephonic or in-person conference before filing this Request is particularly notable given that Plaintiffs have now failed to comply with L.R. 7-3 before filing Dkt. 178 (this Request).

DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST TO CONTINUE MAY 15, 2026 HEARING (DKT. 178)
CASE NO.: CV-25-cv-05871-FLA-MAR

7.      Just three months ago, Plaintiffs themselves devoted an entire subsection of their February 13, 2026 Opposition (Dkt. 103 at 7–9) to arguing that Defendant's Rule 11 motion should be denied for the identical failure, characterizing non-compliance with L.R. 7-3 as "bad-faith and willfully uncooperative behavior" that "should not be tolerated or rewarded." (Dkt. 103 at 8.) Plaintiffs cannot demand strict L.R. 7-3 compliance from Defendant while exempting themselves from the same requirement across three consecutive filings.

**III. The Continuance Should Be Denied on the Merits**

8.      Defendant has already filed its opposition to the underlying Motion for Sanctions (Dkt. 161). The May 15 hearing date has been set since the motion was filed on April 13, 2026. Plaintiffs have had over three weeks to prepare for the hearing. Granting a continuance would further delay resolution of a sanctions motion that Defendant contends is meritless and that has already consumed substantial time and resources from both the parties and the Court.

9.      This Court's Standing Order provides: "Counsel shall avoid submitting requests for continuance or extension of time less than five (5) business days prior to the expiration of the scheduled date. A request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of due diligence." (Dkt. 16 at 17–18.) Plaintiffs filed this Request on May 8--five business days before the May 15 hearing--at

4

DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST TO
CONTINUE MAY 15, 2026 HEARING (DKT. 178)
CASE NO.: CV-25-cv-05871-FLA-MAR

the outer edge of the Standing Order's diligence threshold.

10.    The case already has three pending sanctions proceedings: the Court's OSC (Dkt. 107), the claim construction sanctions motion (Dkt. 161), and the vexatious litigant motion (Dkt. 170). None has been adjudicated. Continuing the May 15 hearing further delays resolution and perpetuates the serial sanctions practice that is itself preventing this case from reaching the merits. Defendant opposes the continuance and respectfully requests that the Court proceed with the May 15 hearing as scheduled.

## II.  CONCLUSION

11.    For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Request to Continue (Dkt. 178) and proceed with the May 15, 2026 hearing as scheduled or on the papers.

Dated: May 8, 2026                    Respectfully submitted,
                                      LEGALFORCE RAPC
                                      WORLDWIDE P.C.


                                      /s/ Raj V. Abhyanker_____
                                      Raj V. Abhyanker
                                      Attorney for Defendant and
                                      Counterclaimant:
                                      Mando International, LLC

DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST TO
CONTINUE MAY 15, 2026 HEARING (DKT. 178)
CASE NO.: CV-25-cv-05871-FLA-MAR

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Mando International, LLC, certifies that this brief contains 811 words, which complies with the word limit of L.R. 11-6.1.  In addition, the page length complies with Judge Rocha's standing order Section III on Motions - General Requirements, which states "Replies shall not exceed 4,200 words **or** fifteen (15) pages for handwritten briefs and briefs prepared using a typewriter."

Dated: May 8, 2026

                                Respectfully submitted,
                                LEGALFORCE RAPC
                                WORLDWIDE P.C.

                                /s/ Raj Abhyanker
                                Raj V. Abhyanker
                                Attorney for Defendant and
                                Counterclaimant:
                                Mando International, LLC

DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST TO CONTINUE MAY 15, 2026 HEARING (DKT. 178)
CASE NO.: CV-25-cv-05871-FLA-MAR