RAJ V. ABHYANKER,
California SBN 233,284
Email: raj@legalforcelaw.com

**LEGALFORCE RAPC WORLDWIDE, P.C.**

1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:  (650) 965-8731

Attorney for Defendant
MANDO INTERNATIONAL LLC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC., a California corporation, and THREOTECH LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION, a Texas limited liability company,<br><br>Defendant.<br>v.<br>AIDP, INC.,<br><br>Third-Party Defendant. | Case No. 2:25-cv-05871-FLA-MAR<br><br>Hon. Judge Fernando L. Aenlle-Rocha<br><br>**DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO LOCAL RULES 83-7 AND 83-8, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER**<br><br>Hearing:    June 5, 2026<br><br>Time:    1:30 p.m.<br><br>Courtroom:  6B, 6th Floor<br>Hon. Fernando L. Aenlle-Rocha |

1
DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

**TABLE OF AUTHORITIES**

**I. INTRODUCTION**                                                                  **1**

I.  Plaintiffs' Motion Should Be Denied for Failure to Comply with the Meet-and-Confer Requirements of L.R. 7-3, the Court's Standing Order, and the Magistrate Judge's Standing Order                        3

A. Local Rule 7-3                                                                       3

B. The Court's Standing Order (Dkt. 16)                                                 5

C. The Magistrate Judge's Standing Order                                                5

D. Plaintiffs Failed to Satisfy Any of These Requirements                               6

E. The April 18 Email Offering 1,000 Words Does Not Satisfy the Meet-and-Confer Requirement                                                           7

F. Plaintiffs' Own Prior Filing Demands Denial of This Motion                           8

**II. Plaintiffs' Stale Exhibit Misrepresents Mando's Current Corporate Status to This Court**                                                          **10**

**III. Serial Sanctions Practice Is Itself Multiplying the Proceedings**     **12**

**IV. The Specific Conduct Plaintiffs Cite Does Not Support Sanctions**   **13**

A. The Stricken Motions to Dismiss Were Filed in Good Faith                             13

B. The Word-Limit Motion and the Omitted Email                                         15

C. Discovery Obligations Are Mutual--and Plaintiffs Have Not Produced a Single Document                                                                  16

D. The Service Issues Arose from Circumstances Beyond Counsel's Control                                                                                18

E. The Missed L.R. 7-9 Deadline Was a Calendaring Error                                 19

F. The L.R. 7-3 Allegations Against Defendant Are Factually Disputed                    19

G. The Remaining Allegations Recycle Conduct Already Before the Court                   20

**V. The Vexatious Litigant Designation Is Inappropriate**                   **20**

**VI. The Legal Standards for Sanctions Are Not Met**                        **22**

**V. CONCLUSION**                                                            **23**

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

# TABLE OF AUTHORITIES

**CASES**

*Fink v. Gomez,*
239 F.3d 989, 992 (9th Cir. 2001) .......................................................... 20

*Graham v. E.I. du Pont de Nemours, Inc.,*
No. 2:25-cv-06135-FLA (SKX), (C.D. Cal. Jan. 6, 2026) ....................... 20

*In re Keegan Management Co., Securities Litigation,*
78 F.3d 431, 436 (9th Cir. 1996) ............................................................ 22

**STATUTES**

28 U.S.C. § 1927 .............................................................................. 13, 20
Tex. Tax Code § 171.254 ................................................................. 11, 12
Tex. Tax Code § 171.313 ................................................................. 11, 12

**LOCAL RULES**

C.D. Cal. Local Rule 7-3 ............................. 1,2, 3, 4, 5,6,8 9, 18, 21
C.D. Cal. Local Rule 7-9 .............................................................. 6, 7, 17
C.D. Cal. Local Rule 11-6.1 ................................................................ 14
C.D. Cal. Local Rule 83-7 ............................................................... 9, 20
C.D. Cal. Local Rule 83-8 ........................................................... 4, 19, 20

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

# I. INTRODUCTION

1. This is Plaintiffs' third sanctions-related submission in four months. The Court's Order to Show Cause (Dkt. 107) remains pending. Plaintiffs' first Motion for Sanctions regarding claim construction (Dkt. 161) remains pending. Before either has been adjudicated, Plaintiffs now file a second Motion for Sanctions (Dkt. 170) seeking the most extreme remedies available: a vexatious litigant designation under L.R. 83-8, a security bond, and a pre-filing approval requirement that would prohibit Defendant from filing any offensive motion without leave of Court.

2. The Motion should be denied on threshold procedural grounds alone. Plaintiffs did not comply with the meet-and-confer requirements of Local Rule 7-3, this Court's Standing Order (Dkt. 16 at 6), or the Magistrate Judge's Standing Order on Discovery Disputes. Mr. Cox's own declaration, the most detailed account of the parties' meet-and-confer history, describes no telephonic or in-person conference after April 3, 2026, twenty-five days before the Motion was filed. (Cox Decl. ¶¶ 1–16.) The majority of the conduct Plaintiffs cite as sanctionable occurred after April 3 and could not have been discussed at that conference. The Magistrate Judge's Standing Order is explicit: "Emails and written correspondence may supplement, but shall not replace, required telephonic and/or in-person conferences of counsel." Mr. Gavenman's April 18 email offering 1,000 additional words is exactly the kind of email exchange the Standing Order says is

1

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

insufficient. Most remarkably, just three months ago, Plaintiffs themselves argued at length that Defendant's Rule 11 motion should be denied for the identical failure devoting an entire subsection of their February 13, 2026 Opposition (Dkt. 103 at 7–9) to arguing that L.R. 7-3 compliance "is not optional," that Defendant's failure to meet and confer was "bad-faith and willfully uncooperative behavior," and that such failure warranted both denial and counter-sanctions. (Id. at 8, 18–19.) Plaintiffs cannot demand strict L.R. 7-3 compliance from Defendant while exempting themselves from the same requirement.

3. The Motion also contains a representation to this Court that is demonstrably false. Plaintiffs devote an entire subsection to Mando's Texas charter status, attaching as Exhibit 18 a screenshot dated March 23, 2026, showing the charter as "Forfeited existence." Mr. Gavenman declares under penalty of perjury on April 28, 2026, that the exhibit "indicates Kappa's entity status was: 'Forfeited Existence.'" (Gavenman Decl. ¶45.) What neither Mr. Gavenman nor Plaintiffs' Motion discloses is that *Mando was reinstated on April 17, 2026--eleven days before Plaintiffs filed this Motion.* The same Texas Secretary of State page, as of April 28, 2026, shows Entity Status: "In existence" with a reinstatement filing dated April 17, 2026. (See Abhyanker Decl. ¶5, **Ex. A.**) A party seeking sanctions for misrepresentations to the Court should not itself present stale information as a current fact.

2

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

4. On the merits, each of Plaintiffs' remaining allegations either mischaracterizes the record, recycles conduct already before the Court in the pending OSC, or describes ordinary litigation disputes that do not rise to sanctionable conduct. And the Motion itself is doing exactly what Plaintiffs accuse Defendant of: multiplying the proceedings, imposing unnecessary costs, and diverting the parties and the Court from the merits. Plaintiffs' seven attorneys across three law firms have now generated multiple separate sanctions proceedings while the case remains at the motion-to-dismiss stage. The serial pursuit of sanctions is itself vexatious.

## II. ARGUMENT

**I. Plaintiffs' Motion Should Be Denied for Failure to Comply with the Meet-and-Confer Requirements of L.R. 7-3, the Court's Standing Order, and the Magistrate Judge's Standing Order**

5. Three independent sources impose pre-filing meet-and-confer obligations on parties in this action, and Plaintiffs complied with none of them before filing this Motion.

### A. Local Rule 7-3

6. Local Rule 7-3 requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

potential resolution. The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion". Plaintiffs identify two conferences: February 17 and April 3, 2026. (Mot. at 2.) The Motion was filed April 28--twenty-five days after the last conference.

7. L.R. 7-3 further requires that if the parties cannot resolve the issues, "counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and *the position of each party with respect to each disputed issue that will be the subject of the motion.*" The rule warns: "*Failure to include such a declaration may result in the motion being denied.*" Neither the Gavenman Declaration nor the Cox Declaration sets forth the position of each party with respect to each disputed issue in this Motion, because no conference on those issues occurred. The Cox Declaration describes the April 3 conference in detail but addresses only claim construction topics and a handful of other issues; it does not address the vexatious litigant designation, the bond requirement, the pre-filing approval request, the stricken motions to dismiss, the word-limit motion, the Texas charter, or the 119-topic deposition notice. (Cox Decl. ¶ 8-13.) The Motion should be denied for this independent reason as well.

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

8. Local Rule 7-4 reinforces this requirement: "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." Plaintiffs' Motion does not meet the requirements of L.R. 7-3.

**B. The Court's Standing Order (Dkt. 16)**

9. This Court's Standing Order reinforces and expands the L.R. 7-3 requirement. Section III.B provides: "Counsel must comply with Local Rule 7-3, which requires counsel to engage in a *pre-filing conference* 'to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution.'" (Dkt. 16 at 6 (emphasis added).) The Standing Order further provides: "Counsel shall discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the court. Counsel shall resolve minor procedural or other non-substantive matters during the conference." (Id.) Most critically, the Standing Order warns: "*The court may strike or deny a motion if counsel fail to meet and confer in good faith.*" (Id.)

**C. The Magistrate Judge's Standing Order**

10. Magistrate Judge Rocconi's Standing Order on Discovery Disputes, which governs meet-and-confer obligations in this case--imposes an additional and critical requirement at Paragraph 2: "*Emails and written correspondence may supplement, but shall not replace, required telephonic and/or in-person conferences of counsel to resolve discovery disputes.*" The

5

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

Order further provides: "*Pro forma or perfunctory email exchanges shall not be considered adequate pre-filing conferences of counsel.*"

**D. Plaintiffs Failed to Satisfy Any of These Requirements**

11. The April 3, 2026, meet-and-confer addressed the claim construction sanctions motion (Dkt. 161), not this Motion. Mr. Cox's own declaration filed in support of this Motion (Dkt. 170-1) confirms this: his declaration describes the April 3 conference in detail and identifies the specific topics discussed, but describes no subsequent conference of any kind at any time between April 3 and April 28. (Cox Decl. ¶¶ 8–13.) Twenty-five days elapsed between the last telephonic or in-person conference and the filing. No L.R. 7-3 conference occurred in that window. (Abhyanker Decl. ¶¶ 3–5.)

12. The majority of the conduct Plaintiffs cite in this Motion occurred after April 3 and could not have been discussed at either conference. The Court's Order striking the motions to dismiss was entered on April 14. The word-limit motion was filed on April 21. The latest AIDP service attempt occurred on April 17. The demand letter was sent on March 31. The missed L.R. 7-9 deadline involved a filing on March 31. The 119-topic deposition notice was served after April 3. None of these episodes was discussed in any telephonic or in-person conference. (Abhyanker Decl. ¶¶ 3–5.)

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

**E. The April 18 Email Offering 1,000 Words Does Not Satisfy the Meet-and-Confer Requirement**

13. Plaintiffs may point to Mr. Gavenman's April 18, 2026, email, which offered 1,000 additional words for the consolidated motion to dismiss as evidence of conferral. It is not. The Magistrate Judge's Standing Order is explicit: "Emails and written correspondence may supplement, but shall not replace, required telephonic and/or in-person conferences of counsel." The April 18 email was not a telephonic conference. It was not an in-person conference. It was a written offer embedded in an email exchange in which Mr. Gavenman had spent the preceding four days refusing to engage on the substance of the word-limit issue while demanding answers to unrelated questions about whether Defendant had recorded the April 3 phone call. (See Abhyanker Decl. ¶ 6, **Ex. B**.)

14. Moreover, the April 18 email addressed only the word-limit issue, one of more than a dozen topics in this Motion. It did not address, and could not constitute conferral on, the vexatious litigant designation, the bond requirement, the pre-filing approval request, the Texas charter issue, the discovery disputes, the service issues, the L.R. 7-9 deadline, the demand letter, the deposition notice, or any other topic in this Motion. Even if the email could somehow substitute for a telephonic conference which the Magistrate Judge's Order says it cannot, it would satisfy the meet-and-confer requirement as to only one issue out of many.

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

15. Plaintiffs' own Motion quotes L.R. 7-3's requirement that the conference occur "at least 7 days prior to the filing of the motion." (Mot. at 17.) Plaintiffs devote an entire subsection of this very Motion to criticizing Defendant's compliance with L.R. 7-3. (Mot. at 17–18.) Yet Plaintiffs filed a motion seeking to declare opposing counsel a vexatious litigant, one of the most severe remedies available--without the telephonic or in-person pre-filing conference that L.R. 7-3, this Court's Standing Order, and the Magistrate Judge's Standing Order all require. The Court "may strike or deny a motion if counsel fail to meet and confer in good faith." (Dkt. 16 at 6.) This Motion should be stricken or denied on this threshold ground alone.

**F. Plaintiffs' Own Prior Filing Demands Denial of This Motion**

16. The irony of Plaintiffs' L.R. 7-3 failure is not merely that they criticize Defendant's meet-and-confer compliance in this very Motion. It is that *Plaintiffs themselves successfully argued for denial of Defendant's earlier Rule 11 motion on the identical ground they now violate.*

17. In their February 13, 2026, Opposition to Defendant's Motion for Sanctions (Dkt. 103), Plaintiffs devoted an entire subsection, Section III.A.2, titled "Kappa Did Not Comply with Local Rule 7-3" - to arguing that Defendant's Rule 11 motion should be denied for failure to meet and confer. (Dkt. 103 at 7–9.) Plaintiffs quoted L.R. 7-3 in full. (Id. at 7.) Plaintiffs quoted this Court's Standing Order at page 6, including the warning that "[t]he court may strike or deny a motion if counsel fail to meet and confer in good faith." (Id. at 7–8.) Plaintiffs quoted the Scheduling

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

Order's requirement that "parties are required under Local Rule 7-3 to meet and confer to attempt to resolve disputes before filing a motion." (Id. at 8.) Plaintiffs cited three cases in which motions were denied for L.R. 7-3 failures: *Martin v. Tradewinds Beverage Co.*, No. 16-CV9249 PSG (MRW), 2018 WL 6074526 (C.D. Cal. Mar. 13, 2018); *Calco v. Ossur Americas, Inc.*, No. SACV 22-01-971-CJC, 2024 WL 694369 (C.D. Cal. Jan. 19, 2024); *Cerelux Ltd. v. Yue Shao*, No. CV 17-02909-MWF, 2017 WL 4769459 (C.D. Cal. June 9, 2017). (Dkt. 103 at 9.)

18. Plaintiffs argued that "compliance with the Local Rules is not optional" and that L.R. 7-3 is not "just a piece of petty pedantry put down to trip up lawyers." (Dkt. 103 at 8 (quoting *Calco*).) Plaintiffs characterized Defendant's failure to meet and confer as "bad-faith and willfully uncooperative behavior" that "should not be tolerated or rewarded." (Id.) Plaintiffs even sought counter-sanctions under L.R. 83-7 for Defendant's failure to comply with L.R. 7-3, arguing that the failure was "grossly negligent and/or reckless." (Dkt. 103 at 18–19.)

19. Plaintiffs are now before this Court with their own sanctions motion seeking far more extreme relief than Defendant sought in the Rule 11 motion, having committed the identical procedural failure they successfully argued warranted denial and counter-sanctions just two months earlier. Every word Plaintiffs wrote at Dkt. 103 about the importance of L.R. 7-3 applies with equal force to their own Motion at Dkt. 170. If "[c]ompliance with the Local Rules is not optional" for Defendant, it is not optional for Plaintiffs. If Defendant's failure to meet and confer was "bad-faith and

9

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

willfully uncooperative behavior," then Plaintiffs' failure to meet and confer on the majority of the conduct in this Motion, including a vexatious litigant designation, a security bond, and a pre-filing approval requirement, is the same. The Court should apply the same standard Plaintiffs demanded and deny this Motion.

## II. Plaintiffs' Stale Exhibit Misrepresents Mando's Current Corporate Status to This Court

20. Plaintiffs' Motion devotes an entire subsection to the assertion that Mando's Texas charter was forfeited in 2022, characterizing this as "yet another example of Respondents' improper conduct, false statements, and generally problematic approach to this litigation." (Mot. at 21.) In support, Plaintiffs attach Exhibit 18, a screenshot of the Texas Secretary of State's website bearing a timestamp of March 23, 2026, 4:49 PM. That screenshot shows Entity Status: "Forfeited existence."

21. What Plaintiffs' Motion does not disclose, and what Exhibit 18 conceals by its stale date, is that *Mando was reinstated on April 17, 2026, eleven days before Plaintiffs filed this Motion.* The same Texas Secretary of State page, as of April 28, 2026, shows Entity Status: "In existence," with a Reinstatement filing dated April 17, 2026, at document number 1578236520003. (See Abhyanker Decl. ¶¶ 5, **Ex. A**.)

22. Mr. Gavenman's declaration compounds the problem. He declares

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

under penalty of perjury on April 28, 2026, that his Exhibit 18 "indicates Kappa's entity status was: 'Forfeited Existence.'" (Gavenman Decl. ¶45.) He does not disclose that the exhibit is a five-week-old screenshot. He does not disclose that the entity was reinstated on April 17. He does not disclose that the same page, on the date he signed his declaration, showed "In existence." The natural and intended reading of Gavenman Decl. ¶45. Is that Mando's status currently forfeited? That is false.

23. Mr. Cox's declaration confirms that Plaintiffs knew about the forfeiture as early as March 23, the date of the Exhibit 18 screenshot. Yet Mr. Cox does not mention the charter issue among the topics discussed at the April 3 meet-and-confer. (Cox Decl. ¶¶ 8–16.) Plaintiffs knew about the forfeiture for at least five weeks before filing this Motion, did not raise it with Defendant at any point during that period, and then presented a stale screenshot to this Court as though it reflected the current status, after the issue had already been cured.

24. Under Texas Tax Code §§ 171.254 and 171.313, reinstatement of a forfeited entity relates back to the date of forfeiture. "If a request is made, the secretary of state shall determine if each delinquent report has been filed and any delinquent tax, penalty, or interest has been paid. If each report has been filed and the tax, penalty, or interest has been paid, the secretary shall set aside the forfeiture of the corporation's charter or certificate of authority." Tex. Tax Code § 171.313. The retroactive relation-back doctrine means the company is considered to have been in continuous existence

throughout the forfeiture period, and all corporate acts during that period are validated. Mando's reinstatement on April 17 cured the forfeiture retroactively to June 24, 2022. There is no charter issue. (Abhyanker Decl. ¶ 4.)

25. Plaintiffs chose to file this lawsuit against Mando in June 2025, three years after the forfeiture. Plaintiffs' seven attorneys across three law firms did not identify or raise the charter issue at any point during nine months of active litigation until this Motion. Texas charter status is publicly available on the Texas Comptroller's website. Mando is the *defendant* in this action. Plaintiffs brought Mando into this Court. Arguing that the entity Plaintiffs chose to sue should now be sanctioned for defending itself, based on a corporate status issue that was cured before the sanctions motion was even filed, is inequitable.

**III. Serial Sanctions Practice Is Itself Multiplying the Proceedings**

26. Plaintiffs have now filed or participated in three separate sanctions proceedings: the Court's OSC (Dkt. 107), which remains pending; a Motion for Sanctions regarding claim construction (Dkt. 161), seeking over $200,000; and this Motion (Dkt. 170), seeking a vexatious litigant designation, a bond, and pre-filing approval. None has been adjudicated. The case remains at the motion-to-dismiss stage. The docket now exceeds 170 entries.

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

27. Plaintiffs' stated concern is that Defendant's conduct has "prevented the parties and the Court from focusing on the merits." (Mot. at 6.) But it is Plaintiffs who have devoted substantial briefing across multiple separate sanctions filings totaling nearly 80 pages to collateral conduct disputes rather than the merits. Plaintiffs' Motion expressly incorporates the OSC Reply (Dkt. 139) and the prior Sanctions Motion (Dkt. 161) "as if fully set forth herein." (Mot. at 2 n.2.) This is not supplementation; it is multiplication. Repackaging the same conduct across three filings does not make it more sanctionable; it makes the filings themselves vexatious. The fees Plaintiffs incur preparing serial sanctions motions are self-inflicted costs, not costs caused by Defendant. The Court should consider whether Plaintiffs' serial sanctions practice is itself the conduct that is "unreasonably and vexatiously multiplies the proceedings." 28 U.S.C. § 1927.

**IV. The Specific Conduct Plaintiffs Cite Does Not Support Sanctions**

**A. The Stricken Motions to Dismiss Were Filed in Good Faith**

28. Defendant filed two motions to dismiss the First Amended Complaint because they addressed two different Plaintiffs asserting different causes of action with almost no substantive overlap. The ThreoTech motion (Dkt. 119, 6,734 words) addressed chain-of-title defects, TMLA invalidity, and ownership standing. The Neurocentria motion (Dkt. 118, 5,278 words) addressed personal jurisdiction, patent eligibility under § 101, and lack of

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

commercial competition. Each independently complied with the 7,000-word limit under L.R. 11-6.1. The §101 analysis alone, covering the patent specification, the inventor's admission that "we did not invent the molecule," the Alice/Mayo framework, prosecution history, and a pending USPTO reexamination, has no overlap with the ThreoTech motion's APEX Agreement and chain-of-title arguments.

29. The Court struck the motions without briefing and directed consolidation. (Dkt. 163.) Defendant immediately complied: on the same day the Order was entered, Defendant attempted to reach all seven of Plaintiffs' attorneys by telephone, sent a detailed written proposal with a draft stipulation, and offered availability to confer. (See Abhyanker Decl. ¶6, **Ex. B**.) Plaintiffs' counsel refused to engage substantively for four days while demanding answers to unrelated questions about phone recordings. (Id.) Neither the Standing Order's Rule 12 provisions nor L.R. 11-6.1 expressly prohibits separate motions; the one-motion limitation appears only in the summary judgment section. (Dkt. 16 at 8–9.)

30. Plaintiffs request fees for opposing both stricken motions. But Plaintiffs' substantive arguments are recyclable into their consolidated opposition with minimal additional work; the underlying claims and defenses have not changed. The marginal incremental cost is negligible.

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

**B. The Word-Limit Motion and the Omitted Email**

31. Plaintiffs argue that Defendant's word-limit motion declaration omitted Mr. Gavenman's April 18 email offering 1,000 additional words. The declaration's purpose was to document Plaintiffs' refusal for four days to engage on the substance of the word-limit request while posing unrelated questions. (Se Abhyanker Decl. ¶6, **Ex. B**.) Between April 14 and April 18, Mr. Gavenman refused to provide availability to confer, while Defendant repeatedly offered specific times and asked only to discuss the word-limit issue. (*Id.*)

32. The April 18 email came after that four-day period of non-engagement. It offered 1,000 additional words, insufficient to address the consolidation of two motions totaling 12,012 words, and was conditioned on reciprocal terms. Plaintiffs refused to confer for four days, and the eventual offer did not address the scope of the problem. The complete correspondence, including the April 18 email, is now before the Court. (See Abhyanker Decl. ¶ 6, **Ex. B**.)

**C. Discovery Obligations Are Mutual--and Plaintiffs Have Not Produced a Single Document**

33. Plaintiffs assert that Defendant has not produced a single document in six months. What Plaintiffs omit is that *Plaintiffs have likewise not produced a single document* in response to Defendant's discovery requests,

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

which have been outstanding since November 5, 2025. As of the date of Plaintiffs' Motion, neither side had produced documents. This is a mutual discovery impasse, not a one-sided failure. Plaintiffs have likewise not produced a single document in response to Defendant's discovery requests. Attached hereto as **Exhibit C** is a true and correct copy of email correspondence between counsel and me for Plaintiffs regarding written discovery timing, discovery obligations, and proposed production schedules dated March 16, 2026, through April 15, 2026. (See Abhyanker Decl. ¶ 8, **Ex. C**.) Attached hereto as **Exhibit D** is a true and correct copy of email correspondence between counsel and me for Plaintiffs regarding discovery obligations, document production timing, interrogatory responses, and meet-and-confer discussions dated April 14, 2026, through April 16, 2026.(See Abhyanker Decl.¶ 9, **Ex. D**)

34.Attached hereto as **Exhibit E** is a true and correct copy of email correspondence between counsel and me for Plaintiffs regarding outstanding written discovery, proposed discovery coordination procedures, and disputes concerning document production and interrogatory responses dated April 16, 2026, through April 20, 2026. (See Abhyanker Decl. ¶10, **Ex. E**) Attached hereto as **Exhibit F** is a true and correct copy of email correspondence between counsel and me for Plaintiffs regarding clarification of outstanding discovery requests, alleged deficiencies in discovery responses, requests to narrow discovery, and related meet-and-confer efforts dated April 20, 2026, through April 22, 2026,

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

including attached discovery requests and related materials.(See Abhyanker Decl. ¶11, **Ex. F**)

35. Attached hereto as **Exhibit G** is a true and correct copy of follow-up email correspondence between counsel and me for Plaintiffs regarding outstanding discovery requests, objections, and requests for clarification concerning written discovery obligations dated April 22, 2026, through April 23, 2026.(See Abhyanker Decl. ¶12, **Ex. G**)

36. Plaintiffs' sanctions narrative omits the bilateral discovery-coordination record. Defendant repeatedly attempted to coordinate mutual discovery obligations and production timing. **Exhibits C through G** show that, from March 16 through April 23, Defendant raised written discovery timing, document-production obligations, interrogatory responses, proposed production schedules, outstanding discovery, and requests to narrow or clarify disputed issues. Plaintiffs rejected Defendant's proposed bilateral process, including Defendant's April 16 proposal for a "comprehensive call . . . to go through all the discovery both sides are obligated to produce," and Defendant's April 20 proposal for mutual summaries of outstanding discovery and a joint production schedule. Having refused Defendant's attempts to coordinate reciprocal production, Plaintiffs cannot credibly seek sanctions based on alleged non-production while ignoring their own failure to produce documents in response to Defendant's discovery requests. (See Abhyanker Decl. ¶¶ 7–12, **Exs. C–G.**)

17

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

37. Plaintiffs' characterization of Defendant's withdrawal of interrogatories is similarly incomplete. Defendant's initial discovery requests were expressly limited to jurisdictional issues by Instruction No. 1. Plaintiffs' own counsel advised Defendant that the requests were moot and that Defendant "if you want to submit revised written discovery requests." (Gavenman Decl. Ex. 15.) Defendant withdrew them and served new requests addressing the operative claims. This was an adaptation to the changed procedural posture, exactly what Mr. Gavenman himself suggested. (See Abhyanker Decl. ¶¶ 8–12, **Exs. C–G**.)

## D. The Service Issues Arose from Circumstances Beyond Counsel's Control

38. AIDP's registered agent for service of process was Edward Lee. Mr. Lee passed away unexpectedly on March 2, 2026. The initial proof of service (ECF 140) was prepared by a process server, not by counsel and contained an error identifying Mr. Lee as the person served. When Plaintiffs' counsel identified the error, Defendant corrected the proof of service and arranged for additional service attempts. Service was ultimately accomplished on April 17, 2026 (ECF 167), and Plaintiffs acknowledge they "do not intend to contest it." (Mot. at 20.) Process server errors caused by the unexpected death of a registered agent are not attorney misconduct, and Plaintiffs' own concession that service was achieved renders this issue moot.

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

**E. The Missed L.R. 7-9 Deadline Was a Calendaring Error**

39. Defendant acknowledges that its opposition to Plaintiffs' motion to dismiss the SACC was filed four days late. This was a calendaring error by a solo practitioner litigating against seven attorneys at three law firms. It was not bad faith. Defendant promptly acknowledged the error and sought Plaintiffs' cooperation. No prejudice resulted: the hearing proceeded as scheduled, and Plaintiffs filed their reply within the time permitted. Calendaring errors by solo practitioners are not sanctionable absent evidence of willfulness. The resource disparity in this case, one attorney against seven, is a relevant context the Court should consider.

**F. The L.R. 7-3 Allegations Against Defendant Are Factually Disputed**

40. Plaintiffs allege that Defendant's March 6, 2026, phone calls concerned a motion to stay, not the motions to dismiss. Mr. Gavenman cites a voicemail referencing a "motion to stay." (Gavenman Decl. ¶21.) In fact, the motion to stay and the motions to dismiss were interrelated; the proposed stay was premised on the pending motions to dismiss, and the March 6 calls were intended to discuss both. A meet-and-confer telephone call on March 9 did occur, at which both topics were discussed. Regardless, a dispute about the precise scope of a phone call is not sanctionable misconduct.

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

## G. The Remaining Allegations Recycle Conduct Already Before the Court

41. The NDCA filing, the anti-SLAPP argument, the Rule 11 motion withdrawal, the citation error, and the prior litigation history have all been fully briefed in the pending OSC (Dkts. 108, 139, 143) and the prior sanctions motion (Dkts. 161). Plaintiffs expressly incorporate those filings "as if fully set forth herein." (Mot. at 2 n.2.) There is nothing new to address. The Court will resolve those issues when it rules on the OSC and Dkt. 161.

## V. The Vexatious Litigant Designation Is Inappropriate

42. Local Rule 83-8 is designed to address serial filers who abuse the judicial process through repetitive, meritless litigation, typically pro se plaintiffs filing substantially identical lawsuits after adverse rulings. See *Graham v. E.I. du Pont de Nemours, Inc.,* No. 2:25-cv-06135-FLA (SKX), 2026 WL 40833, at (C.D. Cal. Jan. 6, 2026) (noting that plaintiffs had "brought the duplicative claims asserted in this action (Case No. 2:25-cv-06135-FLA (SKx), the "Second Central District Action") on at least five occasions (collectively, the "Actions")" and ordering them to show cause why they should not be declared vexatious litigants). This case presents the opposite situation. Mando is the *defendant.* It did not choose this forum or initiate this litigation. Plaintiffs brought Mando into this Court

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

and have since expanded the case through a First Amended Complaint, adding non-patent claims. Mando's responsive filings, motions to dismiss, counterclaims, and discovery are the ordinary defensive conduct of a party exercising its rights under the Federal Rules.

43. Declaring a defendant's counsel a vexatious litigant and requiring pre-filing approval for motions would effectively deny Mando due process in a case Plaintiffs filed. It would prevent Mando from filing motions to dismiss, discovery motions, or any other affirmative filing without first seeking the Court's permission, creating an asymmetry in which Plaintiffs can file freely while Defendant must petition for the right to respond. That is not what L.R. 83-8 was designed to accomplish.

44. The bond requirement is similarly inappropriate. Bonds under L.R. 83-8 are designed to secure costs against litigants who may incur future costs awards. There is no finding of costs owed. There is no basis for concluding Mando would fail to pay any future award. Imposing a bond on a defendant that is actively defending against claims would chill the exercise of legitimate litigation rights.

## VI. The Legal Standards for Sanctions Are Not Met

45. Sanctions under 28 U.S.C. § 1927 require a finding that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" through "recklessness or bad faith." *In re Keegan Mgmt. Co.,*

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

*Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "A specific finding of bad faith must precede any sanction under the court's inherent powers." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). L.R. 83-7(a) requires willful, grossly negligent, or reckless conduct; subsection (b) requires bad faith or willful disobedience of a court order.

46. Filing two motions to dismiss, addressing different Plaintiffs with different claims, is a defensible interpretation of rules that do not expressly prohibit it. A calendaring error on a deadline is not bad faith. A process server's error on a proof of service is not attorney misconduct. Adapting discovery requests to changed pleadings is ordinary case management. Proposing bilateral production schedules that opposing counsel rejects is cooperation, not obstruction. And presenting a stale screenshot to the Court showing a corporate status that had already been cured, as Plaintiffs have done here, is the conduct that should give this Court pause, not Defendant's responsive litigation.

**V. CONCLUSION**

47. Plaintiffs filed this Motion without conducting the telephonic or in-person pre-filing conference on a large percentage of issues in this motion required by L.R. 7-3, this Court's Standing Order, and the Magistrate Judge's Standing Order--the same procedural failure Plaintiffs themselves argued warranted denial and counter-sanctions when Defendant committed it two months earlier. (Dkt. 103 at 7–9, 18–19.)  Mr. Cox's own

22

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

declaration confirms no conference occurred after April 3--twenty-five days before filing. Mr. Gavenman's April 18 email does not satisfy the requirement; the Magistrate Judge's Standing Order is explicit that email exchanges "shall not replace" required conferences. Plaintiffs presented a five-week-old screenshot of Mando's Texas charter status to this Court, declaring under penalty of perjury that the entity's status "was: 'Forfeited Existence,'" without disclosing that Mando had been reinstated eleven days before the Motion was filed. Plaintiffs have not produced a single document in response to discovery requests outstanding since November 2025. And Plaintiffs have now generated three separate sanctions proceedings totaling nearly 80 pages of briefing while the case remains at the motion-to-dismiss stage.

48. The serial pursuit of sanctions, not Defendant's responsive litigation conduct, is what is preventing this case from proceeding on the merits. For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion in its entirety.

Respectfully Submitted: May 11, 2026

Respectfully submitted,
LEGALFORCE RAPC
WORLDWIDE P.C.

/s/ Raj V. Abhyanker
Raj V. Abhyanker
Attorney for Defendant:
Mando International, LLC

23
DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

## LOCAL RULE 7-3 CERTIFICATION

Pursuant to Local Rule 7-3 and this Court's Standing Order (Dkt. 16 at 6), Defendant certifies that Plaintiffs did not conduct a telephonic or in-person pre-filing conference with Defendant regarding the substance of this Motion at any time after April 3, 2026. The majority of the conduct cited in Plaintiffs' Motion occurred after that date and was never discussed in any conference. No conference was conducted regarding a vexatious litigant designation, a bond requirement, or pre-filing approval. The Magistrate Judge's Standing Order on Discovery Disputes provides that "emails and written correspondence may supplement, but shall not replace, required telephonic and/or in-person conferences of counsel" and that "pro forma or perfunctory email exchanges shall not be considered adequate pre-filing conferences of counsel." No telephonic or in-person conference occurred.

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this opposition brief contains 5075 words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order (ECF No. 16).


Dated: May 11, 2026

                                        Respectfully submitted,
                                        LEGALFORCE RAPC WORLDWIDE P.C.


                                        /s/ Raj V. Abhyanker
                                        Raj V. Abhyanker
                                        Attorney for Defendant:
                                        Mando International, LLC

DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO.: 2:25-cv-05871-FLA-MAR