Sang Dang, Esq. (SBN 214558)
  sdang@fortislaw.com
Salvatore Picariello, Esq. (SBN 190442)
  spicariello@fortislaw.com
FORTIS LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
Telephone: 714-839-3800
Facsimile: 714-795-2994

John Cox
(Admitted *Pro Hac Vice)*
  John.Cox@btlaw.com
Lauren U. Baker
(Admitted *Pro Hac Vice*)
  lauren.baker@btlaw.com
BARNES & THORNBURG LLP
3340 Peachtree Rd NE, Suite 2900
Atlanta, GA 30326
Telephone: 404-264-4036
Facsimile:  404-264-4033

Jeffrey Gavenman
(Admitted *Pro Hac Vice*)
jeffrey.gavenman@hugheshubbard.com
Jeremy Schulman
(Admitted *Pro Hac Vice*)
jeremy.schulman@hugheshubbard.com
James Schaller
(Admitted *Pro Hac Vice*)
jake.schaller@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, DC 20006
Telephone: 202-721-4600
Facsimile: 202-721-4646

Attorneys for Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. and THREOTECH LLC and Third-Party Defendant, AIDP, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC. and THREOTECH LLC,<br><br>     Plaintiffs/Counterclaim Defendants,<br><br>     v.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION,<br><br>     Defendant/Counterclaim Plaintiff,<br><br>     v.<br><br>AIDP, INC.,<br><br>     Third-Party Defendant. | Case No. 2:25-cv-05871-FLA-MAR<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES**<br><br>**DISCOVERY MATTER**<br><br>Hearing:      June 17, 2026<br>Time:       11:00 a.m. PST<br>Courtroom: 790, 7th Floor<br>Judge:      Hon. Margo A. Rocconi<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 5, 2027<br>Trial Date: March 9, 2027 |

**TO THE COURT AND TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Wednesday, June 17, 2026, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Margo A. Rocconi of the United States District Court for the Central District of California, located at the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street Los Angeles, California 90012, Courtroom 790, 7th Floor, Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. and THREOTECH, LLC (the "Plaintiffs") will, and hereby do, move the Court for an order compelling Defendant/Counterclaim Plaintiff MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION LABS ("Kappa") to, within 14 days of such order:

1.    Produce all responsive documents as set forth in the Joint Stipulation submitted concurrently with this Motion, including those documents that Kappa was obligated to produce pursuant to the Patent Rules;

2.    Serve full and complete revised responses to Plaintiffs' Requests (as that term is defined in the Motion), without relying on any confidentiality or trade secret objections, as set forth in the Joint Stipulation; and

3.    Produce a privilege log.

**PLEASE TAKE FURTHER NOTICE** that Plaintiffs will, and hereby do, seek reasonable costs and expenses incurred in the preparation of this Motion, including attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5).

Plaintiffs' Motion is based upon this Notice, the Joint Stipulation, the Declaration of Jeffrey Gavenman (the "Gavenman Decl.") filed herewith; the pleadings and papers on file in this matter; and upon all such other matters as may be presented to the Court at the hearing.

Dated: May 15, 2026

**HUGHES HUBBARD & REED LLP**

By: /s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman (admitted *pro hac vice*)

*Counsel for Plaintiffs/Counterclaim Defendants*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   BACKGROUND .......................................................................................... 6

  A.   Plaintiffs' Background ..................................................................... 6

    1.   Plaintiffs Serve Requests on Kappa ..................................... 6

    2.   Kappa Serves Deficient Discovery Responses and Does Not Produce a Single Document ................................................... 6

    3.   Despite the Objections in its Responses, Kappa Takes a Diametrically Different Position on Confidentiality When Plaintiffs Attempt to Negotiate a Protective Order ..................... 8

    4.   Plaintiffs Commence the Motion to Compel Process; Parties Meet and Confer; Kappa Commits to Producing Documents ......... 9

    5.   Kappa's Discovery to Plaintiffs ........................................... 10

    6.   Motion to Compel ................................................................ 13

    7.   Kappa Produces a Handful of Documents ............................ 14

III.  ARGUMENT ............................................................................................. 15

  A.   This Court Should Enter an Order for Kappa to Comply with Its Discovery Obligations and Obligations Pursuant to the Patent Rules ........................................................................................... 15

    1.   Kappa Must Produce Documents and Supplement Responses ............................................................................. 15

    2.   Privilege Log ....................................................................... 17

  B.   This Court Should Award Attorneys' Fees Incurred in Connection with this Motion ....................................................................... 18

IV.   CONCLUSION ......................................................................................... 21

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*GovernmentGPT Inc. v. Axon Enter. Inc.*,
   No. CV-24-01869-PHX-SMB, 2025 WL 4080457 (D. Ariz. Apr. 3, 2025) ...............................................................................................2

*LegalForce RAPC Worldwide P.C. v. MH Sub I*,
   LLC, No. C 24-00669 WHA, 2025 WL 3675365 (N.D. Cal. Dec. 18, 2025) ...............................................................................................2

*Nextdoor, Inc. v. Abhyanker*,
   Case No. 12-cv-05667-EMC, 2021 WL 1263973 (N.D. Cal. April 6, 2021) ............................................................................................2, 16

*Richmark Corp. v. Timber Falling Consultants*,
   959 F.2d 1468 (9th Cir. 1992) ......................................................................8

*Talbots Pharms. Fam. Prods. LLC v. Skanda Grp. of Indus., LLC*,
   No. 2:24-cv-09007-TJH-MAR, 2025 WL 2092810 (C.D. Cal. Mar 18, 2025) ...............................................................................................8

*Walker v. Lakewood Condo. Owners Ass'n*,
   186 F.R.D. 584 (C.D. Cal. 1999)...........................................................11, 20

**Statutes and Rules**

Fed. R. Civ. P. 26.......................................................................................12

Fed. R. Civ. P. 26(b)(5) .............................................................................17

Fed R. Civ. P. 33........................................................................................12

Fed. R. Civ. P. 33(a)(1)........................................................................11, 20

Fed. R. Civ. P. 33(b)(2) ...........................................................................2, 7

Fed. R. Civ. P. 34(b)(2)(A)......................................................................2, 7

Fed. R. Civ. P. 36(a)(3)............................................................................2, 7

Fed. R. Civ. P. 37(a)(5)(A) .........................................................................18

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

Fed. R. Civ. P. 37(a)(5)(A)(i) ................................................................................18

Fed. R. Civ. P. 37(a)(5)(A)(ii) ..............................................................................18

Fed. R. Civ. P. 37(a)(5)(A)(iii) .............................................................................19

L.R. 37 ....................................................................................................15, 16, 20

L.R. 37-1 ........................................................................................3, 4, 13, 18

L.R. 37-2 .....................................................................................................4, 13

L.R. 37-2.1 ..................................................................................................4, 13

L.R. 37-2.2 .................................................................................................*passim*

L.R. 37-2.4 ........................................................................................................2

L.R. 37-2.4(b) ......................................................................................2, 5, 14

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. ("Neurocentria") and THREOTECH, LLC ("ThreoTech" and, together with Neurocentria, "Plaintiffs") hereby submit this Motion to Compel Discovery and for Attorneys' Fees (the "Motion") and in support thereof state as follows:

## I.    INTRODUCTION

Defendant/Counterclaim Plaintiff MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION LABS ("Kappa") and its counsel, Raj Abhyanker (collectively, the "Respondents") are nothing but consistent in their bad-faith litigation conduct, and such conduct has already drawn this Court's scrutiny. Specifically, Judge Aenlle-Rocha determined that Respondents have "engag[ed] in improper, harassing, and bad faith conduct, that has caused unnecessary delay and increased the cost of litigation needlessly, including by," among other things, "making false representations and frivolous arguments to this court" and "repeatedly filing then withdrawing motions and counterclaims after Plaintiffs filed opposition briefs or otherwise incurred litigation expenses." ECF 107 at 4. Accordingly, the Court issued an Order to Show Cause as to why Respondents should not be sanctioned. ECF 107 at 3-4.[1,2]

---

[1] The Court's Order to Show Cause has been fully briefed (*see* ECF 108, 139, 149).

[2] Separately, due to Respondents' numerous vexatious actions during the claim construction process (including untimely and continuously evolving claim construction positions, multiple unnecessary filings, advancement of frivolous arguments and false testimony, and objectively unreasonable positions), Plaintiffs filed a Motion for Sanctions on April 13, 2026. ECF 161. Numerous additional instances of, and the totality of, Respondents' bad faith, vexatious behavior incited Plaintiffs to file an additional Motion for Sanctions on April 28, 2026. The hearing on these motions is scheduled for June 5, 2026. Not surprisingly, in discovery, Kappa has engaged in the same vexatious, bad-faith conduct it has exhibited throughout this litigation.

1

Given Respondents' pattern of vexatious litigation conduct in this case and others,[3] it should surprise no one that Kappa has failed to comply with its discovery obligations in good faith, including by failing to produce a single document for more than six months after its responses to Plaintiff's requests for production were due. As more fully set forth in the Declaration of Jeffrey Gavenman filed concurrently herewith in support of the Motion (the "Gavenman Decl."), and the Joint Stipulation also filed concurrently herewith,[4] Kappa compounded the harm of its failure to produce a single document by engaging in blatant gamesmanship to try to obfuscate its discovery failures. *See, e.g.*, Gavenman Decl., ¶ 13-18.

Specifically, on October 21, 2025, Plaintiffs served Interrogatories, Requests for Production of Documents, and Requests for Admission ("Plaintiffs' Requests"). Kappa's responses to Plaintiffs' Requests were due on November 21, 2025 pursuant to Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3), respectively. Kappa, which neither sought nor received an extension of its deadline, did not respond until December 8, 2025 – 17 days late. By virtue of its failure to respond timely, Kappa waived all objections.

Despite that waiver, Kappa asserted blanket confidentiality (and other) objections to virtually every single one of Plaintiffs' Requests and refused to provide information or produce documents in the absence of a protective order. *See* Gavenman Decl., Ex. 2

---

[3] Abhyanker's behavior is not limited to this lawsuit, and his vexatious and bad-faith litigation is the very hallmark of his strategy. Indeed, several Courts across the country have already sanctioned, enjoined, or otherwise remarked upon Abhyanker's bad faith, dishonest behavior. *See GovernmentGPT Inc. v. Axon Enter. Inc.*, No. CV-24-01869-PHX-SMB, 2025 WL 4080457, at *2 (D. Ariz. Apr. 3, 2025); *LegalForce RAPC Worldwide P.C. v. MH Sub I,* LLC, No. C 24-00669 WHA, 2025 WL 3675365, at *12 (N.D. Cal. Dec. 18, 2025); *Nextdoor, Inc. v. Abhyanker*, Case No. 12-cv-05667-EMC, 2021 WL 1263973 at *3 (N.D. Cal. April 6, 2021).

[4] As more fully detailed in the Gavenman Decl. and herein, Kappa failed to comply with its obligation "to provide the opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2." *See* L.R. 37-2.4(b). Gavenman Declaration, ¶ 35. As such, Plaintiffs are filing this Motion pursuant to L.R. 37-2.4.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

at 8; 12-19; 21-25; Ex. 3 at 3; 6-63; Ex. 4 at 8; 11-22. Remarkably, however, when the parties began negotiating the terms of a protective order, Abhyanker suddenly took the position that no protective order was necessary because Kappa had **not** been asked to produce any confidential documents. Gavenman Decl., Ex. 5 at 2 (Abhyanker stating on January 26, 2026, that Kappa is "not aware of any materials it has been asked to produce that require confidential or highly confidential treatment"); *see also id*. at 5. When Plaintiffs attempted to clarify the glaring incongruity between that position and Kappa's discovery responses, Abhyanker continued to resist the entry of a protective order and asked Plaintiffs to direct him to the specific requests at issue (Gavenman Decl., Ex. 5 at 1) – apparently unfamiliar with his own, ubiquitous objection. Eventually, Abhyanker relented, and the parties stipulated to a protective order on February 3, 2026. ECF 100.

However, Respondents still failed to produce any documents. As such, on March 9, 2026, Plaintiffs sent a L.R. 37-1 letter (the "March 9 Letter"), outlining the wholly deficient responses to Plaintiffs' Requests as well as Kappa's failure to produce certain necessary documents in connection with this Court's Patent Standing Order. [5] Gavenman Decl., Ex. 6. At the March 16 Meet-and-Confer (defined below) regarding the March 9 Letter, Kappa committed to producing all responsive documents by May 1, 2026. Gavenman Decl., ¶ 14.

That commitment was short-lived. On April 16, 2026, Kappa advised Plaintiffs it would not meet the agreed-upon production deadline and instead proposed a multi-hour "working session" to address issues already addressed in the March 9 Letter, the April 8 Letter, and the March 16 Meet-and-Confer. *See* Gavenman Decl., Ex. 8 at 2. No such sessions were necessary, of course, as Kappa's obligations had been clearly identified, and Kappa had already agreed to a production timeline.

---

[5] Plaintiffs also served a follow-up letter on April 8, 2026 (the "April 8 Letter"). *See* Gavenman Decl., Ex. 7.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

Kappa attempted to combine its months-long discovery failures into a broader discussion regarding discovery responses that Plaintiffs had timely *served on Kappa that day.* Those responses are *not* the subject of this Motion and cannot be used by Kappa as a pretext to delay addressing Kappa's six-month-long failure to comply with its discovery obligations.

After May 1, 2026 came and went without any production from Kappa, Plaintiffs began preparations for filing this Motion.[6] Plaintiffs prepared their portions of the Joint Stipulation pursuant to L.R. 37-2 (specifically, L.R. 37-2.1 and 37-2.2). Gavenman Decl., ¶ 33. On May 8, 2026, Plaintiffs sent the Joint Stipulation with all relevant attachments to Abhyanker. *Id.* The copy of the Joint Stipulation that is submitted concurrently with this Motion is the exact copy of the document transmitted to Kappa on May 8, 2026. In the transmission email, Plaintiffs' counsel requested that Mr. Abhyanker "Please complete Kappa's portions of the Joint Stipulation as provided for in L.R. 37-2.1 and 37-2.2 and return to us by May 15, 2026." Gavenman Decl., Ex. 19.

Instead of supplying Kappa's portions of the Joint Stipulation as Kappa was obligated to do pursuant to L.R. 37-2.2, on the same day it received the Joint Stipulation (on May 8, 2026), Mr. Abhyanker sent Plaintiffs' counsel a letter. *See* Gavenman Decl., Ex. 20. In the letter, Mr. Abhyanker disingenuously stated that no L.R. 37-1 meet-and-confer occurred (fully ignoring the March 16 Meet-and-Confer at which he promised to produce document by May 1, 2026). Moreover, Mr. Abhyanker again attempted to recast Kappa's six-month-long noncompliance as a mutual discovery issue; completely ignoring the fact that Kappa remains more than six months delinquent in its discovery obligations, while Plaintiffs had just timely served their responses on April 15, 2026.

Mr. Abhyanker did indicate that "[t]o the extent Plaintiffs proceed notwithstanding the unresolved Local Rule 37-1 deficiency identified in Section I

---

[6] By this point, Plaintiffs had, of course, already complied with L.R. 37-1 by sending the March 9 Letter and holding the March 16 Meet-and-Confer.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

above, please include this letter, in full and without alteration, as Defendant's portion of the Joint Stipulation, and please attach the following email correspondence as exhibits to the Joint Stipulation..." Gavenman Decl., Ex. 20 at 5. Plaintiffs have attached Mr. Abhyanker's full letter, with all attachments, to the Gavenman Decl. as Ex. 20.

Mr. Abhyanker's May 8, 2026 letter is not a substitute for Kappa's "portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position." *See* L.R. 37-2.2. Thus, Mr. Abhyanker "failed to provide the opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2." L.R. 37-2.4(b); *see also* Gavenman Declaration, ¶ 35.

On Tuesday, May 12, 2026, in a transparent attempt to avoid motion to compel practice, Kappa made its belated first document production – such as it was. Kappa produced just eight documents in one PDF, including two near-duplicate printouts of the same Amazon listing. The production consists almost entirely of documents already in Plaintiffs' possession or control, including Plaintiffs' own cease-and-desist correspondence, the agreement at issue in the litigation (the TMLA), and materials originating from Plaintiffs or their affiliates (such as Neurocentria's GRAS Notice, which is 299 pages and thus makes up almost 84% of the entire produced PDF file[7]). Aside from basic product labels, printouts of publicly available Amazon listings, and a marketing-style article (which links to a defunct website), Kappa produced no substantive documents.

Moreover, on Wednesday, May 13, 2026, Kappa served its First Supplemental Responses to Plaintiffs Neurocentria, Inc. and ThreoTech LLC's First Set of Interrogatories. *See* Gavenman Decl., Ex. 21. In its supplemental Interrogatory responses, Kappa again relied upon confidentiality objections to withhold information,

---

[7] Plaintiffs note the GRAS Notice's page count to preempt Kappa's inevitable attempt at mischaracterizing its production as a robust "357 pages" of discovery, when much of that figure is attributable to one document (and one that originated from the Plaintiffs in the first instance).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

despite having waived those objections by failing to timely respond. *See id.* at 6-7. Moreover, Kappa noted that it would respond further to certain Interrogatories after a meet-and-confer conference (*see id.* at 8, 9), continuing its pattern of failing to comply with its discovery obligations.

Kappa's eleventh-hour production and Interrogatory supplementation is performative – it is litigation theater designed to manufacture an argument against this Motion. The paltry "production" changes nothing: after six months of noncompliance, Kappa still has not produced the responsive materials it has been obligated to produce all along. Accordingly, as more fully set forth in Plaintiffs' portions of the Joint Stipulation, Plaintiffs seek an order compelling Kappa to provide complete responses to Plaintiffs' Requests (defined below), to produce all responsive documents as detailed in the Joint Stipulation within 14 days of entry of such order (including those documents that Kappa was obligated to produce pursuant to the Patent Rules), and to finally provide a privilege log, which Kappa has not provided to date. *See* Gavenman Decl., ¶ 8.

## II.    BACKGROUND

### A.    Plaintiffs' Background

#### 1.    Plaintiffs Serve Requests on Kappa

On October 21, 2025, Plaintiffs properly served Kappa with Plaintiffs' Requests. Gavenman Decl., ¶ 4. Plaintiffs served Plaintiffs' Requests by emailing them to Kappa's counsel at raj@legalforcelaw.com, the same email address from which Kappa's counsel has regularly communicated with Plaintiffs' counsel throughout this matter. Gavenman Decl., ¶ 5.

#### 2.    Kappa Serves Deficient Discovery Responses and Does Not Produce a Single Document

On December 8, 2025, Kappa served Plaintiffs with: (i) Kappa's Responses to Interrogatories ("Kappa ROG Responses"); (ii) Kappa's Responses to Requests for Production of Documents ("Kappa RPD Responses"); and (iii) Kappa's Responses to Requests for Admission ("Kappa RFA Responses") (collectively, "Kappa's

6

Responses"). Gavenman Decl., ¶¶ 6-7. Kappa's Responses were served 17 days late.[8] *Id.*, ¶ 6.

Kappa did not provide any substantive responses to the vast majority of Requests and did not produce a single document, relying on an objection that it needed a protective order before it could provide proper responses and produce documents.

First, in *each and every one* of Kappa's ROG Responses, Kappa indicated that it was withholding information on the ground that certain requested materials were "sensitive, proprietary, financial, or otherwise confidential." *See, e.g.,* Gavenman Decl., Ex. 2. Specifically, in response to *each and every ROG,* Kappa stated:

> Despite the parties' efforts, no Protective Order or ESI Stipulation has yet been entered. As a result, Defendant cannot provide substantive responses that would disclose sensitive, proprietary, financial, or otherwise confidential information until appropriate protections are in place. Defendant will supplement its response promptly after the Court enters, or the parties execute, an appropriate Protective Order…

*See, e.g.,* Gavenman Decl., Ex. 2 at 12-13. Similarly, in its RPD Responses, Kappa stated a general objection that the requests sought "disclosure of confidential business information, proprietary data, or trade secrets, **especially where no protective order is yet in place**." Gavenman Decl., Ex. 3 at 3 (emphasis in original). Then, in response to RPD Requests 1, 3, 9, 15-18, 27-54, 58-62, 64, 66-72, 75, and 76 Kappa stated that the requested information or documents "will only be provided subject to an appropriate protective order" or "will be produced pursuant to the Protective Order with an appropriate confidentiality designation." *See, e.g.,* Gavenman Decl., Ex. 3.

In Kappa's RFA Responses, in response to every single RFA, Kappa stated: "Defendant cannot admit or deny this Request until a Protective Order and ESI Protocol are entered…A supplemental response will follow once they are in place." *See, e.g.,* Gavenman Decl., Ex. 4.

---

[8] Pursuant to Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3), Kappa's responses to Plaintiffs' Requests were due on November 21, 2025.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

Moreover, in response to several RPDs, Kappa asserted an attorney-client privilege objection. *See, e.g.,* Gavenman Decl., Ex. 3 at 18-19, 21, 28-29, and 38 (Kappa's responses to RPD Requests 12, 14, 23, 24 and 40). Yet, Kappa did not produce a privilege log at that time or at any point thereafter. Gavenman Decl., ¶ 8.

### 3. Despite the Objections in its Responses, Kappa Takes a Diametrically Different Position on Confidentiality When Plaintiffs Attempt to Negotiate a Protective Order

While Kappa had waived all objections – including the objection related to the absence of a protective order – because of the tardiness of its responses,[9] Plaintiffs attempted, in good faith, to resolve that issue so that Kappa would start producing responsive documents without Court intervention. As such, on January 19, 2026, Plaintiffs sent a proposed protective order (the "Proposed Protective Order") to Kappa for Kappa's review and approval. Gavenman Decl., Ex. 5 at 10. Abhyanker demanded to know how the Proposed Protective Order differed from the model protective orders in this District or those from the Northern District of California. Plaintiffs' counsel explained that the Proposed Protective Order was merely an amalgamation of the model protective orders from the Central District and the Northern District with an additional provision for "highly confidential" documents. *Id.* at 8-9. Counsel for Plaintiffs asked whether Abhyanker objected to the need for a "Highly Confidential" category. *Id.* at 8.

At this point, despite objecting to most of Plaintiffs' Requests on confidentiality grounds, Mr. Abhyanker took the position that Kappa is "not aware of any materials it has been asked to produce that require confidential or highly confidential treatment." Gavenman Decl., Ex. 5 at 2 (Email dated January 26, 2026 at 9:34 p.m. from R. Abhyanker to J. Gavenman, et al.).); *see also id.* at 5 (Email dated January 22, 2026 at

---

[9] It is well-settled law that untimely objections are waived. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Talbots Pharms. Fam. Prods. LLC v. Skanda Grp. of Indus., LLC*, No. 2:24-cv-09007-TJH-MAR, 2025 WL 2092810, at *1 (C.D. Cal. Mar 18, 2025).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

10:44 p.m. from R. Abhyanker to J. Gavenman, et al.) (Mr. Abhyanker stating that "[t]here are no present issues for which discovery is open and served in which our client believes it has trade secret or confidential information that requires a protective order of any sort").

After numerous emails back and forth and a meet-and-confer, and after forcing Plaintiffs to begin work on a contested motion for entry of a protective order, Kappa eventually relented, and the parties stipulated to the entry of a protective order on February 3, 2026. ECF 100.

**4.     Plaintiffs Commence the Motion to Compel Process; Parties Meet and Confer; Kappa Commits to Producing Documents**

On March 9, 2026, Plaintiffs sent Kappa the March 9 Letter regarding the wholly deficient responses. *See* Gavenman Decl., Ex 6. The parties met and conferred on March 16, 2026 regarding the March 9 Letter (the "March 16 Meet-and-Confer"). Gavenman Decl.,¶ 14.

At the March 16 Meet-and-Confer, Kappa committed to amending its responses and making a fulsome document production by May 1, 2026. Gavenman Decl., ¶ 14.

Further, on April 8, 2026, Plaintiffs sent the April 8 Letter, which was a follow-up letter to the March 9 Letter. Gavenman Decl., Ex. 7.

On April 16, 2026, however, Abhyanker informed counsel for Plaintiffs that a full production in response to Plaintiffs' Requests was not, in fact, forthcoming on May 1, 2026. Gavenman Decl., Ex. 8. Instead, Abhyanker proposed a multi-hour "working session" to address issues already addressed in the March 9 Letter, the April 8 Letter, and the March 16 Meet-and-Confer.

No such sessions were necessary, of course, as Kappa's obligations had been clearly identified, and Kappa had already agreed to a production timeline. For example, Kappa requested "clarified and narrowed discovery requests" because Plaintiffs' FAC now asserted only one patent against Kappa, instead of the five patents that Plaintiffs had asserted in their original complaint. Gavenman Decl., Ex. 8 at 1. But the March 9

9

Letter explicitly stated that Plaintiffs were only seeking responsive information and documents with respect to the one patent that is the subject of the FAC. Gavenman Decl., Ex. 6 at 5, fn 7.

Instead, Kappa attempted to combine its six-months-long discovery failures into a broader discussion regarding discovery responses that Plaintiffs had timely *just served on Kappa that day* (as discussed below). Such responses are *not* the subject of this Motion and cannot be used by Kappa as a pretext to delay addressing Kappa's six-month-long failure to comply with its discovery obligations. Remarkably, not only did Kappa fail to complete production by May 1, as promised, but May 1 came and went and Respondents ***did not produce even one single document***. Gavenman Decl., ¶ 18.

### 5. Kappa's Discovery to Plaintiffs

On November 6, 2025, Kappa propounded a single set of Requests for Production of Documents ("Kappa's Jurisdictional RPDs"), a single set of Interrogatories ("Kappa's Jurisdictional ROGs"), and a single set of Requests for Admission to both Plaintiffs ("Kappa's Jurisdictional RFAs") (collectively, "Kappa's Jurisdictional Discovery"). Gavenman Decl., ¶ 19; Ex. 9, Ex. 10, and Ex. 11.

Instruction No. 1 in Kappa's Jurisdictional ROGs, Kappa's Jurisdictional RPDs, and Kappa's Jurisdictional RFAs ***expressly limited*** each request to "***issues of personal jurisdiction, venue, and service of process***." Gavenman Decl., ¶ 20.[10] At the time, Kappa had been insisting that this Court lacked personal jurisdiction over Kappa and that Plaintiffs' claims needed to be litigated in the Northern District of Texas. Gavenman Decl., ¶ 21. However, on November 11, 2025, five days after serving Kappa's Jurisdictional Discovery, Kappa withdrew its objections to jurisdiction, submitted to the jurisdiction of this Court (ECF 54) and, the following day, filed its answer and original counterclaims against Plaintiffs and certain third parties (ECF 55).

---

[10] Unless otherwise noted, all emphasis is added.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

Despite having withdrawn all objections to jurisdiction, Kappa insisted Plaintiffs respond to Kappa's Jurisdictional Discovery. Gavenman Decl., ¶¶ 22-24. Kappa did this despite the fact that counsel for Plaintiffs advised that they were moving to amend their complaint; that the motion would likely be granted; and that – if that happened – Kappa would want to have additional discovery requests – interrogatories, in particular, as Kappa had used all 25 interrogatories with Kappa's Jurisdictional Discovery. Gavenman Decl., ¶ 23. Kappa would not relent, however, and insisted that Plaintiffs' "discovery responses remain due," and that Kappa "expect[ed] and demand[ed] timely responses" to its discovery. Gavenman Decl., ¶ 24. Because of this stance, Plaintiffs served their fulsome objections to Kappa's Jurisdictional Discovery on December 8, 2025 (the "December 8 Responses"), specifically noting, among other objections, that Kappa's Jurisdictional Discovery requests were not proportional to the needs of the case given that the jurisdictional issues were no longer relevant.  Gavenman Decl., ¶ 25.

***More than three months*** went by without Kappa raising any issue with – or even mentioning – Plaintiffs' responses and objections. It was not until the March 16 Meet-and-Confer that Kappa brought up the responses. Gavenman Decl., ¶ 26. Remarkably, in that March 16 Meet-and-Confer, Abhyanker expressed surprise at discovering that Kappa's Jurisdictional Discovery was, in fact, limited to jurisdictional discovery. *Id.*

Promptly after the March 16 Meet-and-Confer, Kappa "withdrew"[11] Kappa's Jurisdictional ROGs and Kappa's Jurisdictional RPDs and reissued new discovery

---

[11] Although Kappa's discovery requests to Plaintiffs are not the subject of this Motion, Plaintiffs note that it is wholly inappropriate for Kappa to attempt to "withdraw" previously-issued interrogatories as to avoid the limits of Fed. R. Civ. P. 33(a)(1). *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 588 (C.D. Cal. 1999) (Court finding that "nothing in these rules allows a propounding party to unilaterally 'withdraw' interrogatories after they are served, ***particularly after the responding party incurs the burden of preparing and serving objections***") (emphasis added).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

requests (to which Plaintiffs responded timely, on April 15, 2026). Gavenman Decl., ¶ 27.

Specifically, Kappa attempted to "withdraw" Kappa's Jurisdictional ROGs to the Plaintiffs, and instead, issued two sets of Interrogatories. To Neurocentria, Kappa issued a "narrowed" set of interrogatories. Gavenman Decl., ¶ 28. As to ThreoTech, Kappa issued an entirely "new" set under the guise that Kappa's Jurisdictional ROGs were directed only to Neurocentria. *Id.* Not true. First, the transmittal email serving Kappa's Jurisdictional Discovery on the Plaintiffs stated: "Please find enclosed Defendant Mando International LLC d/b/a Kappa Nutrition's discovery requests served on Plaintiffs Neurocentria, Inc. **and ThreoTech**." *See* Gavenman Decl., <u>Ex. 12</u> (emphasis added). Second, the caption of Kappa's Jurisdictional ROGs states "DEFENDANT MANDO INTERNATIONAL LLC d/b/a KAPPA NUTRITION'S FIRST SET OF INTERROGATORIES **TO PLAINTIFFS NEUROCENTRIA, INC. AND THREOTECH LLC**." *See* Gavenman Decl., <u>Ex. 10</u> at 1 (emphasis added). Next, the introductory paragraph of Kappa's Jurisdictional ROGs states that "Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Mando International LLC d/b/a Kappa Nutrition ('Propounding Party' or 'Defendant') hereby propounds the following Interrogatories to Plaintiffs Neurocentria, Inc. and ThreoTech LLC (collectively, 'Responding Parties' or 'Plaintiffs')." *Id.* at 2. Finally, in the Definitions section, "'Plaintiffs,' 'You,' or 'Your'" was defined, collectively, as "Neurocentria, Inc. and ThreoTech LLC." *Id.* at 3. Simply put, Kappa's Jurisdictional ROGs were served on both Neurocentria and ThreoTech, totaled 25 interrogatories, and thus, Kappa could not and cannot issue any more interrogatories to either Neurocentria or ThreoTech without leave of Court.

It is worth noting that even if Plaintiffs were somehow obligated to produce documents in response to Kappa's Jurisdictional Discovery after Kappa rendered such discovery moot on November 11, 2025 by abandoning its jurisdictional contentions (and, to be clear, Plaintiffs were not under any such obligation), any such obligation

was affirmatively extinguished on March 16, 2026 when Kappa expressly withdrew all prior requests for production. In its new requests to Plaintiffs issued on March 16, 2026, Kapa specifically stated that "Requests for Production Nos. 1 through 109 are hereby **withdrawn**. … Requests for Production Nos. 110 through 139, set forth below, **supersede and replace** Requests Nos. 1 through 109 and are directed to the claims, allegations, and defenses arising from the First Amended Complaint as currently operative." Gavenman Decl., ¶ 32.

### 6.    Motion to Compel

After Kappa failed to produce a single document by May 1, in furtherance of the Motion, Plaintiffs prepared their portion of the Joint Stipulation pursuant to L.R. 37-2 (specifically, L.R. 37-2.1 and 37-2.2). Gavenman Decl., ¶ 33. On May 8, 2026, pursuant to L.R. 37-2.2, Plaintiffs' counsel transmitted a copy of the Joint Stipulation, a copy of the Gavenman Decl. (that, on May 8, 2026, only contained paragraphs 1-32), and all exhibits to the Declaration. *Id.* Plaintiffs' counsel requested that Abhyanker "Please complete Kappa's portions of the Joint Stipulation as provided for in L.R. 37-2.1 and 37-2.2 and return to us by May 15, 2026." *Id.*

On the same day, May 8, 2026, Abhyanker responded to Plaintiffs' counsel's email with a letter. Gavenman Decl., ¶ 34. Abhyanker disingenuously stated that no L.R. 37-1 meet-and-confer occurred (wholly ignoring the March 16 Meet-and-Confer) and that "[t]o the extent Plaintiffs proceed notwithstanding the unresolved Local Rule 37-1 deficiency identified in Section I above, please include this letter, in full and without alteration, as Defendant's portion of the Joint Stipulation, and please attach the following email correspondence as exhibits to the Joint Stipulation." Gavenman Decl., Ex. 20 at 5.

Mr. Abhyanker's May 8, 2026 letter is not a substitute for Kappa's "portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position." L.R. 37-2.2. Thus, Mr. Abhyanker "failed to provide the

opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2." L.R. 37-2.4(b); *see also* Gavenman Declaration, ¶ 35.

### 7.    Kappa Produces a Handful of Documents

On Tuesday, May 12, 2026, Kappa made its first document production. Kappa produced a single PDF file which contained:

- (1) A cease-and-desist letter dated January 10, 2025 from ThreoTech's other counsel to Mando.
- (2) Two PDF printouts of the same Amazon listing for one of Kappa's products.
- (3) A three-page document titled "Research Notes – Magnesium and Brain Health," which bears the MagBrain mark and appears to originate from "Albion Minerals." The document includes the website "www.mag-brain.com" in the footer of each page; however, that website does not appear to be active. The document itself appears to be a summary of general literature regarding magnesium's purported effects on brain function.
- (4) A copy of the TMLA.
- (5) A letter dated May 19, 2025 from Mando to ThreoTech's Mr. Cornelius Lau.
- (6) Copies of labels of Mando's product.
- (7) Neurocentria's GRAS Notice dated January 24, 2014.

Gavenman Declaration, ¶ 36. Kappa did not produce a privilege log with this production. *See, e.g.,* Gavenman Declaration, ¶ 8.

On Wednesday, May 13, 2026, Kappa served its First Supplemental Responses to Plaintiffs Neurocentria, Inc. and ThreoTech LLC's First Set of Interrogatories. *Id.*, ¶ 37.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

### III.    ARGUMENT

#### A.    This Court Should Enter an Order for Kappa to Comply with Its Discovery Obligations and Obligations Pursuant to the Patent Rules

##### 1.    Kappa Must Produce Documents and Supplement Responses

Kappa's responses to Plaintiffs' Requests are deficient for the reasons set forth in the Plaintiffs' portion of the Joint Stipulation, which is the only portion that is in the Joint Stipulation because Kappa refused to engage in the Local Rule 37 process in good faith. *See, e.g.,* Gavenman Decl., ¶¶ 33-35. This Court should compel Kappa to produce all responsive, non-privileged documents, the documents required to be produced by the Patent Rules, and provide fulsome responses to Interrogatories as more fully set forth in the Joint Stipulation.

Kappa's eleventh-hour production and Interrogatory supplementation changes nothing. The production consists almost entirely of documents already in Plaintiffs' possession or control, including Plaintiffs' own cease-and-desist correspondence, the agreement at issue in the litigation (the TMLA), and materials originating from Plaintiffs or their affiliates (such as Neurocentria's GRAS Notice, which is 299 pages and thus makes up almost 84% of the entire produced PDF file[12]). Aside from basic product labels, printouts of publicly available Amazon listings and a marketing-style article (which links to a defunct website), Kappa produced no substantive documents.

Moreover, On Wednesday, May 13, 2026, Kappa served its First Supplemental Responses to Plaintiffs Neurocentria, Inc. and ThreoTech LLC's First Set of Interrogatories. *See* Gavenman Decl., Ex. 21. In its supplemental Interrogatory responses, Kappa again relied on confidentiality objections to withhold information, despite having waived those objections by failing to timely respond. *See id.* at 6-7. Moreover, Kappa noted that it would respond further to certain Interrogatories after a

---

[12] *See* FN 7, *supra.*

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

meet-and-confer conference (*see id.* at 8, 9) continuing its pattern of failing to comply with its discovery obligations.

Respondents' assertion that no meet-and-confer conference occurred (and some other meet-and-confer is required prior to Plaintiffs filing the Motion) (Gavenman Decl., Ex. 20 at 2) is demonstrably false and utterly disingenuous. The parties *did* meet and confer regarding Kappa's discovery obligations on March 16, 2026. Gavenman Decl., ¶ 14. At the March 16 Meet-and-Confer, Kappa committed to producing all responsive documents by May 1, 2026. *Id.* This commitment is referenced by Kappa itself in the April 16, 2026 email exchange. Plaintiffs' counsel stated that "In the March 16 meet and confer, you agreed to produce Kappa's responsive documents and provide fulsome interrogatory responses by May 1." Gavenman Decl., Ex. 8 at 3 (Email from J. Gavenman to R. Abhyanker dated March 16, 2026 at 5:54 a.m.). To which email Abhyanker responded that, "I need to be transparent with you: I am not in a position to complete a full production by May 1." *Id.* at 2. It is thus entirely unclear what additional meet-and-confer Kappa now claims was required. And Kappa does not require any more "clarification." Kappa's obligations had been clearly identified, and Kappa had already agreed to a production timeline, which it missed. Gavenman Decl., ¶ 17.

Having complied with every requirement of Local Rule 37, Plaintiffs are entitled to judicial intervention compelling Kappa to comply with its discovery obligations. Respondents' conduct in this case and in Abhyanker's other cases has shown that compliance does not occur unless it is ordered. The Court therefore should not assume this discovery dispute will somehow work itself out absent judicial intervention. Experience has shown that it demonstrably will not. As one court put it, "***it is evident that Mr. Abhyanker knows no restraint***. Given his litigious history, there is a realistic prospect that ***this proliferation will not stop on its own accord***." *Nextdoor, Inc. v. Abhyanker*, Case No. 12-cv-05667-EMC, 2021 WL 1263973, at *3 (N.D. Cal. April 6, 2021) (emphasis added).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

In addition, it is patently false that Plaintiffs have some alleged outstanding discovery obligations from November 2025. *See, e.g.,* Gavenman Decl., <u>Ex. 20</u> at 3. Plaintiffs address this disingenuous contention in the Joint Stipulation. *See* Joint Stipulation at 3-4; 7-10; *see also* Gavenman Decl., ¶¶ 19-32. Plaintiffs timely served their responses to Kappa's only outstanding discovery requests on **April 15, 2026**.[13] Gavenman Decl., ¶ 27. Those responses are *not* the subject of this Motion and cannot be used by Kappa as a pretext to delay addressing Kappa's six-month-long failure to comply with its discovery obligations. Moreover, Kappa has never addressed Plaintiffs' demand for the documents that Kappa was obligated to produce pursuant to the Patent Rules, but did not produce. *See, e.g.,* Gavenman Decl., <u>Ex. 6</u> at 1-3.

Accordingly, for the reasons more fully set forth in Plaintiffs' portions of the Joint Stipulation, Plaintiffs seek an order compelling Kappa to provide complete responses to Plaintiffs' Requests and to produce all responsive documents as detailed in the Joint Stipulation, including those documents that Kappa was obligated to produce pursuant to the Patent Rules.

### 2. Privilege Log

In response to several RPDs, Kappa asserted an attorney-client privilege objection. *See e.g.* Gavenman Decl., <u>Ex. 3</u> at 18-19, 21, 28-29, and 38 (Kappa's responses to RPD Requests 12, 14, 23, 24 and 40). In addition to this objection being waived, Kappa did not furnish a privilege log to Plaintiffs (at the time of its responses or at any time thereafter). Gavenman Decl., ¶ 8. Withholding documents on the basis of attorney-client privilege or work-product protection without furnishing a privilege log constitutes noncompliance with Fed. R. Civ. P. 26(b)(5). Without a privilege log, Plaintiffs cannot assess the validity of any asserted privilege, and Kappa has not carried

---

[13] As more fully set forth at pp. 10-13, *supra,* in the Joint Stipulation at 3-4; 7-10, and in the Gavenman Decl., ¶¶ 19-32, Plaintiffs have also previously timely objected to Kappa's Jurisdictional Discovery at Kappa's urging, despite the fact that Kappa had consented to the jurisdiction of this Court. *See, e.g.,* Gavenman Decl., ¶¶ 19-25.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

its burden of establishing that privilege applies. Plaintiffs therefore request that this Court order Kappa to either (a) produce all responsive documents withheld on purported privilege grounds, or (b) provide a compliant privilege log identifying each withheld document and the basis for the asserted privilege.

**B.      This Court Should Award Attorneys' Fees Incurred in Connection with this Motion**

The Court should award Plaintiffs the reasonable costs and expenses incurred in bringing this Motion, including attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). Federal Rule 37(a)(5)(A) provides that, if a motion to compel is granted, the Court

> ***must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A)(emphasis added). While the rule provides for certain exceptions to the Court awarding such costs, none of those exceptions applies here.

First, Fed. R. Civ. P. 37(a)(5)(A)(i) is inapplicable. Plaintiffs satisfied their obligation to meet and confer in good faith. Plaintiffs sent the March 9 Letter and the April 8 Letter (which was a follow-up to its March 9 Letter) pursuant to L.R. 37-1 and held the March 16 Meet-and-Confer. At the March 16 Meet-and-Confer, Kappa agreed to comply with its discovery obligations and produce documents and supplemental responses by May 1, 2026. Notably, Kappa's responses were due on November 21, 2025, so Plaintiffs exercised considerable restraint by continuing to try to resolve this issue for the next five months, rather than raise it with the Court. Only after Kappa failed to honor its May 1 commitment to produce all responsive documents and information – as Kappa failed to produce even a single document or a single supplemented or amended interrogatory response by May 1, 2026 – did Plaintiffs bring this Motion.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY

Second, Fed. R. Civ. P. 37(a)(5)(A)(ii) is inapplicable here. Kappa's position is not "substantially justified." Kappa refused to produce a single document based on a purported absence of a protective order, then, weeks later, represented that no documents required confidential treatment and no protective order was in fact necessary. Gavenman Decl., ¶¶ 7-12. That contradictory position alone defeats any possible claim of justification. Kappa's additional conduct such as serving untimely responses and making a commitment to complete production by May 1, 2026 (more than six months after the discovery requests were served), only to fail to even start such production confirms that Kappa's noncompliance is not grounded in a legitimate dispute but is meant to delay the proceedings.

Indeed, Abhyanker confirmed that his discovery failures are not well-grounded positions but, rather, the result of a lack of effort. With the May 1 deadline looming, on April 16, 2026, Abhyanker backtracked and shifted to trying to equate Kappa's failure to provide discovery with the status of the discovery Kappa served on Plaintiffs. See Gavenman Decl., Ex. 8 at 4. Abhyanker then – based upon that false equivalence – suggested having "a comprehensive call … to go through all the discovery both sides are obligated to produce." *Id*. at 4. But, as discussed herein, the parties' situations with respect to discovery are not even remotely comparable. After counsel for Plaintiffs explained exactly why that is the case (see *id*. at 3), Abhyanker suggested engaging in "working session[s] … to go through all outstanding written discovery obligations on both sides, establish a realistic production schedule, and resolve outstanding objections collaboratively." *Id*. at 2.

This was but a smokescreen, which was clear when Abhyanker admitted the truth: he simply was "not in a position to complete the full production by May 1." Gavenman Decl., Ex. 8 at 2. Remarkably, he blamed that on being the "solo litigator on this case." *Id*. However, such an excuse gets him nowhere; Abhyanker received Plaintiffs' discovery requests more than *six months ago*. This excuse is particularly galling given that Abhyanker has clearly used time that could have been spent satisfying

19

Respondents' discovery obligations to pursue a host of vexatious and frivolous positions and tactics in bad faith. *See* ECF 107, 161, 170.

Finally, Fed. R. Civ. P. 37(a)(5)(A)(iii) is also inapplicable here. There are no other circumstances that would make an award of fees and expenses unjust. To the extent that Kappa will attempt to equate its conduct with Plaintiffs' discovery responses to Kappa's discovery, such arguments are dead on arrival. Kappa issued Kappa's Jurisdictional Discovery then withdrew its objections to jurisdiction, but it still forced Plaintiffs to respond timely. Gavenman Decl., ¶¶ 19-25. Kappa subsequently attempted to "withdraw" the First ROGs to the Plaintiffs and issue a "narrowed" set of interrogatories to Neurocentria while issuing a different "new" set to ThreoTech. Gavenman Decl., ¶¶ 27-28. But this is wholly inappropriate. Not only did Kappa already exhaust its 25-interrogatory limit per Fed. R. Civ. P. 33(a)(1) because it had issued Kappa's Jurisdictional ROGs to both Plaintiffs (Gavenman Decl., ¶ 28), but courts in this District have found that such a move is explicitly not allowed under the rules. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. at 588 (court finding that "nothing in these rules allows a propounding party to unilaterally "withdraw" interrogatories after they are served, particularly after the responding party incurs the burden of preparing and serving objections").

On April 15, 2026, Plaintiffs timely served their objections and responses to the discovery that was served upon them by Kappa on March 16, 2026. As part of Plaintiffs' April 15, 2026 responses to the Requests for Production of Documents, Plaintiffs specifically stated that they were willing to produce responsive documents after the parties met and conferred to resolve certain objections and after the parties enter into an ESI Order. Gavenman Decl., ¶ 31. Kappa simply cannot equate its 6-month delay in responding to Plaintiffs' Requests with Plaintiffs' timely and good faith compliance with their discovery obligations.

To the contrary, denying fees here would reward precisely the type of obstructionist behavior that Rule 37 is designed to deter: forcing an opposing party to

20

expend resources to obtain basic discovery that should have been produced in the ordinary course.

Accordingly, Plaintiffs respectfully request that the Court award all reasonable attorneys' fees and costs incurred in connection with bringing this Motion, including the preparation of this Joint Stipulation. Plaintiffs request that the Court permit them to submit a declaration setting forth such amounts within seven (7) days of the Court's order granting this Motion, or at such other time as the Court deems appropriate.

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court: (1) grant this Motion; (2) order that Kappa produce all responsive documents as set forth in the Joint Stipulation (including those documents that Kappa was obligated to produce pursuant to the Patent Rules) within 14 days of the entry of such order; (3) order that Kappa is to serve revised responses to Plaintiffs' Requests within 14 days of the entry of such order; (4) order Kappa to produce a privilege log within 14 days of entry of such order; (5) order Kappa to pay Plaintiffs' reasonable attorneys' fees in connection with filing this Motion (with Plaintiffs submitting a declaration of attorneys' fees within 7 days of such order); and (6) grant such and further relief that is necessary and just.

Dated: May 15, 2026                            HUGHES HUBBARD & REED, LLP

                                               By: /s/ Jeffrey Gavenman
                                               Attorneys for Plaintiffs
                                               Neurocentria, Inc. and ThreoTech LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains **6,578** words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order (ECF No. 16).

Dated: May 15, 2026                            By: /s/ Jeffrey Gavenman
                                               Counsel for Plaintiffs
                                               Neurocentria, Inc. and ThreoTech LLC

21

# CERTIFICATE OF SERVICE

I, Salvatore Picariello, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626.  On May 15, 2026, I served the following document(s):

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES**

on the parties stated on attached service list

| Defendant Mando International, LLC d/b/a Kappa Nutritional Labs<br><br>Raj V. Abhyanker<br>raj@legalforcelaw.com | |

☒    **BY COURT'S CM/ECF SYSTEM.**  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed on the Service List.
**BY E-MAIL.**  By sending via e-mail, to the parties for service of the foregoing documents to the persons listed on this Service List.
**(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
☒    **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.
Executed on May 15, 2026, at Costa Mesa, California.

/s/ SALVATORE PICARIELLO
Salvatore Picariello