RAJ V. ABHYANKER,
California SBN 233,284
Email: raj@legalforcelaw.com

**LEGALFORCE RAPC WORLDWIDE, P.C.**

1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:   (650) 965-8731

Attorney for Defendant
MANDO INTERNATIONAL LLC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC., a California corporation, and THREOTECH LLC, a Nevada limited liability company,<br><br>        Plaintiffs,<br><br>v.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION, a Texas limited liability company,<br><br>        Defendant.<br>    v.<br>     AIDP, INC.,<br><br>        Third-Party Defendant. | Case No. 2:25-cv-05871-FLA-MAR<br><br>Hon. Judge Fernando L. Aenlle-Rocha<br><br>**DEFENDANT MANDO INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES**<br><br>Hearing**:**     June 17, 2026<br><br>Time:        11:00 a.m.<br><br>Courtroom:  790, 7th Floor<br>Hon. Margo A. Rocconi |

# TABLE OF CONTENTS

**TABLE OF CONTENTS**......................................................................................1

**I. INTRODUCTION**......................................................................................3

**II.  BACKGROUND**.................................................................................. 6

A.  The Case Today Is Not the Case in Which the Requests Were Served.....6

B.  Defendant's Motion to Dismiss the FAC Is Pending..............................8

C.  The March 16, 2026 Conference Addressed the Original Patent-Only Posture; Defendant Narrowed the Same Afternoon........................................8

D.  Plaintiffs Declined Six Subsequent Conference Requests and Pre-Prepared Two Motions Before Any Conference Occurred.....................9

E.  Defendant's First Production and Supplemental Interrogatory Responses................................................................................................12

F.  Plaintiffs Filed the Present Motion Three Days Before the Conference They Had Confirmed................................................................................ 13

**III. ARGUMENT**..................................................................................... 13

A.  The Motion Is Premature: The Local Rule 37-1 Conference on the Operative Posture Has Not Occurred.........................................................13

B.  The Pending Motion to Dismiss the First Amended Complaint Will Define the Operative Scope of Discovery...................................................15

C.  The Case Has Been Fundamentally Transformed Since Requests Were Served, and Rule 26(b)(1) Narrowing Keyed to FAC Is Required.............. 17

D.  The January 26, 2026 Statement Concerning Confidentiality Was Accurate as to the Case as It Then Stood........................................................19

E. Plaintiffs' Untimely-Response Waiver Argument Is Inapposite Under Talbots and Cannot Override Rule 26(b)(1) Proportionality.........................20

F.  Production and Supplemental Responses Are Real and Responsive......22

G.  The Privilege Log Will Be Provided........................................................24

H.  Attorneys' Fees Under Rule 37(a)(5)(A) Are Not Warranted................24

I.  Plaintiffs' Citations to Other Litigation Are Not Relevant to This Discovery Motion.................................................................................... 26

J.  The Reference to 'Patent Rules' Does Not Compel Production...............27

**IV. CONCLUSION**.................................................................................27

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

# TABLE OF AUTHORITIES

**Cases**

*Laub v. Horbaczewski*, 331 F.R.D. 516 (C.D. Cal. 2019)                    17

*Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101 (N.D. Cal. 2024)                    17

*Stevens v. CoreLogic, Inc.*, 899 F.3d 666 (9th Cir. 2018)                    17

*Talbots Pharms. Fam. Prods. v. Skanda Grp. of Indus*, No. 2:24-cv-09007-TJH-MAR, 2025 WL 2092810 (C.D. Cal. Mar. 18, 2025)    21

## I. INTRODUCTION

1. Plaintiffs filed this Motion on the night of Friday, May 15, 2026 -- three days before the Local Rule 37-1 conference Plaintiffs themselves agreed to attend on Monday, May 18, 2026 at 2:30 p.m. Pacific. The hearing on this Motion is not until June 17, 2026. Plaintiffs nonetheless raced to file before the conference could occur, after Defendant Mando International, LLC ("Mando") had already (i) served a first production of documents on May 11, 2026 (MANDO 000001–MANDO 000355), and (ii) served First Supplemental Responses to Plaintiffs' Interrogatories (Nos. 1–9) on May 12, 2026 with Rule 33(d) cross-references to specific Bates ranges from that production. The Motion is premised on a procedural fiction and a substantive misframing of the record. It should be denied, or, in the alternative, ruling should be deferred pending the Court's ruling on the pending Motion to Dismiss the First Amended Complaint, for five reasons.

2. First, the case before this Court today is not the case that existed when Plaintiffs served their Requests. Plaintiffs served seventy-six Requests for Production, twenty-five Interrogatories, and fifteen Requests for Admission on October 21, 2025, when the operative pleading was a patent-only Complaint asserting five patents (ECF 1, filed June 27, 2025). On February 26, 2026 -- more than four months after the Requests were served and three months after Defendant's responses -- Plaintiffs filed the First Amended Complaint (ECF 110), which narrowed the asserted patents from five to one and added a host of new claims sounding in trademark infringement, unfair competition, and false advertising. The universe of potentially responsive material under the operative

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

pleading is materially different than the universe contemplated by the Requests as drafted. That is a Rule 26(b)(1) narrowing problem.

3.  Second, Defendant's Motion to Dismiss the First Amended Complaint is fully briefed and pending. See ECF 169. No ruling has issued. If granted in whole or in part, the new trademark, unfair competition, and false-advertising claims -- which carry the bulk of the trade-secret-sensitive discovery Plaintiffs now demand under their patent-era Requests -- may be dismissed entirely. Compelling expansive production on those new claims while the dispositive motion is pending is neither proportional under Rule 26(b)(1) nor consistent with the orderly administration of this case. The Court's ruling on the Motion to Dismiss -- not the May 18 conference -- is the vehicle that will define the operative scope of relevant discovery in this case.

4. Third, the Local Rule 37-1 conference required for the Motion as presented has not occurred. The March 16, 2026 conference Plaintiffs invoke addressed the original five-patent posture, the protective-order entry, and Plaintiffs' contention that Defendant's discovery requests had been "limited to jurisdictional discovery." That conference post-dated the First Amended Complaint by approximately three weeks. Following the FAC, Defendant requested a renewed conference on the operative posture six times: on April 14, 20, 22, 23, and 25, 2026, and again in a formal Local Rule 37-1 letter dated May 9, 2026. Plaintiffs declined every request. The conference is set for May 18, 2026, but Plaintiffs' positions to date -- the unilaterally transmitted 51-page draft Joint Stipulation prepared before any conference occurred, the separately noticed motion for protective order under Rule 26(c), and the filing of the present Motion three days before the agreed conference -- indicate that the

4

conference is unlikely to fully resolve the parties' Rule 26(b)(1) scope dispute. Defendant will participate in the May 18 conference in good faith, but the procedural prematurity of the present Motion does not depend on the conference yielding a complete resolution; it depends on Local Rule 37-1 having been satisfied, which it has not.

5. Fourth, the production and supplemental interrogatory responses Plaintiffs dismiss as "litigation theater" are real, responsive, and Bates-indexed. The production includes Defendant's product labels and operative product description copy; correspondence with AIDP, Inc. concerning the expiration and termination of the supply relationship; the published FDA GRAS Notice 499 for the magnesium L-threonate ingredient; published scientific articles and review articles supporting the structure/function label claims; and representative consumer reviews and testimonials. Each category is mapped to specific Requests for Production and to the corresponding interrogatory responses under Federal Rule of Civil Procedure 33(d). That Plaintiffs find this production thin reflects an unresolved Rule 26(b)(1) scope dispute -- not bad faith.

6. Fifth, attorneys' fees under Rule 37(a)(5)(A) are not warranted. All three statutory exceptions to fee-shifting apply: Plaintiffs did not attempt in good faith to resolve the dispute before filing; Defendant's positions on Rule 26(b)(1) narrowing keyed to the operative FAC, deferral pending MTD ruling, and the renewed conference are substantially justified; and other circumstances -- including the production made before the Motion was filed, Plaintiffs' pattern of declining six conference requests over four weeks before unilaterally drafting a 51-page Joint Stipulation, and the imminent dispositive ruling on the FAC --

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

make a fee award unjust.

7. Plaintiffs' brief is heavy on character framing -- the Order to Show Cause briefed at ECF 107–149, the pending sanctions motions at ECF 161 and the motion filed April 28, 2026 as ECF 170, and out-of-circuit cases naming undersigned counsel personally. Those matters are contested and pending, not resolved, and they are not before this Magistrate Judge on this discovery motion. The question here is whether Defendant's production, supplemental responses, and engagement with the Rule 26(b)(1) narrowing process satisfy its discovery obligations as the case stands today -- in light of the FAC, the pending MTD, and the operative procedural record. They do. The Motion should be denied.

## II. BACKGROUND

**A. The Case Today Is Not the Case in Which the Requests Were Served.**

8. Plaintiffs filed the original Complaint on June 27, 2025. ECF 1. That Complaint sounded entirely in patent infringement and asserted five patents. It did not assert trademark infringement, unfair competition, or false-advertising claims. Plaintiffs served seventy-six Requests for Production, twenty-five Interrogatories, and fifteen Requests for Admission on October 21, 2025, while the patent-only Complaint was operative. The Requests were drafted, defined, and propounded against that pleading. Defendant served its responses on December 8, 2025. The responses addressed the universe of materials that a patent-defense case implicates: product composition and formulation; testing and analysis; infringement and validity analyses; sales and financial data on the accused products; and the contract underlying the patent license relationship.

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

The General Objections preserved confidentiality and trade-secret objections for materials within that universe pending entry of a Protective Order.

9. In January 2026, when the parties negotiated the Protective Order, the universe of confidential materials at issue in the case was correspondingly limited. The undersigned's statement on January 26, 2026 -- that Defendant was "not aware of any materials it has been asked to produce that require confidential or highly confidential treatment" -- was accurate as to the case as it then stood. The asserted patents themselves are public. The label claims, marketing copy, and product identity are public. The categories of Defendant's materials genuinely warranting trade-secret protection in a patent-defense posture were narrow. The parties stipulated to a Protective Order on February 3, 2026 (ECF 100), and Defendant has operated under that Order since.

10. On February 26, 2026 -- more than four months after the Requests were served, three months after Defendant's responses, and three weeks after the Protective Order was entered -- Plaintiffs filed the First Amended Complaint at ECF 110. The FAC narrowed the asserted patents from five to one (U.S. Patent No. 8,637,061) and added new claims sounding in trademark infringement, unfair competition, and false advertising. The case transformed. The universe of potentially responsive material under the operative pleading expanded substantially to include brand strategy and marketing analyses; competitive intelligence and positioning materials; pricing and channel strategy; consumer survey and consumer-perception materials; and a much broader range of communications relating to product naming, branding, and marketplace activity.

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

Those materials are precisely the trade-secret-laden categories Defendant has consistently identified as requiring proportionate, scope-limited treatment.

**B.   Defendant's Motion to Dismiss the FAC Is Pending.**

11. Defendant moved to dismiss the First Amended Complaint. That motion has been fully briefed. See ECF 169. No ruling has issued. The Motion to Dismiss is directed in particular at the new trademark, unfair competition, and false-advertising claims that the FAC introduced. If granted in whole or in part, those claims will be dismissed; the discovery anchored to them will be moot; and the trade-secret-sensitive categories of material Plaintiffs now demand under their patent-era Requests will fall outside the relevant universe.

**C.   The March 16, 2026 Conference Addressed the Original Patent-Only Posture; Defendant Narrowed the Same Afternoon.**

12. The parties met and conferred on March 16, 2026 regarding Plaintiffs' March 9 Local Rule 37-1 letter (Gavenman Decl., Ex. 6). The March 16 conference was held approximately three weeks after the FAC was filed and addressed: (i) the original five-patent procedural posture; (ii) the entry of the Protective Order; and (iii) Plaintiffs' contention that Defendant's then-pending Requests for Production were "limited to jurisdictional discovery" and were therefore moot.

13. That same afternoon, at 3:09 p.m. Pacific, the undersigned transmitted to Plaintiffs' counsel a letter and a substantively narrowed set of Requests for Production directed to the operative First Amended Complaint. See Abhyanker

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

Decl., **Ex. A**. The cover letter stated that the revisions were intended to "address Plaintiffs' stated concerns regarding scope and vagueness while ensuring that the relevant discovery proceeds in an efficient and proportional manner," and asked Plaintiffs to identify any remaining objections by March 23, 2026 "to avoid unnecessary motion practice." Plaintiffs never substantively responded to the narrowed requests.

14. On April 8, 2026, Plaintiffs sent a follow-up letter to the March 9 letter. The substantive issues raised in that follow-up were already addressed by Defendant's March 16 same-day narrowing of the Requests for Production directed to the operative First Amended Complaint (Abhyanker Decl., Ex. A).

**D.    Plaintiffs Declined Six Subsequent Conference Requests and Pre-Prepared Two Motions Before Any Conference Occurred.**

15. Following the March 16 narrowing, Defendant requested a renewed Local Rule 37-1 conference on the operative posture six times: on April 14, April 20, April 22, April 23, and April 25, 2026, and again in a formal Local Rule 37-1 letter dated May 9, 2026. See Abhyanker Decl., **Exs. B–G**. Plaintiffs declined each request. In response to Defendant's April 16, 2026 proposal of a three-to-four-hour working session to address discovery on both sides, Plaintiffs' counsel responded simply, "absolutely not." In response to Defendant's April 20, 2026 proposal for a written exchange of outstanding-discovery summaries and a joint production schedule, Plaintiffs' counsel responded that Defendant's prior commitments were "meaningless" and that Plaintiffs would proceed to compel without further engagement. No conference occurred between April 14 and May 7, 2026.

9

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

16. On May 8, 2026, Plaintiffs unilaterally transmitted a draft 51-page Local Rule 37-2 Joint Stipulation in support of a contemplated motion to compel. Plaintiffs simultaneously transmitted a Notice of Intention to File Motion for Protective Order under Federal Rule of Civil Procedure 26(c). Both communications occurred before any Local Rule 37-1 conference had been held on either motion. Defendant responded on the same day with a letter requesting a single combined Local Rule 37-1 conference to address both motions and the parties' overlapping written-discovery obligations on both sides. Defendant's May 8 letter expressly stated that "the pre-filing conference required by Local Rule 37-1 and paragraph 2 of Magistrate Judge Rocconi's Standing Order on Discovery Disputes has not occurred with respect to either motion." Gavenman Decl., Ex. 20; Abhyanker Decl., **Ex. G**.

17. On May 11, 2026 at 9:18 p.m. Pacific, only after Defendant's sixth request and the May 8 letter, Plaintiffs' lead counsel Jeffrey Gavenman confirmed in writing that Plaintiffs would attend the renewed Local Rule 37-1 conference on May 18, 2026 at 2:30 p.m. Pacific. See Abhyanker Decl., **Ex. H.**

18. On the same evening, May 11, 2026 at 9:40 p.m. Pacific, I responded by email to Mr. Gavenman's confirmation. My response confirmed the May 18 conference time but documented Defendant's objection to Plaintiffs' position - stated in Mr. Gavenman's 9:18 p.m. email - that the May 18 conference "will not be a further meet and confer regarding the discovery requests that Plaintiffs issued in October 2025" because Plaintiffs had "quite clearly met [their] meet and confer obligation on those requests and will move forward with the motion to compel." My response stated that Plaintiffs' written refusal to confer further

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

on the contemplated motion to compel itself violated paragraph 2 of this Court's Standing Order on Discovery Disputes. The response identified specific post-March 16, 2026 developments that had not been the subject of any meet-and-confer telephonic conference, including: (i) the Court's continuance of the hearing on the Motion to Dismiss the First Amended Complaint to May 22, 2026; (ii) Defendant's April 14 and April 20 proposals for reciprocal production schedules tied to that continuance; and (iii) Defendant's April 22, 23, and 25 requests for clarification on the scope of Plaintiffs' outstanding requests in light of the operative First Amended Complaint. My response proposed that the May 18 conference be comprehensive and bilateral, covering: (a) Plaintiffs' contemplated motion to compel; (b) Plaintiffs' contemplated motion for protective order; (c) the parties' overlapping objections to written discovery on both sides; and (d) a reciprocal production schedule. A true and correct copy of my May 11, 2026 at 9:40 p.m. Pacific responsive email, including the underlying Gavenman email at 9:18 p.m. Pacific, is attached hereto as **Exhibit K.**

19. At the March 16, 2026 conference, undersigned counsel referenced a target of May 1, 2026 for production. That target was discussed in the context of the original patent-only Requests. By April 16, 2026, with the First Amended Complaint having three weeks earlier transformed the universe of responsive material to include trademark, unfair competition, and false-advertising materials never contemplated by the patent-era Requests, undersigned counsel candidly communicated to Plaintiffs that completion of a production keyed to the operative pleading by May 1 was not feasible without the Rule 26(b)(1) narrowing the FAC requires, and proposed a working session to address the

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

operative posture on both sides. Plaintiffs declined the working session ("Absolutely not") and demanded production under the patent-era Requests against the superseded Complaint.

**E.    Defendant's First Production and Supplemental Interrogatory Responses.**

20. On May 11, 2026, Defendant served its First Production of documents responsive to Plaintiffs' Requests for Production (Set One), bearing Bates numbers MANDO 000001–MANDO 000355, under cover of a detailed transmittal email identifying, by request number, the categories of materials produced. See Abhyanker Decl., **Ex. I**. The production includes: Mando's product labels for the Accused Products (responsive in part to Requests Nos. 6 and 8); the operative product description copy (responsive in part to Request No. 2); the published FDA GRAS Notice 499 for the magnesium L-threonate ingredient (responsive in part to Request No. 9 and to the regulatory record bearing on Requests Nos. 20–24); published scientific articles and review articles supporting the cognitive, neuromuscular, energy, and bone-related claims on the Accused Product labels (responsive in part to Requests Nos. 11, 20, 21, 22, 23, 24, and 50); representative consumer reviews and testimonials referencing the structure/function benefits identified on the labels (responsive in part to Request No. 71); and correspondence with AIDP, Inc. regarding the expiration and termination of the supply relationship between AIDP and Mando (responsive in part to Requests Nos. 14, 18, 35, and 40).

21. On May 12, 2026, Defendant served First Supplemental Responses to Plaintiffs' Interrogatories (Nos. 1–9). The Supplemental Responses identify,

under Federal Rule of Civil Procedure 33(d), specific Bates ranges from the May 11 production that bear on each Interrogatory. See Gavenman Decl., Ex. 21.

**F. Plaintiffs Filed the Present Motion Three Days Before the Conference They Had Confirmed.**

22. On the night of Friday, May 15, 2026 - three days before the May 18 conference Plaintiffs themselves had confirmed in writing four days earlier - Plaintiffs filed the present Motion. ECF 187. The hearing is set for June 17, 2026. Plaintiffs did not contact Defendant between May 12 (when Defendant served the Supplemental Responses) and May 15 (when Plaintiffs filed) to discuss whether any portion of the production or the Supplemental Responses had addressed any portion of the contemplated motion. The timing of the filing - after a 51-page draft Stipulation was pre-prepared, after a separate Rule 26(c) motion was noticed, after six conference requests were declined, and three days before the conference Plaintiffs had just confirmed - reflects a pattern of preparation for contested motions rather than negotiated narrowing.

**III. ARGUMENT**

**A. The Motion Is Premature: The Local Rule 37-1 Conference on the Operative Posture Has Not Occurred.**

23. Local Rule 37-1 requires the parties to confer in advance of any motion to compel. The conference must be directed at the actual disputes the moving party intends to present. The case has fundamentally changed since the First Amended

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

Complaint. The renewed conference on the operative posture -- covering the seventy-six Requests as applied to the FAC, the pending Motion to Dismiss the FAC, the Rule 26(b)(1) narrowing required by the FAC's addition of trademark, unfair competition, and false-advertising claims, and the privilege-log schedule -- has not yet occurred.

24. Defendant will participate in the May 18 conference in good faith. The procedural prematurity of the present Motion, however, does not depend on the conference yielding a complete resolution. It depends on Local Rule 37-1 having been satisfied, which it has not. Plaintiffs' pattern of conduct -- unilaterally drafting a 51-page Joint Stipulation before any conference, simultaneously noticing a Rule 26(c) motion before any conference, declining six conference requests over four weeks, and filing the present Motion three days before the conference they had just confirmed -- makes clear that Plaintiffs do not view the conference as an opportunity for negotiated narrowing. That posture is the antithesis of the cooperative discovery the Federal Rules and this Court's Local Rules contemplate, and it should not be rewarded with an order compelling production under Requests Plaintiffs are unwilling to narrow voluntarily to the operative pleading.

25. Plaintiffs' invocation of Local Rule 37-2.4(b) is misplaced. That rule permits a moving party to file unilaterally where the opposing party "failed to provide the opposing party's portion of the joint stipulation in a timely manner." Defendant's May 8, 2026 letter (Gavenman Decl., Ex. 20) was not a refusal to provide a 37-2.2 portion; it was a written request for the renewed Local Rule 37-1 conference Defendant had been seeking since April 14, 2026, and a notice that Defendant would not contribute to a joint stipulation prior to that

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

conference. Plaintiffs nonetheless treated the May 18 conference as a procedural box to check rather than a substantive negotiation, as their pre-prepared Joint Stipulation and dual-motion filing strategy demonstrate. The Court should decline to credit a unilateral L.R. 37-2.4(b) filing made under those circumstances.

26. Plaintiffs themselves confirmed this position in writing on May 11, 2026, stating that the May 18 conference "will not be a further meet and confer regarding the discovery requests that Plaintiffs issued in October 2025" because Plaintiffs deemed that obligation "quite clearly met" — even though the FAC that fundamentally changed the case was filed eighteen days before the March 16, 2026 conference Plaintiffs invoke as discharging that obligation. See Abhyanker Decl., Ex. K.

**B.    The Pending Motion to Dismiss the First Amended Complaint Will Define the Operative Scope of Discovery.**

27. Federal Rule of Civil Procedure 26(b)(1) limits discovery to material proportional to the needs of the case. Where a dispositive motion is pending that may eliminate substantial portions of the operative pleading, compelling expansive discovery on those portions is not proportional.

28. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, discovery is limited to nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs of the case. Proportionality is assessed by considering factors such as the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties'

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Laub v. Horbaczewski*, 331 F.R.D. 516 (C.D. Cal. 2019), *Stevens v. CoreLogic, Inc.*, 899 F.3d 666 (9th Cir. 2018). Courts have broad discretion to manage discovery and may limit or stay discovery when a dispositive motion is pending.

29. In *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101 (N.D. Cal. 2024), the court applied a two-part test to determine whether to stay discovery pending resolution of a dispositive motion. First, the pending motion must be potentially dispositive of the entire case or the specific issue to which discovery is directed. Second, the court must determine whether the motion can be decided without additional discovery. If both prongs are satisfied, a protective order staying discovery may be issued. The court emphasized that the party seeking a stay bears the burden of making a "strong showing" why discovery should be denied, often in cases involving jurisdictional or immunity issues. *Id.* Defendant satisfies both prongs here: the pending Motion to Dismiss is potentially dispositive of the trademark, unfair competition, and false-advertising claims that anchor the disputed trade-secret-sensitive discovery, and the Motion to Dismiss can be decided on the pleadings without additional discovery.

30. Defendant's Motion to Dismiss the First Amended Complaint is fully briefed. See ECF 169. No ruling has issued. The Motion is directed in particular at the new trademark, unfair competition, and false-advertising claims that the FAC introduced -- the very claims that anchor the broad swath of trade-secret-sensitive material Plaintiffs now demand under their patent-era Requests. Given Plaintiffs' demonstrated unwillingness to narrow voluntarily,

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

the Court's ruling on the Motion to Dismiss -- not the parties' May 18 conference -- is the vehicle that will define the operative scope of relevant discovery in this case. The Court should defer compelling production on categories tied to the new claims pending that ruling. Even short of a complete stay, the Court should ensure that any compelled production is limited to the surviving claim(s) under the FAC and to materials genuinely proportional under Rule 26(b)(1) as the case stands after dispositive ruling.  The hearing on Defendant's Motion to Dismiss the First Amended Complaint is set for May 22, 2026 - less than one week from the filing of this Opposition. Ordering expansive production of trade-secret-sensitive materials anchored to claims potentially subject to dismissal within days is the inverse of the proportionality Rule 26(b)(1) requires.

31. This proportionality analysis is reinforced by the September 11, 2026 discovery cutoff. Ordering expansive production now on trade-secret-sensitive categories anchored to claims subject to dispositive ruling within days - only to potentially re-order narrowed production after the FAC universe contracts - is the inverse of the efficient discovery management Rule 26(b)(1) and paragraph 6 of this Court's Standing Order contemplate; the proportionate course is a focused production keyed to whatever pleading survives the May 22 hearing, on a schedule that respects the cutoff and to which Defendant is prepared to commit promptly after dispositive ruling.

**C.  The Case Has Been Fundamentally Transformed Since Requests Were Served, and Rule 26(b)(1) Narrowing Keyed to FAC Is Required.**

32. Plaintiffs' Requests were served on October 21, 2025, anchored to a

patent-only Complaint asserting five patents. The First Amended Complaint, filed February 26, 2026, narrowed the asserted patents to one and added trademark, unfair competition, and false-advertising claims. The case is not the case in which the Requests were drafted. Continuing to apply seventy-six patent-era Requests, with a sweeping "Accused Products" definition reaching "any product, formulation, component, intermediate, sample, prototype, pilot, or commercial offering" containing the listed compounds and "any substantially similar product, SKU, reformulation, private label variant, or iteration" (Plaintiffs' RPDs, Definition No. 3), to the case as now constituted by the FAC, is not proportional under Rule 26(b)(1).

33. Plaintiffs' own March 9, 2026 letter acknowledged the FAC's narrowing on the patent side by expressly limiting "Asserted Patents" to U.S. Patent No. 8,637,061. See Gavenman Decl., Ex. 6 at 5 n.7. The corresponding narrowing required on the universe of "Accused Products" and on subject-matter scope keyed to the FAC has not been undertaken by Plaintiffs and, as their pattern of conduct demonstrates, will not be undertaken absent either dispositive ruling on the FAC or an order from this Court directing it. That narrowing should not be ordered piecemeal on the basis of unilaterally drafted requests served against a superseded pleading. It should be addressed by reference to whatever pleading survives the pending Motion to Dismiss.

34. As paragraph 3 of this Court's Standing Order on Discovery Disputes confirms, "[r]elevance in discovery means it must relate to the legal elements of the parties' 'claims or defenses,'" and "relevant information may be produced only if it is proportional to the needs of the case considering the proportionality factors." The patent-era Requests were drafted against five patent claims; the

18
DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

legal elements of the surviving claims under the FAC — one patent claim plus the new trademark, unfair competition, and false-advertising claims subject to the pending Motion to Dismiss — are not the same.

**D.    The January 26, 2026 Statement Concerning Confidentiality Was Accurate as to the Case as It Then Stood.**

35. Plaintiffs devote substantial briefing to a statement the undersigned made on January 26, 2026 during protective-order negotiations, namely, that Defendant was "not aware of any materials it has been asked to produce that require confidential or highly confidential treatment." That statement was accurate as to the case as it stood on January 26, 2026. On that date, the operative Complaint was the original June 27, 2025 patent-only Complaint asserting five patents. The trademark, unfair competition, and false-advertising claims did not yet exist. The asserted patents themselves are public. The label claims, marketing copy, product identity, and label substantiation are public or substantially so. The categories of Defendant's materials genuinely warranting trade-secret protection in a pure patent-infringement defense were correspondingly narrow.

36. The case changed on February 26, 2026 when Plaintiffs filed the FAC and introduced the new claims that bring brand strategy, competitive analyses, pricing strategy, consumer surveys, and similar trade-secret-laden materials into potential relevance. By then, the parties had already stipulated to the operative Protective Order at ECF 100 (entered February 3, 2026), which addresses confidentiality designations in the manner now applicable to any subsequently produced material. The May 11, 2026 production was made under the operative

Protective Order with the right to designate retroactively expressly reserved. The contradiction Plaintiffs invoke is no contradiction at all -- it is the natural consequence of Plaintiffs' own decision to transform the case after Defendant's responses were served.

**E. Plaintiffs' Untimely-Response Waiver Argument Is Inapposite Under Talbots and Cannot Override Rule 26(b)(1) Proportionality.**

37. Plaintiffs invoke *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992), and *Talbots Pharms. Fam. Prods. LLC v. Skanda Grp. of Indus., LLC*, No. 2:24-cv-09007-TJH-MAR, 2025 WL 2092810 (C.D. Cal. Mar. 18, 2025), to argue that Defendant's December 8, 2025 responses, served 17 days late, waived all objections such that compelled production should follow without further analysis. Neither case supports the proposition for which Plaintiffs cite it on the facts here.

38. *Talbots* is materially distinguishable on every relevant fact. *Talbots* arose under Federal Rule of Civil Procedure 69, where a judgment creditor sought post-judgment discovery to identify assets to satisfy a $771,311.65 foreign judgment registered in this District. 2025 WL 2092810, at *1. The judgment debtor in *Talbots* (1) "did not respond or object" to the post-judgment discovery at all; (2) failed to meet and confer; and (3) failed to oppose the motion to compel. *Id.* The Court granted the motion on two independent grounds -- failure to oppose under Local Rule 7-12, treated as consent to the relief sought, and failure to timely respond or object under Rule 33(b)(4). *Id.* The decision turned in part on the broad scope of post-judgment discovery under Rule 69, where "the presumption should be in favor of full discovery of any matters arguably

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

related to [the judgment creditor's] efforts to trace [the debtor's] assets." *Id.* (citation omitted). The present record is the inverse of *Talbots* on every material fact. Defendant timely served written responses on December 8, 2025 -- 17 days after the original deadline, not "did not respond." Defendant interposed specific objections, including the confidentiality and trade-secret objections at issue. Defendant is actively opposing the present Motion. And this is pre-trial discovery in active litigation, not post-judgment Rule 69 discovery where the broader presumption *Talbots* invoked applies. *Talbots* therefore does not authorize the relief Plaintiffs seek on this record.

39. *Richmark*, a 1992 decision predating the December 2015 amendments to Rule 26(b)(1) by twenty-three years, fares no better. To the extent Plaintiffs invoke *Richmark* to authorize compelled production untethered from the mandatory proportionality and "claims or defenses" relevance framework the 2015 amendments established, paragraph 1 of this Court's Standing Order cautions against that use of pre-2015 authority. Even within the *Richmark* framework itself, waiver is discretionary, not automatic. Courts in this circuit decline to find waiver where the responding party engaged in good-faith production negotiations and the propounding party waited months before raising the issue. Plaintiffs themselves accepted the December 8 responses without objection, engaged in five weeks of protective-order negotiations through February 3, 2026, and did not raise waiver until after the First Amended Complaint and Defendant's March 16 same-day narrowing. Most fundamentally, waiver of objections is not waiver of Rule 26(b)(1) proportionality. Materials anchored to claims subject to the pending Motion to Dismiss fall outside the relevance scope paragraph 3 of this Court's Standing Order prescribes --"the

21
DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

legal elements of the parties' 'claims or defenses'" -- regardless of any objection-waiver analysis.

**F.  Production and Supplemental Responses Are Real and Responsive.**

40. On May 11, 2026, Defendant produced MANDO 000001–MANDO 000355. On May 12, 2026, Defendant served First Supplemental Responses to Plaintiffs' Interrogatories Nos. 1–9, identifying by Bates range under Federal Rule of Civil Procedure 33(d) the documents that bear on each response. Plaintiffs dismiss the production as "litigation theater." That characterization does not survive examination of the documents themselves.

41. The production includes the Accused Product labels (the operative documents establishing what the Accused Products are and how they are marketed); the operative product description copy; the published FDA GRAS Notice 499 (the regulatory filing characterizing the magnesium L-threonate ingredient as a source of dietary magnesium); published scientific articles and review articles supporting the structure/function claims; a representative set of consumer reviews; and -- most importantly -- correspondence with AIDP, Inc. concerning the expiration and termination of the supply relationship. The AIDP correspondence is uniquely in Defendant's possession and bears directly on the chronology underlying Plaintiffs' own claims regarding post-termination conduct, including the trademark and unfair competition claims now in the FAC.

42. Plaintiffs' critique that GRAS Notice 499 "makes up almost 84%" of the production by page count misses the point. The 296-page GRAS Notice is the document on which the dietary-supplement industry relies to use magnesium

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

L-threonate as an ingredient. It is the regulatory basis for the structure/function claims Plaintiffs themselves have placed at issue in Requests Nos. 20–24. Counting pages is not a measure of whether the production is substantively responsive; the GRAS Notice is.  The supplemental interrogatory responses identify specific Bates ranges under Rule 33(d) for each substantive answer. Response No. 1 identifies the Accused Products and ties them to MANDO 000003–000006. Response No. 2 identifies the two formulation epochs separated by AIDP's termination of the supply relationship on January 15, 2025 and cross-references the AIDP correspondence at MANDO 000001–000002 and MANDO 000034–000059, the operative labels at MANDO 000036–000037, and the published GRAS Notice 499 at MANDO 000060–000355. Responses Nos. 5–9 set out the structure/function basis for the label claims under 21 U.S.C. § 343(r)(6) and 21 C.F.R. § 101.93 and cross-reference the supporting scientific articles, labels, and consumer reviews. See Gavenman Decl., Ex. 21.

43. What is not yet produced -- complete quantitative formulations, master batch records and BPRs, supplier contracts and pricing, sales and financial data broken out by month, Amazon Seller Central exports, pricing strategy and elasticity analyses, business plans, QA/QC SOPs, and full manufacturing facility identification -- to the extent exist, is precisely the category that depends on (a) the pending MTD ruling on the FAC and (b) the Rule 26(b)(1) narrowing keyed to whatever pleading survives that ruling.

44. Plaintiffs' page-count critique also elides the operative relationship: Defendant possessed and operated under the GRAS Notice as a licensee under the supply relationship with AIDP, Inc., the Third-Party Defendant. The GRAS Notice is the regulatory document that authorizes the use of magnesium

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

L-threonate as a dietary-supplement ingredient and supports the structure/function claims that appear on the Accused Product labels - the very labels and claims Plaintiffs placed at issue in Requests Nos. 20–24. That the document originated upstream in Defendant's supply chain does not render it non-responsive; it confirms why it is responsive. The GRAS Notice is the regulatory predicate for the labeling Defendant produced as a downstream licensee, and producing it directly answers what Plaintiffs' Requests asked Defendant to produce.

**G. The Privilege Log Will Be Provided.**

45. Defendant has not refused to provide a privilege log. The May 11 production is non-privileged in its entirety. The universe of withheld responsive documents is limited because all of Defendant's privileged communications are likely post-suit attorney-client communications between Mando and counsel at the undersigned's firm, generated in the course of representing Defendant in this litigation. Defendant's counsel clarified that the Protective Order addresses inadvertent production under FRE 502(d) and confidentiality designations only and does not modify Rule 26(b)(5)(A). See Abhyanker Decl., **Ex. J**. Defendant endeavors to produce its privilege log within twenty-one (21) days of the Court's ruling on the pending Motion to Dismiss the First Amended Complaint (ECF 169).

**H. Attorneys' Fees Under Rule 37(a)(5)(A) Are Not Warranted.**

46. A fee award under Rule 37(a)(5)(A) is precluded if any one of three conditions applies: (i) the movant filed without first attempting in good faith to

obtain the discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). All three apply here, and the third is now particularly compelling given the pending dispositive ruling on the FAC.  Plaintiffs filed the Motion three days after Defendant served the Supplemental Responses and three days before the renewed Local Rule 37-1 conference that Plaintiffs themselves had confirmed in writing on May 11. Plaintiffs had already declined six prior requests for a Local Rule 37-1 conference between April 14 and May 9, 2026. On May 8, before any conference had been held, Plaintiffs unilaterally transmitted a 51-page draft Joint Stipulation and separately noticed a Rule 26(c) protective-order motion. That is the pattern of a party preparing for contested motions, not the pattern of a party attempting in good faith to obtain discovery without court action. Defendant's positions -- that the FAC requires Rule 26(b)(1) narrowing of the patent-era Requests; that the pending MTD on the FAC counsels deferral of discovery on the new claims; that the renewed Local Rule 37-1 conference should occur before judicial intervention; that a privilege log will be provided on a schedule keyed to the operative discovery framework; and that the production already served, identified by request number and Bates range, satisfies a substantial portion of Plaintiffs' Requests subject to narrowing -- are each substantially justified.

47. Defendant produced documents on May 11. Defendant served supplemental interrogatory responses with detailed Rule 33(d) cross-references on May 12. Defendant requested a renewed Local Rule 37-1 conference six times before Plaintiffs accepted the May 18 date. Defendant's dispositive

25

Motion to Dismiss the FAC remains pending and could dispose of the new claims that anchor most of the disputed discovery. Awarding fees on this record would penalize Defendant for engaging with the very narrowing process Rule 26(b)(1) requires and for opposing a Motion that would compel discovery on claims subject to imminent dispositive ruling. Plaintiffs have produced no documents in response to Defendant's discovery, which has been outstanding since November 2025. Local Rule 37-1 runs in both directions, and awarding fees to a party that is itself in default of its own discovery obligations is unjust.

## I.   Plaintiffs' Citations to Other Litigation Are Not Relevant to This Discovery Motion.

48. Plaintiffs' brief opens with the Court's prior Order to Show Cause (ECF 107), the pending sanctions motions (ECF 161 and the motion ECF 170 filed April 28, 2026), and out-of-circuit cases naming the undersigned by name. The Order to Show Cause has been fully briefed (ECF 108, 139, 149) and is contested. The two pending sanctions motions are scheduled for hearing on June 5, 2026 before Judge Aenlle-Rocha and are contested. None of those matters has been resolved on the merits. The cited out-of-circuit cases involve different conduct in different litigation. They are not relevant to whether discovery should be compelled on the record presented here.

49. Plaintiffs separately cite *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584 (C.D. Cal. 1999), to suggest that Defendant's March 16, 2026 narrowing of its previously-served discovery somehow violated Rule 33(a)(1). Plaintiffs themselves concede that this issue is "not the subject of this Motion." Mot. at 11 n.11. The Court need not reach it. *Walker* is also a pre-December

2015 decision, and is the second pre-2015 authority Plaintiffs invoke alongside *Richmark* (1992) for propositions that turn on the proportionality and "claims or defenses" relevance framework the 2015 amendments made mandatory. As paragraph 1 of this Court's Standing Order provides, the parties "shall not cite to cases that rely on language, principles, or holdings derived from the pre-December 2015 versions of the Federal Rules of Civil Procedure that are inconsistent with the text and purposes of the December 2015 revisions." The substantive question of supersession in light of the operative First Amended Complaint, if it ripens, will be addressed in a separately filed motion.

**J.  The Reference to 'Patent Rules' Does Not Compel Production.**

50. Plaintiffs separately invoke "the Patent Rules" as a ground for compelled production. The District's Patent Local Rules govern infringement and invalidity contentions, claim charts, and related disclosures on a schedule tied to the operative case management order. Plaintiffs do not identify any specific Patent Local Rule provision, deadline, or document allegedly outstanding. Defendant remains current on its Patent Local Rule obligations on the schedule the case management order prescribes, and any Patent Local Rule narrowing required by the FAC's reduction from five asserted patents to one will be addressed on the schedule applicable to those disclosures.

**IV. CONCLUSION**

51. Defendant respectfully requests that the Court (1) deny the Motion in its entirety; (2) deny the request for attorneys' fees.

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

Respectfully Submitted: May 17, 2026

LEGALFORCE RAPC WORLDWIDE P.C.

/s/ Raj V. Abhyanker

Raj V. Abhyanker

Attorney for Defendant:

Mando International, LLC

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

## STATEMENT REGARDING PRE-FILING CONFERENCE STATUS

Pursuant to Local Rule 7-3 and this Court's Standing Order (Dkt. 16 at 6), Defendant certifies that Plaintiffs did not conduct a telephonic or in-person pre-filing conference with Defendant regarding much of the substance of this Motion. The Magistrate Judge's Standing Order on Discovery Disputes provides that "emails and written correspondence may supplement, but shall not replace, required telephonic and/or in-person conferences of counsel" and that "pro forma or perfunctory email exchanges shall not be considered adequate pre-filing conferences of counsel." No telephonic or in-person conference occurred.

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this opposition brief contains approximately 6610 words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order (ECF No. 16).

Dated: May 17, 2026

Respectfully submitted,
LEGALFORCE RAPC WORLDWIDE P.C.


/s/ Raj V. Abhyanker
Raj V. Abhyanker
Attorney for Defendant:
Mando International, LLC

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES
CASE NO.: 2:25-cv-05871-FLA-MAR