Raj V. Abhyanker, California SBN 233284
raj@legalforcelaw.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:  (650) 965-8731
Facsimile:   (650) 989-2131

Attorney for Defendant and Counterclaimant,
Mando International, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC., a California corporation, THREOTECH LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>V.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION LABS, a Texas limited liability company<br><br>Defendant and Counterclaimant<br><br>NEUROCENTRIA, INC., a California corporation, THREOTECH LLC, a Nevada limited liability company, and AIDP, INC., a California corporation.<br><br>Counter-Defendants. | Case No. 2:25-cv-05871-FLA-JPR<br><br>**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN CONNECTION WITH PENDING MOTIONS FOR SANCTIONS (DKTS. 161, 170), ORDER TO SHOW CAUSE (DKT. 107), AND MOTION TO COMPEL (DKT. 187)**<br><br>First Street U.S. Courthouse, Los Angeles<br><br>Courtroom 6B, 6th Floor<br><br>Hon. Fernando L. Aenlle-Rocha |

1

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR

1. Defendant Mando International, LLC ("Defendant"), by and through its counsel, respectfully submits this Notice of Supplemental Authority to bring to the Court's attention a material development bearing directly on every pending contested matter in this action: the pending Motions for Sanctions (Dkts. 161, 170), the Court's Order to Show Cause (Dkt. 107), the Motion to Compel (Dkt. 187), and the Consolidated Motion to Dismiss (Dkt. 169). Defendant further respectfully requests that the Court issue an Order to Show Cause as to why Plaintiffs and their counsel should not be sanctioned for failing to disclose this development to the Court and for continuing to prosecute sanctions motions and seek discovery compulsion on a patent the USPTO has rejected in its entirety.

**I. The USPTO Has Rejected All 19 Claims of the '061 Patent**

2. On May 4, 2026, the United States Patent and Trademark Office issued an Office Action in *Ex Parte Reexamination Control No. 90/015,776* rejecting all 19 claims of U.S. Patent No. 8,637,061 (the "'061 Patent")--the sole patent asserted by Plaintiffs in this action. A true and correct copy of the Office Action is attached hereto as **Exhibit A.**

3. The examiner rejected claims 1–7, 12–14, and 19 under pre-AIA 35 U.S.C. § 102(b) as *anticipated* by Yu et al. (CN 1200366, 1998) ("Yu '366"). Anticipation is the most definitive form of prior art rejection--it means the prior art discloses the identical invention. Yu '366 discloses magnesium L-threonate formulated for oral administration in tablets, capsules, oral liquids, and gels, at dosages of 1mg to 100g. (Office Action at 4.) This reference was published in 1998--nine years before the '061 Patent's effective filing date of March 22, 2007. The remaining claims

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR

(8–11, 15–18) were rejected under § 103(a) as obvious. (Office Action at 5–10.) Every claim of the sole patent in this case has been rejected.

4. The patent owner has not filed a Patent Owner Statement under 37 CFR 1.530. (Office Action at 2.) The patent owner has two months from May 4, 2026--approximately July 4, 2026--to respond. If no response is filed, a reexamination certificate will issue cancelling all 19 claims. 37 CFR 1.550(d).

**II. Plaintiffs Knew or Should Have Known of the Office Action and Failed to Disclose It**

5. The reexamination cover sheet identifies Wilson Sonsini Goodrich & Rosati as counsel for the patent owner. The patent owner is Plaintiffs' assignor or Plaintiffs themselves. Plaintiffs' litigation counsel--seven attorneys across three firms--are responsible for managing all aspects of this litigation, including monitoring developments affecting the enforceability of the patent they are asserting. The Office Action was mailed on May 4, 2026. It has been over one month.

6. Since May 4, 2026, Plaintiffs have filed or caused to be filed the following documents without disclosing the reexamination rejection to this Court or to Defendant:

7. *May 15, 2026 -- Motion to Compel Discovery and for Attorneys' Fees (Dkt. 187).* Eleven days after the Office Action was mailed, Plaintiffs filed a 6,578-word motion to compel seeking production of patent-related discovery for the '061 Patent--including formulations, batch records, supplier contracts, sales data, QA/QC procedures, and manufacturing facility identification. (Dkt. 187 at 14–15; Dkt. 187-2, ¶¶ 36–37.) Plaintiffs' own motion states: "Kappa has failed to comply

with its discovery obligations in good faith, including by failing to produce a single document for more than six months." (Dkt. 187 at 2.) Plaintiffs sought attorneys' fees for bringing the motion. (Dkt. 187 at 23.) The Gavenman Declaration filed concurrently (Dkt. 187-2), signed under penalty of perjury on May 15, 2026, makes no mention of the reexamination Office Action. Plaintiffs did not disclose to either the District Judge or the Magistrate Judge that the USPTO had rejected every claim of the patent for which they were demanding discovery.

8. *May 22, 2026 -- Reply in Support of Motion for Sanctions (Dkt. 191).* Plaintiffs filed a 4,040-word reply brief seeking a vexatious litigant designation, characterizing Defendant's litigation positions as "vexatious" and "disingenuous." Plaintiffs did not disclose that the USPTO had rejected every claim of the patent whose defense Plaintiffs characterize as sanctionable. Plaintiffs attached as an exhibit the MH Sub I order (entered May 13, 2026) to impugn Defendant's credibility--demonstrating they were actively monitoring developments in other proceedings--but failed to disclose the far more material development in the reexamination of the very patent at the center of this case.

9. *June 3, 2026 -- Reply in Support of Motion to Compel (Dkt. 194).* Plaintiffs filed a reply brief demanding that the Court compel Defendant to produce documents responsive to discovery requests concerning the '061 Patent. Plaintiffs argued that "Kappa must be ordered to produce" formulations, batch records, sales data, and other materials relating to the patent claims. (Dkt. 194 at 8–9.) Plaintiffs did not disclose that the USPTO had rejected all 19 claims of the patent to which that discovery relates. The reply was filed one month after the Office Action was mailed.

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR

10. *June 3, 2026 -- Supplemental Gavenman Declaration (Dkt. 194-1).* Mr. Gavenman filed a supplemental declaration attaching the MH Sub I order as Exhibit 22, demonstrating continued monitoring of collateral proceedings. Mr. Gavenman did not mention the reexamination Office Action--a development directly bearing on every pending matter in this case and on the proportionality and scope of the discovery Plaintiffs seek to compel.

11. Plaintiffs' obligation to disclose this development arises from multiple sources. Counsel have a duty of candor to the tribunal. A party seeking to compel discovery on a patent whose claims have been rejected by the USPTO has an obligation to disclose that rejection because it materially affects the proportionality analysis under Rule 26(b)(1)--the very rule Plaintiffs invoke in their motion to compel. And a party seeking over $200,000 in sanctions for an opponent's conduct in challenging a patent has an obligation to disclose that the patent has been independently rejected by the agency with primary jurisdiction over patent validity.

**III. The Office Action Undermines Every Pending Sanctions Proceeding**

12. **A. Dkt. 161 (Claim Construction Sanctions).** Plaintiffs seek over $200,000 for Defendant's claim construction conduct, calling Defendant's positions "objectively unreasonable" and "so unreasonable that no reasonable litigant could believe it would succeed." (Dkt. 161 at 11.) The USPTO has now independently concluded that the asserted claims are anticipated by a 1998 Chinese patent disclosing the identical compound in the identical dosage forms. A claim construction position questioning the scope of claims the USPTO itself has rejected on all grounds is not "objectively unreasonable." The entire claim construction

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR

dispute--and the sanctions demand predicated on it--must be viewed in light of this development.

13. **B. Dkt. 170 (Vexatious Litigant Motion).** Plaintiffs seek a vexatious litigant designation based in part on Defendant's Rule 11 motion challenging the patent's scientific foundation. (Dkt. 170 at 9.) The USPTO's rejection of all 19 claims demonstrates that the patent was, in fact, vulnerable to challenge and that Defendant's challenges had substantial merit. Litigation positions independently validated by the USPTO are not the conduct of a vexatious litigant.

14. **C. Dkt. 107 (Order to Show Cause).** The OSC cited Defendant's filing and withdrawal of the Rule 11 motion. (Dkt. 107 at 4.) Defendant's Rule 11 letter argued that the science underlying the '061 Patent was unsupported. Plaintiffs characterized these positions as "baseless" with "absolutely no independent, objective support." (Dkt. 103 at 1–2.) The USPTO has now adopted those same positions. Filing a Rule 11 motion challenging claims that the USPTO subsequently rejects on all grounds is not bad-faith conduct.

**IV. The Office Action Materially Affects the Motion to Compel and Discovery Scope**

15. Plaintiffs' Motion to Compel (Dkt. 187) seeks to compel production of documents relating to the '061 Patent--including formulations, batch records, supplier contracts, sales data, manufacturing facility identification, and QA/QC procedures. (Dkt. 194 at 8–9; Dkt. 194-1, ¶ 10.) This discovery is directed entirely at the patent infringement claims. Plaintiffs' own reply brief confirms: "The Motion concerns Kappa's failure to respond timely or properly to Plaintiffs' Requests concerning their patent infringement claim." (Dkt. 194 at 4.)

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR

16. The USPTO has now rejected every claim of the patent underlying those infringement claims. The proportionality analysis under Rule 26(b)(1) requires the Court to consider "the importance of the issues at stake in the action" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." A patent whose claims have been rejected by the USPTO--with no Patent Owner Statement filed in response--presents a fundamentally different proportionality calculus than an unchallenged patent. Compelling Defendant to produce trade-secret-level manufacturing data for a patent the USPTO has rejected on all claims, without disclosing the rejection to the Court, is not proportional discovery--it is an abuse of the discovery process.

17. Plaintiffs' counsel filed the motion to compel reply on June 3, 2026--thirty days after the Office Action was mailed. Plaintiffs demanded production of "[c]omplete quantitative formulations," "[m]aster batch records," "[s]upplier contracts and pricing," "[s]ales and financial data," and "QA/QC SOPs." (Dkt. 194-1, ¶ 10.) These are Defendant's most sensitive trade secrets. Plaintiffs sought to compel their production without informing the Court--or the Magistrate Judge who will rule on the motion--that the patent underlying the claims to which this discovery is directed has been rejected in its entirety.

**V. Plaintiffs' Selective Disclosure of Collateral Proceedings Demonstrates Bad Faith**

18. Plaintiffs' failure to disclose the reexamination Office Action is not an oversight. It is a deliberate choice, and the record proves it.

19. On May 22, 2026--eighteen days after the Office Action was mailed--Plaintiffs filed their Reply in Support of the Vexatious Litigant Motion

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR

(Dkt. 191). In that reply, Plaintiffs attached the May 13, 2026 MH Sub I order as a new exhibit. (Dkt. 191 at 2; Dkt. 191-1, Ex. 1.) On June 3, 2026, Plaintiffs filed the Supplemental Gavenman Declaration (Dkt. 194-1), again attaching the MH Sub I order as Exhibit 22. Plaintiffs were actively monitoring and introducing developments from collateral proceedings--selecting the ones that supported their narrative and withholding the one that destroyed it.

20. Plaintiffs chose to disclose a fee-shifting order in an unrelated Lanham Act case involving different parties, different claims, and different facts. Plaintiffs chose not to disclose a USPTO Office Action rejecting every claim of the sole patent asserted in this case. The MH Sub I order is, at most, tangentially relevant to the sanctions and discovery issues before this Court. The reexamination Office Action is directly relevant to every pending matter. Plaintiffs' selective disclosure--introducing the collateral proceeding that helps them while concealing the one that undermines them--is the conduct that should give this Court pause.

**VI. Request for Order to Show Cause**

21. In light of the foregoing, Defendant respectfully submits that the Court may wish to consider whether an Order to Show Cause is warranted directing Plaintiffs and their counsel to address:

22. (1) Failing to disclose to this Court and the Magistrate Judge, for over one month, that the USPTO rejected all 19 claims of the sole patent asserted in this action;

23. (2) Filing a Motion to Compel Discovery (Dkt. 187) on May 15, 2026--eleven days after the Office Action--demanding production of Defendant's most sensitive trade secrets in connection with patent claims the USPTO had

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR

already rejected, without disclosing the rejection to this Court or the Magistrate Judge, and seeking attorneys' fees for the motion;

24. (3) Filing a Reply in Support of their Motion for Sanctions (Dkt. 191) on May 22, 2026--eighteen days after the Office Action--seeking a vexatious litigant designation for Defendant's challenges to a patent the USPTO has now rejected, without disclosing the rejection;

25. (4) Filing a Reply in Support of their Motion to Compel (Dkt. 194) on June 3, 2026--thirty days after the Office Action--again demanding production of Defendant's trade secrets for rejected patent claims, without disclosing the rejection;

26. (5) Selectively introducing collateral proceedings that support Plaintiffs' narrative (the MH Sub I order) while concealing the collateral proceeding that undermines it (the reexamination Office Action); and

27. (6) Continuing to prosecute sanctions motions seeking over $200,000 and a vexatious litigant designation for Defendant's challenges to a patent that the USPTO--the federal agency with primary jurisdiction over patent validity--has independently found to be anticipated by prior art predating the patent by nine years.

**VII. Conclusion**

28. The USPTO's rejection of all 19 claims of the '61 Patent is the most material development in this case since its filing. It validates Defendant's litigation positions that Plaintiffs sought to sanction. It fundamentally alters the proportionality of the discovery Plaintiffs seek to compel. And Plaintiffs' failure to disclose it--while simultaneously introducing a collateral fee-shifting order to

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR

impugn Defendant's credibility--demonstrates the selective candor that should concern this Court far more than any of the conduct alleged in Plaintiffs' sanctions motions.

29. Defendant respectfully requests that the Court: (1) consider this supplemental authority in connection with its pending rulings on Dkts. 107, 161, and 170; (2) bring this Office Action to the attention of the Magistrate Judge in connection with the pending Motion to Compel (Dkt. 187); (3) issue an Order to Show Cause directing Plaintiffs and their counsel to explain their failure to disclose this development; and (4) reserve Defendant's right to move for a stay of this action pending the outcome of the reexamination.

30. Defendant further reserves the right to seek reasonable attorneys' fees and costs incurred in opposing Plaintiffs' sanctions motions (Dkts. 161, 170), responding to the Order to Show Cause (Dkt. 107), and opposing the Motion to Compel (Dkt. 187), to the extent the Court determines that Plaintiffs' prosecution of those proceedings was not substantially justified in light of the reexamination Office Action and Plaintiffs' failure to disclose it.

Executed on: June 5, 2026

Respectfully submitted,
LEGALFORCE RAPC WORLDWIDE P.C.


/s/ Raj V. Abhyanker
Raj V. Abhyanker
Attorney for Defendant and
Counterclaimant Mando International, LLC

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Mando International, LLC, certifies that this request for judicial notice contains 2262 words, which complies with the word limit of L.R. 11-6.1.


Dated: June 5, 2026                     Respectfully submitted,
                                        LEGALFORCE RAPC WORLDWIDE P.C.


                                        /s/ Raj V. Abhyanker_____
                                        Raj V. Abhyanker
                                        Attorney for Defendant:
                                        Mando International, LLC

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO.: 2:25-cv-05871-FLA-JPR