Sang Dang, Esq. (SBN 214558)
   sdang@fortislaw.com
Salvatore Picariello, Esq. (SBN 190442)
   spicariello@fortislaw.com
FORTIS LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
Telephone: 714-839-3800
Facsimile: 714-795-2994

John W. Cox
(Admitted *Pro Hac Vice)*
   John.Cox@btlaw.com
Lauren U. Baker
(Admitted *Pro Hac Vice*)
   lauren.baker@btlaw.com
BARNES & THORNBURG LLP
3340 Peachtree Rd NE, Suite 2900
Atlanta, GA 30326
Telephone: 404-264-4036
Facsimile:  404-264-4033

Jeffrey Gavenman
(Admitted *Pro Hac Vice*)
jeffrey.gavenman@hugheshubbard.com
Jeremy Schulman
(Admitted *Pro Hac Vice*)
jeremy.schulman@hugheshubbard.com
James Schaller
(Admitted *Pro Hac Vice*)
jake.schaller@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, DC 20006
Telephone: 202-721-4600
Facsimile: 202-721-4646

Attorneys for Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. and THREOTECH LLC and Third-Party Defendant, AIDP, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC. and THREOTECH LLC,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION,<br><br>Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>AIDP, INC.,<br><br>Third-Party Defendant. | Case No. 2:25-cv-05871-FLA-MAR<br><br>**MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE DEADLINES**<br><br>Hearing:      August 21, 2026<br>Time:          1:30 p.m.<br>Courtroom: 6B, 6th Floor<br>Judge:       Hon. Fernando L. Aenlle-Rocha |

**TO THE COURT AND TO ALL PARTIES AND ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that, on Friday, August 21, 2026, at 1:30 p.m., or as soon as this matter may be heard before the Honorable Fernando L. Aenlle-Rocha of the above-entitled Court, located at 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, Plaintiffs / Counterclaim Defendants Neurocentria, Inc. ("Neurocentria") and ThreoTech LLC ("ThreoTech" and, collectively with Neurocentria, "Plaintiffs") and Third-Party Defendant AIDP, Inc. ("AIDP" and, collectively with Plaintiffs, "Magtein Parties") will and hereby do move the Court to extend the fact discovery deadline in this action through and including January 15, 2027, and revise the remainder of the dates in the Scheduling Order (ECF 32) (the "Scheduling Order") to account for the additional parties and causes of action added to the case since the Scheduling Order was set on September 24, 2025.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the concurrently filed Declaration of Jeffrey Gavenman (the "Gavenman Decl.").

### L.R. 7-3 Statement of Compliance

On July 10, 2026, the parties held a meet and confer on this Motion. The details of the meet and confer are contained in the Gavenman Decl., ¶¶ 23-25.

Dated: July 21, 2026

**HUGHES HUBBARD & REED LLP**
By: /s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman (admitted *pro hac vice*)

*Counsel for Plaintiffs and Third-Party Defendant*

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................... 1

II.  RELEVANT BACKGROUND .................................................................. 5

     A.   To Date, Kappa Has Not Produced the Vast Majority of
          Responsive Documents ................................................................... 5

     B.   The Parties Attempt to Negotiate an ESI Stipulation and Hit List ............ 8

     C.   AIDP Rule 26(f) Conference ........................................................ 12

     D.   Procedural History Following the Entry of the Scheduling Order .......... 13

III. ARGUMENT .......................................................................................... 13

     A.   Good Cause Exists to Modify the Scheduling Order ........................... 13

          1.   Plaintiffs Have Diligently Prosecuted this Action ...................... 14

          2.   The Current Schedule Cannot Reasonably Be Met ...................... 15

     B.   The Remaining Case Deadlines Should Be Adjusted to Reflect the
          Current Posture of the Case ......................................................... 19

IV.  CONCLUSION ...................................................................................... 22

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altair Instruments, Inc. v. Telebrands Corp.*,
  No. 2:19-cv-08967-PSG-JC, 2020 BL 407476 (C.D. Cal. July 10,
  2020) ..................................................................................................................18

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) .............................................................................14

**Statutes and Rules**

California Business & Professions Code § 17200 ......................................................13

Fed. R. Civ. P. 16(b)(4) ...........................................................................................13

Fed. R. Civ. P. 26(d)(1) ...........................................................................................15

Fed. R. Civ. P. 26(f) ..............................................................................4, 12, 13, 15, 19

Fed. R. Civ. P. 30(b)(6) ...................................................................................3, 4, 18

Fed. R. Civ. P. 33(b)(2) ..............................................................................................6

Fed. R. Civ. P. 34(b)(2)(A) ........................................................................................6

Fed. R. Civ. P. 36(a)(3) ..............................................................................................6

L.R. 37 .......................................................................................................................14

L.R. 37-1 ......................................................................................................................6

L.R. 37-2 ......................................................................................................................6

L.R. 37-2.4 ...................................................................................................................7

L.R. 83-9.1 ...................................................................................................................2

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION MODIFY SCHEDULING ORDER

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. ("<u>Neurocentria</u>") and THREOTECH, LLC ("<u>ThreoTech</u>" and, collectively with Neurocentria, "<u>Plaintiffs</u>") and Third-Party Defendant AIDP, Inc. ("<u>AIDP</u>" and, collectively with Plaintiffs, the "<u>Magtein Parties</u>") hereby submit this Motion to Modify the Scheduling Order and Extend Case Deadlines (the "<u>Motion</u>") and in support thereof state as follows:

## I.   INTRODUCTION

By this Motion, the Magtein Parties respectfully request that this Court modify the scheduling order entered on September 24, 2025 (the "<u>Scheduling Order</u>") (ECF 32) to extend the remaining case deadlines, including the fact discovery cut-off date, in order to establish a workable litigation schedule that reflects the current procedural posture of the case.

Currently, fact discovery closes on September 11, 2026, initial expert disclosures are due on September 18, 2026, and motions for summary judgment must be filed by October 9, 2026. However, despite the Magtein Parties' diligent prosecution of this action, the current schedule no longer can be reasonably met. As such, for the reasons set forth below, good cause exists to extend the current deadlines in the Scheduling Order.

First, currently under submission and pending are both the Magtein Parties' Motion to Dismiss Kappa's Second Amended Counterclaims ("<u>Magtein Parties' MtD</u>") (ECF 133) and Kappa's Motion to Dismiss Plaintiffs' First Amended Complaint ("<u>Kappa's MtD</u>") (ECF 169), each of which seeks dismissal of the other side's case in its entirety. The Court's rulings on those motions will determine what claims and defenses ultimately proceed in this action,[1] and, in turn, what issues will need to be

---

[1] Indeed, the pendency of the Magtein Parties' MtD means that none of the Magtein Parties have even answered Kappa's Second Amended Counterclaims (ECF 112), and that AIDP has not yet had the opportunity to file counterclaims against Kappa. Gavenman Decl., ¶ 30.

1

addressed through expert testimony, in motions for summary judgment, and, potentially, at trial. Yet, initial expert disclosures are due on September 18, 2026, less than two weeks after a ruling on Kappa's MtD is due under Local Rule 83-9.1. As a practical matter, the Magtein Parties will have little opportunity to evaluate the effect of those rulings, determine what expert testimony remains necessary, and prepare expert reports tailored to the claims that survive.

Second, the need to adjust the schedule in this case – particularly the fact discovery deadline – has become acute given Defendant/Counterclaim Plaintiff Mando International, LLC d/b/a Kappa Nutrition's ("Kappa") ongoing shirking of its discovery obligations. Kappa has failed to produce the vast majority of relevant, responsive documents that Plaintiffs seek. Plaintiffs filed a motion to compel on May 15, 2026 (the "Motion to Compel") (ECF 187), but that motion remains pending, and it is entirely unclear when Plaintiffs will be able to obtain the requested documents. It has been ***nearly nine months*** since Kappa first received discovery requests from Plaintiffs, and Kappa has produced close to nothing in response.[2] Kappa's discovery failures have come in spite of Plaintiffs timely serving discovery and diligently pursuing proper responses and documents responsive to Plaintiffs' First Requests (as defined below) through all means at their disposal, up to and including filing the Motion to Compel.

Despite the pending Motion to Compel, there is no realistic prospect that the outstanding document discovery from Kappa will be obtained, reviewed, and incorporated into remaining discovery process within the existing schedule. It is unclear when the Court will rule on the Motion to Compel. But, even if the Court grants the Motion to Compel imminently, additional time will still be required for Kappa to comply with the order, and then for the Plaintiffs to review the Court-ordered production for use in depositions, with experts, and for summary judgment. Further,

---

[2] Magtein Parties hereby incorporate the Motion to Compel as if fully set forth herein.

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

given Kappa's discovery conduct to date, there is little basis to assume that a favorable ruling on the Motion to Compel will immediately result in full compliance and production. As such, further motion practice may be necessary regarding any continuing deficiencies. However, the current Scheduling Order contemplates that discovery disputes be addressed at least six weeks before the fact discovery cut-off, rendering the prospect of meaningful follow-up relief increasingly impossible as the current deadlines approach.

In addition, after filing the Motion to Compel, on May 28, 2026, Plaintiffs sent additional discovery requests to Kappa ("Plaintiffs' Second Requests"), which were focused on new areas of discovery (*i.e.*, regarding the new causes of action that were not pending at the time of Plaintiffs' First Requests). Gavenman Decl., ¶ 4. To date, Plaintiffs have not received any documents in response to those requests. Gavenman Decl., ¶ 9. Plaintiffs have been engaged in meet-and-confer efforts regarding such requests, but, given the looming discovery deadline, will need to imminently seek additional motion-to-compel relief with respect to Plaintiffs' Second Requests. And considering the time required for briefing, resolution, compliance, document review, and any necessary follow-up motions practice, even with a timely filing of a second motion to compel, there is no realistic possibility that these issues can be resolved within the existing Scheduling Order.

As a result of not receiving requested documents from Kappa, Plaintiffs have been unable to prepare for and conduct depositions of Kappa's principal, employees, and Rule 30(b)(6) witness(es). Proceeding with those depositions without the underlying documents is inefficient, contrary to well-established federal discovery practice, and risks the need for additional motions practice to take additional depositions. The Magtein Parties had hoped to receive a ruling on the Motion to Compel sufficiently in advance of any depositions to permit review of the compelled production. However, with no ruling yet issued, a dearth of document production from Kappa, and the current fact-discovery cutoff rapidly approaching, the Magtein Parties have

3

reluctantly scheduled Kappa's Rule 30(b)(6) deposition and the depositions of two Kappa employees for the final week of August. Gavenman Decl., ¶ 31. The current schedule also leaves no opportunity to address deficiencies that may arise during those depositions. Again, pursuant to the Scheduling Order, discovery motions must be discussed with opposing counsel at least six weeks before the discovery cutoff (Scheduling Order at 6) – a deadline that expires weeks before the currently scheduled late-August depositions. Thus, by Kappa's failure to produce critical documents, Kappa has placed the Magtein Parties in the untenable position of conducting key depositions without the documents necessary to prepare for them, while simultaneously depriving the Magtein Parties of any realistic opportunity to seek relief regarding any issues with those depositions or discovery deficiencies revealed by those depositions.

The absence of document discovery also has substantial implications for expert discovery. The Magtein Parties are in the process of identifying and retaining experts in advance of the September 18, 2026 initial disclosure deadline. Yet, the Magtein Parties still have not received any documents bearing directly on issues such as infringement, damages, and Kappa's asserted claims and defenses. *See, e.g.,* Motion to Compel. Without those materials, experts cannot meaningfully evaluate the facts, formulate opinions, or prepare the reports required by Rule 26.

Finally, third-party defendant AIDP only recently entered the case, and the Rule 26(f) conference for AIDP did not occur until ***July 10, 2026***. AIDP, therefore, has not yet had a meaningful opportunity to conduct discovery concerning Kappa's claims against it. Under the current schedule, AIDP would be required to complete discovery in a matter of weeks despite having only recently begun participating in the discovery process.

Under the current schedule, the parties will be required to complete fact discovery, prepare expert reports, and brief summary judgment motions on a timetable that assumes both a complete factual record and a settled set of claims. At present, neither exists. As such, the Magtein Parties respectfully move for an order extending

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

the fact discovery deadline by approximately four months, to January 15, 2027, and revising the remainder of the dates in the Scheduling Order as described in the attached proposed order, so as to permit: (1) resolution of Plaintiffs' Motion to Compel; (2) Kappa's production of documents, a significant portion of which it has been obligated to produce (and has not produced) since November 2025 (such documents being the subject of the Motion to Compel); (3) Plaintiffs' review of that production and, if necessary, addressing any remaining deficiencies with the Court; (4) Plaintiffs to conduct the depositions of Kappa, its principal, and its employees after receiving and reviewing the relevant document discovery; (5) resolution of the parties' respective motions to dismiss; (6) AIDP to conduct discovery regarding Kappa's claims against it and to assert counterclaims against Kappa; and (7) the parties to complete expert discovery and dispositive-motion practice on the basis of a complete factual record and settled pleadings.

The Magtein Parties sought Kappa's consent for this modest extension of the discovery deadline but, incredibly – and despite the fact that Kappa's failures play a large role in the need for an extension – Kappa steadfastly refused consent. Gavenman Decl., ¶¶ 21, 23-25. Kappa is clearly hoping to capitalize on depriving the Magtein Parties of critical documents and information through Kappa's failure to meet its discovery obligations. But Kappa should not be accorded such an advantage and, for the reasons set forth herein, the Scheduling Order should be amended.

Notably, this is the first request by any of the parties to extend any of the deadlines in the Scheduling Order. Gavenman Decl., ¶ 32.

## II.   RELEVANT BACKGROUND

### A.   To Date, Kappa Has Not Produced the Vast Majority of Responsive Documents

On October 21, 2025, Plaintiffs properly served Kappa with Interrogatories, Requests for Production of Documents, and Requests for Admission ("Plaintiffs' First

Requests"). ECF 187-2,[3] ¶¶ 4-5.

On December 8, 2025, Kappa served Plaintiffs with its responses to Plaintiffs' First Requests ("Kappa's First Responses"). ECF 187-2, ¶¶ 6-7. Kappa's First Responses were served 17 days late.[4] *Id.*, ¶ 6. Kappa did not provide substantive responses to the vast majority of Plaintiffs' First Requests and ***did not produce a single document***. *Id.*, ¶¶ 8-12.

On March 9, 2026, Plaintiffs sent Kappa a L.R. 37-1 letter (the "March 9 Letter") regarding the wholly deficient responses. *See* ECF 187-2, ¶ 13. The parties met and conferred on March 16, 2026 regarding the March 9 Letter (the "March 16 Meet-and-Confer"). *Id.*, ¶ 14. At the March 16 Meet-and-Confer, Kappa committed to amending its responses and making a fulsome document production by May 1, 2026. *Id.*

On April 16, 2026, however, counsel for Kappa, Raj Abhyanker, informed counsel for Plaintiffs that a full production in response to Plaintiffs' First Requests was not, in fact, forthcoming on May 1, 2026. ECF 187-2, ¶¶ 16-17. Remarkably, not only did Kappa fail to complete production by May 1, 2026, as promised, but May 1 came and went and Respondents ***did not produce even one single document***. *Id.*, ¶ 18.

After Kappa failed to produce a single document by May 1, 2026, Plaintiffs prepared their portion of a Joint Stipulation pursuant to L.R. 37-2 but Kappa failed to participate in that process as well. *See* ECF 187-2, ¶¶ 33-35.

---

[3] Reference is made to the Declaration of Jeffrey Gavenman submitted in support of Plaintiffs' Motion to Compel (ECF 187-2), which more fully details Kappa's repeated failure to provide responsive discovery, the parties' extensive efforts to resolve those deficiencies without Court intervention, and the circumstances necessitating the Motion to Compel. The Magtein Parties respectfully incorporate that declaration (and the full Motion to Compel and all supporting documentation) by reference rather than restating the full factual predicate for the Motion to Compel herein.

[4] Pursuant to Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3), Kappa's responses to Plaintiffs' Requests were due on November 21, 2025.

6

On May 12, 2026, after Plaintiffs transmitted their portion of the Joint Stipulation to Kappa (*see* ECF 187-2, ¶ 33) and faced with the threat of a motion to compel, Kappa made its first document production. ECF 187-2, ¶ 36. Kappa produced a single PDF file which contained:

- (1) A cease-and-desist letter dated January 10, 2025 from ThreoTech's other counsel to Mando.
- (2) Two PDF printouts of the same Amazon listing for one of Kappa's products.
- (3) A three-page document titled "Research Notes – Magnesium and Brain Health," which bears the MagBrain mark and appears to originate from "Albion Minerals." The document includes the website "www.mag-brain.com" in the footer of each page; however, that website does not appear to be active. The document itself appears to be a summary of general literature regarding magnesium's purported effects on brain function.
- (4) A copy of the TMLA – a document already attached to the FAC as an exhibit.
- (5) A letter dated May 19, 2025 from Mando to ThreoTech's Cornelius Lau.
- (6) Copies of labels of Mando's product.
- (7) Neurocentria's GRAS Notice dated January 24, 2014.

*Id.* As this production, most of which were documents already known to Plaintiffs or are otherwise publicly available, did nothing to fulfill Kappa's production obligations, Plaintiffs filed their Motion to Compel pursuant to L.R. 37-2.4 on May 15, 2026 (ECF 187). On June 12, 2026, Magistrate Judge Margo A. Rocconi took the matter under advisement (ECF 198) and, as of the filing of this Motion, no decision has been rendered. As of the date of this Motion, Kappa's single PDF, produced on May 12, 2026, remains the sole production made by Kappa. Gavenman Decl., ¶ 11.

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

**B.      The Parties Attempt to Negotiate an ESI Stipulation and Hit List**

On May 26, 2026, Plaintiffs' counsel sent Kappa's counsel a draft ESI stipulation. Gavenman Decl., Exhibit 1 at 13. On May 27, 2026, Kappa's counsel sent revisions to the ESI stipulation. *Id.* at 12-13. Kappa included its search terms in the draft ESI stipulation. Gavenman Decl., ¶ 3. On May 28, 2026, Plaintiffs sent Plaintiffs' Second Requests to Kappa, focused on new areas of discovery that did not overlap with the prior requests, particularly regarding the new causes of action that were not pending at the time of the initial requests. Gavenman Decl., ¶ 4.

Later, on May 28, 2026, the parties held a meet-and-confer regarding the ESI stipulation (the "May 28 Meet-and-Confer"). Gavenman Decl., ¶ 5. At the May 28 Meet-and-Confer, the parties went over Kappa's counsel's changes and largely agreed on the terms. *Id*. In addition, at the May 28 Meet-and-Confer, Abhyanker agreed to inquire about additional employees at Kappa and get back to Plaintiffs' counsel with that information. Gavenman Decl., ¶ 6. On June 2, 2026, Abhyanker provided the job titles of certain individuals but not their email addresses (Gavenman Decl., Exhibit 1 at 9-10), and did not do so until June 22, 2026 (*see, e.g., id.* at 2-3).

On June 3, 2026, Plaintiffs' counsel submitted some revisions to the ESI stipulation. Gavenman Decl., Exhibit 1 at 7. In the same email, Plaintiffs' counsel sent search terms to Kappa and asked Kappa to apply the search terms to the emails of the several custodians that Kappa provided to Plaintiffs (*id.* at 7-9); Plaintiffs' counsel further asked for a resulting hit list so that Plaintiffs' counsel could narrow the search terms if necessary. *Id*. at 7. At the same time, Plaintiffs' counsel indicated that Kappa's proposed terms returned an extraordinary number of documents when applied to the four custodians Kappa requested. *Id.* Plaintiffs' counsel asked whether Kappa wanted to narrow the search terms or whether Abhyanker wanted Plaintiffs' counsel to do so. *Id.*

On June 11, 2026, Abhyanker replied to the June 3, 2026 email and informed Plaintiffs' counsel that he had instructed his eDiscovery vendor to apply Plaintiffs'

8

search terms to identified accounts and that he would provide the hit list once it was generated. Gavenman Dec., Exhibit 1 at 6. Abhyanker also mentioned that he was working on the ESI stipulation. *Id.*

On June 16, 2026, Abhyanker wrote again regarding the search term analysis, stating that the collection of preserved emails consisted of approximately 175,000 emails. Gavenman Decl., Exhibit 1 at 5-6. Abhyanker further notified Plaintiffs' counsel that Kappa's eDiscovery vendor advised that Plaintiffs' terms generated approximately one million hits across these emails. *Id.* But Abhyanker, among other failures, did not indicate the number of unique documents that had hit on the search terms or provide a hit list at all. Instead, Abhyanker proposed to meet and confer regarding the search terms, despite the futility of attempting to narrow search terms without a hit list to see what terms were causing the issue. *Id.* In the June 16, 2026 email, Abhyanker first mentioned that "the volume of hits is stretching the capabilities of [Kappa's eDiscovery vendor's] analysis tools and more specialized litigation-support platforms may be required if the parties intend to proceed with search terms at anything close to their current scope." *Id.* at 6.

On June 19, 2026, counsel for Plaintiffs followed up about the comments to the ESI order, the hit list, and revised search terms. Gavenman Decl., Exhibit 1 at 4. In response, Abhyanker feigned misunderstanding of what a "hit list" is in the first place. Gavenman Decl., Exhibit 2.

On June 22, 2026, Abhyanker responded with another email to Plaintiffs' counsel's June 19 email, this time asking for Plaintiffs' counsel to resend him the latest draft of the ESI stipulation. Gavenman Decl., Exhibit 1 at 3. Abhyanker also indicated that he had asked for the hit list from his eDiscovery vendor and would provide the information when it was available. *Id.* With regard to the search terms, Abhyanker indicated that Kappa's prior search terms were reasonably tailored but requested additional information so that Kappa could evaluate the search terms. *Id.*

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

On the same day, June 22, 2026, Plaintiffs' counsel re-sent Abhyanker the ESI Stipulation and the hit list applying Kappa's search terms to the four custodians that Kappa requested. Gavenman Decl., Exhibit 1 at 1-2. Given the already lengthy delay, Plaintiffs' counsel demanded that, by close of business on June 23, 2026, Kappa was to provide: (1) comments to the ESI Order; (2) a full hit list; and (3) revised search terms or an indication that Kappa would like Plaintiffs' counsel to revise the search terms for Kappa. Id. Abhyanker stated that he would endeavor to provide these items but inquired why the parties should be working on these items before the Court ruled on the parties' cross-motions to dismiss. Gavenman Decl., Exhibit 3 at 3. In the same email, Abhyanker also acknowledged that "document-level unique count. . .is the figure that actually matters here" and requested that detail from his eDiscovery vendor. Id. at 2. In addition, Abhyanker purportedly asked his eDiscovery vendor to run the search-term hit list report across four separate custodians. Id.

On June 23, 2026, Abhyanker informed Plaintiffs' counsel that his eDiscovery vendor was out of town, and thus he would not be able to provide the hit list for at least several more days. Gavenman Decl., Exhibit 4 at 2. On June 24, 2026, Abhyanker provided revised search terms (Gavenman Decl., Exhibit 5 at 1-2) but, as counsel for Plaintiffs stated in a follow-up June 25, 2026 email, the search terms did not materially cut down on the overall number of documents to review. Id. at 1. Counsel for Plaintiffs asked Abhyanker to revise the terms and/or tighten their parameters. Id. Also on June 24, 2026, Abhyanker provided a substantially revised ESI stipulation that introduced terms that were not discussed by the parties at the May 28 Meet-and-Confer. Gavenman Decl., Exhibit 6 at 2. In response, Plaintiffs' counsel explained why Abhyanker's proposed format would be unworkable in litigation. Id. at 1.

On July 3, 2026, Plaintiffs' counsel once again reached out to Abhyanker for an update on the hit list. Gavenman Decl., Exhibit 7. In response, on the same day, Abhyanker provided a purported "hit list." Gavenman Decl., Exhibit 8 at 3-6. First, the "hit list" once again did not reveal how many unique documents hit on the search terms,

10

despite Abhyanker's affirmation that "document-level unique count. . .is the figure that actually matters here" (Gavenman Decl., Exhibit 3 at 2). Gavenman Decl., ¶ 20. Moreover, inexplicably, despite having an underlying set of 173,939 files, the search terms allegedly hit on 264,454 files. *Id.* In addition, Kappa did not even properly search all the terms that Plaintiffs' counsel proposed – it appears that Kappa omitted some terms entirely and altered the Boolean operators of other terms. *Id.* Next, Kappa did not search the four custodians requested by Plaintiffs, as Kappa agreed to search; rather, the "hit list" only showed results for one custodian; moreover, Plaintiffs' counsel had to repeatedly inquire whether it was covering one custodian or all four, and Abhyanker failed to answer that question the first several times it was posed. *Id.* Finally, the "hit list" raised serious questions about the accuracy of the results as, per the "hit list," 153,611 of the 173,939 documents purportedly hit on the term "relax." *Id.* Plaintiffs' counsel raised all these issues with Abhyanker in a July 6, 2026 email. Gavenman Decl., Exhibit 8 at 1-2. In that July 6 email, Plaintiffs' counsel revised the search terms in order to move things along and asked for an accurate hit list. *Id.*

On July 8, 2026, Abhyanker indicated that his eDiscovery vendor had secured the additional four email accounts, but that his forensic accountant, Jon Berryhill, did not have capabilities to run Boolean and proximity operators. *See* Gavenman Decl., Exhibit 9 at 2-3; Exhibit 10 at 2. Abhyanker stated that this "tooling limitation…explains the anomalies you flagged, including the implausible 'relax' figure and the totals exceeding the collection size." Gavenman Decl., Exhibit 10 at 2. As such, Abhyanker stated he would need to retain a new firm. *Id.*

On July 10, 2026, the parties held another meet-and-confer regarding various discovery issues (the "July 10 Meet-and-Confer"). At the July 10 Meet-and-Confer, Abhyanker stated that he was interviewing eDiscovery vendors. Gavenman Decl., ¶ 24. Also, despite not having retained an eDiscovery vendor, Abhyanker committed to producing all responsive documents by July 31, 2026. *Id.* However, undersigned counsel noted that Abhyanker had made just such a promise before – specifically, on

11

March 16, 2026 – and had broken that promise. *Id*. Undersigned counsel further explained that, given the current fact discovery deadline, the Magtein Parties would need to bring this Motion right away, and could not wait to see if Abhyanker upheld his promise this time. Gavenman Decl., ¶ 25. Undersigned counsel explained other reasons that a discovery extension was appropriate, including that Plaintiffs needed to receive and review documents prior to taking depositions, that the motions to dismiss were still pending, and that AIDP discovery had yet to commence (*see infra*), but Abhyanker would not consent to an extension. *Id*.

On July 17, 2026, Abhyanker announced that he had (finally) selected a new eDiscovery vendor and intended to retain the vendor that day. Gavenman Decl., Exhibit 11. Abhyanker further indicated that he "expect[ed] to have [a revised] hit list" by the following week, nearly seven weeks after Plaintiffs sent search terms to Abhyanker. *Id*.

On July 19, 2026, Abhyanker backtracked on his promise to produce all responsive documents by July 31, 2026. Gavenman Decl., Exhibit 12. Instead, Abhyanker stated that he would "supplement ESI responsive documents prior to the scheduled depositions" (*Id*. at 1) – depositions that are currently scheduled to occur in last week of August. Gavenman Decl., ¶ 31.

### C.    AIDP Rule 26(f) Conference

On March 3, 2026, Kappa filed its Second Amended Counterclaims, which included AIDP as a third-party defendant (ECF 112). Kappa failed to effectuate proper service on AIDP multiple times, submitting multiple affidavits of service that were defective and false on their face. ECF 170 at 18-20. Finally, on April 15, 2026, Kappa allegedly served AIDP. *See* ECF 167.

Despite the service date of April 15, 2026, Abhyanker did not request a Rule 26(f) conference with AIDP until May 28, 2026. Gavenman Decl., ¶ 29. On that day, Abhyanker suggested three dates: June 9, June 10, or June 11. *Id*. Magtein Parties' counsel replied that he could do June 10, 2026. *Id*. Inexplicably, Abhyanker waited until after June 10, 2026 had passed and then sent an invitation for *July* 10, 2026. *Id*. Thus,

the parties did not hold the Rule 26(f) conference for AIDP until July 10, 2026 – approximately two months before the current discovery cut-off. *Id.*

### D. Procedural History Following the Entry of the Scheduling Order

On September 24, 2025, the Court entered the Scheduling Order (ECF 32). At the time the Scheduling Order was entered, Plaintiffs were only alleging patent infringement against Kappa. *See, e.g.* ECF 1. Since then, Kappa added AIDP as a party, and the scope, and type, of claims has expanded.

First, Kappa filed its counterclaims on November 12, 2025, which initially added numerous additional defendants. *See, e.g.* ECF 55. Kappa revised its counterclaims twice before finally settling on adding one party – AIDP – as a third-party defendant on March 3, 2026 in its Second Amended Counterclaims. *See, e.g.* ECF 112. Kappa's Second Amended Counterclaims consists of claims for: (1) Declaratory Judgment of Non-Infringement of various patents (Counts I-IV); (2) Declaratory Judgment of Patent Invalidity (Count VI); (3) Unfair Competition Under California Business & Professions Code § 17200 (Count VII); (4) Lanham Act false advertising (Count VIII); (5) Declaratory Judgment of No Breach of Contract (Count IX); and Fraud (Fraud and Intentional Misrepresentation Concerning Country of Origin, Foreign Sourcing, and Tariff Avoidance) (Count X). *See, e.g., id.*

On February 26, 2026, Plaintiffs filed their First Amended Complaint (the "FAC") (ECF 110). The FAC contains claims for patent infringement, and, among others, claims for false advertising, trademark infringement, unfair competition, and breach of contract. *See, e.g.,* ECF 110.

## III.   ARGUMENT

### A. Good Cause Exists to Modify the Scheduling Order

A pretrial scheduling order may be modified for good cause and with the judge's consent. Fed. R. of Civ. P. 16(b)(4); *see also* Scheduling Order at 22-23. The "good cause" standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met

13

despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, unquestionably, Plaintiffs have acted diligently at every stage of this action. Nevertheless, despite that diligence, the current schedule set forth in the Scheduling Order can no longer reasonably be met.

### 1.    Plaintiffs Have Diligently Prosecuted this Action

Plaintiffs served Plaintiffs' First Requests on Kappa on October 21, 2025. ECF 187-2, ¶¶ 4-5. Kappa's late responses to Plaintiffs' First Requests were deficient and did not produce a single document. *Id.*, ¶¶ 6-12. Kappa's failure to produce persisted, and Plaintiffs thus initiated the Local Rule 37 process on March 9, 2026. *Id.*, ¶ 13. At the March 16 Meet-and-Confer, Kappa committed to producing all responsive documents by May 1, 2026. *Id.*, ¶ 14. Kappa did not honor that commitment. *Id.*, ¶¶ 16-18. Thus, Plaintiffs prepared a Joint Stipulation and filed a Motion to Compel on May 15, 2026. *Id.*, ¶¶ 33-35. Kappa opposed the Motion to Compel (ECF 188), the Court took the Motion to Compel under advisement (ECF 198), and it remains pending.

Plaintiffs additionally issued Plaintiffs' Second Requests on May 28, 2026 on further topics, and have worked diligently to coax production of documents from Kappa on those requests, including through a deficiency letter, attempted negotiation of an ESI order and search terms, and meeting and conferring with opposing counsel. Gavenman Decl., ¶¶ 3-27. However, these efforts have fared no better, and Kappa has not produced documents pursuant to Plaintiffs' Second Requests either (Gavenman Decl., ¶ 9) or even sent a usable hit list. *See, e.g.,* Gavenman Decl., ¶ 20. Incredibly, on July 17, 2026, less than two months until close of fact discovery, Kappa finally settled upon an eDiscovery vendor. Gavenman Decl., ¶ 26.

Nor have Plaintiffs ceased their efforts while awaiting resolution of the pending motions (the Motion to Compel, the Kappa MtD, and the Magtein Parties' MtD). First, despite not having received the core documents necessary to prepare for depositions of Kappa, Kappa's principal and Kappa's employees, Plaintiffs have nevertheless begun scheduling such depositions in an effort to comply with the current deadlines. Likewise,

14

notwithstanding the absence of critical discovery from Kappa, and despite not knowing which claims and defenses will ultimately remain in the case, Plaintiffs have begun identifying and retaining experts in advance of the September 18, 2026 disclosure deadline. However, again, because Kappa has failed to produce the documents central to issues such as infringement, damages, and Kappa's own claims and defenses, Plaintiffs presently lack information that will be necessary for those experts to evaluate the case and formulate their opinions.

The Magtein Parties have likewise diligently pursued discovery relating to AIDP following its addition to this action. AIDP timely moved to dismiss Kappa's claims (*see* ECF 133; ECF 175). Then, upon accepting service on April 15, 2026, AIDP proposed holding a Rule 26(f) conference in early June 2026. Gavenman Decl., ¶ 29. Nevertheless, inexplicably, Kappa did not schedule that conference until July 10, 2026. *Id*. Because discovery cannot proceed before a Rule 26(f) conference occurs (*see* Fed. R. Civ. P. 26(d)(1)), that delay substantially compressed the time available for AIDP to conduct discovery regarding the claims asserted against it.

Simply put, Plaintiffs have acted diligently in prosecuting this action and pursuing discovery. They timely served requests, persistently followed up on Kappa's deficient responses, attempted to cooperatively work with Kappa's counsel to obtain documents, and – when those efforts proved unsuccessful – properly pursued the Court's procedures for a Motion to Compel, which they may need to do again shortly with respect to Plaintiffs' Second Requests. Plaintiffs also have continued preparing the case for the existing deadlines by scheduling depositions and evaluating experts despite the outstanding motions and absence of critical discovery.

### 2.    The Current Schedule Cannot Reasonably Be Met

The current schedule set forth in the Scheduling Order cannot reasonably be met because the factual record necessary to complete fact discovery, prepare expert reports, and engage in dispositive-motion practice does not presently exist and cannot

15

realistically be developed within the time remaining under the current Scheduling Order.

Specifically, Kappa has not complied with its discovery obligations and has not produced the vast majority of documents that are responsive to Plaintiffs' requests. Although Kappa has had ***nearly nine months*** to respond properly and fully to Plaintiffs' Discovery Requests, Kappa has produced only a handful of documents, most of which were already known to Plaintiffs or are otherwise publicly available. The substantial body of responsive documents, including all documents sought by Plaintiffs in Plaintiffs' Second Requests, have not been produced. Thus, it is unclear when Plaintiffs will receive such documents so that they may properly prepare for depositions of Kappa and its principals and employees, and provide their experts with the factual information necessary to evaluate the claims and defenses at issue, formulate opinions, and prepare expert reports.

While core documents are sought in the Motion to Compel, it is unclear when the Court will issue its ruling. But, as noted above, even if the Court grants the Motion to Compel imminently, additional time will still be required for Kappa to comply with the order, and then for the Plaintiffs to review the Court-ordered production for use in depositions, with experts, and for summary judgment. Given Kappa's discovery conduct to date, there is little basis to assume that a favorable ruling on the Motion to Compel will immediately result in Kappa's full compliance or that any resulting production can be meaningfully incorporated into fact discovery and expert discovery under the current schedule.

Moreover, on July 10, 2026, Kappa informed Plaintiffs' counsel that once it retains a new eDiscovery vendor, it will produce all responsive documents by July 31, 2026. Gavenman Decl., ¶ 24. However, upon allegedly retaining the new eDiscovery

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

vendor on July 17, 2026,[5] Kappa is already backtracking on producing all responsive documents by July 31, 2026. In an e-mail on July 19, 2026, Abhyanker stated that he would "supplement ESI responsive documents prior to the scheduled depositions" (Gavenman Decl., Exhibit 12 at 1) – depositions that are currently scheduled to occur in the last week of August. Gavenman Decl., ¶ 31. The July 31, 2026 deadline has always been unrealistic, as Kappa appears to suggest that it can start and finish all e-discovery, including agreeing on the search terms, reviewing documents for responsiveness and privilege, and complete the production of documents within a matter of two weeks, despite the fact that it has done none of those things over the past nine months. Kappa's illusory promise to produce all responsive documents by July 31, which it has already backtracked from, is eerily similar to Kappa's failure to meet its March 16, 2026 promise to produce all responsive documents by May 1, 2026. It seems such promises, along with promises to provide Plaintiffs with a workable hit list, are nothing more than delay tactics, as Kappa is trying to run out the clock on discovery, without providing Plaintiffs with the necessary documents.

Furthermore, even if Kappa met its (already reneged) July 31, 2026 target, this would leave Plaintiffs only five weeks before the close of discovery to review such documents for remaining deficiencies, essentially foreclosing Plaintiffs' ability to bring a motion to compel on those remaining deficiencies. It would give Plaintiffs' insufficient time to analyze such documents and conduct the necessary depositions using those documents. Further, expert disclosures are currently due on September 18, 2026, leaving Plaintiffs far too little time to analyze the documents and get appropriate ones to their experts, in time for their experts to prepare the necessary expert reports.

---

[5] The fact that Kappa did not retain an eDiscovery vendor capable of running basic Boolean searches and generating a hit list until two months prior to the discovery cut-off date shows how far behind document discovery remains and why Kappa's insistence that no extension of the dates in the Scheduling Order is necessary is untenable.

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

These problems are exacerbated if Kappa does not produce the documents until late August, as it now suggests.

Notably, Abhyanker has attempted to justify his lack of diligence with respect to discovery by pointing to the pending motions to dismiss – stating that conducting broad discovery at this junction, before the motions are decided – would not be proportional or economical. *See*, *e.g.*, Gavenman Decl., Exhibit 3 at 3 (Abhyanker writing in an email that "[g]iven the scope of the case is likely to change depending on how the Motions to Dismiss and Markman is decided, **why do you think it will be judicially efficient to do this now before the orders come in?** I don't think it is prudent for either side to be spending time on this until we have clarity on which causes of action survive the pending motions before the court") (emphasis in original). Kappa thus takes the untenable position that discovery – other than the depositions Kappa insists on taking of the Magtein Parties' witnesses – should await resolution of the motions to dismiss, while simultaneously insisting that the parties proceed under a schedule that leaves little or no time to conduct meaningful discovery once those rulings issue.

Moreover, absent the requested extension, Plaintiffs will be forced to (and are being forced to) conduct depositions without first receiving the documents necessary to examine witnesses effectively. That is not consistent with the orderly progression of discovery. Plaintiffs need the relevant document discovery before they can reasonably determine the scope of witness examinations, prepare for depositions, and identify any necessary follow-up discovery. *See Altair Instruments, Inc. v. Telebrands Corp.*, No. 2:19-cv-08967-PSG-JC, 2020 BL 407476, at *3 (C.D. Cal. July 10, 2020) (ordering production of documents from third party and noting that "in light of the impending discovery cut-off, the fact that the Rule 30(b)(6) deposition of Defendant is set … and the fact that the documents sought appear to be relevant and appropriate areas for inquiry of such deponent, the Court is persuaded that Plaintiff would be prejudiced if [the third party] did not produce the documents in advance of the Rule 30(b)(6) deposition"). *See also* U.S.D.C. Central District of California Civility and

18

Professionalism Guidelines, Section 5 ("We will not delay document production to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason.").

Finally, discovery relating to Kappa's claims against AIDP remains in its infancy. Kappa allegedly served AIDP on April 15, 2026, yet Kappa did not agree to schedule the Rule 26(f) conference concerning AIDP until July 10, 2026. As a result, AIDP has not had a meaningful opportunity to pursue discovery regarding the factual bases for Kappa's claims. And, given the Magtein Parties' MtD, AIDP has not yet had the opportunity to assert affirmative claims against Kappa. Under the current schedule, AIDP would be expected to conduct document discovery, review Kappa's eventual production (if any), and take depositions in less than two months. That is simply not realistic. Further, discovery may close before AIDP even has the opportunity to file an answer and counterclaims, which is inefficient and inequitable.

In short, Plaintiffs have diligently prosecuted this case to no avail – key discovery disputes remain unresolved, and Kappa's document discovery remains entirely incomplete. As a result, the parties cannot reasonably complete fact discovery, prepare expert reports, and engage in dispositive-motion practice within the time remaining under the current Scheduling Order. The current schedule, therefore, cannot reasonably be met despite Plaintiffs' diligence, and good cause exists to extend the discovery deadlines and revise the remaining case schedule.

**B.** **The Remaining Case Deadlines Should Be Adjusted to Reflect the Current Posture of the Case**

As set forth above, good cause exists to extend the deadlines currently set forth in the Scheduling Order. However, the appropriate remedy is not merely to extend each deadline by a uniform period. Rather, certain intervals between case events should be adjusted to reflect the current posture of the case and to ensure that the remaining phases of litigation proceed in a logical and workable manner.

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

Specifically, as noted *supra*, when the Scheduling Order was entered on September 24, 2025, this lawsuit was solely a patent infringement case. It therefore appears that certain deadlines were structured with the understanding that expert discovery would be relatively limited and/or addressed in the claim construction process. Since that time, however, the case has expanded beyond Plaintiffs' patent claims to include a variety of additional claims and counterclaims, including trademark, false advertising, unfair competition, and breach of contract causes of action. As a result, the current sequencing of expert discovery and dispositive-motion practice is no longer workable. For example, rebuttal expert disclosures are presently due only two weeks after opening expert reports, notwithstanding the existence of numerous new affirmative claims, counterclaims, and damages theories. Likewise, expert discovery presently closes only four weeks after initial expert disclosures, despite the fact that, again, the case now involves numerous additional claims and counterclaims that require different expert witnesses and an extension of expert discovery. Finally, the current Scheduling Order requires motions for summary judgment to be filed before expert discovery has concluded. While that sequence may have been workable when this case consisted solely of patent claims, it is no longer appropriate given the breadth of the issues now presented and the significant role that expert testimony will play in resolving them. In addition, there is a new party, third-party defendant AIDP, which has not yet had a chance to conduct discovery of Kappa and bring claims of its own.

Accordingly, and as reflected in the proposed order accompanying this Motion, the Magtein Parties respectfully request that the Court set the deadlines in accordance with the following requested schedule:

- (1) Close of fact-discovery: **January 15, 2027**;
- (2) increase the period between the proposed fact-discovery cutoff (January 15, 2027) and the deadline for initial expert disclosures from one week to four weeks to permit the parties to analyze the completed factual record, provide relevant materials to retained experts, and prepare expert reports based on a fully

20

developed evidentiary record, so that **initial expert disclosures are due by February 12, 2027**;

- (3) increase the period between initial expert disclosures and rebuttal expert disclosures from two weeks to four weeks to permit the parties to review and analyze opening expert reports, provide such reports and supporting materials to rebuttal experts, and prepare meaningful rebuttal opinions, so that **rebuttal expert disclosures are due by March 12, 2027**;

- (4) increase the period between rebuttal expert disclosures and the expert-discovery cutoff from two weeks to five weeks to permit the parties to complete expert depositions and related expert discovery, so that the **expert discovery cutoff date is April 16, 2027**;

- (5) establish a period of five weeks between the close of expert discovery and the deadline to file motions for summary judgment so as to permit the parties to evaluate the completed expert record and prepare dispositive motions on a fully developed factual and expert record, so that **motions for summary judgment are due by May 21, 2027**;

- (6) revise the last date to hear motions so that motions for summary judgment remain due at least five weeks before the last date to hear motions, consistent with the Scheduling Order, so that the last date to hear motions is **June 25, 2027**.

As for the remaining deadlines in the Scheduling Order – the deadlines for the first and second rounds of pretrial filings, the Final Pretrial Conference, and trial, the Magtein Parties are content to maintain the existing intervals set forth in the Scheduling Order. The Magtein Parties respectfully request only that those deadlines be adjusted accordingly once the Court revises the discovery, expert-discovery, and dispositive-motion schedule and sets new dates for the Final Pretrial Conference and trial based upon the Court's calendar.

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

## IV.   CONCLUSION

Magtein Parties respectfully request that the Court: (1) grant this Motion; (2) extend the fact discovery deadline by approximately four months, through and including January 15, 2027, (3) extend all other deadlines in the Scheduling Order as proposed in the proposed order submitted concurrently herewith; and (4) grant such and further relief that is necessary and just.

Dated: July 21, 2026

HUGHES HUBBARD & REED, LLP

By: /s/ Jeffrey Gavenman
Attorneys for Plaintiffs
Neurocentria, Inc. and ThreoTech LLC

MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 6,989 words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order (ECF No. 16).

Dated: July 21, 2026                    By: */s/ Jeffrey Gavenman*
                                        Counsel for Plaintiffs
                                        Neurocentria, Inc. and ThreoTech LLC

23

# CERTIFICATE OF SERVICE

I, Salvatore Picariello, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626.  On July 21, 2026, I served the following document(s):

**MAGTEIN PARTIES' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE DEADLINES**

on the parties stated on attached service list

| Defendant Mando International, LLC d/b/a Kappa Nutritional Labs<br><br>Raj V. Abhyanker<br>raj@legalforcelaw.com | |

☒　　**BY COURT'S CM/ECF SYSTEM.**  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed on the Service List.

**BY E-MAIL.**  By sending via e-mail, to the parties for service of the foregoing documents to the persons listed on this Service List.

**(STATE)**　　I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒　　**(FEDERAL)**　　I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2026, at Costa Mesa, California.

/s/ SALVATORE PICARIELLO
Salvatore Picariello