Sang Dang, Esq. (SBN 214558)
  sdang@fortislaw.com
Salvatore Picariello, Esq. (SBN 190442)
  spicariello@fortislaw.com
FORTIS LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
Telephone: 714-839-3800
Facsimile: 714-795-2994

John W. Cox
(Admitted *Pro Hac Vice)*
  John.Cox@btlaw.com
Lauren U. Baker
(Admitted *Pro Hac Vice*)
  lauren.baker@btlaw.com
BARNES & THORNBURG LLP
3340 Peachtree Rd NE, Suite 2900
Atlanta, GA 30326
Telephone: 404-264-4036
Facsimile:  404-264-4033

Jeffrey Gavenman
(Admitted *Pro Hac Vice*)
jeffrey.gavenman@hugheshubbard.com
Jeremy Schulman
(Admitted *Pro Hac Vice*)
jeremy.schulman@hugheshubbard.com
James Schaller
(Admitted *Pro Hac Vice*)
jake.schaller@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, DC 20006
Telephone: 202-721-4600
Facsimile: 202-721-4646

Attorneys for Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. and
THREOTECH LLC and Third-Party Defendant, AIDP, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROCENTRIA, INC. and THREOTECH LLC, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION, <br><br> Defendant/Counterclaim Plaintiff, <br><br> v. <br><br> AIDP, INC., <br><br> Third-Party Defendant. | Case No. 2:25-cv-05871-FLA-MAR <br><br> **MAGTEIN PARTIES' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO ADVANCE THE HEARING DATE OF MAGTEIN PARTIES' MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE DEADLINES** <br><br> Hearing:    August 21, 2026 <br> Time:        1:30 p.m. <br> Courtroom: 6B, 6th Floor <br> Judge:      Hon. Fernando L. Aenlle-Rocha |

NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION

**TO THE COURT AND TO ALL PARTIES AND ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that, on Friday, August 21, 2026, at 1:30 p.m. – *or as soon as can be practically heard* – before the Honorable Fernando L. Aenlle-Rocha of the above-entitled Court, located at 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, Plaintiffs / Counterclaim Defendants Neurocentria, Inc. ("Neurocentria") and ThreoTech LLC ("ThreoTech" and, collectively with Neurocentria, "Plaintiffs") and Third-Party Defendant AIDP, Inc. ("AIDP" and, collectively with Plaintiffs, "Magtein Parties") will and hereby do apply to this Court, *ex parte*, for the following relief:

- Magtein Parties be permitted to have the Magtein Parties' Motion to Modify the Scheduling Order and Extend Case Deadlines (the "Motion") be heard on or before the date of **August 7, 2026**.
- Any response/opposition to the Motion must be filed by **Wednesday, July 29, 2026**.
- Magtein Parties to file a reply in support of the Motion by **Wednesday, August 5, 2026**.

The Motion seeks to modify certain deadlines in the Scheduling Order (ECF 32). However, the Motion is currently set to be heard on August 21, 2026, which date falls too close to the very deadlines the Motion seeks to modify, thus depriving the Court of a meaningful opportunity to grant effective relief before the Magtein Parties incur substantial time and expense attempting to comply with the current Scheduling Order to their detriment – costs that the Motion seeks to avoid. As explained in the Motion, the parties are presently operating under a schedule that cannot reasonably be met, including preparing for late-August depositions and impending expert-disclosure deadlines without the benefit of the responsive document discovery Plaintiffs have been seeking from Defendant/Counterclaim Plaintiff Mando International, LLC d/b/a Kappa Nutrition ("Kappa") for nearly nine months. By August 21, 2026, the Plaintiffs will be days away from taking depositions of the corporate designee of Kappa and its

employees without the requested documents, and only weeks away from the fact-discovery cutoff and expert-disclosure deadlines that the Motion seeks to modify. Accordingly, absent expedited consideration, the Court may be deprived of the opportunity to grant meaningful relief before those deadlines become imminent.

This *Ex Parte* Application is based on this Notice, the accompanying Memorandum of Points and Authorities, and the concurrently filed Declaration of Jeffrey Gavenman (the "Gavenman Decl."), the Motion and accompanying papers, the other pleadings, papers, records, and files in this action, and on such oral or documentary evidence as may be presented at the hearing of the motion.

Dated: July 23, 2026                    **HUGHES HUBBARD & REED LLP**

By: /s/ Jeffrey S. Gavenman
    Jeffrey S. Gavenman (admitted *pro hac vice*)

*Counsel for Plaintiffs and Third-Party Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs/Counterclaim Defendants NEUROCENTRIA, INC. ("Neurocentria") and THREOTECH, LLC ("ThreoTech" and, together with Neurocentria, "Plaintiffs") and Third-Party Defendant AIDP, Inc. ("AIDP" and, collectively with Plaintiffs, the "Magtein Parties") hereby submit this Memorandum of Points and Authorities in support of their *Ex Parte* Application (the "*Ex Parte* Application") to Advance the Hearing Date of Magtein Parties' Motion to Modify the Scheduling Order and Extend Case Deadlines (the "Motion") and in support thereof state as follows:

### I.    COUNSEL FOR OPPOSING PARTY (PER LOCAL RULE 7-19)

Raj Abhyanker

LEGALFORCE RAPC WORLDWIDE, P.C.

1580 W. El Camino Real, Suite 10

Mountain View, CA 94040

Telephone: (650) 965-8731

raj@legalforcelaw.com

### II.    *EX PARTE* NOTICE (PER LOCAL RULE 7-19.1)

On July 22, 2026 at 7:34 p.m., counsel for the Magtein Parties emailed Raj Abhyanker, counsel for Defendant/Counterclaim Plaintiff Mando International, LLC d/b/a Kappa Nutrition ("Kappa") and: (1) advised Kappa of the *Ex Parte* Application; (2) requested that Kappa advise the Magtein Parties' counsel immediately if Kappa objected to or consented to the relief sought in the *Ex Parte* Application; and (3) notified Abhyanker that the parties would be able to further discuss the *Ex Parte* Application on an unrelated meet-and-confer call scheduled for the following day, Thursday, July 23, 2026. Declaration of Jeffrey Gavenman ("Gavenman Decl."), ¶ 3. Abhyanker responded approximately fifteen minutes later to this email and advised that Kappa viewed the *Ex Parte* Application as "unnecessary." Gavenman Decl., ¶ 4. Abhyanker noted that Kappa "will let the court decide on the motion if you choose to file it, and we do not intend to spend time preparing a formal opposition." *Id.*, Exhibit 1.

1

**III.** **THE COURT SHOULD GRANT THE MAGTEIN PARTIES' *EX PARTE* APPLICATION BECAUSE GOOD CAUSE EXISTS TO DO SO AND IRREPARABLE HARM WILL BE AVOIDED**

The Magtein Parties respectfully request that the Court advance the hearing date for the Magtein Parties' Motion and shorten the briefing schedule accordingly. The Motion became necessary after it became apparent that the current Scheduling Order (the "Scheduling Order") (ECF 32), which was entered on September 24, 2025, can no longer reasonably be met despite the Magtein Parties' diligence in prosecuting this action. *See, e.g.,* Motion at 1, 13-19. Expedited consideration of the Motion is necessary because many of the deadlines that the Motion seeks to modify are now rapidly approaching. If the Motion is not heard until its presently-scheduled August 21, 2026 hearing date, the parties will be only days away from key fact depositions (as discussed below), and only weeks away from the fact-discovery and expert-disclosure deadlines at issue, substantially diminishing the Court's ability to provide meaningful relief before those deadlines become imminent.

A party seeking *ex parte* relief must demonstrate that it will suffer prejudice if the underlying motion is heard according to regularly noticed motion procedures and that it is not responsible for creating the circumstances requiring expedited relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The Magtein Parties readily satisfy both requirements.

First, the Magtein Parties will be prejudiced if the Motion is heard according to regularly-noticed motion procedures on the noticed date of August 21, 2026. In the Motion, the Magtein Parties are seeking to modify several imminent dates in the Scheduling Order, including the cut-off date for fact discovery of September 11, 2026 and the deadline for initial expert disclosures of September 18, 2026. These deadlines need to be modified because Kappa has failed to produce the vast majority of responsive documents sought by Plaintiffs despite having had nearly nine months to do so (and a

NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION

Motion to Compel[1] currently pending). Motion at 1-5, 15-19. The lack of responsive documents has severely prejudiced Plaintiffs as they have been forced to schedule key fact depositions of Kappa's 30(b)(6) witness and its employees prior to the expiration of fact-discovery but without the benefit of the responsive document discovery Plaintiffs have been seeking for many months. Motion at 18-19. Currently, such depositions are scheduled between August 25, 2026 through August 27, 2026. Motion at 12. Moreover, the absence of document discovery also has substantial implications for expert discovery. The Magtein Parties are in the process of identifying and retaining experts in advance of the September 18, 2026 initial disclosure deadline. Yet, the Magtein Parties still have not received any documents bearing directly on issues such as infringement, damages, and Kappa's asserted claims and defenses. Motion at 4. Without those materials, experts cannot meaningfully evaluate the facts, formulate opinions, or prepare the reports required by Rule 26. *Id.*

Plaintiffs have already filed a Motion to Compel on May 15, 2026 (ECF 187) (and might have to resort to filing another motion to compel on Plaintiffs' Second Requests (Motion at 3, 15)); however, the Motion to Compel remains under submission as of the time of the filing of the Motion. Thus, it is unclear when the Court will issue the ruling and when – and if – Kappa will comply with such a ruling. Motion at 2-3, 16. Moreover, third-party defendant AIDP has only recently begun discovery because Kappa only recently held the Rule 26(f) conference with respect to AIDP. Motion at 12-13, 19. Finally, complicating matters is that the Magtein Parties' MtD and Kappa's MtD remain under submission with the Court, and the rulings on those motions will determine what claims and defenses ultimately proceed in this action, and, in turn, what issues will need to be addressed through expert testimony and in motions for summary judgment, and, potentially, at trial. Motion at 1-2. Depending on when the Court issues

---

[1] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

3

such rulings, the Magtein Parties will have little to no opportunity to evaluate the effect of those rulings, determine what expert testimony remains necessary, and prepare expert reports tailored to the claims that survive. *Id.*

Additional time under the Scheduling Order is therefore necessary so as to permit: (1) resolution of Plaintiffs' Motion to Compel; (2) Kappa's production of the documents, a significant portion of which it has been obligated to produce (and has not produced) since November 2025 (such documents being the subject of the Motion to Compel); (3) Plaintiffs' review of that production and, if necessary, addressing any remaining deficiencies with the Court; (4) Plaintiffs to conduct the depositions of Kappa, its principal, and its employees after receiving and reviewing the relevant document discovery (which, again, Plaintiffs have not received to date); (5) resolution of the parties' respective motions to dismiss; (6) AIDP to conduct discovery regarding Kappa's claims against it and to assert counterclaims against Kappa if necessary; and (7) the parties to complete expert discovery and dispositive-motion practice on the basis of a complete factual record and settled pleadings.

To minimize the harm addressed by the Motion, however, the Motion must be heard on an expedited basis. Otherwise, the Magtein Parties will be prejudiced. Indeed, by the time the Motion is heard on August 21, 2026, the Magtein Parties will have needed to retain experts and pay them to begin preparing expert reports on incomplete information (and, perhaps, for claims that do not survive the decisions on the motions to dismiss), in order to meet the September 18, 2026 expert deadline. Retaining and preparing experts before the scope of the surviving claims and defenses is known, and prior to Kappa's production of relevant documents, increases the likelihood of supplemental expert work and related motion practice. Further, the parties will be only days away from taking depositions of Kappa's 30(b)(6) corporate designee and its employees without the necessary production from Kappa and only weeks away from the fact-discovery cutoff and expert-disclosure deadlines that the Motion seeks to modify. Being forced to take depositions without the benefit of critical document

4

discovery (which the Magtein Parties could delay until after they receive documents, if the discovery deadline is extended) is not consistent with the orderly progression of discovery. Plaintiffs need the relevant document discovery before they can reasonably determine the scope of witness examinations, prepare for depositions, and identify any necessary follow-up discovery. *See Altair Instruments, Inc. v. Telebrands Corp.*, No. 2:19-cv-08967-PSG-JC, 2020 WL 6106821, at *2 (C.D. Cal. July 10, 2020) (ordering production of documents from third party and noting that "in light of the impending discovery cut-off, the fact that the Rule 30(b)(6) deposition of Defendant is set … and the fact that the documents sought appear to be relevant and appropriate areas for inquiry of such deponent, the Court is persuaded that Plaintiff would be prejudiced if [the third party] did not produce the documents in advance of the Rule 30(b)(6) deposition"); *see also* U.S.D.C. Central District of California Civility and Professionalism Guidelines, Section 5 ("We will not delay document production to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason.").

Thus, absent expedited consideration, the Magtein Parties will be substantially prejudiced by being forced to incur time and expense that the Motion is intended to avoid.

Second, the Magtein Parties are not responsible for the circumstances necessitating this *Ex Parte* Application. To the contrary, the Motion details Plaintiffs' extensive efforts to obtain discovery, comply with existing deadlines, schedule depositions, retain experts, and otherwise prosecute this action diligently. Motion at 5-12. The Magtein Parties filed the Motion promptly after it became clear that compliance with the current schedule was no longer possible and before any of the deadlines at issue expired. The need for expedited relief therefore arises not from any lack of diligence by the Magtein Parties, but from the procedural posture of the case and the unresolved discovery issues described in the Motion.

NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION

Accordingly, good cause exists to shorten time and permit the Motion to be heard on an expedited basis, and for the Court to order a condensed briefing schedule on the Motion, so that the Court may consider and grant meaningful relief before the current discovery, expert-discovery, and dispositive-motion deadlines overtake the relief sought.

## IV.   CONCLUSION

The Magtein Parties respectfully request that the Court: (1) grant this *Ex Parte* Application; (2) order that an opposition to the Motion is due by Wednesday, July 29, 2026; (3) order that the Magtein Parties file a reply in support of the Motion by Wednesday, August 5, 2026; (4) hold a hearing on the Motion on August 7, 2026 at 1:30 p.m.; and (5) grant such and further relief that is necessary and just.

Dated: July 23, 2026

HUGHES HUBBARD & REED LLP

By: /s/ Jeffrey Gavenman
Attorneys for Plaintiffs Neurocentria, Inc. and ThreoTech LLC and Third-Party Defendant, AIDP, Inc.

NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1,733 words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order (ECF No. 16).

Dated: July 23, 2026

By: */s/ Jeffrey Gavenman*
Counsel for Plaintiffs Neurocentria, Inc. and ThreoTech LLC and Third-Party Defendant, AIDP, Inc.

NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION

# CERTIFICATE OF SERVICE

I, Salvatore Picariello, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626.  On July 23, 2026, I served the following document(s):

**MAGTEIN PARTIES' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO ADVANCE THE HEARING DATE OF MAGTEIN PARTIES' MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE DEADLINES**

on the parties stated on attached service list

| | |
|---|---|
| Defendant Mando International, LLC d/b/a Kappa Nutritional Labs<br><br>Raj V. Abhyanker<br>raj@legalforcelaw.com | |

☒      **BY COURT'S CM/ECF SYSTEM.**  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed on the Service List.

**BY E-MAIL.**  By sending via e-mail, to the parties for service of the foregoing documents to the persons listed on this Service List.

**(STATE)**      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒      **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2026, at Costa Mesa, California.

/s/ SALVATORE PICARIELLO
Salvatore Picariello