RAJ V. ABHYANKER,
California SBN 233,284
Email: raj@legalforcelaw.com

**LEGALFORCE RAPC**
**WORLDWIDE, P.C.**
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:  (650) 965-8731

Attorney for Defendant
MANDO INTERNATIONAL LLC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEUROCENTRIA, INC., a California corporation, and THREOTECH LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION, a Texas limited liability company,<br><br>Defendant. | Case No. CV-25-cv-05871-FLA-MAR<br><br>**DEFENDANT MANDO INTERNATIONAL, LLC d/b/a KAPPA NUTRITION'S OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE DEADLINES**<br><br>Courtroom: 6B, 6th Floor<br>Judge: Hon. Fernando L. Aenlle-Rocha |

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

**I. INTRODUCTION**..................................................................................**4**

**II. LEGAL STANDARD**..........................................................................**6**

**III. ARGUMENT**.....................................................................................**7**

**A. The Pending Cross-Motions to Dismiss Make a Four-Month Expansion of Discovery Premature and Disproportionate**......................**7**

B. The Magtein Parties Have Not Shown the Diligence Rule 16 Requires, Because the ESI Delay Is an Ordinary, Ongoing Negotiation Their Own Overbroad Terms Complicated....................................................................8

C. The Motion Improperly Seeks Through Rule 16 the Relief That Belongs to the Pending Motion to Compel...................................................................9

D. The Magtein Parties Can Complete the Discovery They Identify Within the Current Schedule...................................................................................11

E. AIDP's Posture Is a Product of Its Own Pending Motion to Dismiss and Does Not Justify Resetting Every Deadline....................................................12

F. The Requested Relief Is a Wholesale Reset That the Showing Does Not Support...........................................................................................................13

**IV. CONCLUSION**...................................................................................**14**

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

# TABLE OF AUTHORITIES

**Cases**

*Altair Instruments, Inc. v. Telebrands Corp.,*

No. 2:19-cv-08967-PSG-JC, 2020 WL (C.D. Cal. July 10, 2020).........11, 12

*Johnson v. Mammoth Recreations, Inc.,*

 975 F.2d 604 (9th Cir. 1992)...................................................................... 6

*Zivkovic v. S. Cal. Edison Co.,*

302 F.3d 1080 (9th Cir. 2002)....................................................................6

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(2)..............................................................................7

Fed. R. Civ. P. 16(b)(4).............................................................4, 6, 9, 12

Fed. R. Civ. P. 26(b)(1).............................................................................1, 6

L.R. 11-6.1……………………………………………………………...12

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

**I. INTRODUCTION**

1. By their Motion to Modify the Scheduling Order and Extend Case Deadlines (the "Motion"), the Magtein Parties ask this Court to extend the fact-discovery cutoff by roughly four months and to reset every deadline that follows, through and including the last date to hear dispositive motions, on the premise that this case cannot proceed until they obtain complete document discovery from Defendant Mando International, LLC d/b/a Kappa Nutrition ("Kappa"). That premise is wrong on two independent grounds, and the Motion does not carry the moving parties' burden of establishing good cause under Rule 16(b)(4).

2. First, the parties' cross-motions to dismiss are fully briefed and under submission. Kappa's Motion to Dismiss the First Amended Complaint (ECF 169) is directed at threshold defects in the Magtein Parties' standing to assert their claims and in the validity of the asserted patents, and it is likely to narrow this case substantially. The Magtein Parties concede the point: they invoke the pendency of those motions as a reason they cannot yet prepare expert reports, while simultaneously demanding four additional months of full-scope fact discovery on the very claims that may not survive.

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

That position is internally inconsistent. Committing the parties to a lengthy, expensive discovery expansion on claims that should be dismissed is neither proportional to the needs of the case under Rule 26(b)(1). The orderly course is to let the pleadings settle, then match the schedule to the claims that remain.  Second, iterative narrowing of overbroad terms through the exchange of revised terms and hit reports is a routine feature of ESI discovery, not a breakdown that justifies dismantling the schedule.

3. The Magtein Parties' remaining grievances belong elsewhere. The completeness of Kappa's document production is the subject of a Motion to Compel (ECF 187) that Kappa opposed (ECF 188) and that Magistrate Judge Rocconi took under submission on June 12, 2026 (ECF 198). A Rule 16 motion is not the vehicle to relitigate that Rule 37 dispute or to ask this Court to presuppose its outcome. And the depositions the Magtein Parties say they cannot take are already agreed for the final week of August, within the current schedule. Kappa is working toward responsive ESI production before those depositions proceed. The Magtein Parties identify no concrete prejudice that adherence to the current schedule would cause.

4. The relief sought is not, as the Magtein Parties style it, "modest." A

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

four-month extension of fact discovery that also enlarges the intervals for initial expert disclosures, rebuttal disclosures, the expert-discovery cutoff, dispositive motions, and the hearing cutoff, with the pretrial and trial dates to follow, is a wholesale reset that would push this action out by the better part of a year. The Magtein Parties have not shown the diligence and necessity that Rule 16(b)(4) requires for relief of that magnitude. The Motion should be denied. Should the Court conclude that some adjustment is warranted, any modification should be limited and deferred until after the Court rules on the pending motions to dismiss, so that the schedule reflects the claims and defenses that actually remain in the case.

## II. LEGAL STANDARD

5.   A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. The burden of demonstrating good cause rests on the party seeking modification. See

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Where the need for additional time arises from the moving party's own litigation choices, or from disputes committed to other procedures, good cause is not shown.

## III. ARGUMENT

**A. The Pending Cross-Motions to Dismiss Make a Four-Month Expansion of Discovery Premature and Disproportionate.**

6. The Magtein Parties and Kappa agree on one thing: the outcome of the pending motions to dismiss will define the scope of this case. The Magtein Parties say as much, arguing that they cannot responsibly prepare expert reports until they know "what claims and defenses ultimately proceed." (Dkt. 199) That concession undercuts their request. If the claims and defenses are genuinely unsettled, the answer is to resolve the pleadings first, not to authorize four more months of full-scope discovery on claims that may be dismissed.

7. The Magtein Parties cannot argue both ways. They rely on the pendency of the motions to excuse their inability to complete expert work, while insisting that fact discovery on every current claim proceed on an

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

expanded timeline now. The coherent response to unsettled pleadings is to await the rulings and then set a schedule matched to the claims that remain. Setting a four-month discovery runway before the pleadings have even closed, and before the Court has determined which claims are viable, inverts the ordinary sequence and risks committing the parties to costly discovery on claims that will not be tried.

**B. The Magtein Parties Have Not Shown the Diligence Rule 16 Requires, Because the ESI Delay Is an Ordinary, Ongoing Negotiation Their Own Overbroad Terms Complicated.**

8.  Good cause under Rule 16(b)(4) turns on the movant's diligence and on whether the schedule cannot be met despite that diligence. The Magtein Parties cannot make that showing where the delay they complain of is in substantial part a product of their own discovery conduct.

9.  Narrowing those terms is precisely the process the parties have been engaged in. Kappa raised proportionality and burden, retained an e-discovery vendor with Relativity capability, ran the proposed terms across the four custodial accounts, and proposed proximity-limited narrowing to bring the review population to a proportionate size. That is ordinary

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

discovery cooperation on a complex ESI set, not a breakdown that justifies extending every deadline in the case by months.

**C. The Motion Improperly Seeks Through Rule 16 the Relief That Belongs to the Pending Motion to Compel.**

10. At its core, the Motion hinges on the assertion that Kappa's document production has been insufficient. That contention is the subject of the Magtein Parties' Motion to Compel (ECF 187), which Kappa opposed (ECF 188) and which Magistrate Judge Rocconi took under submission on June 12, 2026 (ECF 198). It is improper to relitigate that dispute in a Rule 16 motion, or to ask this Court to presuppose its outcome as the factual predicate for a four-month extension.

11. The proper sequence is to await the Magistrate Judge's ruling. If further production is ordered, the parties can address any concrete schedule consequences at that time, on an actual record, through a targeted request. A speculative extension granted now, on the assumption that the motion will be granted and that compliance will be slow, asks the Court to build the schedule on a prediction about a pending discovery motion rather than on the case's actual posture. Rule 16 relief should rest on the latter.

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

12. The declaration supporting the Motion recounts a series of grievances about the timing and completeness of Kappa's responses, but those grievances neither belong in a Rule 16 motion nor establish good cause. Kappa served written responses and objections to both sets of written discovery, produced 357 Bates-numbered pages of documents responsive to the first set subject to its objections, and served responses and objections, including amended interrogatory responses, to the second set. The suggestion that Kappa has produced next to nothing is not accurate. Whether the production is complete is a separate question, and it is the precise question now before the Magistrate Judge. To the extent the Magtein Parties fault Kappa for serving its initial written responses after the original due date, they identify no resulting prejudice: no depositions had been noticed or taken, the parties were still negotiating the scope of Kappa's objections, and the case was in an early posture. A brief delay in written responses, without prejudice, is not good cause to reset every deadline in the case by four months.

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY
SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

**D. The Magtein Parties Can Complete the Discovery They Identify Within the Current Schedule.**

13. The Motion's central factual predicate, that the Magtein Parties cannot take depositions or otherwise prepare without further production, does not withstand scrutiny. The Magtein Parties have held Kappa's First Requests since October 21, 2025, and they have Kappa's written responses, its objections, and its 357-page document production. Depositions are proceeding within the current schedule: The Parties have agreed to the depositions of Kappa's Rule 30(b)(6) designee and two Kappa employees for the last week of August 2026, within the fact-discovery period. Kappa aims to have its responsive ESI production in advance of those depositions.

14. The Magtein Parties' reliance on *Altair Instruments, Inc. v. Telebrands Corp.*, No. 2:19-cv-08967-PSG-JC, 2020 WL (C.D. Cal. July 10, 2020), is misplaced. Altair granted limited ex parte relief requiring a nonparty subpoena recipient, after missing its production deadline and repeatedly postponing promised production, to produce specified categories of documents before a Rule 30(b)(6) deposition scheduled four days later and an approaching discovery cutoff. The court did not modify the

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

scheduling order or hold that a party's preference to review documents before taking depositions warrants extending all remaining case deadlines. Indeed, it declined to grant relief based on the asserted need for the documents in connection with expert reports. At most, *Altair* supports narrowly sequencing demonstrably relevant document production before a scheduled deposition where repeated delay creates concrete prejudice. That limited concern does not justify resetting the schedule through trial. Any genuinely necessary, targeted follow-up discovery may be addressed within the existing schedule or through ordinary discovery-dispute procedures without extending every remaining deadline.

**E. AIDP's Posture Is a Product of Its Own Pending Motion to Dismiss and Does Not Justify Resetting Every Deadline.**

15. AIDP is a third-party defendant that has moved to dismiss Kappa's claims against it (ECF 133; ECF 175) and has not answered. A party that elects to move to dismiss rather than answer cannot use the resulting posture as a lever to extend every deadline in the case, for every party, by four months. If, once the pleadings settle, AIDP requires a limited and AIDP-specific accommodation to conduct discovery on any claims that

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE DEADLINES CASE NO.: CV-25-cv-05871-FLA-MAR

remain against it, that narrow issue can be addressed then. It does not support a global reset of fact discovery, expert deadlines, and the dispositive-motion and trial schedule now.

**F. The Requested Relief Is a Wholesale Reset That the Showing Does Not Support.**

16. The Magtein Parties describe their request as "modest," but it is not. They seek to extend fact discovery by roughly four months, to January 15, 2027, and then to enlarge every downstream interval: initial expert disclosures from one week to four, rebuttal disclosures from two weeks to four, the expert-discovery cutoff from two weeks to five, the summary-judgment deadline, and the last date to hear motions, with the pretrial conference and trial to follow. The practical effect is to move this case out by the better part of a year.

17. A reset of that magnitude demands a correspondingly strong showing of good cause, and the Magtein Parties have not made it. Their asserted need rests on a pending discovery motion whose outcome should not be presupposed, on an ESI negotiation that their own overbroad terms complicate and that remains actively underway, and on depositions that are

already set. Granting the request would run against Rule 1's command to secure the just, speedy, and inexpensive determination of the action, and it would do so on a record where the pending motions to dismiss should narrow the case considerably. The Court should decline to build a year-long extension on that foundation.

**IV. CONCLUSION**

18. For the foregoing reasons, the Motion should be denied. Should the Court conclude that some adjustment to the Scheduling Order is warranted, Kappa respectfully requests that any modification be limited in scope and deferred until after the Court rules on the pending cross-motions to dismiss, so that the remaining schedule can be matched to the claims and defenses that actually remain in this action.

Respectfully submitted this July 29, 2026.

LEGALFORCE RAPC WORLDWIDE P.C.
/s/ Raj Abhyanker
Raj Abhyanker
Attorney for Defendant Mando
International LLC d/b/a Kappa Nutrition

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Mando International, LLC d/b/a Kappa Nutrition, certifies that this brief contains 2023 words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order (ECF 16). The undersigned relied on the word count of the word-processing program used to prepare this document.

Dated: July 29, 2026

By: /s/ Raj V. Abhyanker

Raj V. Abhyanker (SBN 233284)

OPPOSITION TO THE MAGTEIN PARTIES' MOTION TO MODIFY SCHEDULING ORDER AND EXTEND CASE DEADLINES
CASE NO.: CV-25-cv-05871-FLA-MAR